j5s2aveC  kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

            v.                           19 Cr. 374(DAB)

MICHAEL AVENATTI,

            Defendant.

------------------------------x          Arraignment

                                         May 28, 2019
                                         12:10 p.m.


Before:

                    HON. JAMES L. COTT,

                                         Magistrate Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  ROBERT B. SOBELMAN
     MATTHEW D. PODOLSKY
     ROBERT L. BOONE
     Assistant United States Attorneys


FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SYLVIE J. LEVINE



ALSO PRESENT:

ANDREW KESSLER-CLEARY, Pretrial Services

SPECIAL AGENT DELEASSA PENLAND, U.S. Attorney's Office
```

1            (Case called)

2            THE DEPUTY CLERK:  Counsel, please state your name for
3    the record.

4            MR. SOBELMAN:  Robert Sobelman, Matthew Podolsky, and
5    Robert Boone for the United States.  We are joined at counsel
6    table by Special Agent Deleassa Penland from the U.S.
7    Attorney's office for the Southern District of New York.  Good
8    afternoon, your Honor.

9            THE COURT:  Good afternoon to all of you.

10           MS. LEVINE:  Good afternoon, your Honor.  The Federal
11   Defenders Of New York, by Sylvie Levine, on behalf of
12   Mr. Avenatti.

13           THE COURT:  Good afternoon, Ms. Levine.  Good
14   afternoon, Mr. Avenatti.

15           Mr. Sobelman, could you tell me the date and time of
16   the arrest of the defendant, please.

17           MR. SOBELMAN:  The defendant surrendered at 6:54 a.m.
18   today.

19           THE COURT:  Mr. Avenatti, let me begin by informing
20   you of certain rights that you have.

21           First of all, you have the right to remain silent.
22   Anything that you say can be used against you.  If you have
23   made any statements in the past to the authorities, you still
24   have the right to remain silent going forward.

25           You also have the right to be represented by an

attorney at all proceedings.  If you can't afford an attorney, you have the right to request that the court appoint one for you.

          Ms. Levine, I was just asking my deputy, I don't have a financial affidavit, so what's the situation here?

          MS. LEVINE:  Your Honor, I'm asking to appear for presentment only.

          THE COURT:  For presentment only?

          MS. LEVINE:  That's correct.

          THE COURT:  And then he is going to retain private counsel proceeding thereafter?

          MS. LEVINE:  We are going to figure that all out after today's proceeding, your Honor.

          THE COURT:  Mr. Avenatti, is that your desire, to have Federal Defenders represent you at this proceeding today?

          THE DEFENDANT:  It is, your Honor.

          THE COURT:  Very well.

          Does the government have any view or position about that?

          MR. SOBELMAN:  We take no position, your Honor.

          THE COURT:  Ms. Levine, you are appointed for purposes of representing the defendant at this proceeding only.  If you are going to represent him beyond today, then the court would require a financial affidavit.

          I am required by law, Mr. Avenatti, to also tell you

1    that you have the right, if you are a citizen of another

2    country, to request that a government attorney or a federal law

3    enforcement official notify a consular officer from your

4    country that you have been arrested; and even without such a

5    request, an international agreement may require that

6    notification.  As I said, I am obligated by law to tell all

7    defendants this whether you are a United States citizen or not.

8    If you are a United States citizen, obviously, then this

9    wouldn't apply to you.

10             Now, I have before me the indictment in this case.  It

11   is a two-count indictment, and it charges you with wire fraud

12   and aggravated identity theft.

13             Ms. Levine, have you seen the indictment and had an

14   opportunity to review it with Mr. Avenatti?

15             MS. LEVINE:  Yes, your Honor.

16             THE COURT:  And do you waive its public reading?

17             MS. LEVINE:  I do.

18             THE COURT:  Let me ask the government, are we here for

19   arraignment as well as presentment?

20             MR. SOBELMAN:  Yes, your Honor.

21             THE COURT:  Does your client wish to enter a plea at

22   this time, Ms. Levine?

23             MS. LEVINE:  Your Honor, he enters a plea of not

24   guilty.

25             THE COURT:  A not guilty plea will be entered on his

1    behalf.
2              What is the government's position with respect to bail
3    as to the charges here?
4              MR. SOBELMAN:  The parties have a proposed package for
5    your Honor's consideration.
6              THE COURT:  Okay.  What is that?
7              MR. SOBELMAN:  A $300,000 personal recognizance bond.
8              THE COURT:  Did you say 300?
9              MR. SOBELMAN:  Yes, your Honor.
10             THE COURT:  Okay.
11             MR. SOBELMAN:  Pretrial Services supervision as
12   directed by Pretrial Services; surrender of all travel
13   documents and refraining from making any new applications;
14   travel restricted to the Southern and Eastern Districts of New
