```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :    PROTECTIVE ORDER
                                    :
       - v. -                       :
                                    :    19 Cr. 374 (DAB)
MICHAEL AVENATTI,                   :
                                    :
                   Defendant.       :
                                    :
- - - - - - - - - - - - - - - - - -x
```

        WHEREAS, the United States of America seeks to provide certain evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*; and/or *United States v. Giglio*; and

        WHEREAS, some material that the Government seeks to provide (i) contains sensitive information that affects the privacy and confidentiality of specific individuals, including personally identifiable information, law enforcement sensitive information (including references to potential subjects or targets of investigation), and personal communications between the defendant and individuals not named as defendants in this criminal action; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

        WHEREAS, the Government is willing, under the

conditions set forth below, to produce such materials;

IT IS HEREBY agreed, by and between the United States of America, Geoffrey S. Berman, United States Attorney, by Matthew Podolsky and Robert B. Sobelman, Assistant United States Attorneys, of counsel, and defendant MICHAEL AVENATTI and undersigned counsel for MICHAEL AVENATTI, that:

1. Any material reflecting (i) sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information) or (ii) that the government designates or has previously designated, as "Confidential Information" (which may include but is not limited to (a) material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation or otherwise prejudice the due administration of justice or otherwise interfere with a fair trial, and (b) video recordings, photographs, audio recordings, text and electronic messages, and judicially authorized search warrants) is deemed "Confidential Information" and shall be so identified by the Government.

2. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in

this action:

 (a) Shall be used by the defendant and his counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

 (b) Shall be maintained in a safe and secure manner solely by the defendant and his counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendant or his counsel except as set forth in paragraph 2(c), below;

 (c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

  (i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

  (ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

  (iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

  (iv) such other persons as hereafter may be

authorized by the Court upon motion by the defendant; and

        (d)  All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

        3.  The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c).  Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the individual defendant's counsel, who shall retain such copy.

        4.  No party shall disclose Confidential Information to members of the media, nor shall any party post any Confidential Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the parties in this criminal action or Designated Persons have access.  The defendant and his counsel may not use, disclose, or disseminate Confidential Information, or any information taken from the Confidential Information, for any purpose other than in

connection with the defense of this criminal action.

5. The provisions of this Order shall not be construed as preventing defense counsel in this case and in the case of *United States v. Michael Avenatti*, 19 Cr. 373 (PGG), from sharing Confidential Information with each other.

6. The provisions below apply to the public filing of Confidential Information.

    a. Except as set forth in sub-paragraph 6(b), below, the provisions of this Protective Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this criminal action or to any judge or magistrate of this Court for purposes of this criminal action, provided that personally identifiable information or other sensitive information is redacted, prior to any public filing, as required by the rules governing publicly-filed documents in this district.

    b. In order to prevent the public disclosure of Confidential Information in circumstances in which the reasons for non-disclosure of such information overcome the presumption of public access to judicial documents, the defendant shall, three business days prior to the due date of all substantive motion papers and other substantive requests for relief, provide to the Government copies of an exhibits containing Confidential Information that the defendant intends to file. The Government

shall have one business day from receipt of the defendant's exhibits within which to propose any redactions of such Confidential Information in any proposed exhibit to such papers or requests. For each proposed redaction, the Government shall explain why the proposed redaction overcomes the presumption of public access to judicial documents. The defense shall have two business days from receipt of any proposed redactions within which to consider and, if necessary, oppose those redactions. If agreement is reached that the proposed redactions are appropriate, the redacted exhibits shall be filed with the defendant's motion or other papers. If agreement cannot be reached concerning the proposed redactions, the defendant shall file his motion or other papers without exhibits, and the dispute shall be submitted to the Court for resolution before the exhibits in question are filed. This sub-paragraph applies only to exhibits and not to any information included in a memorandum of law, letter, or other request for relief. No memorandum of law in support of a motion, letter, or other request for relief need be redacted pursuant to this sub-paragraph, even if it quotes, cites, or otherwise references Confidential Information, provided that such quote, cite or other reference is included in good faith in support of the relief requested. If a motion, letter, or other request for relief does not attach any exhibit containing Confidential

Information, this sub-paragraph does not apply.  This sub-paragraph does not apply to any exhibit that is obtained by a defendant independently of the Government's production, even if it is also contained in the Government's production.  Eight weeks before any trial in this action, this sub-paragraph will cease to apply.

7.   Any disputes regarding (i) the classification of material as Confidential Information or (ii) any required redaction, which cannot be resolved among the relevant parties, should be brought to the Court for a ruling before any disclosure not specifically permitted by this Protective Order is made by any party.

Dated:    New York, New York
          June **26**, 2019

                    SO ORDERED:

                    *Deborah A. Batts*
                    THE HONORABLE DEBORAH A. BATTS
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF NEW YORK

## Consent to Entry of Protective Order

I, Michael Avenatti, have read and reviewed the proposed Protective Order in the case of *United States v. Avenatti*, 19 Cr. 374 (DAB), and I consent to the entry of the Order.

_____
Michael Avenatti

I, Dean Steward, Esq., have read and reviewed the proposed Protective Order in the case of *United States v. Avenatti*, 19 Cr. 374 (DAB), and I consent to the entry of the Order on behalf of my client, Michael Avenatti.

_____
Dean Steward, Esq.
Attorney for Michael Avenatti