```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :   AMENDED PROTECTIVE ORDER
                                  :
        - v. -                    :
                                  :   19 Cr. 374 (DAB)
MICHAEL AVENATTI,                 :
                                  :
                   Defendant.     :
                                  :
- - - - - - - - - - - - - - - - -x
```

WHEREAS, the United States of America (the "Government") intends to continue to provide or make available certain material and/or information pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States,* 405 U.S. 150 (1972); or otherwise; and

WHEREAS, some material and/or information that the Government has provided or will provide or make available (i) contains sensitive information that affects the privacy and confidentiality of specific individuals, including personally identifiable information, law enforcement sensitive information (including references to investigative techniques or potential subjects or targets of investigation), confidential business information, and personal communications between the defendant and individuals not named as defendants in this criminal action; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional

uncharged individuals; and (iii) was not at the time it was created intended to be public and is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the prosecution or defense of this action; and

WHEREAS, the Government is willing, under the conditions set forth below, to produce or make available such material and information;

IT IS HEREBY agreed, by and between the United States of America, Geoffrey S. Berman, United States Attorney, by Matthew D. Podolsky and Robert B. Sobelman, Assistant United States Attorneys, of counsel, and defendant MICHAEL AVENATTI and undersigned counsel for AVENATTI, that:

1. Any material (i) reflecting or containing sensitive personal or identification information (including, but not limited to, names of minors, personal telephone numbers, cellphone numbers, home addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, tax information, other sensitive financial information, medical information, and driver's license information) or (ii) that the Government designates, or has previously designated, as "Confidential Information" (which may include, but is not limited to, (a) material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation or otherwise prejudice the due

2

administration of justice or otherwise interfere with a fair trial, (b) video recordings, photographs, audio recordings, text and electronic messages, and judicially-authorized search warrants and applications in support, and (c) material that contains confidential or sensitive business information provided by the alleged victim in this matter or other third-parties pursuant to court order or subpoena) is deemed "Confidential Information," and shall be so identified or has been so identified by the Government, either by stamping the material or by so identifying it in transmittal or other correspondence. The Government may de-designate Confidential Information, in whole or in part, at the request of the defendant or otherwise. Public filing or introduction into evidence by the Government of Confidential Information shall constitute de-designation with respect to those portions of such material that are publicly-filed or introduced into evidence, absent a contrary order of the Court.

    2. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

    (a) Shall be used by the defendant and his counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

3

(b) Shall be maintained in a safe and secure manner solely by the defendant[1] and his counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendant or his counsel except as set forth in paragraph 2(c), below;

(c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel and involved in the defense of this action;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) potential witnesses in this action, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

---

[1] In the event that the defendant retains a copy of the Confidential Information, he shall store such materials at his primary residence or on his person or electronic devices in a secure manner and shall not share such materials with anyone who is not authorized to receive them under the Amended Protective Order.

4

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant, after conferring with the Government; and

(d) All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

3. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy and providing such copy to the defendant's counsel, who shall retain such copy.

4. No party shall disclose Confidential Information to members of the media, nor shall any party post any Confidential Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the parties in this criminal action or Designated Persons have access. The defendant and his counsel may not use, disclose, or

disseminate Confidential Information, or any information taken from the Confidential Information, for any purpose other than in connection with the defense of this criminal action.

     5.   The provisions of this Order shall not be construed as preventing defense counsel in this case and in the case of *United States v. Michael Avenatti*, 19 Cr. 373 (PGG), from sharing Confidential Information with one another, provided that the terms of this Order are otherwise complied with, and that the purpose of such sharing is the defense of one or both criminal actions.

     6.   The provisions below apply to the public filing, quotation, or excerpting in such filing by the defendant of Confidential Information.

     a.   Except as set forth in sub-paragraph 6(b), below, the provisions of this Protective Order shall not be construed as preventing the disclosure or use of any material or information in any motion, hearing, trial, or sentencing proceeding held in this criminal action or to any judge or magistrate of this Court for purposes of this criminal action, provided that personally identifiable information or other sensitive information is redacted, prior to any public filing, as required by the rules governing publicly-filed documents in this district and Federal Rule of Criminal Procedure 49.1.

