JA88AVEC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          19 Cr. 374 (DAB)

MICHAEL AVENATTI,

              Defendant.

------------------------------x
                                        New York, N.Y.
                                        October 8, 2019
                                        2:35 p.m.

Before:

                  HON. DEBORAH A. BATTS,

                                        District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ROBERT SOBELMAN
MATTHEW PODOLSKY
     Assistant United States Attorneys

H. DEAN STEWARD
     Attorney for Defendant


Also present:  DELEASSA PENLAND, Special Agent (USAO)
               KRISTINA KOTYAZ, Paralegal (USAO)
```

1           (Case called)
2           THE DEPUTY CLERK: Counsel, please state your name for
3   the record, starting with the government.
4           MR. SOBELMAN: Robert Sobelman and Matthew Podolsky
5   for the United States. We are joined at counsel table by
6   Deleassa Penland, a special agent with our office, and Kristina
7   Kotyza, a paralegal with our office.
8           Good afternoon, your Honor.
9           THE COURT: Good afternoon to all of you.
10          On behalf of Mr. Avenatti.
11          MR. STEWARD: Yes, your Honor. Dean Steward on behalf
12  of Mr. Avenatti. He is present. Good afternoon.
13          THE COURT: Good afternoon, Mr. Avenatti.
14          All right. I believe that we are at the point where I
15  need to know, are you making motions?
16          MR. STEWARD: Yes, your Honor.
17          THE COURT: What type of motions?
18          MR. STEWARD: Yes, your Honor. We are going to ask
19  the Court for a jury questionnaire. There may be a discovery
20  motion. We are still looking at the facts further.
21  Apparently, the alleged victim in this case has said quite
22  publicly in the last few days that she has 672 text messages
23  that are directly relevant to this case.
24          THE COURT: In what way?
25          MR. STEWARD: She claims that they are examples or a

concrete showing that my client lied to her about the contract fees that she was to receive.  She also claims she has voice recordings of my client on the exact same topic, which is the sum and substance of this case.

I have talked to government counsel about it.  They have given us 64 pages of text messages, but that's well short of what the complaining witness claims to have.  At this point, this all came up very, very recently so I am still looking into it.  There may or may not be a discovery motion in that regard.

I also plan to file a motion to strike surplusage out of the indictment.  I believe there is some material in there that is not necessary.

THE COURT:  Let me put it to you this way.  In terms of the jury, they don't see the indictment.

MR. STEWARD:  I assume, your Honor, that the indictment would be read to them at some point.

THE COURT:  No.

MR. STEWARD:  So they don't see it and they never -- then I won't file that motion.

THE COURT:  Good.  I am glad we cleared that up.

MR. STEWARD:  Your Honor, we are looking at a suppression motion.  There were a number of search warrants in all three Avenatti cases:  The one in front of Judge Gardephe, the one in California, and this one.  I am still sorting out which search warrants apply to this specific case, and if

1  search warrants in other cases produced material that the
2  government intends to use in this case, I am still looking at
3  things like standing and what evidence came from where.
4            THE COURT:  What do you mean by standing?
5            MR. STEWARD:  In other words, in this particular case,
6  may we move to suppress items that were secured by the
7  government from one of the other two cases.
8            THE COURT:  I am not sure what the relevance is of
9  that.
10           MR. STEWARD:  Your Honor, I am not either, honestly.
11           THE COURT:  You know, I expected that we would be at a
12 point where we could either set a motion schedule or set a
13 trial date.  You had some time to sort of work this through
14 now, and I am not sure why all of this is in such a state of
15 uncertainty.
16           MR. STEWARD:  Well, it is.  At this point, your Honor,
17 again, I am simply alerting the Court -- I may not file these
18 motions.  I am trying to sort out the various search warrants
19 as opposed to which case they came from and what evidence is
20 relevant to this particular case.
21           May I go on?
22           THE COURT:  Certainly.
23           MR. STEWARD:  We are also planning to file a
24 vindictive prosecution motion.  This is somewhat similar to the
25 motion filed in Judge Gardephe's court.  I believe that's still

1   pending. It has not been ruled upon.

