

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter on behalf of the parties pursuant to the Court's Order, entered on March 19, 2020, directing the parties to advise the Court of their views of whether the pretrial deadlines and/or trial date should be changed. In light of the COVID-19 pandemic's current and anticipated effects on the Court's ability to convene a jury trial and the parties' abilities adequately to prepare for trial, the parties jointly propose that the trial be scheduled to commence on July 14, 2020, and that the Court's remaining pretrial deadlines be set as follows:

| | |
|---|---|
| June 17, 2020, at 12:00 p.m.: | Proposed *voir dire*, proposed jury instructions, proposed verdict forms, and any motions *in limine* or trial memoranda. |
| June 24, 2020, at 12:00 p.m.: | Oppositions to motions *in limine* or trial memoranda. |

    In addition, the parties jointly propose that jury selection begin with the completion of the questionnaire by prospective jurors on July 8, 2020, and that the letters previously due on April 17, 2020, at 10:00 a.m. (*see* Dkt. No. 41, at 2), be filed no later than July 10, 2020, at 10:00 a.m. The parties also respectfully request that the Court schedule a final pretrial conference at a date and time convenient to the Court. Although the parties believe, based on current understandings of the pandemic, that this proposed schedule will provide sufficient time, in light of current circumstances, for the parties adequately to prepare for trial, in the event that it becomes apparent that the continuing consequences of the COVID-19 pandemic prevent the parties from adequately preparing for trial, they will confer and promptly advise the Court.

    Consistent with the schedule for pretrial disclosures that the Court previously adopted on March 5, 2020 (Dkt. No. 45), the parties, on the assumption that the trial is scheduled to commence on July 14, 2020, have agreed to a revised schedule with respect to the exchange of certain material

Honorable Jesse M. Furman
United States District Judge
March 23, 2020
Page 2

and information prior to and during trial.  The schedule, which the parties respectfully request that the Court adopt, is as follows:

| | |
|---|---|
| July 3, 2020: | The Government provides to the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief.  This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief.  The Government also provides to the defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |
| July 7, 2020: | The Government provides to the defendant material covered by 18 U.S.C. § 3500. |
| July 8, 2020: | Defense counsel provides to the Government a list of exhibits that the defendant reasonably expects to introduce during the Government's case-in-chief.  This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| At least five business days prior to the anticipated start of a defense case: | Defense counsel provides to the Government material covered by Federal Rule of Criminal Procedure 26.2. |
| At least three business days prior to the anticipated start of a defense case: | Defense counsel provides the Government a list of exhibits that the reasonably expects to seek to introduce during his case.  This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |

The parties recognize that 3500 and Rule 26.2 obligations are continuing, so when new material is generated after the pertinent deadline described above, such material will be timely provided, *i.e.*, generally the same day it is generated, and prior to the witness to whom it applies next taking the stand.  The defense has also agreed that, consistent with Rule 26.2(c), if the defense intends to withhold any such material on the ground of privilege or work-product, it will provide that material to the Court for timely review.

In addition to the schedule above, the parties have also conferred and reached agreement regarding the following issues, which are designed to narrow or moot disputes, specifically: (1) attempting in good faith to share any proposed summary chart at least one week before it will

Honorable Jesse M. Furman
United States District Judge
March 23, 2020
Page 3

be sought to be introduced, notwithstanding the foregoing, to permit the opposing party to review the accuracy of the chart; (2) sharing any visuals or slides to be used in opening statements, at least one business day before such statements; and (3) alerting the opposing party to (a) the next day's witnesses, in anticipated order, and (b) the exhibits expected to be sought to be introduced through those witnesses, by at least 5:00 p.m. on the day before calling such witnesses, and the party to whom such disclosure is made will provide any objections to such exhibits as quickly as possible that evening, so that the parties may confer and then be prepared, if necessary, to raise any objections with the Court in the morning, prior to the beginning of the trial day during which the exhibits are expected to be sought to be introduced.

Furthermore, both the Government and the defense anticipate timely agreeing to stipulations to avoid the need to call custodians of records or otherwise to authenticate evidence or the accuracy of transcripts, and the parties agree that the dates set forth herein do not alter the parties' reciprocal discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

Finally, the parties also jointly request that the Court exclude time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), between April 21, 2020, and July 14, 2020, in order to permit the defendant to adequately prepare for trial.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: *Robert B. Sobelman*

Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2616

cc:   Thomas D. Warren, Esq. (by ECF)
      Daniel Dubin, Esq. (by ECF)
      Mariel Colon Miro, Esq. (by ECF)