UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | 19 Cr. 374 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL AVENATTI, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------

# DEFENDANT MICHAEL AVENATTI'S RENEWED MOTION TO TRANSFER

Thomas D. Warren (*pro hac vice*)
Daniel Dubin (*pro hac vice*)
**WARREN TERZIAN LLP**
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:  (216) 304 4970
tom.warren@warrenterzian.com
daniel.dubin@warrenterzian.com

*Attorneys for Defendant
Michael Avenatti*

Defendant Michael Avenatti, through his counsel of record, and pursuant to Fed. R. Crim. P. 21 and the Court's Order at Dkt. 55., respectfully submits this memorandum in support of his renewed motion to transfer this case to the Central District of California.

## I. INTRODUCTION

This motion seeks the Rule 21 transfer of this case to the Central District of California so that it may be consolidated and tried together under Rule 13 with the pending case, *United States v. Avenatti*, No. 19- 061-JVS (Selna, J.) ("CDCA case"). As previously argued, the cases are "of the same or similar character" and, as alleged, "constitute parts of a common scheme or plan" under Rule 8(a). And the alleged net loss in this case is only about $150,000, a number dwarfed by the alleged $9 million loss amount in the CDCA case and well below typical SDNY USAO guidelines for prosecution.

In light of the COVID-19 pandemic, there is no compelling reason to proceed with two separate trials on two different coasts. The conservation of judicial and juror resources, as well as the protection of the public from exposure to SARS-CoV-2, are paramount. This case should be transferred to the Central District of California where it can be tried alongside the similar claims presented in that case.

## II. ARGUMENT

Fed. R. Crim. P. 21(b) provides for the transfer of a criminal proceeding to other districts "for the convenience of the parties and witnesses and in the interest of justice." Rule 21(b) motion is vested in the sound discretion of the district court. *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990). The test to be applied to a Rule 21(b) motion to transfer was set out in *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243–44 (1964). In *Platt*, the Supreme Court articulated factors that the courts must consider when determining whether to transfer a case. *Id.* These factors include: 1) the location of the defendant; 2) location of possible witnesses; 3) location of the events at issue; 4) location of documents and records; 5) disruption of defendant's business; 6) expense to the parties; 7) location of counsel; 8) relative accessibility of place of trial; 9) docket condition of the district courts involved; and 10) any other special elements that might affect transfer. *Id.*

In Mr. Avenatti's prior motion to transfer, he set out why the *Platt* factors favor the transfer of this case to the Central District of California. *See* Dkt. 19-1. This motion incorporates those arguments, and renews the motion because the COVID-19 pandemic and its effect on judicial resources and the safety of participants in the judicial process present an even stronger case under *Platt* for transferring the case to the CDCA.

> A. **The Effect of COVID-19 on the Legal System and its Participants Warrants Transfer of this Case to the CDCA.**

The COVID-19 pandemic implicates two aspects of the *Platt* analysis – the "docket condition" of the district courts involved, and "any other special elements which might affect the transfer." *Platt*, 376 U.S. at 244.

The COVID-19 pandemic has disturbed the normal operations of the legal system throughout the county, as the Court well knows. All criminal trials in the Southern District of New York have been put on hold as the assembly of prospective jurors is currently impossible and unsafe. At the time of this motion, it is uncertain when criminal trials will resume, and it is becoming increasingly likely that there will not be any criminal trials until at least early 2021—if and when a vaccine is manufactured, tested, approved, and made available. Accordingly, once federal courts do resume trials, the criminal and civil dockets of both the SDNY and the CDCA will be profoundly backlogged, justifying consolidation of cases where appropriate.

Moreover, there is no reason to assemble two jury venires and unnecessarily expose two sets of judicial participants—judges, law clerks, jurors, attorneys, witnesses, court reporters, court clerks, members of the public, and the media—to possible infection with SARS-CoV-2, which has already infected more than 2 million Americans and killed more than 110,000 at the time of this writing.

**B.     This is Especially True Given The Similarity of the Cases.**

Endangering the welfare of two sets of participants in the judicial process is particularly unwarranted given the similarity of the charges at issue in the case. Putting aside the significant publicity that Mr. Avenatti's representation of Ms. Stephanie Clifford has received in the media, it cannot be seriously disputed that the nature of the allegations in this case and in the CDCA case is the same. The CDCA case involves six former clients, each giving rise to separate counts, while this case has only one. Nor can it be disputed that this indictment could have been brought in the CDCA, as that is where Mr. Avenatti lived and primarily practiced law.

Given the pandemic and trial backlog, when one considers the similarities between the cases, the fact that the charges involving Ms. Clifford could be easily tacked on to the existing CDCA indictment, and the fact that the alleged loss in this case is dwarfed by the loss amount in the CDCA, there is no reason to have a separate criminal trial here.

## III. CONCLUSION

The Court should grant Mr. Avenatti's renewed motion to transfer.

Respectfully submitted,

/s/ Thomas D. Warren
Thomas D. Warren (*pro hac vice*)
Daniel Dubin (*pro hac vice*)
Warren Terzian LLP
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone:  (216) 304 4970
tom.warren@warrenterzian.com
daniel.dubin@warrenterzian.com

*Attorneys for Defendant
Michael Avenatti*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notes.

/s/ Thomas D. Warren
Thomas D. Warren