# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

```
UNITED STATES OF AMERICA,    )CERTIFIED TRANSCRIPT
                 Plaintiff,  )
    vs.                      )
                             )  SACR-19-00061-JVS
MICHAEL JOHN AVENATTI,       )
                 Defendant.  )
-----------------------------)
```

(Per telephonic conference)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

April 27, 2020

SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

2

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   NICOLA T. HANNA
     United States Attorney
 4   BRANDON D. FOX
     Assistant United States Attorney
 5   Chief, Criminal Division
     JULIAN L. ANDRE
 6   Assistant United States Attorney
     Major Frauds Section
 7   1100 United States Courthouse
     312 North Spring Street
 8   Los Angeles, CA  90012
     (213) 894-6683
 9
     BRETT A. SAGEL
10   Assistant United States Attorney
     Ronald Reagan Federal Building
11   411 West Fourth Street, Suite 8000
     Santa Ana, CA  92701
12   (714) 338-3598

13   For the Defendant:

14   H. DEAN STEWARD
     H. DEAN STEWARD LAW OFFICES
15   107 Avenida Miramar, Suite C
     San Clemente, CA  92672
16   (949) 481-4900

17

18

19

20

21

22

23

24

25
```

|  |  |
|---|---|
|  | 1    SANTA ANA, CALIFORNIA; MONDAY, APRIL 27, 2020; 9:00 A.M. |
| 08:49 | 2            (Per telephonic conference) |
| 09:00 | 3            THE CLERK:  Item No. 1, SACR-19-00061-JVS, United |
| 09:00 | 4    States of America versus Michael John Avenatti. |
| 09:00 | 5            Appearances from the government, please. |
| 09:00 | 6            MR. ANDRE:  Good morning, Your Honor.  Julian |
| 09:00 | 7    Andre and Brett Sagel on behalf of the United States. |
| 09:00 | 8            MR. STEWARD:  Good morning, Your Honor.  Dean |
| 09:00 | 9    Steward for Mr. Avenatti.  He has a waiver on file but is |
| 09:00 | 10   with us by telephone. |
| 09:00 | 11           THE COURT: Good morning.  This is Judge Selna. |
| 09:00 | 12           Preliminarily I find that it is appropriate to |
| 09:00 | 13   conduct this status conference via telephone given the |
| 09:00 | 14   current circumstances.  As noted, Mr. Avenatti has a waiver |
| 09:00 | 15   of physical presence and is also on the line. |
| 09:00 | 16           I would also note on the docket a telephone |
| 09:00 | 17   call-in number and the access code were public.  I find that |
| 09:00 | 18   that meets the public's interest in being able to monitor |
| 09:01 | 19   and listen to this proceeding.  I find that the public's |
| 09:01 | 20   interest has been satisfied given these unusual |
| 09:01 | 21   circumstances. |
| 09:01 | 22           Okay, let's proceed.  We have apparently in place |
| 09:01 | 23   a schedule which leads to a trial at the end of the summer. |
| 09:01 | 24           My first question is what is the status of |
| 09:01 | 25   discovery? |

```
09:01   1              MR. ANDRE:  Your Honor, this is Julian Andre.
09:01   2              The status of discovery is largely the same as it
09:01   3   was in the report we filed on February 18, 2020.  The
09:01   4   Privilege Review Team did complete the productions to the
09:01   5   defense that we had identified in that report in early
09:01   6   March 2020.  So at this point the defense should have either
09:02   7   access to all the devices or the materials that the
09:02   8   Privilege Review Team identified as being within the scope
09:02   9   from the devices such as the server or EA Employee 1
09:02  10   computers that were found at that residence.
09:02  11              We do anticipate there may be some additional
09:02  12   discovery in terms of materials that are generated in
09:02  13   preparation for trial, and we anticipate that the
09:02  14   prosecution team as to materials that have been released to
09:02  15   us will be providing some additional productions.  Those
09:02  16   will be largely duplicative of the materials that the
09:02  17   defense already has access to.
09:02  18              THE COURT:  Mr. Steward.
09:02  19              MR. STEWARD:  Yes, Your Honor.  We have a couple
09:02  20   of issues.  One of them and the most important from my
09:02  21   perspective is that Mr. Avenatti has been unable to review
09:02  22   anything since his arrest back in January, so we have in
09:03  23   essence lost about three-and-a-half months where he has been
09:03  24   unable to work on this case at all.  The logistics of
09:03  25   getting him material and information in his current
```

