

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 29, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully writes, pursuant to the Court's July 27, 2020 Order (Dkt. No. 63), in response to defense counsel's motion to withdraw from this case principally because of the emergence of a "nonwaivable conflict of interest."  While the Government is not aware of the nature of this conflict, the Government submits that, if the Court is persuaded that defense counsel has a non-waivable conflict of interest precluding continued representation, the Court should order the defendant either to immediately submit an application for appointment of counsel, with the required financial affidavit, or cause substitute counsel prepared to represent the defendant through all proceedings before the Court to appear, prior to permitting current counsel to withdraw or at least upon a short deadline.  By contrast, if the Court is not persuaded that a non-waivable conflict of interest has arisen, the motion should be denied.

      On July 24, 2020, counsel for the defendant filed a motion seeking to withdraw from this case on the basis that a "nonwaivable conflict of interest ha[d] arisen . . . that requires . . . withdrawal as counsel."  (Dkt. No. 62 ¶ 3.)  Counsel for the defendant also stated an intention to withdraw from the case for the separate reason that the defendant has been unable to pay for representation.  (*Id.* ¶ 4.)  Counsel "anticipate that Mr. Avenatti will shortly request that the Court appoint the Federal Defenders of New York to represent him."[1]  (*Id.* ¶ 5.)  On July 27, 2020, the Court directed counsel for the defendant to provide an explanation regarding the claimed conflict of interest.  On July 28, 2020, counsel provided a response to the Court, but did not provide any information regarding the conflict to the Government.  (*See* Dkt. No. 64.)

---

[1]  Counsel state that "[i]n the interim, Ms. Miro will continue to serve as counsel for Mr. Avenatti," but there is apparently no intention for Ms. Miro to serve as trial counsel.  Ms. Miro has neither appeared in court during the pendency of this case nor communicated with counsel for the Government on any matter aside from her execution of a supplemental protective order upon entering her notice of appearance.

Honorable Jesse M. Furman
United States District Judge
July 29, 2020
Page 2

    If the Court determines that defense counsel has a truly non-waivable conflict of interest, the Government does not object to withdrawal from the case provided substitute counsel capable of handling all further proceedings has either been retained or appointed before such a withdrawal, or, at a minimum, a short deadline for new counsel to appear or be appointed has been set. By contrast, defense counsel's proposal would effectively create a gap in representation of unknown duration given counsel's representation that, upon his withdrawal, the defendant will at some later point seek appointment of counsel—circumstances that would likely further complicate and delay a trial schedule that has already seen multiple adjournments.

    Accordingly, to ensure an orderly transition of representation and to prevent undue delay, in the event that the Court finds a non-waivable conflict of interest, the Government respectfully requests that the Court direct that the defendant immediately submit an application for appointment of counsel, with the required financial affidavit, or cause substitute counsel prepared to represent the defendant through all proceedings before the Court to appear before permitting current counsel to withdraw or at least upon a short deadline. Alternatively, if the Court determines that no such conflict of interest has arisen, and in the absence of the appearance of new counsel that will represent the defendant throughout the pending proceedings and can assure the Court that no delay will be occasioned by the transition to new counsel, the Government objects to withdrawal of counsel at this late stage in the proceedings.

    Respectfully submitted,

    AUDREY STRAUSS
    Acting United States Attorney

By:   s/ Matthew D. Podolsky
    Matthew D. Podolsky
    Robert B. Sobelman
    Assistant United States Attorneys
    (212) 637-1947/2616

cc:   Thomas D. Warren, Esq. (by ECF)
    Daniel Dubin, Esq. (by ECF)
    Mariel Colon Miro, Esq. (by ECF)