UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

UNITED STATES OF AMERICA,

                           19 Cr. 374

    v.

MICHAEL AVENATTI,

        Defendant.

------------------------------------------------------------

# *EX PARTE* APPLICATION FOR THE APPOINTMENT OF THE FEDERAL DEFENDERS OF NEW YORK PURSUANT TO THE CRIMINAL JUSTICE ACT

**[CJA 23 Form (with Attachment) Filed Under Seal Concurrently Herewith]**

Thomas D. Warren (admitted pro hac vice)
Daniel Dubin (admitted pro hac vice)
**WARREN TERZIAN LLP**
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (216) 304-4970
tom.warren@warrenterzian.com
daniel.dubin@warrenterzian.com

Defendant Michael J. Avenatti respectfully applies *ex parte* for an order from this Court, pursuant to the Criminal Justice Act, for the appointment of the Federal Defenders of New York as his counsel going forward, based on the concurrently filed under-seal CJA 23 form and attachment.

Dated: July 31, 2020

/s/ Thomas D. Warren
Thomas D. Warren

# POINTS AND AUTHORITIES

I. BACKGROUND

By way of this *ex parte* application, Defendant Michael Avenatti seeks the appointment of the Federal Defenders of New York to represent him pursuant to the Criminal Justice Act, 18 USC § 3006A ("CJA"). Defendant originally retained undersigned counsel, but for the reasons previously disclosed to the Court under seal, undersigned counsel must now withdraw due to a conflict. Further, the Defendant no longer has financial ability to pay for undersigned counsel or any other attorney to represent him in this matter. Details are contained in an under-seal filing, which consists of a completed CJA 23 form (with attachment) from the Defendant.

Notably, the Hon. James V. Selna, of the United States District Court for the Central District of California, recently ruled on July 29, 2020 in *United States v. Avenatti*, SA CR No. 19-061-JVS that Mr. Avenatti was entitled to court-appointed counsel in that matter due to his lack of financial resources. [*See* Docket No. 227]. Defendant respectfully requests that this Court make the same determination.

The Federal Defenders of New York, who previously represented Defendant in the early stages of another criminal matter in this district (the "Nike" related case before Judge Gardephe), which was indicted at approximately the same time as this case, have indicated a willingness to represent Mr. Avenatti in this case if

appointed by the Court. Defendant believes such an appointment is warranted in light of the prior representation, familiarity, required resources, and high-profile nature of this proceeding.

The government has stated they take no position on Defendant's request.

## II. *EX PARTE* NATURE OF THE APPLICATION

Under the CJA, an application may be made by a defendant to the court for court appointed counsel. This may be accomplished *ex parte*, under seal, without involvement of the prosecution. *See*, *e.g.*, *U.S. v. Obasi*, 435 F.3d 847 (8th Cir. 2006); *U.S. v. Sutton*, 464 F.2d 552 (5th Cir. 1972). The *ex parte* requirement could hardly be expressed in clearer language: "The use of a closed hearing rather than an *ex parte* proceeding to explore the need for services sought under section 3006A(e) subverts the Act's objective to implement the caliber of criminal justice by providing access to these services. . . The manifest purpose of requiring that the inquiry be *ex parte* is to ensure that the defendant will not have to make a premature disclosure of his case." *Marshall v. U.S.*, 423 F.2d 1315, 1318 (10th Cir. 1970). Further, as noted by the Ninth Circuit in *United States v. Wells*, 879 F.3d 900 (9th Cir. 2018), an appointment under the Civil Justice Act is "a matter exclusively within the province of the judiciary." *Id.* at 913. In *Wells*, the court stated that "the prosecution is typically precluded from participating in the

determination of a defendant's eligibility for CJA-appointed counsel." *Id*. (citations omitted). The Court added:

> The Government's exclusion from the administration of the CJA is a *significant* contributing factor to the fairness of our system and the CJA's role in redressing the imbalance of power between an indigent defendant and the Government. "A contrary position might well result in a system wherein the outcome of criminal trials would be determined by the poverty of the accused rather than the integrity of the fact-finding process."

*Id.* at 913 (citing *United States v. Hartfield*, 513 F.2d at 254, 258 (9th Cir. 1975) (emphasis added). Accordingly, details relating to Mr. Avenatti's finances are contained in an under-seal pleading, filed concurrently herein, not served on the government.

As stated above, the government has stated they take no position on this application.

### III. CONCLUSION

For the above reasons, Defendant respectfully requests an order appointing the Federal Defenders of New York as of the date of the Order.

Dated: July 31, 2020                     /s/ Thomas D. Warren
                                                                    Thomas D. Warren

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notice.

/s/ Thomas D. Warren
Thomas D. Warren