UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                  :

UNITED STATES OF AMERICA,            :

             -v-                        :          19-CR-374 (JMF)

MICHAEL AVENATTI,                  :            ORDER

                 Defendant.          :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The Court received the attached communication from Matthew Lee of Inner City Press "seeking leave to be heard and for the unsealing of the CJA Form 23, affidavit, and all associated documents" relating to this litigation.  To the extent that Mr. Lee (who is admitted to the bar of the Southern District of New York) seeks leave to be heard, his application is GRANTED.  The Court reserves judgment on the question of whether Defendant's CJA Form 23 and related documents should be unsealed.

        SO ORDERED.

Dated: August 28, 2020
       New York, New York
                                                         JESSE M. FURMAN
                                                  United States District Judge

| | |
|---|---|
| From: | Matthew R. Lee |
| To: | Furman NYSD Chambers |
| Cc: | Robert Baum; Andrew Dalack; robert.sobelman@usdoj.gov; matthew.podolsky@usdoj.gov |
| Subject: | Motion for Leave To Be Heard, and to unseal CJA Form 23 and associated documents including affidavit in US v. Avenatti, 19-cr-374 (JMF) |
| Date: | Thursday, August 27, 2020 2:23:22 PM |
| Attachments: | furmanavenattiunsealicpreq082820.html.docx |

August 27, 2020

By E-mail to Furman_NYSDChambers@nysd.uscourts.gov

Hon. Jesse M. Furman, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: Motion for Leave To Be Heard, and to unseal CJA Form 23 and associated documents including affidavit in US v. Avenatti, 19-cr-374 (JMF)

Dear Judge Furman:

   Pursuant to this Court's August 7, 2020 Order, this is a motion seeking leave to be heard and for the unsealing of the CJA Form 23, affidavit and all associated documents in US v. Avenatti, 19-cr-374 (JMF).

   Formally, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Jesse M. Furman, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on/and the unsealing of the CJA Form 23 and associated documents including but not limited to affidavit in US v. Avenatti, 19-cr-374 (JMF) pursuant to Docket No. 86 in that case and the Court's inherent power, and such other and further relief as the Court deem just and proper.

    As the Court is aware, the public and the press have a presumptive First Amendment and common law right of access to criminal proceedings and records. See Press Enterprise Co. v. Superior Court of California, 464 U.S. 501, 508 (1984). The presumption of openness can only be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press–Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986)

Non-parties such as Inner City Press and myself have standing to intervene in criminal proceedings to assert the public's right of access. United States v. Aref, 533 F.3d 72, 81 (2d Cir. 2008).

   Only this month in SDNY Magistrates Court the content of CJA Form 23s have been read out in the public record, including for the appointment of Federal Defenders. See, e.g., US v. Castro, et al., 20-mj-8994 (Freeman) & http://www.innercitypress.com/sdny270fifthfreemanmassicp082420.html

   Those and other defendants whose CJA Form 23 and financial information have been disclosed including in Magistrates Court this month had the same arguments as made by Federal Defenders in their August 21, 2020 letter, that the information might be used against them. And yet the other defendants' information was disclosed.

   While Inner City Press' interests are journalistic, since Federal Defenders states that "there is no dispute over Mr. Avenatti's eligibility to be represented by Federal Defenders of New York, Inc., " for the record consider this letter as disputing that, including in light of the sums of money discussed and proved in the Nike trial before Judge Gardephe. If despite this defendant still claims there is no dispute about eligibility, consider this a request for a hearing (or additional, focused letter briefing) on that issue.

   As stated in *US v. Harris*, 707 F.2d at 663 (which Federal Defenders asserts is distinguishable but we contend is not), facts should be determined through adversarial proceedings.

   While beyond the scope of this letter, the Court could limit the use in this case by the prosecution of the unsealed information, without unnecessarily overriding the presumption of public access.

Here, the sealing(s) and withholding of the CJA Form 23 and affidavit in their entirety go beyond those requested even in the CIA trial before Judge Crotty, US v. Schulte, 17 Cr. 548.

    In that case, Inner City Press vindicated the public's right to know, in the docket, see https://twitter.com/big_cases/status/1232758559408087041 and https://www.usatoday.com/documents/6786787-Docket-Annotation

   Inner City Press recently got even more sensitive filings unsealed in a North Korea sanctions case before Judge Castel, US v. Griffith, 20-cr-15 (PKC), Docket No. 33 (LETTER by EMAIL as to Virgil Griffith addressed to Judge P. Kevin Castel from Matthew Russell Lee, Inner City Press, dated 5/18/2020, re: Press Access to documents in US v. Griffith, 20-cr-15), 40 (order to unseal) and 41 unsealed filings). See also Inner City Press' May 9, 2020, filing to this Court for openness in US v. Randall, 19-cr-131,  No. 343.

   The U.S. Supreme Court has recognized that reporting by the news media allows members of the public to monitor the criminal justice system without attending proceedings in person. Richmond Newspapers, Inc. v Virginia, 448 U.S. at 572-73  (1980). By attending and reporting on court proceedings, members of the press "function[] as surrogates for the public." Id. at 573.

 Inner City Press has covered the case(s) against Mr. Avenatti for some time, see e.g., May 13, 2020, ESPN Louisville Sports Live, "On this episode of LSL, the guys speak court reporter, Matthew Russell Lee about the lack of fallout from the evidence exposed about Nike in the Michael Avenatti trial," http://louisvillesportslive.net/lsl-podcast-matthew-russell-lee-daniel-wallach/

    We further note that Mr. Avenatti has, according to Doubleday, threatened to sue for recent reporting on him. There is substantial public interest in this case, and defendants in this District should be treated similarly.

    Inner City Press and I are submitting this a day early in part because we are unsure if the US Attorney's Office will be pushing for openness to the public. In another pending case, *US v. Edwards*, 19-cr-64 (GHW), the Office had initially said that documents submitted by the defendant (described as the leaker of Paul Manafort's Suspicious Activity Reports) should be put in the public docket. Then, while Inner City Press is pursuing that, the US Attorney's Office has stopped pushing. So, just to preview, we may seek leave to sur-reply depending on what not only the defendants / Federal Defenders but also the US Attorney's Office have to say.

    Federal Defenders say that the US Attorney's Office lacks third-party standing to assert any right on behalf of the public to access the defendant's sworn financial statements, cited US v. Hickey, 185 F.3d 1064 (9th Cir. 1999). But here, Inner City Press is timely asserting the public and press' right of access.

    The documents at issue should not be sealed and should be made available.

Please confirm receipt & docket this timely responsive filing. Thank you. Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: robert_baum@fd.org, andrew_dalack@fd.org
robert.sobelman@usdoj.gov, matthew.podolsky@usdoj.gov