

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 28, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully writes, pursuant to the Court's August 7, 2020 Order (Dkt. No. 73), in response to defense counsel's motion to file his CJA 23 Form and accompanying affidavit *ex parte* and under seal (Dkt. No. 80 ("Def.'s Mot.")). The defendant argues that these documents should be permitted to be filed *ex parte* and maintained under seal solely on the basis that such a procedure purportedly is necessary to protect his rights under the Fifth Amendment. While the Government does not presently have a basis to oppose the defendant's request for appointment of counsel, and has not to date objected to the appointment of counsel, under the law of this Circuit, generalized concerns regarding protection of a defendant's Fifth Amendment privilege are not sufficient to justify wholesale and indefinite sealing of the CJA 23 Form and accompanying affidavit.

      The defendant contends that "[c]ourts take two different approaches to protect a defendant's Fifth Amendment interest in his sworn statements about his financial inability to afford counsel": courts either (1) seal the financial affidavits, or (2) decline to seal the affidavits but preclude the government from using statements contained in the affidavits against the defendant in its direct case on the pending charges. (Def.'s Mot. 5-6.) According to the defendant, which approach courts select depends upon whether "a defendant's financial status is directly relevant to the charges against him." (*Id.* at 6.)

      In fact, while the defendant cites a variety of out-of-circuit precedents for the first approach, "[t]he Court of Appeals for the Second Circuit . . . has expressly endorsed the latter option, articulating the importance of adversarial proceedings and emphasizing the view that constraints on the subsequent use of a defendant's testimony submitted in support of an application for appointed counsel will strike an appropriate balance between a defendant's Fifth and Sixth Amendment rights where those rights are arguably in conflict." *United States v. Hilsen*, No. 03 Cr. 919 (RWS), 2004 WL 2284388, at *4 (S.D.N.Y. Oct. 12, 2004); *see also id.* at *5 (relying on *United States v. Harris*, 707 F.2d 653 (2d Cir. 1983)). In *Harris*, the district court terminated appointed counsel after refusing to permit the defendant to submit evidence to support his CJA 23

Honorable Jesse M. Furman
United States District Judge
August 28, 2020
Page 2

Form and supporting affidavit *ex parte* and under seal. 707 F.2d at 654-55. On appeal, the defendant argued that the procedures employed in the district court "unconstitutionally jeopardized his right against self-incrimination." *Id.* at 659. The Court of Appeals rejected this argument, observing that the Criminal Justice Act does not provide for *ex parte* proceedings for appointment of counsel, though it does for applications for other services, and that "our legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, ex parte hearings are manifestly conceptually incompatible with our system of criminal jurisprudence." *Id*. at 662. That court concluded that the defendant's "claim of fifth amendment violation by use of his testimony at a later time is speculative," and that the defendant may be protected by precluding the government from offering statements contained in the affidavit in its case-in-chief. *Id.* at 662-63.

Following *Harris*, the district court in *Hilsen* was presented with precisely the same arguments the defendant raises here—that, because of the nature of the charges against him, and the resulting possibility of use or derivative use of the CJA 23 Form and affidavit in the case against him, those materials must be submitted *ex parte* and under seal "to preserve his Fifth Amendment privilege against self-incrimination." 2004 WL 2284388, at *1, *10. Indeed, the defendant in *Hilsen* offered the same analysis of possible approaches and many of the same cases relied upon by the defendant here. *See id.* at *8-9. The *Hilsen* court, after reviewing *Harris* and prior Circuit precedent, as well as other district court cases within the Second Circuit, explained that, under the law in the Second Circuit, the defendant's Fifth Amendment interests were properly protected by exclusion of evidence on the government's case-in-chief, even where the defendant asserted that "the facts to be set forth in the CJA 23 are directly related, if not identical, to the facts the government must establish at trial."[1] *Id.* at *1, *10-11. The court concluded that, "even if the principles set forth in *Harris* favoring adversarial proceedings did not weigh heavily against adopting an *ex parte* approach such as that accepted in other circuits, [the defendant] has not made a sufficient showing as to why such an approach would be appropriate here given the speculative nature of his claim and the presumption of openness in criminal proceedings." *Id.* at *10; *see also id*. ("Nor does [the defendant's] mere speculation that the government may be able to develop leads from information contained in his CJA 23 Form justify the invocation of an *ex parte* approach.").

In seeking to distinguish *Harris*, in particular, the defendant relies on the fact that the Government, without access to the information contained in the CJA 23 Form and supporting

---

[1] The prohibition against use of the defendant's statements in the CJA 23 Form and supporting affidavit in the Government's case-in-chief would not, however, extend to potential perjury charges for false statements made in those materials, a particularly salient concern for a defendant whose misrepresentations have already yielded a conviction for honest services fraud; two pending indictments containing fraud and identity theft charges, as well as charges for obstruction of the IRS and the making of false declarations and testimony; and revocation of bail in the Central District of California. *Harris*, 707 F.2d at 658; *Hilsen*, 2004 WL 2284388, at *11. Nor would it extend to use in cross-examination should the defendant choose to testify and open the door to the use of statements made in the CJA 23 Form and supporting affidavit. *See Harris*, 707 F.2d at 662; *Hilsen*, 2004 WL 2284388, at *11.

Honorable Jesse M. Furman
United States District Judge
August 28, 2020
Page 3

affidavit, took no position on the defendant's application for appointment of counsel. (Def.'s Mot. 4, 6.) That is, of course, true, and the Government continues to take no position, based on the information available to it, on the request for appointment of counsel. However, as this Court has pointed out, appointment of counsel does not preclude later termination by the Court or efforts by the Government to recoup fees, if appropriate. Absent knowledge of what is contained in the defendant's CJA form and accompanying affidavit, the Government is unable to advise the Court on its view of the accuracy of that information, or whether efforts to recoup fees would be appropriate.

Alternatively, the defendant argues, repeatedly, that the Government's "aggressive[ ]" use of relevant and admissible evidence to prove its case in a prior trial against the defendant justifies sealing of the CJA 23 Form and supporting affidavit. (*E.g.,* Def.'s Mot. 6.) But that argument, if anything, weighs against allowing an *ex parte* filing, as it principally confirms that the Government has already conducted a thorough financial investigation of the defendant and already has access to significant information about his finances relevant to the charged conduct. Moreover, as in *Hilsen*, the defendant offers nothing but speculation to support the inference that the Government might seek to use information contained in the CJA 23 Form and supporting affidavit regarding the defendant's current financial status in its case-in-chief against him at a trial regarding a fraud that has already been thoroughly investigation and that took place in 2018-2019.

In sum, while the Government has not, to date, opposed the appointment of counsel and lacks any present basis to do so, in light of the presumption of openness in criminal proceedings and the approach favored by the Second Circuit, the defendant has failed to provide a legally sufficient basis for wholesale and indefinite sealing of the CJA 23 Form and supporting affidavit. *See Hilsen*, 2004 WL 2284388, at *10.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:   s/ Matthew D. Podolsky
      Matthew D. Podolsky
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-1947/2616

cc:   Counsel of record (by ECF)