UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                               :
:
       -v-                                                   :      19-CR-374 (JMF)
:
MICHAEL AVENATTI,                                                       :      ORDER
:
                Defendant.                                    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court received the attached communication from Matthew Lee of Inner City Press, which the Court will consider in connection with deciding whether Defendant's CJA Form 23 and related documents should be unsealed.

       SO ORDERED.

Dated: September 9, 2020                         _____
      New York, New York                             JESSE M. FURMAN
                                                         United States District Judge

| | |
|---|---|
| **From:** | Matthew R. Lee |
| **To:** | Furman NYSD Chambers |
| **Cc:** | Robert Baum; Andrew Dalack; robert.sobelman@usdoj.gov; matthew.podolsky@usdoj.gov |
| **Subject:** | Re: US v. Avenatti, 19-cr-374 (JMF) - Further on the need to unseal CJA Form 23and associated documents including affidavit |
| **Date:** | Tuesday, September 8, 2020 8:51:25 PM |
| **Attachments:** | furmanavenatti2unsealicpreq090820.docx |

September 8, 2020

By E-mail to Furman_NYSDChambers@nysd.uscourts.gov

Hon. Jesse M. Furman, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: US v. Avenatti, 19-cr-374 (JMF) - Further on the need to unseal CJA Form 23 and associated documents including affidavit

Dear Judge Furman:

   Pursuant to this Court's August 28, 2020 Order granting leave to be heard, and in response to Federal Defenders' September 2 (footnote) response), this is a further argument for the unsealing of the CJA Form 23, affidavit and all associated documents in US v. Avenatti, 19-cr-374 (JMF).

     Before citing case law, Inner City Press which closely covers SDNY criminal proceedings notes that just today, before SDNY Magistrate Judge Barbara Moses, the financial situation of defendant Jonathan Smith was fully disclosed on the record. To obtain CJA counsel it was disclosed that Mr. Smith of The Bronx received $471 a week in unemployment, and pays $150 to $200 a month in child support of each of his three children, and $65 a month for cell phone service. See, *US v. Smith*, 20-cr-317 (Swain / Moses).

   We again ask, why should lower income and less high profile defendants in the SDNY have their financial information so disclosed while Avenatti's information is sealed in its entirety?

   Avenatti in his other SDNY case, in which he was convicted by a jury, has requested another adjournment of sentencing, to December.

   While it should not be necessary, we further those the court's discussion in *US v. Kodzis*, 255 F. Supp. 2d 1140 (S.D. Cal. 2003), including that "[t]he public has an appreciable interest in the criminal proceedings at issue here, where Kodzis requests that counsel be appointed by the Court and paid for by the government... To the extent Kodzis claims that he has insufficient funds to retain private counsel and asks the Court to appoint counsel for him free of charge, such application should be made publicly unless Kodzis can demonstrate a 'real and appreciable' hazard that the statements made by him in the financial affidavit could subject him to criminal liability. Seattle Times, 845 F.2d at 1518.  The information contained in counsel's profferKodzis' current employer and salary, ownership and equity in real property and cars, and

current bank account balances, cannot reasonably be considered in any way incriminating. Information such as that already provided by Kodzis' counsel is innocuous, and in no way can be linked to the conduct alleged in the indictment, and if truth be told is likely available to anyone willing to use the internet or conduct a credit check."

 This is even more true in 2020, with regard to defendant Michael Avenatti.

   The documents at issue should not be sealed and should be made available.

Please confirm receipt & again docket this timely responsive filing. Thank you. Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: robert_baum@fd.org, andrew_dalack@fd.org
robert.sobelman@usdoj.gov, matthew.podolsky@usdoj.gov