**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

September 10, 2020

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      RE: **United States v. Michael Avenatti**
             19 Cr. 374 (JMF)

Dear Judge Furman:

      We write to briefly respond to the letter submitted on behalf of Inner City Press by Matthew R. Lee requesting the unsealing of Michael Avenatti's CJA 23 Form and accompanying affidavit. See Dkt. No. 90.

      Neither the public nor the media have a presumptive right to access the financial documents of a defendant who seeks court-appointed counsel under the Sixth Amendment. In re Boston Herald, Inc., 321 F.3d 174, 191 (1st Cir. 2003) ("[N]either the First Amendment nor the common law provides a right of access to financial documents submitted with an initial application to demonstrate a defendant's eligibility for CJA assistance."). And as discussed more thoroughly in Mr. Avenatti's previous letters, any such common law or First Amendment interest is trumped by the real and appreciable risk of self-incrimination Mr. Avenatti faces should his sworn statements about his financial condition be made available to the government or publicly.[1]

---

[1] As set forth in Mr. Avenatti's reply to the government's response in opposition to keeping his sworn financial statements sealed, the court in the Central District of California presiding over a different case against him has sealed Mr. Avenatti's application for court-appointed counsel under Ninth Circuit precedent and local rules. Accordingly, Mr. Avenatti respectfully requests that the Court stay any order to unseal those same documents in this case so that he may pursue appropriate appellate relief.

Regarding Mr. Lee's reliance on an anecdotal disclosure of a defendant's CJA 23 Form during a recent criminal presentment in this district, that case is inapposite to Mr. Avenatti's situation.  Undersigned counsel contacted the attorney for the defendant in the case cited by Mr. Lee.  We understand that the presentment at issue was conducted telephonically due to COVID-19 and that the attorney for the defendant completed and executed the CJA 23 Form on his client's behalf; the defendant never actually saw the form before it was submitted.  Under those circumstances, Magistrate Judge Moses felt it was appropriate to ask the defendant about some of the statements made in his CJA 23 Form, to swear to the document's accuracy, and to affirm that he authorized his attorney to sign on his behalf.  Notably, the attorney for the defendant did not object to such questioning because the CJA 23 Form contained no information that could be connected to the charges.

Mr. Avenatti's circumstances are readily distinguishable.  In applying for court-appointed counsel, Mr. Avenatti not only reviewed and submitted a sworn CJA 23 Form, but also an accompanying affidavit.  He is also required to update the Court on his financial condition regularly and the Federal Defenders have been ordered to keep track of our time should Mr. Avenatti's reimbursement of CJA funds ever become an issue.  There is also no dispute that Mr. Avenatti is eligible for court-appointed counsel.

Against this backdrop, and for all of the reasons stated in Mr. Avenatti's previous letters, Mr. Lee's request to inspect Mr. Avenatti's sworn statements about his financial condition to obtain court-appointed counsel should be denied.

    Respectfully Submitted,

    /s/
Robert M. Baum
Tamara L. Giwa
Andrew J. Dalack
Assistant Federal Defenders

Counsel for Michael Avenatti