UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
UNITED STATES OF AMERICA,                  :
                :
           -v-                :      19-CR-374 (JMF)
                :
MICHAEL AVENATTI,                      :      ORDER
                :
          Defendant.         :
                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court received the attached communication from Matthew Lee of Inner City Press, which the Court will consider in connection with deciding whether Defendant's CJA Form 23 and related documents should be unsealed.

       SO ORDERED.

Dated: November 16, 2020
       New York, New York
                                       JESSE M. FURMAN
                                   United States District Judge

# Inner City Press

November 12, 2020

By E-mail to Furman_NYSDChambers@nysd.uscourts.gov

Hon. Jesse M. Furman, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: US v. Avenatti, 19-cr-374 (JMF) - More on the need to unseal CJA Form 23 and associated documents - Judge Oetken's US v. Correia unsealing decision today

Dear Judge Furman:

  Pursuant to this Court's August 28, 2020 Order granting leave to be heard, this is a further argument and District precedent for the unsealing of the CJA Form 23, affidavit and all associated documents in US v. Avenatti, 19-cr-374 (JMF).

  Today in *US v. Parnas, Correia et al.*, 19-cr-725, Judge J. Paul Oetken in a nearly identical case in which Inner City Press also timely sought unsealing has ordered that David Correia's financial declarations should be unsealed in full and docketed in five business days. See 19-cr-725, Dkt No 145 citing Dkt No 123 ("letter filed by Matthew Russell Lee advocating for public access to these declaration.")

  Judge Oetken cites United States v. Smith, 985 F. Supp. 2d 506, 517 (S.D.N.Y. 2013) (collecting cases) and states

> "The Court sees no reason why the declarations at issue depart from judicial documents associated with criminal pretrial proceedings as to which the Second Circuit has previously recognized the First Amendment right of access. Cf. United States v. Suarez, 880 F.2d 626, 631 (2d Cir. 1989) ("Because there is no persuasive reason to ignore the presumption of openness that applies to documents submitted in connection with a criminal proceeding, we conclude that the public has a qualified First Amendment right of access to the CJA forms after payment has been approved.").
>
> Since "the more stringent First Amendment framework applies, continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124. Given that Correia's asserted financial privacy interest is insufficient to

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

> overcome even a modest common law presumption of access, it follows that his stated justification for redactions does not overcome the stronger First Amendment presumption. For the foregoing reasons, the declarations may not be sealed or redacted, because the common law and the First Amendment grant the public and press the right to view the declarations' information.
>
> "Accordingly, defense counsel's request to seal or redact the attorney declarations is DENIED. Counsel are directed to file the unredacted declarations on the public docket within five business days."

   The same logic obtains and should be applied here, to the too-long filings of Defendant Avenatti.

   Again, Inner City Press which closely covers SDNY criminal proceedings noted in September that before SDNY Magistrate Judge Barbara Moses the financial situation of defendant Jonathan Smith was fully disclosed on the record.

   Similar disclosures have been made, even this week, in the SDNY Magistrates Court under Judge Freeman.

   We again ask, why should lower income and less high profile defendants in the SDNY -- and now David Correia -- have their financial information so disclosed while Avenatti's information is sealed in its entirety?

   The documents at issue should not be sealed and should be made available.

Please confirm receipt & again docket this timely responsive filing. Thank you. Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: robert_baum@fd.org, andrew_dalack@fd.org
robert.sobelman@usdoj.gov, matthew.podolsky@usdoj.gov