**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

May 6, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    **United States v. Michael Avenatti**,
              19 Cr. 374 (JMF)

Dear Judge Furman:

    We write in response to the Court's order dated May 3, 2021 (Dkt. No. 118). For the reasons set forth in the Government's letter filed today (Dkt. No. 121) and for those discussed below, the Court should allow the defense to (1) file Exhibit B to its omnibus pre-trial motion (Dkt. No. 115) under seal; (2) file Exhibit C, except for its first page, under seal; and (3) file on CM/ECF a redacted version of Exhibit F.

    The defense joins in the arguments advanced by the Government setting forth why Exhibit B and Exhibit C (except for the first page) should be kept under seal. The materials are not "judicial documents" because their contents do not tend to resolve the issues we raised in our omnibus motion. Gov't Letter at 3. Rather, the documents were submitted to simply illustrate for the Court what exactly the defense seeks to preclude. Sealing Exhibits B and C (except for the first page of Exhibit C) is also necessary to enforce the privacy interests of Mr. Avenatti, the complainant, and other third parties, and to minimize the risk of prejudicial pretrial publicity, a "particularly significant" concern because "the charges in the Indictment have received substantial coverage in the national media." Id. at 3-4.

    In addition to these arguments, the defense respectfully submits that Exhibit B and Exhibit C (except for its first page) should be filed under seal for a fourth reason: any public right of access to motions to suppress or preclude does not extend to the

evidence actually ruled inadmissible. United States v. McVeigh, 119 F.3d 806, 813 (10th Cir. 1997) (citing United States v. Gurney, 558 F.2d 1202, 1210 (5th Cir. 1977) ("[T]he press has no right of access to exhibits produced under subpoena and not yet submitted into evidence, hence not yet in the public domain.")). See also In re Globe Newspaper Co., 729 F.2d 47, 54 (1st Cir. 1984) (stating that there is no constitutional right of access to inadmissible evidence). Indeed, because "[n]either tradition nor logic supports public access to inadmissible evidence," it stands to reason that the focus of a motion to suppress or preclude—i.e., the materials themselves—should remain out of the public domain unless or until they are admitted into evidence. McVeigh, 119 F.3d at 813. Of course, if the Court ultimately grants the defense's motion to preclude, then press access to the contents of Exhibits B and C "would play a negative role in the functioning of the criminal process, by exposing the public generally, as well as potential jurors, to incriminating evidence that the law has determined may not be used to support a conviction." Id.

Accordingly, the defense respectfully submits that Exhibit B and Exhibit C (except for the first page) should be filed and maintained under seal until such time as their contents otherwise become public. The defense further agrees with the Government that the first page of Exhibit C and all of Exhibit F should be filed publicly after the complainant's name and her attorney's phone number are redacted from the first page of Exhibit C, and after Mr. Avenatti's Apple ID and the names of all other entities and third parties are redacted from Exhibit F.

                                                  Respectfully Submitted,

                                                  /s/
                                              Robert M. Baum, Esq.
                                              Tamara L. Giwa, Esq.
                                              Andrew J. Dalack, Esq.
                                              Assistant Federal Defenders

                                              Counsel for Michael Avenatti

Cc:    Government Counsel