

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 6, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's order dated May 3, 2021 (Dkt. No. 118). For the reasons set forth below, the Government requests that the Court (1) permit Exhibit B to be filed under seal and (2) permit Exhibit C, except for its first page, to be filed under seal. The Government has no objection to the first page of Exhibit C and the entirety of Exhibit F being filed on the public docket, subject to the limited redactions described below.

### I.    Background

      On May 1, 2021, the defendant filed motions to (1) preclude evidence of the defendant's text communications with Victim-1 (as identified in the Indictment); (2) suppress the fruits of a search of the defendant's iCloud account; and (3) compel production of statements of certain individuals. (Dkt. No. 115.) In connection with the motion to preclude text communications, the defendant attached as exhibits screenshots of the defendant's electronic communications with Victim-1 (Exhibit B) and an email from Victim-1's counsel and the attachment to that email, which contained a lengthy string of the defendant's electronic communications with Victim-1 (Exhibit C). In connection with the motion relating to the review of the defendant's Apple iCloud account, the defendant attached a copy of the judicial search warrant that authorized law enforcement's review of that account's contents (Exhibit F).

      That same day, the defendant filed a letter motion requesting that Exhibits B, C, and F be filed under seal because they "contain sensitive information that is subject to the standing protective order governing the disclosure of confidential materials." (Dkt. No. 116.)

### II.    Applicable Law

      The Supreme Court has held that "the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)). The "right of access is

Honorable Jesse M. Furman
United States District Judge
May 6, 2021
Page 2

embodied in the First Amendment," and stems in part from the fact that "the criminal trial historically has been open to the press and general public." *Id.* at 603-04. Following *Globe Newspaper*, the Supreme Court and the Second Circuit have held that the First Amendment right of access applies not only to criminal trials themselves, but to other aspects of criminal proceedings, including preliminary hearings, *see In Press-Enterprise Co. v. Superior Court of Calif.*, 478 U.S. 1 (1986); pretrial suppression hearings, *see In re Herald Co.*, 734 F.2d 93, 98 (2d Cir. 1984); *voir dire* proceedings, *see ABC, Inc. v. Stewart*, 360 F.3d 90, 105-06 (2d Cir. 2004); plea hearings, *see United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988); and sentencing hearings, *see United States v. Alcantara*, 396 F.3d 189, 191-92 (2d Cir. 2005).

As is relevant here, the Second Circuit also has held that the First Amendment right of access applies to "written documents submitted in connection with judicial proceedings that themselves implicate the right of access," *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987), and to "briefs and memoranda" filed in connection with pretrial and post-trial motions, *see United States v. Gerena*, 869 F.2d 82, 85 (2d Cir. 1989). The public also has a common law right of access to such documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

This does not mean, however, that any document filed by a party must be made publicly available, in whole or in part. As the Second Circuit has explained, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The question is not whether a document has been filed, but rather, what is the nature of the document and purpose for which it was filed, specifically, whether it is a "judicial document," that is, one "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 126 (internal quotation marks omitted). "A document is thus relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotation marks omitted).

Accordingly, a court asked to determine whether a document filed under seal should be unsealed needs to engage in a two-step inquiry. First, the court must determine whether the document, in whole or in part, is a "judicial document." If the answer is yes, then the court must either order the document unsealed or make "specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* If such values are present, a court should consider whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

### III. Discussion

Exhibit B and Exhibit C (except for the first page) contain an extensive record of text messages exchanged between Victim-1 and the defendant, who was Victim-1's attorney at the time, none of which are relevant to resolution of the defendant's motion. Accordingly, the

Honorable Jesse M. Furman
United States District Judge
May 6, 2021
Page 3

Government requests that the Court permit Exhibit B and Exhibit C (except for the first page) to be filed and maintained under seal until such time as the text messages otherwise become public, which the Government expects may occur, at least in part, at trial.

First, Exhibit B and Exhibit C (except for the first page) are not "relevant to the performance of the judicial function and useful in the judicial process," and therefore are not judicial documents to which a qualified right of access attaches. *Amodeo*, 44 F.3d at 145. In his motion, the defendant contends, in substance, that the Government should be precluded from offering evidence of the defendant's text communications at trial because that evidence is not in the form of a "forensic copy." (Dkt. No. 115 at 13-17.) Nothing about this argument turns on the content of the text communications, and the contents of Exhibit B and Exhibit C (with the arguable exception of the first page of Exhibit C) have no tendency to influence the Court's ruling on any claim for which the defendant seeks judicial relief. *See Brown*, 929 F.3d at 49. Exhibit B and Exhibit C (except for the first page) are therefore not judicial documents and need not be (and should not have been) filed publicly. *See id.*; *Lugosch*, 435 F.3d at 119; *Amodeo*, 44 F.3d at 145; *United States v. Sours Edwards*, No. 19 Cr. 64 (GHW), 2020 WL 6151300, at *7 (S.D.N.Y. Oct. 20, 2020) (documents that the court did not consider or "rely on" were "not judicial documents"); *Saint-Jean v. Emigrant Mortg. Co.*, No. 11 Civ. 2122 (SJ), 2015 WL 3797198, at *2 (E.D.N.Y. June 18, 2015) ("superfluous" materials that "could easily have been avoided" "were not useful to the Court in determining whether the motion to disqualify should be granted" and were "not 'judicial documents'").

