UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ----------------------------------------------------- X

United States of America,                           Case No. 19-cr-374 (JMF)

                        Plaintiff,                  **Motion to Intervene**

            -against-

Michael Avenatti,

                        Defendant.
 ----------------------------------------------------- X

**PLEASE TAKE NOTICE** that pursuant to the Federal Rule of Civil Procedure ("FRCP") Rule

24 and 10(c), I, Towaki Komatsu, am submitting this motion to be granted the following relief in

this case:

1.    Intervention as of right pursuant to FRCP Rule 24(a)(2) or permissive intervention

      pursuant to FRCP Rule 24(b) in order to intervene in this case as an interested party

      or to appear in it as an amicus curiae in the alternative.

2.    The issuance of an order that immediately upholds Fourteenth Amendment equal

      protection rights as well as First Amendment rights in regards to this case by

      equitably striking the letters dated 4/14/21 and 4/20/21 that were submitted to this

      Court by Matthew Russell Lee for Inner City Press and Matthew Leish for the New

      York Daily News in the wake of this Court's 5/12/21 order that indicated that such

      letters by non-parties that are submitted to this Court without having leave of court to

      do so are not permissible and may not be docketed.

3.    Having this Court take judicial notice of the fact that I don't have access to ECF filing

      and therefore needed a different way to submit the letter dated 5/7/21 that I submitted

in this case and incorporate by reference as though fully set forth herein pursuant to FRCP Rule 10(c).

4.    The issuance of an order that grants me the relief that I requested in the letter dated 5/7/21 that I submitted to this Court for this case.

5.    The issuance of an order that has this Court explicitly declare that it abused its discretion as it erred by rejecting my letter dated 5/7/21 to it because of its form in violation of relevant findings in *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005) that concern prohibitions against exalting form over substance and the manner in which it was submitted to this Court in defiance of findings in *Goldberg v. Kelly*, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) and *Holland v. Florida*, 130 S. Ct. 2549, 560 U.S. 631, 177 L. Ed. 2d 130 (2010) that concern the need to tailor due process to one's circumstances and ability to be heard as well as avoiding mechanical rules cause hardships and impede access to the courts.

6.    Having this Court take judicial notice of the fact that though the U.S. District Court for the Southern District of New York has provided pro se litigants who lack access to ECF filing for federal court cases that include me an option to submit legal filings in court cases for civil cases that are assigned to it by e-mail to the Pro Se Intake Unit, information isn't readily available about a comparable process or procedure that would allow a non-party to submit a letter or motion to intervene in a federal criminal case without using the ECF filing system for such cases that are assigned to the  U.S. District Court for the Southern District of New York as that circumstance clearly warrants having this Court grant such non-parties without ECF filing abilities a reasonable accommodation to submit a letter to this Court instead of intemperate,

insolent, and biased behavior that causes a letter to this Court to be disregarded strictly because of its form and the manner in which it was submitted to this Court.

7.      The issuance of an order that directs the Clerk of the Court to immediately docket both this submission and my 5/7/21 letter to this Court to fully comply with the public's First Amendment right to have immediate access to court records that this Court impermissibly violated by not causing my 5/7/21 letter to it to be docketed.

This motion to intervene is supported by the following attachments:

1.  The attached memorandum of law of Towaki Komatsu dated May 14, 2021.

2.  The letter motion dated 5/7/21 that I submitted via e-mail for acceptance and diligent review in this case by U.S. District Judge Jesse Furman to this e-mail address of Furman_NYSDChambers@nysd.uscourts.gov for his chambers on 5/7/21 at 1:27 pm in accordance with Judge Furman's "Individual Rules and Practices In Criminal Cases" (dated 11/12/19), except for the fact that submission wasn't submitted via ECF.

From,                                                                    **Date**: May 14, 2021

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B                              Application DENIED.
Bronx, NY 10460

                                                                        SO ORDERED.
Tel: 347-316-6180
E-mail: Towaki_Komatsu@yahoo.com

                                                                        May 16, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 -------------------------------------------------- X

United States of America,                    Case No. 19-cr-374 (JMF)

                Plaintiff,

        -against-

Michael Avenatti,

               Defendant.
 -------------------------------------------------- X

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE</u>**

Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY 10460
Tel: 347-316-6180
E-mail: Towaki_Komatsu@yahoo.com

**PRELIMINARY REMARKS**

I, Towaki Komatsu, submit this memorandum of law pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 24 and 10(c) in support of my motion to be granted intervention as of right pursuant to FRCP Rule 24(a)(2) or permissive intervention pursuant to FRCP Rule 24(b) in order to intervene in this case as an interested party or to appear in it as an amicus curiae in the alternative.

When this Court decided to consider the letters that are dated 4/14/21 and 4/20/21 that were submitted to it by Matthew Leish for the New York Daily News and Matthew Russell Lee for Inner City Press, this Court decided to consider information from non-parties in this case in regards to First Amendment matters that pertain to observing, receiving, and sharing information. As I made crystal clear in the letter dated 5/7/21 that I submitted in this case and incorporate by reference as though fully set forth herein pursuant to FRCP Rule 10(c), my interest in intervening in this case or otherwise appearing in it as an amicus curiae is largely for the same reasons, but to have this Court fully comply with fundamental First Amendment and Fourteenth Amendment rights for this case by not granting the press any preferential treatment over the general public for this case. Since the grounds to grant this application to intervene or appear as an interested party are clearly presented in my 5/7/21 letter, I refer this Court attention to that letter instead of rehashing that information here.

**CONCLUSION**

For the foregoing reasons, I request that this Court grant this motion in its entirety and for such other and different relief as this Court may deem just and equitable.

From,                                                                    **Date**: May 14, 2021

Towaki Komatsu

s_/Towaki Komatsu

802 Fairmount Pl., Apt. 4B
Bronx, NY  10460

Tel: 347-316-6180
E-mail: Towaki_Komatsu@yahoo.com