# Privacy Policy for Electronic Case Files

*The Judicial Conference of the U.S. approved the latest version of the policy in March 2008 to streamline the policy and eliminate provisions that are duplicative of the Rules of Practice and Procedure.*

## Judicial Conference Policy on Privacy and Public Access to Electronic Case Files

**March 2008**

Amendments to the Appellate, Bankruptcy, Civil, and Criminal Rules to implement the requirements of the E-Government Act of 2002 took effect on December 1, 2007. The new rules codify, to a large extent, the 2001 Judicial Conference privacy policy, as revised in 2003, requiring redaction of personal identifier information from filings[1]. The personal identifiers to be redacted are Social Security numbers, names of minor children, financial account numbers, dates of birth, and, in criminal cases, home addresses[2].

Because of the enactment of the rules, the previous policy is no longer operative except for two portions of the earlier privacy policy that remain in force, separate from the new rules. They are listed below.

## I. Documents in criminal case files for which public access should not be provided

The following documents in a criminal case shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access:

- unexecuted summonses or warrants of any kind (e.g., search warrants, arrest warrants);
- pretrial bail or presentence investigation reports;
- statements of reasons in the judgment of conviction;
- juvenile records;
- documents containing identifying information about jurors or potential jurors;
- financial affidavits filed in seeking representation pursuant to the Criminal Justice Act;
- ex parte requests for authorization of investigative, expert or other services pursuant to the Criminal Justice Act; and

- sealed documents (e.g., motions for downward departure for substantial assistance, plea agreements indicating cooperation or victim statements).

## II. The redaction of electronic transcripts of court proceedings

Courts making electronic documents remotely available to the public shall make electronic transcripts of proceedings remotely available to the public if such transcripts are prepared. Prior to being made electronically available from a remote location, however, the transcripts must conform to Fed. R. Civ. P. 5.2(a), Fed. R. Crim. P. 49.1(a), or Fed. R. Bankr. P. 9037(a).

Once a prepared transcript is delivered to the clerk's office pursuant to 28 U.S.C. § 753, the attorneys in the case are (or, where there is a self-represented party, the party is) responsible for reviewing it for the personal data identifiers required by the federal rules to be redacted, and providing the court reporter or transcriber with a statement of the redactions to be made to comply with the rules. Unless otherwise ordered by the court, the attorney must review the following portions of the transcript:

1. opening and closing statements made on the party's behalf;
2. statements of the party;
3. the testimony of any witnesses called by the party;
4. sentencing proceedings; and
5. any other portion of the transcript as ordered by the court.

Within seven calendar days of the delivery by the court reporter or transcriber of the official transcript to the clerk's office, each attorney must inform the court, by filing a notice of redaction with the clerk, of his or her intent to direct the redaction of personal data identifiers from the electronic transcript of the court proceeding. If no such notice is filed within the allotted time, the court will assume redaction of personal data identifiers from the transcript is not necessary.

An attorney serving as "standby" counsel appointed to be available to assist a pro se defendant in his or her defense in a criminal case must review the same portions of the transcript as if the pro se defendant were his or her client. If the transcript relates to a panel attorney representation pursuant to the Criminal Justice Act (CJA), including serving as standby counsel, the attorney conducting the review is entitled to compensation under the CJA for functions reasonably performed to fulfill the redaction obligation and for reimbursement for related reasonable expenses.

A party is to submit to the court reporter or transcriber, within 21 calendar days of the transcript's delivery to the clerk, or longer if a court so orders, a statement indicating where the personal data identifiers to be redacted appear in the transcript. The court reporter or transcriber must redact the identifiers as directed by the party.

Cited in U.S. v Avenatti
19 CR374-1 Decided 7/27/21
Archived on 8/2/21
This document is protected by copyright.
Further reproduction is prohibited without permission.

These procedures are limited to the redaction of the specific personal data identifiers listed in the rules. During the 21-day period, or longer if the court so orders, an attorney may move the court for additional redactions to the transcript. The transcript shall not be made available on the internet until the court has ruled upon any such motion.

The court reporter or transcriber must, within 31 calendar days of the delivery of the transcript to the clerk of court, or longer if the court so orders, perform the requested redactions, and file a redacted version of the transcript with the clerk of court. The original unredacted electronic transcript should be retained by the clerk of court.

## Policy Note

This policy applies to transcripts made available via CM/ECF, WEBPACER, PACER, RACER or a non-court related electronic depository (e.g., Exemplaris). It does not affect in any way the obligation of the court reporter or transcriber, pursuant to Judicial Conference policy, to promptly deliver to the clerk of court the court reporter's or transcriber's original records of a proceeding or the inclusion of a transcript with the records of the court.

If a party desires to respond to a motion for additional redaction, the court may establish a briefing schedule.

Nothing in this policy creates a private right of action.

Nothing in this policy changes any rules or policies with respect to sealing or redaction of court records for any other purpose.

This policy does not affect or limit the right of any party (or any other person or entity) to order production of a transcript on an expedited basis. This policy does not affect any court rules or ruling requiring the sealing of materials or the protection of sealed materials.

An attorney appointed pursuant to the Criminal Justice Act (CJA) is entitled to compensation under the CJA for functions performed to fulfill his or her obligations under the policy, including the following: (1) traveling to gain access to the transcript, if needed; (2) reviewing a transcript to determine whether to file notice of intent to redact; (3) filing a notice of intent to redact or a motion for an extension of time; (4) reviewing a transcript to determine the location of information to be requested to be redacted or whether to file a motion for additional redaction; (5) preparing and filing a redaction request or motion; and (6) other actions (including creating pleadings, attending hearings or other follow-up). The attorney is also entitled to reimbursement under the CJA for the costs of obtaining a transcript for purposes of review. If a case involving a CJA representation has already been closed and the original attorney is no longer available, or if standby counsel is no longer available, new counsel may be appointed under the CJA and compensated as outlined above. In the

Cited in U.S. v. Vivenatti
19-CR374-1 Decided 7/27/21
Archived on 8/2/21
This document is protected by copyright.
Further reproduction is prohibited without permission.

event that the original appointed counsel is still available, but has filed a final voucher for the underlying case, the attorney shall be permitted to file a supplemental voucher for compensation.

Extensions of time to comply with the deadlines set forth in these procedures should not be routinely granted, due to the potential for delay of court of appeals proceedings in the event redaction procedures extend beyond 31 days.

[1] JCUS-SEP/OCT 01, pp. 48-50 and JCUS-SEP 03, pp. 15-16.

[2] Fed. R. App. P. 25(a), Fed. R. Bankr. P. 9037, Fed. R. Civ. P. 5.2, and Fed. R. Crim. P. 49.1.

Cited in U.S. v Avenatti
19CR374-1 Decided 7/27/21
Archived on 8/2/21
This document is protected by copyright.
Further reproduction is prohibited without permission.