Revised: July 1, 2021

### INDIVIDUAL RULES AND PRACTICES IN CRIMINAL CASES
**Jesse M. Furman, United States District Judge**

**Chambers**
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

**Courtroom**
40 Centre Street, Courtroom 1105

**Courtroom Deputy**
Alexandra Smallman
(212) 805-0282

1.  **Electronic Case Filing (ECF)**

    Counsel are required to register for Electronic Case Filing (ECF) promptly after being retained or assigned.  Counsel can obtain instructions on how to register at https://nysd.uscourts.gov/electronic-case-filing.

2.  **Communications with Chambers**

    A.  **Initial Pretrial Conference.**  Upon assignment of a criminal case to Judge Furman, the Assistant United States Attorney shall immediately email Chambers (Furman_NYSDChambers@nysd.uscourts.gov) to arrange for a prompt conference/arraignment.  In the email, the Assistant United States Attorney shall include (1) the name of the defendant(s); (2) defense counsel's name and contact information; (2) whether the defendant(s) is/are detained (and, if so, the relevant defendant's Reg. No.) or bailed; (3) whether any defendant requires an interpreter (and, if so, the relevant language); and (4) any other pertinent information.  In addition, the Assistant United States Attorney shall attach to the email PDFs of the indictment and the criminal complaint, if one exists.

    B.  **Telephone Calls.**  Any other communications with Chambers, including requests for extensions or adjournments, shall be by letter or letter-motion filed on ECF in accordance with Paragraphs 2(C) and 4(A).  For questions that cannot be answered by reference to these Rules or for *urgent* matters requiring immediate attention, call Alexandra Smallman, Courtroom Deputy, at (212) 805-0282.

    C.  **Letters.**  Except for matters requiring immediate attention or as otherwise provided below, communications with the Court should be by text-searchable letter, filed on ECF.  Letters seeking relief, including requests for extensions, adjournments, or bail modification, should be filed on ECF as letter-motions in accordance with Paragraph 4(A) below, *not* as ordinary letters.

1

Letters to be filed under seal or containing sensitive or confidential information may be e-mailed as a text-searchable .pdf attachment to the Court (Furman_NYSDChambers@nysd.uscourts.gov) with a copy simultaneously delivered to all counsel (unless the submission is being made *ex parte*).  Any such e-mail shall state clearly in the subject line: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the contents of the letter.  Parties shall not include substantive communications in the body of the e-mail; such communications shall be included only in the body of the letter.

Whether filed electronically or not, letters (together with any related exhibits) may not exceed ten pages in length.  Letters solely between parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).

D.  **Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions in accordance with Paragraphs 2(C) and 4(A), *not* as ordinary letters.  (If a request contains sensitive or confidential information, it may be submitted by e-mail in lieu of being filed electronically.)  The letter-motion must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court.  If a party seeks an exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161, the party must submit to the Court **by e-mail** (Furman_NYSDChambers@nysd.uscourts.gov) a proposed order (in Microsoft Word format) along with its request for adjournment or extension.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance and any request for adjournment of sentencing shall be made *at least 72 hours* prior to the scheduled proceeding.  Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

E.  **Faxes.**  Faxes are *not* permitted except with prior approval of Chambers.

F.  **Hand Deliveries.**  Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007.

G.  **Urgent Communications.**  As a general matter, materials filed via ECF are reviewed by the Court the business day after they have been filed.  If a submission requires more immediate attention, please notify chambers by telephone after you file via ECF.

2

H.  **No Courtesy Copies.**  Absent a request from the Court, parties should **not** submit courtesy hard copies of any submissions.

## 3.  Defense Counsel

A.  **Benefactor Payments.**  Whenever defense counsel has received, or is receiving, a benefactor payment that subjects counsel to a conflict of interest, said counsel must inform the Court and request a *Curcio* hearing *at the first conference*.

B.  **Other Conflicts.**  Counsel have an obligation to promptly inform the Court upon learning of any other conflict of interest, whether a potential or an actual conflict, and to request a *Curcio* hearing if appropriate.

C.  **Substitution of Counsel.**  When there is a substitution of defense counsel, counsel of record must file a letter-motion on ECF in accordance with Paragraph 4(A) to request that a conference be scheduled as soon as possible.  At the conference, the Court will address the application by defense counsel to be relieved.  Counsel of record (i.e., current counsel), the defendant, replacement counsel, and the Assistant United States Attorney must also attend the conference.

## 4.  Motions

A.  **Letter-Motions.**  Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions."  In particular, in accordance with Paragraph 2(D) above, all requests for adjournments and extensions should be filed as letter-motions.  All letter-motions should be text searchable.

B.  **Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  All memoranda of law shall be in 12-point font or larger, double spaced, and text-searchable.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit.  Sur-reply memoranda will not be accepted without prior permission of the Court.  All appendices to memoranda of law must be indexed.

