# UNITED STATES DISTRICT COURT
# Southern District of New York

# REVISED PLAN FOR
# FURNISHING REPRESENTATION
# PURSUANT TO THE
# CRIMINAL JUSTICE ACT

# (18 U.S.C. § 3006A)

_____

Adopted by the Board of Judges
of the Southern District of New York
on September 25, 2019

Approved by the Judicial Council
of the Second Circuit
on October 7, 2019

Cited in U.S. v. Avenatti
19CR374-1 Decided 7/27/21
Archived on 8/2/2
This document is protected by copyright.
Further reproduction is prohibited without permission.

# PLAN UNDER
# THE CRIMINAL JUSTICE ACT OF 1964,
# AS AMENDED TO
# September 25, 2019

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION .................................................................................................................1

II. COMMUNITY DEFENDER ORGANIZATION ................................................................1

III. PANEL OF PRIVATE ATTORNEYS (CJA Panel) ............................................................1

IV. CJA PANEL REVIEW COMMITTEE ................................................................................4

V. PROCEEDINGS IN WHICH REPRESENTATION SHALL BE FURNISHED ...............5

VI. FINANCIAL ELIGIBILITY FOR REPRESENTATION ...................................................5

VII. PROCEDURES FOR APPOINTMENT OF COUNSEL ....................................................6

VIII. OBLIGATIONS OF APPOINTED COUNSEL ..................................................................8

IX. COMPENSATION FOR APPOINTED COUNSEL ...........................................................9

X. SERVICES OTHER THAN COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

XI. AUTHORITY OF ADMINISTRATIVE OFFICE OF THE UNITED STATES
    COURTS ..............................................................................................................................12

XII. FORMS ................................................................................................................................12

XIII. RULES AND REPORTS ....................................................................................................12

XIV. AMENDMENTS .................................................................................................................12

XV. EFFECTIVE DATE .............................................................................................................12

*The provisions of the Plan relating to death penalty cases were rescinded by the Board of Judges on June 25, 1998 and this action was approved by the Judicial Council of the Second Circuit on July 14, 1998.*

United States District Court
Southern District of New York

**REVISED PLAN FOR FURNISHING REPRESENTATION
PURSUANT TO THE CRIMINAL JUSTICE ACT
(18 U.S.C. § 3006A)**

I.  **INTRODUCTION**

The Judges of the United States District Court for the Southern District of New York have adopted the following revised Plan for furnishing representation pursuant to the Criminal Justice Act of 1964, as amended (18 U.S.C. § 3006A).

Representation under this Plan shall include the appointment of counsel and the furnishing of investigative, expert and other services necessary for an adequate defense, and shall be provided by the staff of a community defender organization and by private attorneys serving on a panel selected by the Judges of the Court, as set forth herein.

II.  **COMMUNITY DEFENDER ORGANIZATION**

The Federal Defenders of New York, Inc., a non-profit defense counsel service, (hereinafter "FDNY"), is authorized by this Plan to provide representation as a Community Defender Organization, and shall be eligible to furnish attorneys and receive payments pursuant to 18 U.S.C. § 3006(g)(2)(B). The by-laws of the Federal Defenders of New York, Inc. incorporated as part of the Plan, and a copy of said by-laws shall be maintained by the Clerk of the Court and attached to the original of this Plan.

III.  **PANEL OF PRIVATE ATTORNEYS (CJA Panel)**

A.  **MEMBERSHIP QUALIFICATIONS**

Private attorneys who are members in good standing of the bar of this Court, and have demonstrated experience in, and knowledge of, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and the United States Sentencing Guidelines shall be eligible to serve as members of the Court's Criminal Justice Act Panel of Private Attorneys (hereinafter "CJA Panel") and, upon selection to the Panel as provided in ¶ III(C) herein, shall be authorized to serve as appointed counsel pursuant to this Plan.

B.  **COMPOSITION AND SIZE OF THE PANEL**

The CJA Panel shall consist of four lists. The first shall include attorneys to whom appointments as counsel shall be made in cases heard at the courthouses at Foley Square in New York City.

