**Federal Defenders
OF NEW YORK, INC.**

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District

*David E. Patton*
Executive Director
and Attorney-in-Chief

*Southern District of New York*
Jennifer L. Brown
Attorney-in-Charge

August 27, 2021

**BY EMAIL & ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: **United States v. Michael Avenatti**
**19 Cr. 374 (JMF)**

Dear Judge Furman:

      We write regarding a development in the above-captioned case that is relevant to our pending motion challenging the Government's use of its own privilege-review "filter" team to inspect the search-warrant returns from Michael Avenatti's iCloud account. See Dkt. No. 115.

      Recently, the Government informed undersigned counsel that it had gained access to the contents of Mr. Avenatti's iPad, which was seized at the time of his arrest in March 2019. We immediately objected to the Government's search of Mr. Avenatti's iPad through the use of any DOJ-appointed taint team to filter out potentially privileged materials. The Government responded that it intended to follow the same filter protocol for the iPad's contents as it did for the contents of Mr. Avenatti's iCloud account and other devices/accounts. However, in light of our objection, the Government noted that it would ask the filter team to delay the start of their review until after September 1, 2021 or until after the resolution of any defense motion for relief.

      In line with our pending challenge to the propriety of the Government's use of its own filter team to search the returns of Mr. Avenatti's iCloud account, we object to its proceeding in the same manner with respect to the contents of Mr. Avenatti's iPad. Instead, we respectfully request that the Court take control of any privilege review of Mr. Avenatti's iPad's contents, including through the possible appointment of a

"special master." See generally Dkt. No. 115 at 20-28 (discussing impropriety of using DOJ filter teams to review electronic evidence containing privileged materials); In re Search Warrant Issued June 13, 2019, 942 F.3d 159, 176-77 (4th Cir. 2019) ("[W]hen a dispute arises as to whether a lawyer's communications or a lawyer's documents are protected by the attorney-client privilege or work-product doctrine, the resolution of that dispute is a judicial function…."). It is worth noting that Mr. Avenatti's trial in the Central District of California was recently declared a mistrial after the close of the Government's case-in-chief due to the failure of the DOJ's prosecution and filter teams in that district to disclose to Mr. Avenatti materials that are plainly discoverable under Brady v. Maryland and its progeny. See Minute Entry at Dkt. No. 780, United States v. Michael Avenatti, 19 Cr. 61 (JVS) (C.D. Ca. Aug. 24, 2021) (granting Mr. Avenatti's motion for a mistrial).

For the reasons set forth herein and for those presented in Mr. Avenatti's omnibus Rule 12 motion (Dkt. No. 115), the defense respectfully requests that the Court preclude the Government (including any DOJ filter team) from conducting a privilege review of the contents of Mr. Avenatti's iPad, and instead oversee the review itself and/or appoint a special master.

Respectfully Submitted,

/s/

Robert M. Baum
Tamara L. Giwa
Andrew J. Dalack
Assistant Federal Defenders

Cc:   Government Counsel                                Counsel for Michael Avenatti