

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 30, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's order of August 27, 2021 (Dkt. No. 144), and in response to the defendant's letter of that same date (Dkt. No. 143 ("Def. Ltr.")).  For the following reasons, and the reasons set forth in the Government's opposition to the defendant's pretrial motions (Gov't Opp'n (Dkt. No. 130) at 13-27), this Court should deny the defendant's request to "preclude the Government (including any DOJ filter team) from conducting a privilege review of the contents of Mr. Avenatti's iPad, and instead oversee the review itself and/or appoint a special master."  (Def. Ltr. 2.)

**I.    Background**

      On April 9, 2019, the Honorable Stewart D. Aaron, United States Magistrate Judge for the Southern District of New York, issued a search warrant to seize and review the contents of, among other things, the Apple iPad that the defendant had in his possession at the time of his arrest on March 25, 2019, for evidence of, among other things, the offenses later charged in this case.[1]  The warrant contained the following provision:

> Review of the items described in this Attachment shall be conducted pursuant to established procedures designed to collect evidence in a manner reasonably designed to protect any attorney-client or other applicable privilege.  When appropriate, the procedures shall include use of a designated "filter team," separate and apart from the investigative team, in order to address potential privileges.

      For more than two years, the Government was unable to access the data on the defendant's iPad because the Government did not have the password to that device.  The Government had

---

[1] The defendant did not challenge this search warrant in any of his pretrial motions.

Honorable Jesse M. Furman
United States District Judge
August 30, 2021
Page 2

invited the defendant to provide the password for the iPad, the contents of which the Government would have promptly produced in discovery, but the defendant declined to do so.

On August 18, 2021, the Government informed the defendant that it had gained access to the contents of the iPad and explained that it would promptly produce the entire contents of the iPad to the defendant, before the Prosecution Team or the Filter Team reviewed those contents.[2] The Government further informed the defendant that it intended to follow the same filter protocol for the iPad's contents as it did for the contents of the defendant's other devices/accounts reviewed in the course of this investigation (including the contents of other devices seized pursuant to the same search warrant), which is detailed in the Government's opposition to the defendant's pretrial motions. (*See* Gov't Opp'n at 13-16.) Specifically, the Government explained to the defendant that, as with the defendant's other devices/accounts at issue in this case, the Filter Team would provide the defendant with an advance copy of any materials it intends to provide to the Prosecution Team, with a reasonable time to confer and raise any potential objections before those materials are actually provided to the Prosecution Team. (*See id.*)

On August 27, 2021, the defendant filed a letter motion seeking to "preclude the Government (including any DOJ filter team) from conducting a privilege review of the contents of Mr. Avenatti's iPad, and instead oversee the review itself and/or appoint a special master." (Def. Ltr. 2.) That same day, this Court directed the Government to respond by August 31, 2021. (Dkt. No. 144.)

## II. The Defendant Forfeited Any Potential Challenge to the April 9, 2019 Search Warrant

The defendant's motion should be rejected as untimely. As the Court is aware, the defendant has already filed three rounds of pretrial motions in this case. (*See* Gov't Opp'n 3-4.) At no point did he attempt to challenge the April 9, 2019 search warrant, the terms of which expressly provide for the use of a filter team.

Rule 12(c)(3) of the Federal Rules of Criminal Procedure provides: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." "A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause' [under Rule 12(c)(3)]." *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003); *accord United States v. Atuana*, 816 F. App'x 592, 596 (2d Cir. 2020).

The defendant has offered no justification for his untimely "objection" (Def. Ltr. 1) to the Government executing the April 9, 2019 search warrant pursuant to its terms. And there is none:

---

[2] Defense counsel has stated that they will provide the Government with a hard drive on which the Government can load a copy of the contents of the iPad, which the Government will do promptly upon receipt. At that time, the Government will produce the entirety of the contents of the iPad to the defendant.

