**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

August 30, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: **United States v. Michael Avenatti**
**19 Cr. 374 (JMF)**

Dear Judge Furman:

We write in reply to the Government's response in opposition to our letter motion dated August 27, 2021, which opposed the Government's use of a DOJ-appointed filter team to conduct a privilege review of the contents of Michael Avenatti's iPad.

<u>First</u>, The Government's response that our challenge is untimely misses the mark. Dkt. No. 145 at 2-3. The defense submits that any issue pertaining to the privilege review of Mr. Avenatti's iPad was not ripe until the Government actually gained access to the contents of the iPad, which Mr. Avenatti had no obligation to assist the Government in accomplishing. U.S. Cons. amend. V (privilege against self-incrimination). Nevertheless, and in our timely filed omnibus Rule 12 motion submitted on May 1, 2021 (Dkt. No. 115), the defense specifically linked its challenge to the Government's search warrant and use of a filter team for Mr. Avenatti's iCloud account with the searches/warrants for his other seized devices. <u>See</u> Dkt. No. 115 at 7 n.2. Against this backdrop, Mr. Avenatti has not waived or forfeited any challenge to the Government's use of a DOJ-appointed filter team to review the contents of his iPad, and the Court should decide his motion on the merits.

<u>Second</u>, the Government suggests in its opposition letter that it could satisfy its obligations under <u>Brady</u> with respect to the contents of Mr. Avenatti's iPad by simply

producing the entire iPad to the defense. Dkt. No. 145 at 4. But this explanation of the Government's disclosure obligations under Brady and its progeny also misses the mark.

To comply with Brady, particularly in the context of a voluminous discovery production containing several gigabytes of electronically stored information, the Government must specifically identify any known Brady material and disclose the same to defense counsel. See, e.g., United States v. Saffarinia, 424 F. Supp. 3d 46, 90-91 (D.D.C. 2020) (ordering Government to "specifically identify any known Brady material contained in its previously-disclosed production of approximately 3.5 million pages of documents"); United States v. Blankenship, No. 5:14-CR-00244, 2015 WL 3687864, at *6 (S.D.W. Va. June 12, 2015) ("The Court finds that the United States should specifically designate any known Brady material as such and disclose the same to defense counsel. In other words, without more, the United States does not comply with the requirement of Brady by merely including all known Brady material within the four million plus pages of discovery."). Indeed, the Government cannot discharge its Brady obligations by simply embedding qualifying materials in voluminous discovery productions for the defendant to find on his own. See United States v. Hsia, 24 F. Supp. 2d 14, 29-30 (D.D.C. 1998) ("The government cannot meet its Brady obligations by providing Ms. Hsia with access to 600,000 documents and then claiming that she should have been able to find the exculpatory information in the haystack. To the extent that the government knows of any documents or statements that constitute Brady material, it must identify that material to Ms. Hsia.").

Notably, "[t]his task does not charge the Government with determining what might matter to the Defendant at trial, but instead, simply conforms to the clear and continuing requirements of Brady." Blankenship, 2015 WL 3687864, at *7. "The Brady rule is based on the requirement of due process. Its purpose is not to displace the adversary system … but to ensure that a miscarriage of justice does not occur." United States v. Bagley, 473 U.S. 667, 675 (1985). Particularly in the context of Brady, "the prosecutor's role transcends that of an adversary: he 'is the representative not of an ordinary party to a controversy, but of a sovereignty … whose interest … in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" Id. at n.6 (quoting Berger v. United States, 295 U.S. 78, 88 (1935)).

With these principles in mind, and for all of the reasons set forth in Mr. Avenatti's letter motion (Dkt. No. 143) and omnibus Rule 12 motion (Dkt. No. 115), the defense respectfully requests that the Court preclude the Government (including any DOJ filter team) from conducting a privilege review of the contents of Mr. Avenatti's iPad, and instead oversee the review itself and/or appoint a special master.

    Respectfully Submitted,

    /s/
    Robert M. Baum
    Tamara L. Giwa
    Andrew J. Dalack
    Assistant Federal Defenders

Cc:    Government Counsel    Counsel for Michael Avenatti