```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                                                         :
UNITED STATES OF AMERICA                                 :      19 Cr. 374 (JMF)
                                                         :
        - v -                                            :      SCHEDULING ORDER
                                                         :
MICHAEL AVENATTI,                                        :
                                                         :
                                Defendant.               :
                                                         :
---------------------------------------------------------x
```

JESSE M. FURMAN, United States District Judge:

1. **Trial Date**

    Trial in this case is scheduled to begin on **Monday, January 10, 2022**, at **9:30 a.m.** The trial, including jury selection (except as noted below), will be held in **Courtroom 110** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.

2. **Final Pretrial Conference**

    Unless and until the Court orders otherwise, the parties shall appear for a final pretrial conference on **Monday, January 3, 2022**, at 10:00 a.m. in **Courtroom 110** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007. **The final pretrial conference must be attended by the attorney who will serve as principal trial counsel.**

3. **Jury Questionnaire**

As noted in the Court's order of May 6, 2021, see ECF No. 120, at 3 n.1, the Court has not yet determined whether a jury questionnaire is necessary or appropriate in this case. In order to assist the Court in making that determination, no later than **November 23, 2021**, the parties shall submit (on ECF and, simultaneously, by-email to Furman_NYSDChambers@nysd.uscourts.gov in Microsoft Word format) any proposed additions or modifications to the proposed questionnaire that they filed on March 13, 2020. *See* ECF No. 46.

4. **Jury Selection**

    Assuming that the Court determines that a jury questionnaire is necessary and appropriate in this case, and unless and until the Court orders otherwise, the Court will follow these procedures in connection with selecting a jury:

    - A pool of approximately 150 prospective jurors will complete the questionnaire on the morning of **Tuesday, January 4, 2022**, under the supervision of the Jury

Department.

- The Government will be responsible for (a) making copies of the final version of the questionnaire adopted by the Court for the Jury Department and (b) making copies of the completed questionnaires immediately available in electronic format to the defense and the Court. The Government shall make arrangements directly with the Jury Department to obtain the completed questionnaires.

- No later than **Thursday, January 6, 2022**, at **10:00 a.m.**, the Government shall file a letter with a list of jurors (identified by juror number, not name) that both sides agree should be excused for cause. Prospective jurors on the parties' joint list will be excused without any review or inquiry by the Court.

- No later than the same date and time (**Thursday, January 6, 2022**, at **10:00 a.m.**), the parties shall also file lists of jurors (identified by juror number, not name) that only one side believes should be excused for cause, along with a short explanation of why the party believes each juror should be excused. The Court will review the parties' lists and decide whether to exclude any jurors on that basis.

- The Court will then conduct oral *voir dire* of the remaining prospective jurors — in a randomized order (i.e., not according to juror numbers) — beginning at **9:30 a.m.** on **Monday, January 10, 2022**.

5. **Pretrial Submissions**

Any proposed *voir dire*, proposed jury instructions, and proposed verdict forms, as well as any motions *in limine* or trial memoranda, shall be filed by **noon** on **December 6, 2021**. Any opposition to a motion *in limine* or trial memorandum shall be filed by **noon** on **December 13, 2021**.

In accordance with the Court's Individual Rules and Practices for Criminal Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman, a filing party must submit one courtesy hard copy of each these documents to the Court at the time of filing. In addition, the proposed *voir dire*, proposed jury instructions, and proposed verdict forms must be e-mailed, in Microsoft Word format, to Furman_NYSDChambers@nysd.uscourts.gov.

6. **Pretrial Disclosures**

The parties have agreed to the following schedule with respect to the exchange of certain material and information prior to and during trial, which the Court adopts at the request of the parties:

| | |
|---|---|
| **Wednesday, December 29, 2021:** | The Government provides to the defendant material covered by 18 U.S.C. § 3500 and *Giglio v. United States*, 405 U.S. 150 (1972). The Government also |

|  |  |
|---|---|
|  | provides to the defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief. |
| **Thursday, December 30, 2021**: | The Government provides to the defendant a list of exhibits that the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief. |
| **Tuesday, January 4, 2022**: | The defendant provides to the Government a list of exhibits that the defendant reasonably expects to introduce during the Government's case-in-chief. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |
| **At least five business days prior to the anticipated start of a defense case**: | The defendant provides to the Government material covered by Rule 26.2 of the Federal Rules of Criminal Procedure. |
| **At least three business days prior to the anticipated start of a defense case**: | The defendant provides the Government with a list of exhibits that he reasonably expects to seek to introduce during his case. This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. |

Recognizing that 3500 and Rule 26.2 obligations are continuing, the parties have agreed that when new material is generated after the pertinent deadline described above, such material will be timely provided, *i.e.*, generally the same day it is generated, and prior to the witness to whom it applies next taking the stand. The defense has also agreed that, consistent with Rule 26.2(c), if the defense intends to withhold any such material on the ground of privilege or work-product, it will provide that material to the Court for timely review.

In addition to the schedule above, the parties have also conferred and reached agreement regarding the following procedures in order to narrow or moot disputes, which the Court adopts at the request of the parties: (1) attempting in good faith to share any proposed summary chart at least one week before it will be sought to be introduced, notwithstanding the foregoing, to permit the

opposing party to review the accuracy of the chart; (2) sharing any visuals or slides to be used in opening statements, at least one business day before such statements; and (3) alerting the opposing party to (a) the next day's witnesses, in anticipated order, and (b) the exhibits expected to be sought to be introduced through those witnesses, by at least 5:00 p.m. on the day before calling such witnesses, and the party to whom such disclosure is made will provide any objections to such exhibits as quickly as possible that evening, so that the parties may confer and then be prepared, if necessary, to raise any objections with the Court in the morning, prior to the beginning of the trial day during which the exhibits are expected to be sought to be introduced.

The parties have also agreed that they anticipate timely agreeing to stipulations to avoid the need to call custodians of records or otherwise to authenticate evidence or the accuracy of transcripts, and the parties agree that the dates set forth herein do not alter the parties' reciprocal discovery obligations or the obligation to produce materials obtained pursuant to Federal Rule of Criminal Procedure 17(c), absent an order to the contrary.

**7. Familiarity with the Court's Individual Rules and Practices**

The parties must familiarize themselves with the Court's Individual Rules and Practices for Criminal Cases and Individual Rules and Practices for Trials, both of which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, it is the parties' obligation to ensure that whatever technological needs they have — for the use of computers or other devices, presentation of evidence, or otherwise — are addressed in advance of trial. The parties shall contact Chambers and/or the District Executive's Office sufficiently in advance of the trial date to raise any questions, address any technological needs, and arrange for testing of any technology.

SO ORDERED.

Dated: September ____, 2021  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge