

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 26, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter in response to the defendant's letter, dated October 22, 2021, requesting the use of a juror questionnaire (Dkt. No. 153) ("Def.'s Letter"). Although, as the defendant concedes, a juror questionnaire is not legally required, the Government continues—much as it did during the February 25, 2020 status conference when the matter was first raised by the Court—not to object to the use of a juror questionnaire, so long as the questionnaire serves the purpose for which it is designed—namely, to make jury selection and trial procedures more efficient.[1]

      For this reason, and in light of the circumstances presented by COVID-19, the Government respectfully submits (1) that it would be appropriate and practicable for trial to proceed with jury selection without a juror questionnaire as scheduled on January 10, 2022, but (2) the Government does not object, should the Court prefer, to a brief adjournment to permit the use of a juror questionnaire, provided that the length of the adjournment neither significantly delay a long-pending trial nor cause a second reassignment of this case, as the Court suggested during the October 14, 2021 status conference may be a possibility. Any potential increase in efficiency to be

---

[1] The Government notes that, contrary to the suggestion of defense counsel (Def.'s Letter 5), it is not the case that any juror indicating familiarity with the defendant in a questionnaire response would be struck for cause prior to oral voir dire. Rather, much as happened during voir dire before Judge Gardephe, depending on the nature of the response, jurors will typically need to be questioned as to whether they can be impartial in this case. (*See, e.g.*, Def.'s Letter, Ex. C at 11:18-13:13.)

Honorable Jesse M. Furman
United States District Judge
October 26, 2021
Page 2

gained by use of a questionnaire would be far outweighed by the delay and loss of familiarity with the facts and circumstances of this case that would be occasioned by reassignment.

          Respectfully submitted,

          DAMIAN WILLIAMS
          United States Attorney

By:   /s/
      Matthew D. Podolsky
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-1947/2616

cc:   Robert M. Baum, Esq. (by ECF)
      Andrew J. Dalack, Esq. (by ECF)
      Tamara L. Giwa, Esq. (by ECF)