**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

October 27, 2021

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**  United States v. Michael Avenatti,
19 Cr. 374 (JMF)

Dear Judge Furman,

We write in reply to the Government's response to our letter motion regarding the use of a written jury questionnaire in the above-captioned case. In a footnote, the Government characterizes Mr. Avenatti's position on cause challenges to prospective jurors in a way that misses the mark. Of course, depending on their answers to individual follow-up questions, jurors with knowledge of Mr. Avenatti need not always be struck for cause. But prospective jurors who have knowledge of Mr. Avenatti's conviction in the Nike case and/or indictment in California must be struck for cause because there is no way to cure that taint through additional, follow-up questioning. Indeed, it is axiomatic under the Fifth and Sixth Amendments that Mr. Avenatti has a fundamental right to be tried before a group of 12 jurors unaware of his other criminal cases, subject to the strictures of Fed. R. Evid. 404(b)(2) and 609(a).

To this end, a written questionnaire will undoubtedly make jury selection more efficient because it will afford the parties and the Court a straightforward process to identify and excuse (for cause) jurors with knowledge of Mr. Avenatti's highly publicized prior conviction and/or unresolved charges. At the very least, a written questionnaire would avoid endless, oral sidebars for jurors who publicly acknowledge familiarity with Mr. Avenatti, including his other criminal cases.

Respectfully Submitted,

/s/
Robert M. Baum, Esq.
Tamara L. Giwa, Esq.
Andrew J. Dalack, Esq.

cc:  AUSA Robert Sobelman
     AUSA Matthew Podolsky