```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA                                             :
                                                                     :
                -v-                                                  :    19-CR-374 (JMF)
                                                                     :
MICHAEL AVENATTI,                                                    :    MEMORANDUM OPINION
                                                                     :       AND ORDER
                            Defendant.                               :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On November 18, 2021, Defendant filed a motion seeking a subpoena compelling the complainant in this case (the "Complainant") to produce various mental health records and information to the Court for its *in camera* inspection. *See* ECF No. 164. Thereafter, the Government and the Complainant (through counsel) responded, and Defendant replied.

Upon review of the parties' papers, the Court GRANTS Defendant's motion for a subpoena directing the Complainant to produce the materials and information to the Court for its *in camera* review. In opposition to the motion, the Government and the Complainant raise four arguments. Three are easily rejected. First, the Court finds that Defendant has a good-faith basis to request the materials at issue, substantially for the reasons stated in Defendant's reply letter brief. Second, the fact that the Complainant may not have responsive materials is no reason not to issue the subpoena; if there is nothing to produce, the Complainant can simply so say in response to the subpoena. And third, the Court finds that the request meets the *Nixon* standard because it is as specific as can be and, although the materials are sought for purposes of impeachment, the request does not seek production to Defendant in advance of trial; it merely seeks production in advance of trial to the Court, for purposes of determining which, if any, materials should be disclosed to the defense at the time of trial.

That leaves only the question of whether any responsive materials and information are protected by the psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1 (1996); *In re Sims*, 534 F.3d 117 (2d Cir. 2008). The Court is inclined to think that the Government and the Complainant have the better of that argument, but there does not seem to be much, if any, case law directly addressing the question of whether and when the privilege can give way to protect a defendant's Fifth and Sixth Amendment rights. *Cf. United States v. Grace*, 439 F. Supp. 2d 1125, 1142 (D. Mont. 2006) (holding that individual defendants were entitled to rely on their co-defendant company's privileged communications to assert an advice-of-counsel defense because the evidence at issue was "of such probative and exculpatory value"); *but cf. United States v. Wells Fargo Bank, N.A.*, 132 F. Supp. 3d 558, 565 (S.D.N.Y. 2015) (reaching a different conclusion in the context of a civil fraud case). If there are no responsive materials, the Court would not need to address that potentially unsettled and thorny issue. And if there are responsive

materials, the analysis may well turn on the nature of the materials. In either case, the pragmatic course is to reserve judgment on whether the materials are unavailable on account of privilege.

One housekeeping issue remains: whether the parties' letters should remain under seal. The question is a close one because Defendant's motion is based primarily on publicly available materials, but the Court concludes that they should remain under seal at least until the Complainant testifies at trial. That likely temporary limit on public access is justified by the interest in preserving the Complainant's privacy. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (cleaned up)); *United States v. Maxwell*, No. 20-CR-330 (AJN), 2020 WL 7646891, at *1 (S.D.N.Y. Dec. 23, 2020) (approving proposed redactions to filings based on, "most importantly, [the] third parties' personal privacy interests"); *see also* 18 U.S.C. § 3771(a)(8) (providing that a crime victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy"). The fact that the Complainant may have publicly responded to Defendant's letter motion does not call for a different result. Were it otherwise, victims and third parties would be put in the unfair position of having to decide between defending themselves against filings that inappropriately air sensitive or personal information — and risking giving up their privacy interests altogether — versus remaining mum in the potentially vain hope that the cat can be put back in the bag.

SO ORDERED.

Dated: December 6, 2021
New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge