UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,                 :

            - v -                         :            **19 CR. 374 (JMF)**

**MICHAEL AVENATTI,**                     :

                        Defendant.        :

----------------------------------X


### DEFENDANT MICHAEL AVENATTI'S REQUESTS TO CHARGE


                            DAVID E. PATTON, ESQ.
                            Federal Defenders of New York
                            Attorney for Defendant
                                MICHAEL AVENATTI
                            52 Duane Street - 10th Floor
                            New York, New York 10007
                            Tel.: (212) 417-8760


**ROBERT M. BAUM, ESQ.**
**ANDREW J. DALACK, ESQ.**
**TAMARA L. GIWA, ESQ.**


        Of Counsel


TO:  DAMIAN WILLIAMS, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn:  **MATTHEW D. PODOLSKY, ESQ.**
            **ROBERT B. SOBELMAN, ESQ.**
            Assistant United States Attorneys

**MICHAEL AVENATTI** respectfully requests that the Court include the following in its charge to the jury:

## REQUEST NO. 1

### CUSTOMARY INSTRUCTIONS

The defendant respectfully requests that the Court give its customary instructions to the Jury regarding the following:

(a)  Function of Court and Role of Jury;

(b)  Conduct of Counsel;

(c)  Venue;

(d)  Definition of Inferences;

(e)  Right to See Exhibits and Hear Testimony;

(f)  Communication with the Court; and

(g)  Duty to Consult and Need for Unanimity.

## REQUEST NO. 2

## INDICTMENT MERELY AN ACCUSATION

An indictment is not evidence.It merely describes the charges made against a defendant.  An indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of a defendant's guilt.  The fact that a defendant is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.

In reaching your determination of whether the government has proven a defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

### AUTHORITY

Adapted from Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Modern Federal Jury Instructions, ¶ 3.01[1], Instruction 3-1 (hereinafter cited as Sand, Modern

<u>Federal Jury Instructions</u>).

## REQUEST NO. 2

## LAW ENFORCEMENT WITNESS

We request that the Court charge the complete recommended charge from Sand, Modern Federal Jury Instructions, Instruction 7-16.

**REQUEST NO. 3**

**CRIME DEFINED BY STATUTE ONLY**

In our system, we only have crimes that are defined by statute.  The fact that something may seem morally wrong to you may not be considered by you in deciding whether any crime has been committed.  Statutes define our crimes, and from time to time, I will talk to you about the individual statutes and how they break down into elements so you can consider the elements the government must prove.  Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever.  You must break it down to the elements and see if there is proof beyond a reasonable doubt as to each one of those elements.  Only then, with that determination made, can you render a verdict.

**AUTHORITY**

Adapted from the charge of the Hon. Kevin Thomas Duffy in United

States v. Scherer, 92 Cr. 698 (KTD), Tr. at 1967.

## **REQUEST NO. 4**

## **GOOD-FAITH DEFENSE**

Good faith is an absolute defense to all of the charges in this case.  If a defendant in good faith believed that he or she was acting properly, even if that belief was mistaken, and even if others were injured by her conduct, then you **must** find him not guilty. Good Faith constitutes a complete defense to the charge of wire fraud.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. The Government is required to prove beyond a reasonable doubt, a conscious, knowing, intent to defraud.  A defendant is under no burden to prove good faith; rather, the prosecution must prove bad faith, or knowledge of falsity, beyond a reasonable doubt.

Good faith means that the defendant had an honest belief that the statements he made were true, even if those statements were misleading, deceptive or false, no matter how inaccurate those statements turn out to be. Good faith is established if Mr. Avenatti honestly believed that he was not doing anything wrong or saying anything misleading, deceptive or false, even if that was not true. An honest belief that Mr. Avenatti was entitled to the money he received and that the document authorizing the transfer of money was authorized, establishes a good faith

defense. An honest mistake cannot constitute a lack of good faith.

If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or an intent to obtain money by means of false or fraudulent statements, or in good faith, you must find the defendant not guilty.

**AUTHORITY**

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, ¶ 8.01, Instruction 8-1; <u>United States v. Pabisz</u>, 936 F.2d 80, 83 (2d

Cir. 1991); United States v. Alkins, 925 F.2d 541, 549-550 (2d Cir. 1991); United States v. Baren, 305 F.2d 527, 533 (2d Cir. 1962); United States v. Regan, 937 F.2d 823 (2d Cir. 1991); United States v. Dupre, 462 F.3d 131, 139 (2d Cir. 2006); United States v. Hamilton, 3 Fed. Appx. 7 at 10 (2d Cir. 2001); United States v. Koh, 199 F.3d 632, 641 (2d Cir. 1999).

