UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

                            :

UNITED STATES OF AMERICA       :

                            :

          - *v.* -              :           19 Cr. 374 (JMF)

                            :

MICHAEL AVENATTI,         :

                            :

             Defendant.      :

                            :

------------------------------------------------------ x

## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                               :

UNITED STATES OF AMERICA       :
                               :

         - *v.* -             :         19 Cr. 374 (JMF)
                               :

MICHAEL AVENATTI,         :
                               :

           Defendant.    :
                               :

------------------------------------------------x

## <u>GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS</u>

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors.[1]

    **A.**    <u>**The Charges**</u>

    1.    This is a criminal case. The defendant, Michael Avenatti, has been charged in an indictment with violating federal laws related to wire fraud and identity theft. The indictment is not evidence. It simply contains the charges that the Government must prove to the jury beyond a reasonable doubt. I will summarize the charges in this case to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

    2.    The indictment contains one count related to wire fraud and one count related to identity theft. Count One charges that the defendant devised a scheme to defraud his client, Stephanie Clifford, who is also known as "Stormy Daniels," by taking for himself payments due

---

[1]     The Court has indicated that it intends to use a juror questionnaire in advance of oral *voir dire*. Depending on the final version of the questionnaire adopted by the Court, certain of the inquiries contained in this proposed examination may be rendered unnecessary.

to Ms. Daniels pursuant to her book contract.  The Government further alleges that the defendant then used those payments for his own purposes and falsely represented to Ms. Daniels that the payments had not been made.  Count Two charges that the defendant used Ms. Daniels's identity—and, more specifically, her name and signature—without her permission, on a document in which he allegedly falsely represented to Ms. Daniels's book agent that Ms. Daniels had given authorization for the payments to be sent by wire to an account controlled by the defendant.

3.      Do any of you believe you have personal knowledge of the case as I have described it?

4.      Has any of you seen, read, or heard anything about this case?  *(If yes, the Government would respectfully request that the Court follow up, at side bar, if appropriate, with the following)*:

a.      From whom did you hear about the case? (*e.g.*, a friend, the newspaper, television)  What did you hear/read/see?

b.      Based on anything that you have read, seen, or heard, have you formed any opinions about the investigation, the case, the charges, or the defendant that might make it difficult for you to be a fair and impartial juror in this case?

5.      Do any of you feel, for any reason, that you could not view fairly and impartially a case involving charges such as I have described?

**B.      Nature of the Charges and Relevant Entities**

6.      During the trial, you will hear evidence concerning alleged wire fraud and identity theft.  Does the fact that the charges involve allegations of wire fraud and identity theft make it difficult for any of you to render a fair verdict?  Does the fact that the charges involve alleged

fraud committed by an attorney on his client make it difficult for any of you to render a fair verdict?

7.     Have any of you formed an opinion that the actions charged in the indictment, as I have described them to you, should not be crimes, or that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States Government?

8.     During this trial you may hear evidence concerning the involvement by the defendant's former client in the pornography industry.  Does anything about the fact that the defendant's former client, who is the alleged victim in this case, has had involvement in the pornography industry make it difficult for you to be fair and impartial in this case?

9.     Have you, any member of your family, or any of your close friends worked for a book agent or publishing company? If so, in what capacity were you, members of your family, or any of your close friends employed?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

10.     Have you, any member of your family, or any of your close friends worked as an attorney or for a law firm?  If so, in what capacity were you, members of your family, or any of your close friends employed?  What type of law practice was that person or the law firm engaged in?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

11.     Have you, any member of your family, or any of your close friends retained or hired an attorney to negotiate a business contract?  If so, what type of contract was it?  Is there anything about that experience that would make it difficult for you to be fair and impartial in this case?

12.     Have you, any member of your family, or any of your close friends had any experiences of any kind, directly or indirectly, with alleged fraud or identity theft, either as a victim, a witness, a subject of investigation, or a defendant?  Would that experience prevent you from rendering a fair and impartial verdict in this case?

C.     **Knowledge of the Trial Participants**

13.     As I mentioned previously, the defendant in this case is Michael Avenatti. [Please ask the defendant to stand.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of any of the defendant in any capacity?   How do you know the defendant, or relative, friend, or associate of the defendant?  Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

14.     To your knowledge, do any of your relatives, close friends, associates, or employers know the defendant?  To your knowledge, how do they know the defendant?  Is there anything about what you have heard from those other individuals that would prevent you from rendering a fair and impartial verdict in this case?

15.     Is there anything that you have read or heard about the defendant prior to today that would affect your ability to be a fair and impartial juror in this case?

16.     The defendant is represented by Robert Baum, Andrew Dalack, and Tamara Giwa.  [Please ask the attorneys to stand.]  Do any of you know either of these individuals? Have you, your family members, or any close friends had any dealings either directly or indirectly with any of these individuals?