15   York and the Central District of California, with permission to
16   engage in domestic travel with prior notification to Pretrial
17   Services; no contact with the individual named as Victim 1 in
18   the indictment except in the presence of or through counsel.
19             THE COURT:  I'm sorry.  Say that again.  No contact
20   with?
21             MR. SOBELMAN:  No contact with the individual
22   identified in the indictment as Victim 1 except in the presence
23   of or through counsel.
24             THE COURT:  Okay.
25             MR. SOBELMAN:  Those are the conditions the parties

1  have agreed upon.
2              THE COURT:  All right.  Is the bond to be cosigned by
3  anyone or it is an unsigned bond, just by the defendant?
4              MR. SOBELMAN:  Yes, your Honor.
5              THE COURT:  All right.  And I assume he will be
6  released once he does that --
7              MR. SOBELMAN:  Yes, your Honor.
8              THE COURT:  -- in this matter, is that right?
9              Ms. Levine, are those terms acceptable to you and your
10  client?
11             MS. LEVINE:  Yes, your Honor, they are.
12             (Pause)
13             THE COURT:  Based upon my review of the indictment,
14  the Pretrial Services report, and the agreement of counsel, I
15  will accept the proposed conditions and set them as follows: a
16  $300,000 bond, with the defendant's travel to be restricted to
17  the Southern and Eastern Districts of New York and the Central
18  District of California, with any domestic travel to be approved
19  in advance by Pretrial Services.  The defendant shall surrender
20  any travel documents he has and make no new applications.  He
21  will be subject to pretrial supervision as directed.  He will
22  be released on his own signature once the bond has been signed.
23  And, finally, he will have no contact with the individual
24  identified in the indictment as Victim No. 1 except in the
25  presence of or through counsel.

1          Anything else in that regard?

2          MS. LEVINE:  Your Honor, I think the language we had
3  agreed to was "domestic travel with prior notification to
4  Pretrial Services."

5          THE COURT:  Say that again.  Domestic travel?

6          MS. LEVINE:  With prior notification to Pretrial
7  Services.

8          THE COURT:  With prior notification?

9          MS. LEVINE:  To Pretrial Services.

10         THE COURT:  Okay.  In other words, there is not an
11 approval component is what you are saying?

12         MS. LEVINE:  Right.

13         THE COURT:  I understand that, but the condition we
14 are also setting is the defendant's travel is restricted to the
15 Southern and Eastern Districts of New York and the Central
16 District of California.  Those are the restrictions.  Then he
17 can go anywhere else anyway?  So it sort of seems a little
18 silly if we are phrasing it that way.

19         MS. LEVINE:  I would be fine to phrase it that it is
20 simply the travel restrictions are domestic travel permitted
21 with notification to Pretrial Services.  I agree with the court
22 that restricting it to the Southern and Eastern Districts of
23 New York and the Central District of California isn't --

24         THE COURT:  Seems a little inconsistent with the rest
25 of it.  It is a little bit of angels dancing on the head of a

1    pin, so to speak.
2              Mr. Sobelman.
3              MR. SOBELMAN:  Your Honor, we are happy to defer to
4    the court.  I think, the idea was, there had to be a starting
5    point, and then if the defendant were to leave the
6    jurisdictions where he is allowed to reside as a default --
7              THE COURT:  He is going to notify Pretrial he is doing
8    that.
9              MR. SOBELMAN:  Yes, your Honor.
10             THE COURT:  I think we will leave it as it is, then,
11   with the understanding that, unlike in some cases, what this
12   really means is this defendant can travel irrespective of sort
13   of the limitations of the language, if I can phrase it that
14   way, and the government doesn't object to that.  You have
15   proposed that or agreed to that.
16             MR. SOBELMAN:  That's correct, your Honor, as long as
17   there is prior notification to travel outside those three
18   districts to Pretrial Services.
19             THE COURT:  Okay.  So we are saying his travel is
20   restricted to the Southern and Eastern Districts of New York,
21   the Central District of California, with any domestic travel he
22   is going to undertake in any other district of the United
23   States with prior notification to Pretrial.  Okay?  That's what
24   that means to me.
25             MR. SOBELMAN:  Yes, your Honor.

j5s2aveC  kjc

1        MS. LEVINE:  Yes, your Honor.
2        THE COURT:  Okay?
3        MS. LEVINE:  Thank you.
4        THE COURT:  Okay.
5        What else, Mr. Sobelman, do we need to attend to
6   today?
7        MR. SOBELMAN:  Nothing further, your Honor.
8        THE COURT:  Ms. Levine?
9        MS. LEVINE:  Nothing further.
10       THE COURT:  I understood that Judge Batts is having a
11  conference in this case as well, is that correct?
12       MR. SOBELMAN:  Yes, your Honor, today at 2 p.m.
13       THE COURT:  All right.  Thank you all very much.
14       MS. LEVINE:  Thank you.
15                              oOo

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300