b.  In order to prevent the public disclosure of Confidential Information in circumstances in which the reasons for non-disclosure of such information overcome the First Amendment and common law rights of public access to judicial documents, the defendant shall, at least four business days prior to the filing of all substantive motion papers or other substantive requests for relief (including but not limited to reply memoranda of law, if any, in support of his pending pretrial motions, and motions *in limine*, if any, and memoranda in support), provide to the Government copies of all exhibits containing Confidential Information that the defendant intends to file publicly or from which the defendant intends to quote or excerpt publicly.  The Government shall have two business days from receipt of the defendant's exhibits within which to propose any redactions of such Confidential Information in any proposed exhibit or submission.  For each proposed redaction, the Government shall explain, upon request, why the proposed redaction overcomes the presumption of public access to judicial documents (or why the document at issue is not a judicial document).  The defendant shall have a business day from receipt of any proposed redactions within which to consider and, if necessary, oppose those redactions.  If agreement is reached that the proposed redactions are appropriate, the redacted exhibits and/or submission shall be filed timely.  If agreement

7

cannot be reached concerning the proposed redactions, the defendant shall file timely his motion or other papers without those exhibits over which agreement has not been reached, and without quoting from or excerpting such exhibits to the extent that such quotation or excerpting is of those portions over which agreement has not been reached, and the dispute shall be submitted to the Court for resolution before that material over which agreement has not been reached is made public.  If: 1) the parties reach a timely agreement on redaction, 2) the defendant does not agree to the Government's proposed redactions but does not wish to litigate the matter prior to filing, or 3) the defendant is in good faith unable because of time constraints to submit all proposed exhibits to the Government four business days prior to the filing of a motion or request for relief, the defendant shall publicly file only redacted versions of his motion, memoranda, or exhibits, and timely submit an unredacted version to the Court (with a copy to the Government) for its *in camera* review in deciding the particular motion or request. No memorandum of law or submission in support of a motion, letter, or other request for relief need be redacted pursuant to this sub-paragraph, even if it references or relies upon Confidential Information, provided that it does not quote from, substantially paraphrase or restate, or include an image of, Confidential Information, and such reference or reliance is included in good

8

faith in support of the relief requested.  This sub-paragraph does not apply to (i) any material or information that is lawfully obtained by the defendant or his counsel independently of the Government's production, even if it is also contained in the Government's production, or (ii) any material or information already made public in this action in prior filings or exhibits thereto.

       7.    To the extent that the defendant produces material or information to the Government pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, Rule 17(c) of the Federal Rules of Criminal Procedure, Rule 26.2 of the Federal Rules of Criminal Procedure, or otherwise, and such material or information reflects or contains sensitive or confidential information of a third-party, is not contained in a Government production, and has not previously been made public, the defendant may designate such material as "Defense Confidential Information," and it shall be so identified, either by stamping the material or by so identifying it in transmittal or other correspondence.  The defendant may de-designate Defense Confidential Information, in whole or in part, at the request of the Government or otherwise.  Public filing or introduction into evidence by the defendant of Defense Confidential Information shall constitute de-designation with respect to those portions

of such material that are publicly-filed or introduced into evidence, absent a contrary order of the Court.

8.  No party shall disclose Defense Confidential Information to members of the media, nor shall any party post any Defense Confidential Information on any Internet or network site (such as Facebook, Twitter, Instagram, and other social networking and media sites and applications) to which persons other than the parties in this criminal action or Designated Persons have access.

9.  The provisions of sub-paragraphs 6(a) and 6(b) shall reciprocally apply to public disclosures of Defense Confidential Information by the Government, including but not limited to the timetables for the Government to provide exhibits (four business days), for the defendant to propose redactions (two business days), and for the Government to oppose redactions.

10. Any disputes regarding (i) the classification of material or information as Confidential Information or Defense Confidential Information or (ii) any requested redaction that cannot be resolved between the parties should be promptly brought to the Court for a ruling before any public disclosure not specifically permitted by this Protective Order is made by a party.

Dated:   New York, New York
         September 24, 2019

                           SO ORDERED:

                           *[signature: Deborah A. Batts]*
                           THE HONORABLE DEBORAH A. BATTS
                           UNITED STATES DISTRICT JUDGE
                           SOUTHERN DISTRICT OF NEW YORK

11

## Consent to Entry of Amended Protective Order

I, Michael Avenatti, have read and reviewed the proposed Amended Protective Order in the case of *United States v. Avenatti*, 19 Cr. 374 (DAB), I understand it, and I consent to the entry of the Order.

_____
Michael Avenatti

I, ~~Scott A. Srebnick~~ M. Dean Steward, Esq., have read and reviewed the proposed Amended Protective Order in the case of *United States v. Avenatti*, 19 Cr. 374 (DAB), I understand it, I have conferred with my client, Michael Avenatti, about it, and I consent to the entry of the Order on behalf of my client, Michael Avenatti.

_____
Dean Steward, Esq.
Attorney for Michael Avenatti

12