2   THE COURT: What do you mean by vindictive
3   prosecution?

4   MR. STEWARD: Certainly, your Honor. Mr. Avenatti
5   over the last year or two has made some very, very powerful
6   enemies. We believe that part of the prosecution and the
7   impetus behind it is the vindictiveness of certain people in
8   the federal government, including the president of the United
9   States.

10   THE COURT: I'm sorry. I have a certain amount of
11   power, but quite frankly, I am not going to go head to head
12   with Donald Trump in this case, although it might come up, but
13   I don't think so. So you say vindictive?

14   MR. STEWARD: Yes, your Honor.

15   THE COURT: Have you had other cases here in the
16   Southern District of New York?

17   MR. STEWARD: Yes, your Honor.

18   THE COURT: OK. This office is not known for being
19   vindictive. You think that there are other people who have
20   control over this office who might be?

21   MR. STEWARD: Absolutely, your Honor. Attorney
22   General William Barr, who I think is frankly the lapdog for
23   Donald Trump.

24   THE COURT: That may be, but when did he come in in
25   relation to this indictment being filed?

1          MR. STEWARD:  Before the indictment was filed.

2          THE COURT:  I don't have the date handy, but it's not

3    clear to me that that's accurate.  But I am sure we will get

4    into that.

5          MR. STEWARD:  Yes, your Honor.  I am simply alerting

6    the Court that we plan on filing that motion.

7          THE COURT:  Anything else?

8          MR. STEWARD:  That's it, your Honor, from us.

9          THE COURT:  Mr. Sobelman.

10         MR. SOBELMAN:  Yes, your Honor.

11         We don't have any pretrial motions to file of course.

12   Just very briefly.

13         With respect to the jury questionnaire, the

14   government's view is that can be taken up with motions in

15   limine and requests to charge and voir dire requests.  It

16   doesn't need to be a pretrial motion.

17         With respect to the discovery issues, we think that's

18   all moot.  We have produced what we have received from the

19   victim to the defense.  We have not counted the text messages,

20   but our estimate is that we have produced about 64 pages of

21   text messages between the two of them, roughly 40 text messages

22   a page, which would be more than a couple of thousand text

23   messages.  We certainly have no text messages that have not

24   been produced between the victim and the defendant.  The same

25   with voice recordings.  And if we have voice recordings, they

1  have been produced.  Everything provided to us by the victim in
2  this case has been produced to the defendant at this point.
3            With respect to the suppression motions, it's very
4  straightforward, if one looks at the search warrants, what
5  evidence was being sought for what case or what charges.  Each
6  search warrant very specifically delineates whether the warrant
7  is seeking evidence as to the extortion charges pending before
8  Judge Gardephe, the fraud charges pending before your Honor, or
9  both.
10           None of the materials that we have reviewed and
11 obtained pursuant to our search warrants have been shared with
12 the California prosecutors and vice versa.  So we have not even
13 seen their search warrants.  We don't know what they have
14 looked for and what they have obtained, and they have not
15 provided things to us.  So as far as we know, there is no
16 confusion about what evidence was obtained, where it was
17 obtained, why it was obtained, and what would be subject to a
18 potential motion here.
19           The short answer is any of the search warrants that we
20 are seeking evidence for in this case, as set forth in the
21 warrant, would be subject to a potential motion here.  We think
22 there is no basis for any such motion.  And interestingly, I
23 think all of the search warrants in this case sought evidence
24 for both this case and the extortion case.  There might be one
25 exception, but I think they all overlapped.  And in the

1  extortion case, this same defendant filed no motion to
2  suppress.
3       With respect to the vindictive prosecution motion,
4  it's frivolous, and we responded in writing to that motion
5  before Judge Gardephe.  It is still pending.  We would respond,
6  if the defense chooses to file the same motion in this case, on
7  whatever schedule the Court sets, but we are fairly confident
8  that that motion has no merit.
9       THE COURT:  You wish to respond, Mr. Steward?
10      MR. STEWARD:  I do not, your Honor.
11      THE COURT:  All right.  It's not clear to me that
12 there really is a need for motion practice, but in an