```
09:03   1    situation I am thinking about and going to try and come up
09:03   2    with some solutions.
09:03   3               We also have a protective order in place on a
09:03   4    great deal of material.  Him being able to review the
09:03   5    various devices is again something that I'm trying to figure
09:03   6    out what's the most expeditious way to do it giving him
09:03   7    access and at the same time recognizing the constraints of
09:03   8    the protective order.
09:03   9               In terms of the material that is in Los Angeles
09:03   10   with the filter team, specifically we had looked at e-mails
09:04   11   some months back on two different occasions, and how we're
09:04   12   going to accommodate that now I'm not sure.  What we did the
09:04   13   very first time was to give their IT person a list of names.
09:04   14   They ran those names and gave us whatever e-mails were
09:04   15   attached to those names.  We may be able to do something
09:04   16   similar now, not just names but also organizations or dates
09:04   17   or whatever, but that needs to be worked out as well.
09:04   18               I will say that the filter team has been very
09:04   19   accommodating.  Unfortunately, they only have one IT guy for
09:04   20   their entire office, which is the Los Angeles Office of the
09:04   21   Criminal Division of the IRS, so the poor gentleman is
09:04   22   stretched pretty thin.  But they have been cooperative, and
09:04   23   my intent is to work with them in the coming days and try to
09:05   24   get whatever it is that Mr. Avenatti and I feel is relevant
09:05   25   and helpful to the defense.
```

| | | |
|---|---|---|
| 09:05 | 1 | That's kind of where we are right now.  We're |
| 09:05 | 2 | going to take it at a day at a time and do the best we can, |
| 09:05 | 3 | and we will see where we are. |
| 09:05 | 4 | MR. ANDRE:  Your Honor, this is Julian Andre.  May |
| 09:05 | 5 | I respond briefly to a couple of points raised by Mr. |
| 09:05 | 6 | Steward? |
| 09:05 | 7 | THE COURT:  Go ahead. |
| 09:05 | 8 | MR. ANDRE:  First of all, with respect to the |
| 09:05 | 9 | protective order -- and I believe we put this in a response |
| 09:05 | 10 | to their continuance request -- there is nothing in the |
| 09:05 | 11 | protective order that precludes the defendant from accessing |
| 09:05 | 12 | any of these materials. |
| 09:05 | 13 | I would also note that in the conditions of |
| 09:05 | 14 | release that the government proposed and the defendant |
| 09:05 | 15 | agreed to there were certain ways that he would still be |
| 09:05 | 16 | able to review materials.  I also don't think it's accurate |
| 09:06 | 17 | to say that it was impossible for Mr. Avenatti to review |
| 09:06 | 18 | discovery or work on this case since January.  I just wanted |
| 09:06 | 19 | to raise this point because there should be not be any |
| 09:06 | 20 | impediment to Mr. Avenatti being able to review materials in |
| 09:06 | 21 | this case.  He has had quite some time with these materials. |
| 09:06 | 22 | THE DEFENDANT:  Your Honor, this is Mr. Avenatti. |
| 09:06 | 23 | Is it appropriate for me to provide some background |
| 09:06 | 24 | information? |
| 09:06 | 25 | MR. STEWARD:  No, Mr. Avenatti, it is not.  This |