Second, the private messages contained in Exhibits B and C should be filed under seal to protect the privacy interests of Victim-1 and of other innocent third parties referenced therein. *See Amodeo*, 71 F.3d at 1050 ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"). At the time Victim-1 exchanged these messages, they were exchanged confidentially with Victim-1's attorney at that time, the defendant. The messages cover numerous topics, some of which are of a highly personal nature, and contain references to uncharged individuals and/or entities. It may well be that some or all of these messages will ultimately become public by virtue of being introduced as evidence at trial, but Victim-1 and other innocent individuals and/or entities should not suffer an unnecessary invasion of Victim-1's privacy merely because Victim-1 cooperated with the Government's investigation of the defendant's crime. Accordingly, the privacy interests that Victim-1 and other third parties hold with respect to the content of these messages outweigh the public's right of access at this stage, and justify sealing of these documents. *See, e.g.*, *United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796, at *12 (S.D.N.Y. Dec. 14, 2020) (denying unsealing request in light of, among other reasons, "privacy interests of uncharged individual and entities," which "may be of particular concern in a case such as this, which is the subject of pretrial publicity"); *SEC v. Ahmed*, No. 3:15-CV-675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing certain documents based, in part, on privacy interests of a third party).

Third, filing the private messages contained in Exhibits B and C under seal is necessary to mitigate the risk of prejudicial pretrial publicity that may arise from their disclosure before trial. *See United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) ("avoidance of unwanted pretrial

Honorable Jesse M. Furman
United States District Judge
May 6, 2021
Page 4

publicity" is a "legitimate law enforcement objective" that can justify sealing); *United States v. Nojay*, 224 F. Supp. 3d 208, 213 (W.D.N.Y. 2016) (describing "avoiding prejudicial pretrial publicity" as one of the available justifications for sealing). The private messages at issue contain both messages that describe facts relevant to the case that are not publicly known and messages that may not be relevant to the case but could draw public attention. The concern about prejudicial pretrial publicity is particularly significant in this case because the charges in the Indictment have received substantial coverage in the national media. Accordingly, the risk of prejudicial pretrial publicity from the content of these messages outweighs the public's right of access, and justifies sealing of these documents. *See, e.g.*, *United States v. Sittenfeld*, No. 20 Cr. 142 (DRC), 2021 WL 1438300, at *9 (S.D. Ohio Apr. 15, 2021) ("avoiding the prejudice that would almost certainly ensue from pre-trial publicity about these allegations presents a 'compelling reason' justifying a seal"); *Angilau v. United States*, No. 16 Civ. 992 (JED), 2018 WL 1271894, at *2 (D. Utah Mar. 9, 2018) (holding that "avoiding pretrial publicity," among other reasons, justified sealing).

For these reasons, Exhibit B and Exhibit C (except for the first page) should be filed and maintained under seal until such time as the text messages otherwise become public. However, the Government has no objection to the first page of Exhibit C and Exhibit F being filed on the public docket, after the redaction of Victim-1's name and Victim-1's attorney's cellphone number from the first page of Exhibit C, the Apple ID on the first page of the Warrant and the first page of Attachment A within Exhibit F, and the names of all individuals and entities aside from the defendant in pages three and four of Attachment A within Exhibit F, in light of the same privacy interests discussed above.

IV.   Conclusion

For the foregoing reasons, the Government requests that the Court (1) permit Exhibit B to be filed under seal and (2) permit Exhibit C, except for its first page, to be filed under seal. The Government has no objection to the first page of Exhibit C and the entirety of Exhibit F being filed on the public docket, provided that Victim-1's name and Victim-1's attorney's cellphone number is redacted from the first page of Exhibit C, the Apple ID is redacted on the first page of the Warrant and the first page of Attachment A within Exhibit F, and the names of all individuals and

Honorable Jesse M. Furman
United States District Judge
May 6, 2021
Page 5

entities aside from the defendant is redacted in pages three and four of Attachment A within Exhibit F.

                                              Respectfully submitted,

                                              AUDREY STRAUSS
                                              United States Attorney

By: *Robert B. Sobelman*
      Matthew D. Podolsky
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-1947/2616

cc:    Robert M. Baum, Esq. (by ECF)
       Andrew J. Dalack, Esq. (by ECF)
       Tamara L. Giwa, Esq. (by ECF)

The Court agrees with the Government's unopposed proposal, substantially for the reasons set forth above. No later than May 12, 2021, the Defendant shall file the first page of Exhibit C and the entirety of Exhibit F, with the redactions proposed by the Government, on ECF. The Clerk of Court will otherwise maintain the exhibits at issue under seal.

The Clerk of Court is directed to terminate ECF No. 122.

                                            SO ORDERED.

                                            May 11, 2021