C.  **Discovery Motions.**  In making discovery motions, counsel must comply with Southern District Local Criminal Rule 16.1.  Any discovery motion must contain the Rule 16.1 affidavit.

Cited in U.S. v. Avenatti 19 CR 374-1 Decided 1/21/21 Archived on 8/2/21 This document is protected by copyright. Further reproduction is prohibited without permission.

3

5.  **Bail Modification**

    Any written request for a bail modification by a defendant shall be filed on ECF as a text-searchable letter-motion (not an ordinary letter) and shall indicate whether the Government and the Pre-Trial Services Officer consent to the request.

6.  **Guilty Pleas**

    A.  **Plea Agreements and *Pimentel* Letters.**  When a defendant is pleading guilty pursuant to a plea agreement or a cooperation agreement, a copy of the agreement, signed or unsigned, ordinarily must be received by Chambers at least two business days before the scheduled plea.  Where the Government is providing a *Pimentel* letter, a copy of the *Pimentel* letter must be received by Chambers no fewer than two business days before the scheduled plea.  These documents should be e-mailed to the Court at Furman_NYSDChambers@nysd.uscourts.gov.

    B.  **Preparation for Allocution.**  Prior to the date set for the plea, defense counsel is expected to have reviewed with the defendant — if necessary, with the assistance of an interpreter — any *Pimentel* letter or plea agreement.  Defense counsel and the defendant should execute any plea or cooperation agreement, prior to the time set for the plea.  The defendant should also be prepared in advance of a guilty plea to give narrative allocutions that incorporate all of the elements of the offense(s) to which the defendant is pleading guilty.  In the interest of clarity and efficiency, counsel is encouraged to assist the defendant in writing an allocution that can be read in open court during the plea proceeding.

7.  **Trials**

    A.  **Trial Dates.**  Judge Furman's general practice is to set a trial date at the second pretrial conference (after the filing of any defense motions).  In advance of that conference, counsel should confer with respect to when they would want to have the trial and should advise the Courtroom Deputy of their preferred time period.

    B.  **Pre-Trial Deadlines.**  In most cases, the Court will enter an order approximately two months before the trial date scheduling a final pretrial conference and setting deadlines for the submission of requests to charge, proposed *voir dire*, proposed verdict forms, and any motions *in limine*.

    C.  **Proposed *Voir Dire*, Jury Instructions, and Verdict Forms.**  The parties should include in their proposed *voir dire* a brief description of the case and a list of names and places likely to be mentioned at trial, both to be read to prospective jurors during jury selection.  At the time of filing, each party should also e-mail those documents, as Microsoft Word documents, to Furman_NYSDChambers@ nysd.uscourts.gov.  Absent good reason, the parties should not include proposed language for standard instructions (about, for example, the role of the Court and

Cited in U.S. v. Avenatti
19CR374 Decided 7/27/21
Archived on 8/2/21
This document is protected by copyright.
Further reproduction is prohibited without permission.

4

the jury, the standard of proof, etc.), as the Court is likely to use its own standard instructions; instead, the parties should include a list of standard instructions that they believe are appropriate and focus their attention on case-specific requests to charge.

D.  **Exhibits and 3500 Material.**  At the start of the trial, each party must provide the Court with one copy of all exhibits and Section 3500 material.  If feasible, the parties should submit copies of each exhibit and Section 3500 material in electronic form (with each filename corresponding to the relevant exhibit number — e.g., "PX-1," "DX-1," etc.) on a CD or DVD , **not** a flash drive.  If that is not feasible, exhibits and Section 3500 material should be pre-marked and assembled sequentially in a loose leaf binder or binders (not to exceed 2 1/2 inches in thickness), or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number.

E.  **Exhibit Lists.**  Before trial, each party shall e-mail to the Court (Furman_NYSDChambers@nysd.uscourts.gov) a Microsoft Word document listing all exhibits sought to be admitted.  The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted."  The submitting party shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

F.  **Other Trial Rules and Procedures.**  In addition to the foregoing, counsel shall familiarize themselves with, and abide by, Judge Furman's Individual Rules and Practices for Trials, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

8.  **Sentencing**

A.  **Sentencing Adjournments.**  Any request for an adjournment of a sentencing should be made as early as possible, and *no later than 72 hours* before the sentencing proceeding, in accordance with Paragraph 2(D) above.

B.  **Sentencing Submissions.**  Unless prior permission has been granted, sentencing memoranda are limited to 25 pages.  Unless otherwise ordered by the Court, a defendant's sentencing submission shall be filed and served two weeks in advance of the date set for sentencing.  The Government's sentencing submission shall be filed and served one week in advance of the date set for sentencing.  If a party does not intend to file a substantive sentencing submission, the party shall file and serve a letter to that effect.