1

The second list shall include attorneys to whom appointments as counsel shall be made in cases heard at the courthouse at White Plains, New York. When special circumstances exist and the interests of justice would be served, however, an attorney who is a member of the CJA Panel may be appointed, with his or her consent, to provide representation at any of the courthouses without regard to the list on which he or she appears. The third list shall consist of those attorneys eligible for appointment in death eligible cases. The fourth list shall consist of those attorneys willing and able to represent defendants in non-trial matters, particularly extraordinary habeas cases where the Court determined that counsel should be appointed.

The Board of Judges shall periodically fix the size of the CJA Panel, and of each list which comprises the Panel, so as to insure that, at all times, the number of private attorneys on the Panel and on each list is sufficient to handle the volume of cases assigned to Panel members at each courthouse.

A copy of each list shall be maintained by the Clerk of the Court and furnished to each district judge and magistrate judge of the Court.

### C. APPLICATION FOR APPROVAL AS PANEL MEMBER

Application forms for membership on the CJA Panel shall be made available, upon request, by the Clerk of the Court. The application form shall indicate to which list or lists the applicant is applying, and shall require information regarding the applicant's educational background, professional qualifications, previous experience, prior service as a member of an assigned counsel panel, and such other factors as the Committee on Defender Services of the Board of Judges deems relevant. Completed applications shall be submitted to the Chairperson of the Committee on Defender Services. At least once each year, the Chairperson shall forward all applications received, and not previously passed upon, to the CJA Panel Review Committee established pursuant to ¶ IV herein for its review and recommendations. Private attorneys who have filed applications shall be appointed to the CJA Panel only upon 1) the recommendation by the Panel Review Committee, 2) approval by the Committee on Defender Services of the Board of Judges, and 3) approval by the Board of Judges.

All qualified attorneys shall be encouraged to participate in the furnishing of representation in CJA cases, without regard to race, color, religion, sex, age, national origin, disabling condition, or sexual orientation.

### D. MEMBERSHIP TERM

Private attorneys appointed as members of the CJA Panel shall serve for a term of three years but may be removed by the Board of Judges as provided in ¶ III(F) herein. Whenever the term of a CJA Panel member expires, he or she may apply for a new term and said application shall be considered along with all other applications as set forth in ¶ III(C) above. If a Panel member on one list is appointed to serve on another list during the three-year period of his or her membership on his or her original list, the appointment to the later list will expire at the same time as the appointment to the original list.

Appointments to the CJA Panel shall be made so that the terms of approximately one-third of the Panel members expire at the conclusion of each year.

### E.   OBLIGATIONS OF CJA PANEL MEMBERS

Private attorneys who are accepted as members of the CJA Panel shall be available on call to appear at arraignments and presentments, and to otherwise accept assignments as counsel on designated "intake duty" days as arranged by the Clerk of the Court.  In addition, Panel members shall accept assignments on such other occasions as it is found necessary by the Clerk of the Court so as to insure an equitable distribution of assignments among CJA Panel members.

Upon assignment to represent a person pursuant to this Plan, a CJA Panel member shall provide representation in accordance with the Code of Professional Responsibility and the provisions of ¶ VIII herein.

All members of the CJA Panel are required to complete nine (9) hours of Continuing Legal Education related to federal criminal practice during their three-year term.  At the time of re-application, members will be required to certify that they have done so.*

*This rule will be effective beginning with the May 2013 application process, but Panel members re-applying to the Panel in May 2013 for the term beginning in January 2014 will only be required to certify that they have completed three (3) hours of CLE related to federal criminal practice.

### F.   REMOVAL OF CJA PANEL MEMBERS

A member of the CJA Panel may be removed from the Panel prior to the expiration of his or her term whenever the Board of Judges determines that the member has failed to fulfill the obligations of Panel membership or has engaged in other conduct which renders it inappropriate that he or she be continued as a Panel member.

All complaints concerning the conduct of Panel members shall be forwarded to the Chairperson of the Committee on Defender Services of the Board of Judges.  If the Chairperson determines that the complaint alleges facts which, if true, would warrant consideration of removal of the Panel member, the Chairperson shall direct the CJA Panel Review Committee to review the complaint, make such inquiry as it deems appropriate, and issue a report of its findings and recommendation to the Committee on Defender Services.  The report and recommendations of the Committee shall be presented to the Board of Judges which shall have authority to remove the attorney from the Panel or to take such other action as it deems appropriate.