Honorable Jesse M. Furman
United States District Judge
August 30, 2021
Page 3

he has been in possession of the April 9, 2019 search warrant for more than two years and chose not to challenge its express provision for a filter team on any of the three occasions on which he has filed pretrial motions. Accordingly, the defendant has forfeited any opportunity he may have had to challenge that search warrant, and his untimely motion should be rejected because he has "demonstrated no cause for his non-compliance" with the Court's deadlines for pretrial motions. *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995); *see, e.g.*, *United States v. Schulte*, 436 F. Supp. 3d 747, 750 n.6 (S.D.N.Y. 2020) (holding that defendant's pretrial motion challenging statute as overbroad was "untimely and thus waived because defendant cannot show good cause under Rule 12(c)(3)" because "it was filed months after the court-imposed deadline" and "[c]ounsel neglecting to file a motion, despite ample opportunity to do so, with no reasonable excuse—does not establish good cause"); *United States v. Robinson*, 357 F. Supp. 221, 223 (E.D.N.Y. 2019) (denying pretrial motion to suppress as untimely under Rule 12(c)(3) and holding that "discovery of favorable evidence" does not constitute "cause for excusing defense counsel's conscious decision to forego filing a motion to suppress before the deadline set by the Court" because "defense counsel possessed full knowledge of the basis for making the motion when he made his decision but chose not to present it").

### III. The Defendant's Motion Should Be Denied on the Merits

Even if the Court exercises its discretion to consider the merits of the defendant's untimely motion, that motion should still be rejected. "[T]he filter team process adequately safeguards the attorney-client privilege and the constitutional rights of the search subjects and their clients." *In re Search Warrants Executed on April 28, 2021*, No. 21 Misc. 425 (JPO), 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021); *see also In re Grand Jury Subpoenas*, 454 F.3d 511, 522-23 (6th Cir. 2006) (noting that where "the potentially-privileged documents are already in the government's possession . . . the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege"); *Yousef*, 327 F.3d at 168 ("the Government established an effective firewall to prevent disclosures to the Government's trial attorneys of trial strategies or confidential communications between [the defendants] and their attorneys."). The use of a filter team is thus reasonable and lawful, as courts in this Circuit have repeatedly held. *In re Search Warrants Executed on April 28, 2021*, 2021 WL 2188150, at *2; *see also, e.g.*, *United States v. Blakstad*, No. 19 Cr. 486 (ER), 2020 WL 5992347, at *8 (S.D.N.Y. Oct. 9, 2020); *United States v. Ceglia*, No. 12 Cr. 876 (VSB), 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015); *United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27, 2005).

As the Government explained in greater detail in its opposition to the defendant's pretrial motions (Gov't Opp'n at 21-22), this Court should reject the defendant's attempt to rely upon *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) (Def. Ltr. 2). As Judge Oetken recently explained:

> Although the Fourth Circuit in that case held that the magistrate judge's authorization of the filter team and protocols were improper under the circumstances, it did not hold that the Government's use

>   of a filter team is categorically inappropriate. In any event, that decision is not binding on this Court, and to the extent it suggests that the use of a filter team by a federal prosecuting office may violate the constitutional separation of powers, this Court respectfully disagrees.

*In re Search Warrants Executed on April 28, 2021*, 2021 WL 2188150, at *2 n.3. And whatever the Fourth Circuit's opinion might stand for, it certainly is not that the use of a filter team violates the Fourth Amendment or that a warrant referencing a filter team is facially invalid. *See In re Search Warrant Issued June 13, 2019*, 942 F.3d at 183. Indeed, the defendant here has identified no potential violation of the Fourth Amendment (or of any other rights he may have) that would arise from the Government's use of a filter team in connection with the contents of the iPad, and there would be none.

The defendant also attempts to rely upon a recent ruling in a separate and unrelated prosecution of the defendant pending in the United States District Court for the Central District of California. (Def. Ltr. 2.) That ruling and the circumstances of that case have no relevance to the issue presented here. The Government is already in the process of producing the entire contents of the iPad to the defendant, even before any filter review begins. The Government's filter protocol therefore has no bearing on any potential obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), concerning the contents of the iPad, because any such obligation is satisfied when the Government provides or discloses the existence of any potentially exculpatory materials to the defendant. *See United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001) ("we reiterate the longstanding constitutional principal that as long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law").

### IV.    Conclusion

For the foregoing reasons, and the reasons set forth in the Government's opposition to the defendant's pretrial motions (Gov't Opp'n at 13-27), the defendant's motion should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: *Robert B. Sobelman*

Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2616

Honorable Jesse M. Furman
United States District Judge
August 30, 2021
Page 5

cc:     Robert M. Baum, Esq. (by ECF)
        Andrew J. Dalack, Esq. (by ECF)
        Tamara L. Giwa, Esq. (by ECF)