## REQUEST NO. 5

## EVIDENCE:  DIRECT AND CIRCUMSTANTIAL

Some circumstantial evidence may be susceptible to more than one inference -- perhaps with one inference tending to indicate guilt and the other innocence.  In such a case, in selecting any particular inference, you must keep in mind the presumption of innocence and that the prosecution has the burden of proving a defendant guilty beyond a reasonable doubt.

The Court is respectfully requested to include this paragraph in the standard instruction on direct and circumstantial evidence or included in the instructions on reasonable doubt.

## REQUEST NO. 6

## DEFENDANT'S DECISION TO TESTIFY

## [If Applicable]

As I instructed you earlier, the defendant in a criminal case never has any duty or obligation to testify or come forward with any evidence. This is because the burden of proof, that is proof beyond a reasonable doubt, remains on the government at all times, and the defendant is presumed innocent.

In this case, Michael Avenatti did testify and was subject to cross-examination, like any other witness. The fact that the defendant testified does not in any way remove or lessen the burden of the government to prove the charge beyond a reasonable doubt. The defendant did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate this testimony just as you would the testimony of any other witness in this case. You should not disregard or disbelieve this testimony simply because she is charged as a defendant in this case. I also remind you that the defendant's decision to testify does not in any way shift the burden of proof to her. Don't ask yourselves whether this testimony convinced you of her innocence. Rather, you must consider all the evidence and lack of evidence presented and then ask yourselves whether or not the government has proven the charge contained in the indictment beyond a reasonable doubt.

**AUTHORITY**

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-4, and the charge of the Honorable Robert P. Patterson in <u>United States v. Jose De La Cruz-Ramirez</u>, No. 97 Cr. 711 (RPP), also adapted from Honorable Michael B. Mukasey in <u>United States v. Johnson</u>, 97 Cr. 499 (MBB).

## REQUEST NO. 7

## IMPROPER CONSIDERATION OF THE DEFENDANT'S RIGHT NOT TO TESTIFY

### [If Applicable]

The defendant, Michael Avenatti, has chosen not testify in this case. Under our Constitution, an accused has no obligation to testify or to present any evidence, because it is the Government's burden to prove her guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the accused. A person accused of a crime is never required to prove that she is innocent.

You may not attach any significance to the fact that Mr. Avenatti has chosen not to testify. No adverse inference of any kind may be drawn from that choice. You may not consider this against Mr. Avenatti in any way in your deliberations in the jury room.

**AUTHORITY**

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, §5.07

- 14 -

Instruction 5-21.

<u>**REQUEST No. 8**</u>

<u>**WITNESS CREDIBILITY**</u>


We request the complete recommended charge from Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-1


**AUTHORITY**

The Jury should not be told that they have any duty to reconcile the testimony of witnesses in order to find that each testified truthfully. <u>United States v. Brown</u>, 555 F.2d 407 (5th Cir. 1977)


- 16 -

## **REQUEST NUMBER 9**

## **BIAS AND HOSTILITY**

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger that some of the Government's witnesses may have towards Michael Avenatti.

Evidence that a witness is biased, prejudiced or hostile toward Mr. Avenatti requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**Authority**

Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-2.

<u>United States v. Masino</u>, 275 F.2d 129 (2d Cir. 1960).

- 17 -

**REQUEST NUMBER 10**

**INTEREST IN OUTCOME**

We request that the Court charge the entire recommended charge in Sand, <u>Modern Federal jury Instructions</u>, Instruction 7-3.

## REQUEST NUMBER 11

## IMPEACHMENT OF DEFENDANT - PREVIOUS FELONY

## [If Applicable]

We request that the Court charge the entire recommended charge in Sand, <u>Modern Federal Jury Instructions</u>, Instruction 7-13.

## **REQUEST NUMBER 12**

## **WIRE FRAUD - FIRST ELEMENT -EXISTENCE OF A SCHEME TO DEFRAUD**

The first element of wire fraud that the Government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud Stormy Daniels of money or property by means of false or fraudulent pretenses, representations, or promises.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. It is merely a plan to deprive another of money or property by trick, deceit, deception or swindle. To find that a scheme to defraud existed, you must first find that the object of the fraud was to deprive Stormy Daniels of money or property that Michael Avenatti was not otherwise entitled to.