17.     The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Damian

Williams. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Matthew Podolsky and Robert Sobelman. They will be assisted by Special Agent DeLeassa Penland with the U.S. Attorney's Office for the Southern District of New York, Special Agents Justin Stone and Katrina Laperuta with the Federal Bureau of Investigation, or the FBI, and paralegal specialists Emily Abrams and Christopher De Grandpre the U.S. Attorney's Office. [Please ask the AUSAs, agents, and paralegals to stand.] Do any of you know any of the attorneys, agents, or paralegals that I have just identified? Have any of you, or, to your knowledge, any member of your family or any close friend, had any dealings, directly or indirectly, with any of these individuals, or with the FBI or the United States Attorney's Office for the Southern District of New York?

18.     I will now read a list of names and entities that may be mentioned during the trial. Some of the individuals may be witnesses in this case. [To be provided in advance of trial.] Do any of you know any of these individuals or entities? Have you had any dealings either directly or indirectly with any of these individuals or entities? If so, is there anything about your familiarity with or knowledge of these individuals or entities that could affect your ability to be fair and impartial in this case?

### D.     Relationship with Government

19.     Have you, any member of your family, or any of your close friends ever worked in law, law enforcement, the justice system, or the courts? In what capacity? Have you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to render a fair and impartial verdict in this case?

20.     Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the

Southern District of New York, the Department of Justice, or the FBI?  Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state, or local?

21.     Does any potential juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, the FBI, or any other law enforcement agency?

22.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or other dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI?  Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

23.     Do you have a case pending at this time in state court, federal court, tax court, or with any federal agency or appeal authority?

24.     Aside from what you already have mentioned in response to previous questions, have you ever sued anyone or been sued by anyone else?  What was the nature of the lawsuit? Were you represented by an attorney?  How was the lawsuit resolved?

**E.     Prior Jury Service**

25.     Have any of you ever sat as a juror before in any type of case?

26.     If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

27.     Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

28.     For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

### F.     Experience as a Witness, Defendant, or Crime Victim

29.     Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case and what was your role in that case?  Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? If you would prefer not to give your answer in open court, please say so.[2]

30.     Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

31.     Have you, or a relative or close friend, ever been the victim of a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

32.     Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  If you would prefer not to give your answer in open court, please say so.

33.     Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting

---

[2]     The Government respectfully requests that, pursuant to this Court's order dated May 6, 2021, the Court make any jurors who appear at sidebar "aware that they can request that the [single pool] reporter be excused from sidebar."  (Dkt. No. 120 at 1.)

as a fair and impartial juror in this case? If you would prefer not to give your answer in open court, please say so.

34.     Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the FBI? If so, is there anything about that experience that could affect your ability to be fair and impartial in this case? If you would prefer not to give your answer in open court, please say so.

G.      **Views on Certain Witnesses and Investigative Techniques**

35.     The Government witnesses may include law enforcement witnesses. Does anyone have any personal views or experiences with law enforcement that would in any way affect their ability to be fair and impartial in this case? Would any of you be more inclined or less inclined to believe a witness solely because the witness was an FBI or other special agent, government investigator, or other law enforcement officer?

36.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers, including searches of the defendant's and others' electronic devices and social media accounts pursuant to Court-authorized search warrants. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability consider such evidence or to be fair and impartial in this case?

37.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

38.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?

### I.      Ability to Sit as a Juror

39.     Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

40.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

41.     Do any of you have any difficulty in reading or understanding English?

42.     Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons regardless of the evidence?

43.     With respect to any publicity this trial generates, I will instruct you that you are to avoid reading about this case in the newspaper or social media or internet, or listening to any radio or television reports concerning the case until after it is over.  Will any of you have any difficulty following this instruction?

### J.      Function of the Court and Jury

44.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from

accepting the instructions of law that I will give you in this case?

45.    Will each of you accept that the question of punishment is for the Court alone to decide, and that the possible punishment or the consequences of conviction must not enter into your deliberation as to whether the defendant is guilty?

46.    Will each of you accept that sympathy must not enter into your deliberation as to guilt of the defendant, and that only the evidence produced here in Court may be used by you to decide the guilt of the defendant?

47.    It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any potential juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

**K.    Other Biases**

48.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**L.    Juror's Background**

49.    The Government respectfully requests that the Court ask each juror to state the following information:

        a.    the juror's age;

        b.    with whom the juror lives, the area in which the juror resides and

any other area the juror has resided during the last ten years;

      c.     the juror's educational background, including the highest degree obtained;

      d.     the juror's occupation/employment status, and whether the juror supervises others in the course of his/her duties;

      e.     the name of the juror's employer, and the period of employment with that employer;

      f.     the same information concerning other employment within the last five years;

      g.     the same information with respect to the  juror's spouse, domestic partner, and any working children;

      h.     main websites, newspapers, and magazines the juror reads/visits and how often;

      i.     main television programs the juror regularly watches and/or radio programs the juror regularly listens to;

      j.     the juror's hobbies and leisure-time activities;

      k.     whether the juror has served in the military; and

      l.     whether the juror is a member of any clubs or organizations.

      **M.**     **<u>Requested Instruction Following Impaneling of the Jury</u>**

      50.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

Do not read or listen to anything touching on this case in any way. With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports or information about the case, including anything on the internet or social media. You must not be influenced by anything you might hear or see outside the courtroom. Do not do any research or investigation about the case or anything touching upon the case. Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated: New York, New York
       December 9, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    *Robert B. Sobelman*
       _____
       Matthew D. Podolsky
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2616