13 overabundance of caution, I am going to give you a motion
14 schedule.  Any motion that is going to be made by the defendant
15 pretrial has got to be made on this schedule.  I am not going
16 to have a series of little motions.
17      All right.  Mr. Avenatti has until November 12 to file
18 any motions.  The government should respond by December 12.
19 Any reply should be filed by December 20, at which point the
20 motions will be fully submitted.
21      I will exclude time until January 17, 2020, which
22 gives the Court an opportunity to determine the motions.  If
23 indeed it is not possible to do so, I will contact counsel and
24 we will get an extension of the exclusion of time, but at the
25 moment it's excluded until January 17, 2020.

1              Any questions?

2              MR. SOBELMAN:  Your Honor, the parties have discussed

3     whether setting a trial date might be feasible at this point?

4              THE COURT:  Well, I tell you, if I am going to get

5     motions and they have to be determined, I am not sure when a

6     trial date would occur.  Have you discussed a particular trial

7     date?

8              MR. SOBELMAN:  We haven't agreed on a particular date,

9     but I think Mr. Steward has thoughts on when he believes the

10    defense would be ready.

11             THE COURT:  I will hear from Mr. Steward.

12             MR. STEWARD:  Yes, your Honor.  Our request would be

13    for an April 23rd trial date in this case.  One of the

14    problems, and I wanted to mention this in regard to the motion

15    schedule, is that I start a jury trial in federal court next

16    week in Santa Ana, California, and it's scheduled to go through

17    Christmas.  So I am going to be off the screen.  However, if

18    the Court wants to keep this November schedule, I will make it

19    happen.

20             THE COURT:  Thank you because I do want to keep it.

21             And you're talking about April 23rd?

22             MR. STEWARD:  That was from the defense, your Honor.

23    I believe the government had a different view.

24             THE COURT:  Bear with me just one second.

25             April 23 is a Thursday.  I don't think it makes sense

JA88AVEC

1  to start a trial on a Thursday.
2              MR. STEWARD:  My apologies, your Honor.
3              THE COURT:  No problem.
4              I would suggest April 21, Tuesday.
5              MR. STEWARD:  Fine with the defense, your Honor.
6              THE COURT:  Mr. Sobelman.
7              MR. SOBELMAN:  Your Honor, the government is ready to
8  try the case at the convenience of the Court.
9              THE COURT:  You were ready to try the case yesterday.
10             MR. SOBELMAN:  That's correct, your Honor.  We are
11 available then, as always.  I just want to note that the
12 government's understanding is that the defendant's California
13 case is set for trial in late May.  We just want to confirm
14 that the defendant isn't going to try to move that date if your
15 Honor sets the date he is requesting here.
16             THE COURT:  You mean have a conflict?  He wouldn't do
17 that.
18             MR. SOBELMAN:  I assume not, your Honor.
19             THE COURT:  I don't think so.
20             Let me ask you, how long is the government's case
21 potentially?
22             MR. SOBELMAN:  At this point, your Honor, we think
23 approximately one week.
24             THE COURT:  Mr. Steward, how long is the defense case,
25 if there is a defense case?

1     MR. STEWARD:  Maximum one week, your Honor.
2     THE COURT:  So we are talking two weeks.
3     So I will actually exclude time from today until April
4 21, 2020, which gives time for the proposed pretrial motions
5 and their being resolved, gives time for trial preparation.  So
6 let me say it this way.  Hard-and-fast trial date, Tuesday,
7 April 21, 2020, at 9:30 a.m.  And in the interests of justice,
8 I am excluding time from today until then.
9     Anything else we need to do in this case at this
10 point?
11     MR. SOBELMAN:  Your Honor, with respect to the trial
12 date and motions in limine and the like, would your Honor like
13 us to confer with the defense and perhaps put in a letter
14 suggesting dates for motions, requests for charge, etc. for the
15 Court to consider?
16     THE COURT:  No.  I do that.  That's my job.
17     MR. SOBELMAN:  Understood, your Honor.  Your Honor
18 will issue an order with those dates?
19     THE COURT:  Yes.
20     MR. SOBELMAN:  Thank you, your Honor.
21     There is nothing further from the government.
22     THE COURT:  Mr. Steward.
23     MR. STEWARD:  Nothing further, your Honor.  Thank you.
24     THE COURT:  This matter is adjourned.
25     (Adjourned)