```
09:06    1   is Mr. Steward.  I'm going to ask you not to speak.
09:06    2              THE DEFENDANT:  Okay.
09:06    3              THE COURT:  Mr. Steward noted that the defense had
09:06    4   lost three-and-a half months.  I also note that we pushed
09:06    5   the trial out.
09:06    6              In terms of the preparation for trial.  I think I
09:06    7   would like to schedule another status conference at the
09:07    8   beginning of June.
09:07    9              MR. SAGEL:  This is Brett Sagel.  I believe we
09:07   10   have one on June 1.
09:07   11              THE CLERK:  We have one on May 26 that I have down
09:07   12   for a telephonic conference at 8:00 a.m.  I will look at the
09:07   13   docket and confirm, but that's what I have.
09:07   14              MR. SAGEL:  The date that I have that was in the
09:07   15   last order is we have expert disclosures on May 26 and then
09:07   16   a status conference at 9:00 a.m. on June 1.
09:07   17              THE CLERK:  I also have one on June 1.  Clearly we
09:07   18   wouldn't need both of them.
09:07   19              THE COURT:  Let's just go to the June 1 date.
09:07   20              Mr. Steward, what is the status of the case in
09:08   21   New York that has yet to go to trial?
09:08   22              MR. STEWARD:  I believe the trial date is in July.
09:08   23              Mr. Avenatti, on this one, I will let you speak.
09:08   24   Is that right as to our trial date on that one?
09:08   25              THE DEFENDANT:  Yes.  The Court vacated the prior
```

| | | |
|---|---|---|
| 09:08 | 1 | trial date and set that trial date in July and is expecting |
| 09:08 | 2 | I believe a status report from counsel, both the government |
| 09:08 | 3 | and my defense counsel, in May noting whether that trial |
| 09:08 | 4 | date is realistic in light of everything that's going on, |
| 09:08 | 5 | including the current stay-away or lockdown orders, et |
| 09:08 | 6 | cetera, in New York City. |
| 09:08 | 7 | MR. STEWARD: Thank you, Mr. Avenatti. |
| 09:08 | 8 | THE COURT: The deadline for filing motions is |
| 09:08 | 9 | coming up. Can you give me a preview however brief about |
| 09:09 | 10 | what you anticipate in terms of pretrial motions? The |
| 09:09 | 11 | government. |
| 09:09 | 12 | MR. ANDRE: Your Honor, this is Julian Andre. |
| 09:09 | 13 | Currently we anticipate filing at least two |
| 09:09 | 14 | pretrial motions. We will be filing a motion to introduce |
| 09:09 | 15 | other acts evidence. These are on the basis that it was |
| 09:09 | 16 | part of the charged conduct but was not specifically |
| 09:09 | 17 | identified in the Indictment and is inextricably intertwined |
| 09:09 | 18 | with charges in the Indictment or is admissible under |
| 09:09 | 19 | 404(b). We provided the defense with a very detailed notice |
| 09:09 | 20 | explaining what evidence we would seek to introduce on I |
| 09:09 | 21 | believe February 4 of this year. So that will be the first |
| 09:09 | 22 | motion. |
| 09:09 | 23 | We also are likely going to move to exclude -- |
| 09:09 | 24 | well, we may move to exclude any sort of advice of counsel |
| 09:10 | 25 | defense. We have raised this issue with defense counsel |