C.  **ECF Filing.**  Except for submissions to be filed under seal or in redacted form, every document in a sentencing submission, including letters, must be filed on ECF.  Letters should be grouped and filed together as attachments to a single document marked SENTENCING SUBMISSION with the caption and docket number clearly indicated.  The defendant is responsible for filing all letters

Cited in U.S. v. Avenatti, 19 CR 374-1 Decided on 8/2/21 Archived on 8/2/21 Further Reproduction is prohibited without permission This document is protected by copyright

5

submitted on behalf of the defendant, including those from friends and relatives. The Government is responsible for filing all letters from victims.

9.  **Text-Searchable Submissions**

Judge Furman reads most submissions in electronic form using an iPad or computer. Accordingly, if feasible, **each** submission should be in text-searchable format created by converting the document electronically to PDF by computer (that is, **not** by scanning a pre-existing document). If a PDF is created by scanning a pre-existing document (for instance, in the case of a pre-existing documentary exhibit), the party should use software to make the document text searchable where possible.

10. **Redactions and Sealed Filings**

   A. **Redactions Not Requiring Court Approval.** The parties are referred to the E-Government Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy"). There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution." Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

   B. **Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by the previous Paragraph, **all redactions or sealing of public court filings require Court approval.** To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen.*

*Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

C.  **Procedures for Filing Documents with Redactions.**  Any party seeking to file a document with partial redactions should follow the following **three** steps:

   i.  **ECF Filing of the Redacted Document(s).**  The party should file the redacted version of the document on ECF.

   ii.  **Filing or E-mailing of a Letter-Motion Seeking Leave to File with Redactions.**  If the party is seeking leave of the Court to redact the document (i.e., if the redactions are not among the categories of redactions that can be made without Court approval), the party should simultaneously file on ECF a letter-motion seeking leave to file the document with those redactions.  The letter-motion must explain the purpose of the redactions, and why the redactions are consistent with the standards discussed in Paragraph 10(B) above.  (The party should endeavor to draft the letter-motion in a form that can be filed publicly on ECF.  If, however, the party believes that the letter-motion itself should be sealed or redacted, the party should include an unredacted copy of the letter-motion as an attachment to the email described in Paragraph 10(C)(iii) below, and — if possible — file a redacted version of the letter-motion on ECF.)

   iii.  **E-mailing of Documents to Chambers.**  At the same time, the party should e-mail to Chambers (Furman_NYSDChambers@nysd.uscourts.gov) (1) a clean (i.e., unredacted) copy of the document; (2) a copy of the document highlighting the information that has been redacted in the ECF filing; and (3) an unredacted copy of the letter-motion described in Paragraph 10(c)(ii), should the party also be seeking leave to file that letter-motion with redactions or under seal.

D.  **Procedure for Filing Sealed Documents.**

   i.  **Sealing Exhibits.**  Any party seeking leave to file an unsealed or redacted document with a fully sealed exhibit attached thereto should file the main document (in accordance with the procedures above, if the party seeks to do so with redactions) on ECF, accompanied by a single page marked "SEALED" in place of any exhibit that the party seeks leave to file under seal, regardless of the actual length of such exhibit.  The party should simultaneously file a letter-motion seeking leave to file in that manner according to the procedure described in Paragraphs 10(C)(ii)-(iii) above.

   ii.  **Sealing Entire Documents.**  Any party seeking leave to file under seal an entire submission (with or without exhibits) should **not** file **anything** on ECF in the first instance.  Instead, the party should e-mail an unredacted copy of the submission to Chambers (Furman_NYSDChambers@nysd.uscourts.gov)

and should include as an attachment to the e-mail a letter-motion seeking leave to file the document under seal.  The letter-motion must explain why sealing is justified in light of the standards discussed in Paragraph 10(B) above.  If the party believes that the letter-motion itself should be sealed or redacted, the letter-motion should so state and should provide the justification therefor.  The Court will include instructions for filing sealed or redacted versions of the document and accompanying letter-motion, if necessary, in any order disposing of the motion to seal.

## 11. Use of Electronic Devices and WiFi Access for Hearings and Trials

A. **Use of Electronic Devices.**  Electronic devices (including mobile telephones, personal electronic devices, computers, and printers) may not be used in Judge Furman's Courtroom without his permission.  More broadly, the use of any such devices within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at https://nysd.uscourts.gov/sites/default/files/2018-06/standing-order-electronic-devices.pdf.  If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit an Electronic Device and Wi-Fi Access Request Form, available on the Court's website, to the Court by e-mail (Furman_NYSDChambers@nysd.uscourts.gov) as early as possible — and certainly no later than **three business days before** the start of the trial or hearing.  Requests submitted later than later than three business days prior to the relevant trial or hearing may be denied on that basis alone.  *If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times.*  Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

B. **WiFi Access for Hearings and Trials.**  Attorneys may obtain authorization to use the Court's WiFi system in Judge Furman's Courtroom during a hearing or trial.  For further information, see Judge Furman's Individual Rules and Practices for Hearings and Trials, available on Judge Furman's webpage.

If you have any questions about these practices, please email Alexandra Smallman, Courtroom Deputy, at Furman_NYSDChambers@nysd.uscourts.gov.