## IV. CJA PANEL REVIEW COMMITTEE

### A. MEMBERSHIP

A CJA Panel Review Committee is hereby established to assist the Court in reviewing applications for membership on the CJA Panel and otherwise to promote the furnishing of quality representation pursuant to this Plan. The CJA Panel Review Committee shall consist of the head of the FDNY, who shall be chairperson, and eight attorneys chosen annually by him or her with the approval of the Chairperson of the Committee on Defender Services. The members of the CJA Panel Review Committee must be admitted to practice in this Court and may be members of the CJA Panel.

### B. DUTIES OF THE COMMITTEE

1. The Committee shall meet at least once each year to consider applications filed by attorneys seeking to fill vacancies on the CJA Panel created by the expiration of Panel members' terms or a decision by the Board of Judges to increase the size of the Panel. The Committee shall review the qualifications of the applicants and recommend for approval by the Committee on Defender Services of the Board of Judges and the Board of Judges those applicants deemed best qualified to fill the vacancies.

2. If, at any time during the course of a year, the number of vacancies due to resignation, removal or death significantly decreases the size of the CJA Panel, the Committee shall, upon request by the Chairperson of the Committee on Defender Services of the Board of Judges, convene to review any previously filed applications and/or solicit and review new applications for membership on the CJA Panel for the purpose of recommending applicants to fill the vacancies to the Committee on Defender Services of the Board of Judges and the Board of Judges. Applicants who are appointed to fill these mid-term vacancies shall serve until the expiration of the term which was vacated, and may re-apply for membership on the Panel as set forth in ¶ III(D) above.

3. The Committee shall also, in cooperation with the Office of the District Executive, organize and sponsor continuing legal education programs relating to federal criminal defense practice for the benefit of private attorneys who are members or potential members of the CJA Panel.

## V. PROCEEDINGS IN WHICH REPRESENTATION SHALL BE FURNISHED

Representation pursuant to this Plan shall be furnished to any person financially unable to obtain adequate representation (as defined in ¶ VI herein) in the circumstances set forth in 18 U.S.C. § 3006A and in the guidelines promulgated by the Administrative Office of the United States Courts (including Part IV(A) of the 2016 Model Plan for Implementation and Administration of the Criminal Justice Act), which are incorporated by reference.

4

## VI. FINANCIAL ELIGIBILITY FOR REPRESENTATION

### A. STANDARD OF ELIGIBILITY

A person shall be furnished representation pursuant to this Plan if he or she is financially unable to obtain adequate representation; that is, if his or her net financial resources and income are insufficient to enable the person to obtain qualified counsel. In determining whether such an insufficiency exists, consideration should be given to: 1) the cost of providing the person and his or her dependents with the necessities of life; and 2) the cost of a defendant's bail bond or the amount of cash deposit a defendant is required to make to secure his or her release on bond.

### B. PARTIAL ELIGIBILITY

A person whose net financial resources and income are found to be in excess of the amount needed to provide him or her and any dependents with the necessities of life, and to secure the person's release on bond, but are insufficient to pay fully for retained counsel, shall be eligible for appointment of counsel pursuant to this Plan on the condition that he or she pay the available funds to the Clerk of the Court as directed by the judicial officer appointing counsel.

### C. DETERMINATION OF ELIGIBILITY

The determination of whether a person is financially eligible for the appointment of counsel pursuant to this Plan shall be made by a judicial officer as soon as feasible after the necessity for counsel arises. The information upon which the determination shall be made shall be provided by the person seeking the appointment of counsel either: 1) by affidavit sworn to before a district judge, magistrate judge, court clerk, deputy clerk, or notary public; or 2) under oath in open court before a district judge or magistrate judge. Whenever possible, the standard forms provided by the Administrative Office of the United States Courts shall be utilized in such inquiry. At the time of determining financial eligibility, the judicial officer shall inform the person seeking appointment of counsel of the penalties for making a false statement, and of the obligation to inform the Court of any changes in his or her financial status.

### D. REDETERMINATION OF ELIGIBILITY

1. If, at any time after the appointment of counsel pursuant to this Plan, the Court finds that the person to whom counsel was assigned is, in fact, financially able to obtain adequate representation or to make partial payment for representation as contemplated by ¶ VI(B) above, the Court may, as the interests of justice dictate, a) terminate the appointment of counsel; or b) permit the assigned counsel to continue to represent the person upon the condition that the person make such payments to the Clerk of the Court as the Court deems appropriate.