The scheme to defraud is alleged to have been carried out by making false or fraudulent representations. It is alleged that a false document was used without authorization by Stormy Daniels. A statement, representation, claim or document is false if it is untrue and known to be untrue at the time it was made. A

representation or statement is fraudulent if it was falsely made with the intention to deceive. A false statement must include a factual assertion that is capable of being true or false.

Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements. However, a failure to disclose a fact is not fraudulent unless there is a duty to disclose and a knowing failure to disclose with the intent to defraud.  A factual misrepresentation is the expression of an opinion that is not honestly entertained.

The false or fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying on the representation or statement in making a decision. If you find that a particular statement was false, you must determine if it was material. The same principle applies to fraudulent half-truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property which Michael Avenatti was not legally entitled to.

If you find that Stormy Daniels authorized Michael Avenatti to send a request to transfer funds to a trust account held for

Stormy Daniels, then the document used for that transfer is not fraudulent and thus no fraudulent means was used to obtain money, and you must find Michael Avenatti not guilty.

If you find that the government has sustained its burden of proof beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next consider the second element of the wire fraud charge.

## AUTHORITY

Adapted from Sand, Modern Federal Jury Instructions, Instruction 44-4. United States v. Amrep Corporation, 560 F.2d 539, 544 (2d Cir. 1077); Williams v. United States, 458 U.S. 279, 284-85 (1982).

**REQUEST NUMBER 13**

**WIRE FRAUD - PARTICIPATION IN A SCHEME WITH INTENT**

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. You must therefore find that Michael Avenatti intended actual financial harm to Stormy Daniels.

The question of whether a person acted knowingly, willfully and with the intent to defraud is a question for you to determine, like any other fact question. This question involves one's state of mind.

- 23 -

To prove a specific intent the government must prove that Michael Avenatti knowingly did an act which the law forbids, purposely intending to violate the law.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Michael Avenatti is a complete defense to a charge of wire fraud. Michael Avenatti has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

If you find that Michael Avenatti did not act knowingly, or that he lacked the specific intent to defraud and an intent to cause actual financial harm to Stormy Daniels, you must find him not guilty.

If you find that Michael Avenatti was not a knowing participant in a scheme to defraud, or that he lacked the specific intent to defraud, you must find him not guilty.

**AUTHORITY**

Adapted from Sand, Modern Federal Jury Instructions, Instruction 44-5.  United States v. Alkins, 925 F.2d 541, 549-50, (2d Cur. 2006); United States v. Novak, 443 F.3d 150, (2d Cir. 2006).

- 25 -

## REQUEST NUMBER 14

### AGGRAVATED IDENTITY THEFT -WITHOUT LAWFUL AUTHORITY

The term "without lawful authority" prohibits the use of another person's means of identification absent the right or permission to act on that person's behalf in a way that is contrary to law.

### AUTHORITY

Adapted from Sand, Modern Federal jury Instructions, Instruction 39A-54. United States v. Valdes-Ayala, 900 F.3d 20 (1st Cir. 2018).

## REQUEST NUMBER 15

### PROOF BEYOND A REASONABLE DOUBT

I have said that, in order to convict Michael Avenatti of a given charge, the government is required to prove that charge beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The government must overcome the presumption of innocence in order to do that. This burden never shifts to Mr. Avenatti. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

Reasonable doubt may be based on a fair and impartial

consideration of all the evidence, lack of evidence, and inconsistencies in the evidence. If after fair and impartial consideration of this evidence you have a reasonable doubt as to Mr. Avenatti's guilt with respect to a particular charge, it is your duty to find him not guilty of that charge.

## **Authority**

Adapted from Sand, Modern Federal Jury Instructions

Dated:    New York, New York

          December 9, 2021


                              Respectfully Submitted,



                    By:   /s/
                          _____
                          **ROBERT M. BAUM, ESQ.**
                          **ANDREW J. DALACK, ESQ.**
                          **TAMARA L. GIWA, ESQ.**

                          Attorneys for Defendant
                              Michael Avenatti
                          52 Duane Street - 10th Floor
                          New York, New York 10007