```
09:10   1   well over about two months ago whether they intended to
09:10   2   present any sort of advice of counsel defense for any of the
09:10   3   charges.  We have not yet heard a response.  Unless they
09:10   4   provide us with reciprocal discovery and identify that they
09:10   5   are planning to pursue such a defense, we intend to move to
09:10   6   exclude it.
09:10   7            THE COURT:  Okay.
09:10   8            Mr. Steward, in terms of motions.
09:10   9            MR. STEWARD:  At this point, Your Honor, severance
09:10  10   of the counts as dissimilar.  And I am looking at another
09:10  11   Motion to Dismiss, but I don't want to say anything more
09:10  12   than that because I need to further investigate the facts
09:10  13   behind it.  I don't want to shoot my mouth off at this point
09:10  14   without significant facts.  I have it sort of sketched out
09:10  15   in my mind.  It would involve Mr. Stolper, Mr. Sagel, and
09:11  16   perhaps others.  That's all I can say at this point.
09:11  17            THE COURT:  That's fine.
09:11  18            Are there any other matters anyone would like to
09:11  19   take up?
09:11  20            MR. ANDRE:  Your Honor, this is Julian Andre.
09:11  21            One issue that I think will need to be addressed
09:11  22   soon is the matter of reciprocal discovery.  Mr. Avenatti
09:11  23   and Mr. Steward actually are in a situation here where they
09:11  24   have access to a much broader range of evidence and data
09:11  25   than the government does.  I mean, they have complete copies
```

```
09:11   1    of many of these devices, and they have more materials in
09:11   2    these devices than what was provided to the government from
09:11   3    the Privilege Review Team.
09:11   4              We think it's going to be critical here that the
09:11   5    defense be required to produce reciprocal discovery in a
09:11   6    timely manner.  So what we would be requesting is that the
09:11   7    Court set a deadline for that.  We are thinking mid June
09:12   8    would be appropriate.  That would give the defense enough
09:12   9    time to identify those materials.
09:12  10              THE COURT:  I understand no reciprocal discovery
09:12  11    has been provided at all by the defense.  Is that accurate?
09:12  12              MR. ANDRE:  That's accurate, Your Honor.
09:12  13              THE COURT:  Mr. Steward, a deadline for --
09:12  14              MR. STEWARD:  That's fine, Your Honor.  Today I
09:12  15    have none.  By mid June, I think we can meet that deadline.
09:12  16              THE COURT:  Why don't we say you will make
09:12  17    reciprocal discovery no later than Friday, June 19.  That
09:12  18    will be reflected in the minutes.
09:12  19              Anything else?
09:12  20              MR. ANDRE:  Nothing from the government at this
09:12  21    time, Your Honor.
09:12  22              MR. STEWARD:  Nothing from the defense, Your
09:12  23    Honor.
09:12  24              THE COURT:  Okay.  Very good.  Thank you.
09:12  25              MR. ANDRE:  Thank you.
```

11

| | | |
|---|---|---|
| 09:13 | 1 | MR. STEWARD:  Thank you. |
| 09:13 | 2 | (Whereupon, the proceedings were concluded.) |
| 09:13 | 3 | *   *   * |
| 09:13 | 4 | |
| 09:13 | 5 | |
| 09:13 | 6 | |
| 09:13 | 7 | |
| 09:13 | 8 | |
| 09:13 | 9 | |
| 09:13 | 10 | |
| 09:13 | 11 | |
| 09:13 | 12 | |
| 09:13 | 13 | |
| 09:13 | 14 | |
| 09:13 | 15 | |
| 09:13 | 16 | |
| 09:13 | 17 | |
| 09:13 | 18 | |
| 09:13 | 19 | |
| 09:13 | 20 | |
| 09:13 | 21 | |
| 09:13 | 22 | |
| 09:13 | 23 | |
| 09:13 | 24 | |
| 09:13 | 25 | |

```
09:13   1
09:13   2
09:13   3
09:13   4
09:13   5                          CERTIFICATE
09:13   6
09:13   7        I hereby certify that pursuant to Section 753,
09:13   8   Title 28, United States Code, the foregoing is a true and
09:13   9   correct transcript of the stenographically reported
09:13  10   proceedings held in the above-entitled matter and that the
09:13  11   transcript page format is in conformance with the
09:13  12   regulations of the Judicial Conference of the United States.
09:13  13
09:13  14   Date:  May 26, 2020
09:13  15
09:13  16
09:13             /s/   Sharon A. Seffens  5/26/20
09:13  17        _____
09:13             SHARON A. SEFFENS, U.S. COURT REPORTER
09:13  18
       19
       20
       21
       22
       23
       24
       25
```