2. If, at any time after appointment by the Court pursuant to this Plan, assigned counsel obtains information that a client is financially able to make payment, in whole or in part, for legal services in connection with his or her representation, and the source of the attorney's information

is not protected as a privileged communication, counsel shall advise the Court. Upon receiving such information, the Court shall take action as provided in ¶ VI(D)(1) above.

3. If, at any time during the course of a proceeding described in ¶ V above, the presiding judicial officer shall find that a person for whom counsel has not previously been appointed under this Plan is, in fact, financially unable to retain counsel or to pay counsel whom he or she has retained, the Court may appoint counsel as provided in ¶ VII (C) or ¶ VII(D) herein.

### E. USE OF FINANCIAL INFORMATION

The Government may not use as part of its direct case, other than a prosecution for perjury or false statements, any information provided by a defendant in connection with his or her request for the appointment of counsel pursuant to this Plan.

## VII. PROCEDURES FOR APPOINTMENT OF COUNSEL

### A. NECESSITY OF PROMPT PROVISION OF COUNSEL

Counsel should be provided to eligible persons pursuant to this Plan as soon as feasible after they are taken into custody, when they appear before a committing magistrate judge or district judge, when they are formally charged, or when they otherwise become entitled to counsel under the Criminal Justice Act, whichever occurs earliest.

To effectuate this objective, federal law enforcement and prosecutorial agencies in this district, and those acting on their behalf, shall promptly inquire of any person in custody, or who is otherwise entitled to counsel under the Criminal Justice Act, whether he or she is financially able to secure representation, and shall, in such cases in which the person indicates that he or she is not, promptly present said person before a magistrate judge or district judge of this Court for the assignment of counsel.

### B. DUTY OF MAGISTRATE JUDGES AND DISTRICT JUDGES

Upon the appearance of a person before a magistrate judge or district judge as provided in ¶ VII(A) above, or at any proceeding in which a person is entitled to representation under this Plan and appears without counsel, it shall be the duty of the presiding magistrate judge or district judge to advise the person of his or her right to counsel, and to promptly appoint counsel if it is determined, pursuant to ¶ VI above, that the person is financially unable to secure adequate representation, unless the person waives his or her right to counsel.

### C. DISTRIBUTION OF APPOINTMENTS

1. Unless a special circumstance is found to exist pursuant to ¶ VII(D) herein, the FDNY or, if such Unit determines it has a conflict of interest, a private attorney who is a member of the CJA Panel shall be selected to serve as appointed counsel pursuant to this Plan.

6

2. The Clerk of the Court shall maintain a record of all appointments of counsel and shall advise the Chairperson of the Committee on Defender Services if, during any year, appointments to the FDNY exceed 75% of all appointments. The Chairperson of the Committee on Defender Services shall then take such steps as may be necessary to assure that, as far as possible, CJA Panel members are appointed in at least 25% of cases in which appointment is required. The Clerk of the Court shall assure that assignments among CJA Panel members are distributed equitably, with due consideration given to the nature and complexity of the cases assigned. No person shall have the right to select the counsel appointed to provide representation pursuant to this Plan.

3. Separate counsel shall be appointed for persons having interests that cannot properly be represented by the same counsel. Whenever counsel who has been appointed pursuant to this Plan discovers that a conflict of interest exists, an application to be relieved from said appointment shall be made promptly to the Court, and the Court shall, if satisfied that such a conflict does exist, appoint substitute counsel.

4. In an extremely difficult case, where the Court finds it in the interest of justice and so states, a district judge may appoint two or more attorneys to represent one defendant, and each attorney shall be paid for his or her services, not to exceed as to each, the limits provided in ¶ IX herein.

### D. APPOINTMENTS IN SPECIAL CIRCUMSTANCES

Whenever a judge makes a written finding, in a proceeding in which counsel must be assigned pursuant to this Plan, that there is good cause shown which renders it in the interests of justice that counsel who is not employed by the FDNY or a member of the CJA Panel be assigned, the district judge or magistrate judge may appoint that counsel with the consent of the person to be so represented and the approval of the Chief Judge of the District. Such appointment shall constitute a temporary appointment to the CJA Panel for the purpose of that proceeding only. If the magistrate judge makes such an appointment and the case is transferred to a district judge, the district judge will review the matter and either confirm the appointment or assign a new attorney from the CJA Panel.

### E. SUBSTITUTION OF COUNSEL

A district judge or magistrate judge may, in the interest of justice, substitute one appointed counsel for another. Such a substitution should not be made when it would unreasonably impinge upon a person's interest in continuity of representation.

7

## VIII.  OBLIGATIONS OF APPOINTED COUNSEL

  A.  Counsel appointed by a magistrate judge or district judge shall, unless excused by order of the Court, continue to act as attorney of record for the party throughout the proceedings for which he or she was assigned. An appointed attorney may delegate to a partner or associate in his or her law firm such substantive tasks as he or she may deem appropriate but must closely supervise said partner or associate. The appointed attorney should act as the lead attorney throughout the representation and should personally meet with the client to discuss all significant decisions. The appointed attorney should also personally make all court appearances absent special or unexpected circumstances and may not delegate responsibilities such as trials, plea allocutions, sentencings, or evidentiary hearings to a partner or associate without written consent of the defendant and the Court. The appointed attorney shall not delegate any substantive duties to an attorney who is not employed by his or her law firm without written consent of the defendant and the Court. Consent by the defendant and the Court on the record in open court satisfies the requirement of written consent. More than one attorney at one firm can be a member of this panel.

  B.  If, at any stage of the proceedings, counsel appointed by a district judge or magistrate judge wishes to be relieved, he or she shall inform the district judge or magistrate judge before whom the case is pending. Relief of counsel shall be at the Court's discretion.

  C.  In the event that a criminal defendant enters a plea of guilty or is convicted following trial, appointed counsel shall advise the defendant of the right of appeal and of the right to counsel on appeal.  If requested by the defendant, or upon the Court's own application, counsel must file a timely Notice of Appeal.  While there may be benefits to maintaining continuity of counsel, trial counsel may determine that the client's interests are best served by new appellate counsel.  There should be a significant degree of deference to the position of trial counsel regarding whether, in each matter, continuity is in the best interests of the client and consistent with counsel's professional skills and obligations.  Assigned counsel has the duty to file the Notice of Appeal, but thereafter may seek to be relieved by the Court of Appeals.  Counsel shall continue to represent the appellant unless or until he or she has been notified by the Court of Appeals that other counsel has been appointed or that his or her services are no longer required.

  D.  Assigned counsel shall also provide representation for a person to whom he or she has been assigned in connection with any post-trial motions which he or she, in the exercise of professional judgment, deems non-frivolous.

  In any case in which a person to whom counsel has been assigned requests that a post-sentence motion be filed which the assigned counsel, in the exercise of his or her professional judgment, deems frivolous, counsel shall so inform the client and advise the client of the right to file such a motion *pro se*.

  E.  Counsel appointed pursuant to this Plan shall at no time seek or accept any fee or other things of value from, or on behalf of, the person represented, for representing the person to whom he or she was assigned.  Nor shall counsel appointed pursuant to this Plan agree to be privately

8

retained by the person to whom he or she was assigned, or by persons acting on that person's behalf, to represent the person for, during or related to the assigned matter.

## IX. COMPENSATION FOR APPOINTED COUNSEL

### A. MAXIMUM FEES

Counsel appointed to provide representation pursuant to this Plan (other than members of the staff of the FDNY) shall receive compensation for their services in accordance with the following schedules:

#### 1. Maximum Hourly Rate

The maximum hourly rate for appointed counsel shall not exceed the amount provided by statute and Judicial Conference policy.  In addition, appointed counsel may be reimbursed for expenses reasonably incurred, including the cost of any necessary transcripts authorized by the Court and the costs of defending actions alleging malpractice of counsel in furnishing representational services under this section.  Expenses reasonably incurred are limited to out-of-pocket expenses and shall not include any allocations for general office overhead, such as rent, telephone services or secretarial help.  No reimbursement for expenses in defending against malpractice claims shall be made if a judgment of malpractice is rendered against the counsel furnishing representational services under this section.  The magistrate judge or district judge shall make determinations relating to reimbursement of expenses under this paragraph.

#### 2. Maximum Payment for Counsel Per Case

The maximum payment for counsel per case shall not exceed the amount provided by statute and Judicial Conference policy.

### B. WAIVER OF MAXIMUM LIMITS ON COUNSEL FEES

Payment in excess of the maximum limits on counsel fees, set forth in ¶ IX(A) above, may be made in cases involving extended or complex representation whenever the district judge before whom representation was rendered, or the magistrate judge (if the representation was furnished exclusively before the magistrate judge) certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the Chief Judge of the Second Circuit or such active Circuit Judge to whom the Chief Judge has delegated such approval authority.  Counsel claiming payment in excess of the statutory maximum shall submit a detailed memorandum supporting and justifying counsel's claim that the representation given was in an extended or complex case, and that the excess payment is necessary to provide fair compensation.

9

### C. APPLICATIONS FOR PAYMENT

Applications for payment of counsel fees pursuant to this Plan shall be filed on voucher forms provided by the Administrative Office of the United States Courts. Vouchers shall be submitted no later than 45 days after the final disposition of the case, unless good cause is shown. If the Court determines, for any reason, that the amount of an attorney's voucher should be reduced, it shall notify the attorney before submitting the voucher for payment, and permit a response by the attorney.

### D. INTERIM COMPENSATION

In non-death penalty cases, where it is considered necessary and appropriate, the presiding trial judge may arrange for periodic or interim payments to counsel. In death penalty cases, the presiding trial judge may permit interim payments.

### E. REVIEW OF VOUCHERS

1. The CJA Clerks will review vouchers for mathematical and technical accuracy, as well as compliance with Volume 7A of the Guide to Judiciary Policy ("Guide"). If the voucher is correct, it will be forwarded to the presiding judge for review and approval.

2. The presiding judge shall apply the following standard for voucher review, adopted by the Judicial Conference of the United States on September 13, 2018 and set forth in the Guide to Judiciary Policy, Volume 7A, Section 230.33.10: "Voucher cuts should be limited to: (1) Mathematical errors; (2) instances in which work billed was not compensable; (3) instances in which work was not undertaken or completed; and (4) instances in which the hours billed are clearly in excess of what was reasonably required to complete the task." In addition, per Section 20.33.20, "[v]ouchers should not be delayed or reduced for the purpose of diminishing Defender Services program costs in response to adverse financial circumstances."

3. As a best practice, the presiding judge should confer with the Second Circuit Case-Budgeting Attorney ("CBA") when contemplating the reduction of a voucher. If after such consultation the presiding judge is of the view that the voucher is not in compliance with Section 230.33.10, the presiding judge may authorize the CBA to share the Court's concerns with the CJA attorney and attempt to reach a resolution.

4. Except in cases involving mathematical or technical errors, no voucher will be reduced without affording the CJA attorney notice and an opportunity to be heard. Thus, if the presiding judge determines that the amount of the voucher should be reduced for reasons other than mathematical or technical error, and the attorney has not consented to the reduction following communication with the CBA, the Court shall notify the attorney of the intended reduction and the reason(s) for the same, including the subsection(s) of Section 230.33.10 on which the Court is relying as the basis for the reduction, and permit a response before making a decision.

5. Where a voucher seeking payment for services rendered by CJA counsel or other

10

parties (e.g., investigators, experts, social workers, mitigation specialists, or other professionals), or for costs, has been denied or significantly reduced, or where a request by CJA counsel seeking authorization for services under Article X of the CJA Plan has been denied or significantly reduced, CJA counsel may seek review of the denial or reduction as follows.

- a. CJA counsel must first seek reconsideration from the judge who rendered the decision. The request for reconsideration shall include an affidavit from CJA counsel explaining why the attorney contends that the services rendered and/or hours spent were justified and should be compensated, or, if the application relates to a request for services, why the services to be rendered or the hours sought are necessary for adequate representation.

- b. If reconsideration is denied, in whole or in part, and CJA counsel wishes to seek further review of the denial, the attorney must submit a written request to the Executive Director of Federal Defenders (the "Executive Director"), setting forth the application that was denied or reduced; the presiding judge's decision and reasoning, both initially and on reconsideration, if provided; and all relevant documentation. The CJA counsel may also ask to be heard orally in addition to (not in place of) providing the required written information. The Executive Director will designate three (3) members of the Panel Review Committee ("PRC") to determine, applying the standard set forth in Section 230.33.10, whether the judge's decision warrants further review by the Court's Defender Services Committee.

- c. If the PRC members recommend that the CJA attorney's request for review be forwarded to the Defender Services Committee ("DSC"), the Chair of the DSC will designate three members to review the matter, applying the standard set forth in Section 230.33.10. The Chair – whether or not one of the three – will convey to the presiding judge the recommendation of the three DSC members.

- d. In cases involving a pre-trial request that is time-sensitive, the Executive Director shall, within one week following receipt of the submission or any additional documentation or information the PRC members may request, advise CJA counsel whether the denial will be forwarded to the DSC for its consideration, and the DSC will endeavor to complete its review expeditiously following receipt of the submission or any additional documentation or information the DSC members may request. In cases involving vouchers for past services or costs, the Executive Director shall, within two (2) weeks following receipt of the submission or any additional documentation or information the PRC members may request, advise CJA counsel whether the denial will be forwarded to the DSC, which will endeavor to complete its review expeditiously following receipt of the submission or any additional documentation or information the DSC members may request.

11

## X. SERVICES OTHER THAN COUNSEL

### A. UPON REQUEST

Counsel (whether or not appointed pursuant to this Plan) who represents a party who is financially unable to obtain investigative, expert or other services necessary for an adequate defense may request such services in an *ex parte* application before a district judge or magistrate judge (if the services are required in connection with a matter over which the magistrate judge has jurisdiction or if the district judge otherwise refers such application to a magistrate judge for findings and report). Any such *ex parte* application for investigative, expert or other services necessary for an adequate defense shall be heard *in camera* and shall not be revealed without the consent of the defendant. The statements made in support of the application shall be made under oath or by sworn affidavit. If, after appropriate inquiry, the Court shall find that the services are necessary, and that the person is financially unable to obtain them, it shall issue an order authorizing the counsel to obtain the services. The order shall specify the type, purpose, and limitation of the services to be obtained, including the maximum amount to be expended for such services. In no instance shall the amount expended exceed the amount authorized by statute and Judicial Conference policy per individual or corporation providing the services (exclusive of expenses reasonably incurred) unless payment in excess of that limit is certified by the district judge or magistrate judge as necessary to provide fair compensation for services of an unusual character or duration and the amount of the excess payment is approved by the Chief Judge of the Circuit or such active Circuit Judge to whom the Chief Judge has delegated such approval authority.

### B. WITHOUT PRIOR REQUEST

Counsel appointed pursuant to this Plan may obtain - subject to later review - investigative, expert or other services without prior judicial authorization if it is necessary for an adequate defense. The total cost of services obtained without prior authorization may not exceed the maximum amount authorized by statute and Judicial Conference policy per individual or corporation providing the services (exclusive of expenses reasonably incurred).

However, a district judge or magistrate judge (if the services were rendered in a case disposed of entirely by a magistrate judge) may, in the interests of justice, and upon finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds the maximum amount authorized by statute and Judicial Conference policy.

12

XI.  **AUTHORITY OF ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS**

The Judicial Conference has authorized the Director of the Administrative Office to employ a central disbursement system for payment of all CJA claims. In addition, the Judicial Conference has authorized the Director, under the supervision and direction of its Committee on Defender Services, to request reports from district courts and judicial councils, in such form and at such time as he deems necessary or desirable, for statistical information or other purposes under the Act.

XII.  **FORMS**

The forms prepared and furnished by the Administrative Office shall be used, where applicable, in all proceedings under this Plan. Any revisions of said forms or any additional forms that may be prescribed by the Administrative Office under the authority of the Judicial Conference of the United States or of the Committee of that Conference designated to implement the Criminal Justice Act shall likewise be used where applicable, in all proceedings under this Plan.

XIII.  **RULES AND REPORTS**

The Chief Judge, on behalf of the Court, may promulgate such rules as may from time to time be adopted by the Court, and the Chief Judge, on behalf of the Court, shall make such reports as may be prescribed from time to time, by the Judicial Conference of the United States or by the Committee on Defender Services.

XIV.  **AMENDMENTS**

Amendments to this Plan may be made from time to time by the District Judges of the Southern District of New York with the approval of the Judicial Council of the Circuit. Notice of all amendments to this Plan shall be given to the Administrative Office.

XV.  **EFFECTIVE DATE**

The revised Plan, as amended, shall become effective on November 1, 2019

13