UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                     :

   UNITED STATES OF AMERICA        :

                                       :

          - *v.* -                :           19 Cr. 374 (JMF)

                                       :

   MICHAEL AVENATTI,              :

                                       :

             Defendant.        :

                                       :
-------------------------------------------------------x

## THE GOVERNMENT'S REQUESTS TO CHARGE

 

 

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

                          :

UNITED STATES OF AMERICA         :

                          :

        - *v.* -         :           19 Cr. 374 (JMF)

                          :

MICHAEL AVENATTI,          :

                          :

        Defendant.      :

                          :

------------------------------------------------------ x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

## Table of Contents

REQUEST NO. 1 ........................................................................................................................... 1

General Requests

REQUEST NO. 2 ........................................................................................................................... 2

The Indictment

REQUEST NO. 3 ........................................................................................................................... 3

Count One: Wire Fraud

REQUEST NO. 4 ........................................................................................................................... 4

Count One: Wire Fraud

First Element: Existence of a Scheme or Artifice to Defraud

REQUEST NO. 5 ........................................................................................................................... 6

Count One: Wire Fraud

Second Element: Knowledge and Intent to Defraud

REQUEST NO. 6 ........................................................................................................................... 9

Count One: Wire Fraud

Professional Duties

REQUEST NO. 7 ......................................................................................................................... 11

Count One: Wire Fraud

Third Element: Use of the Wires

REQUEST NO. 8 ......................................................................................................................... 13

Count Two: Aggravated Identity Theft

REQUEST NO. 9 ......................................................................................................................... 14

Count Two: Aggravated Identity Theft

First Element: Use, Transfer, or Possession of Means of Identification

REQUEST NO. 10 ....................................................................................................................... 15

Count Two: Aggravated Identity Theft

Second Element: In Relation to a Predicate Offense

REQUEST NO. 11 ....................................................................................................................... 16

Count Two: Aggravated Identity Theft

Third Element: Without Lawful Authority

REQUEST NO. 12 ....................................................................................................................... 17

Willfully Causing a Crime

REQUEST NO. 13 ....................................................................................................................... 19

Venue

REQUEST NO. 14...................................................................................................... 21

Motive

REQUEST NO. 15...................................................................................................... 22

Conscious Avoidance

REQUEST NO. 16...................................................................................................... 24

Persons Not on Trial

REQUEST NO. 17...................................................................................................... 25

Law Enforcement or Government Witnesses

REQUEST NO. 18...................................................................................................... 26

Preparation of Witnesses

REQUEST NO. 19...................................................................................................... 27

False Exculpatory Statements

REQUEST NO. 20...................................................................................................... 28

Similar Acts

REQUEST NO. 21...................................................................................................... 29

Limited Evidence

REQUEST NO. 22...................................................................................................... 30

Particular Investigative Techniques

REQUEST NO. 23...................................................................................................... 31

Use of Audio and Video Recordings and Transcripts

REQUEST NO. 24

Use of Evidence Obtained Pursuant to Searches and Seizures

REQUEST NO. 25...................................................................................................... 33

Charts and Summaries: Admitted as Evidence

REQUEST NO. 26...................................................................................................... 34

Charts and Summaries: Not Admitted as Evidence

REQUEST NO. 27...................................................................................................... 35

Stipulations of Testimony

REQUEST NO. 28...................................................................................................... 36

Stipulations of Fact

REQUEST NO. 29...................................................................................................... 37

Redaction of Evidentiary Items

REQUEST NO. 30 ................................................................................................................. 38

Variance in Dates and Amounts

REQUEST NO. 31 ................................................................................................................. 39

Character Witnesses

REQUEST NO. 32 ................................................................................................................. 40

Uncalled Witnesses – Equally Available or Unavailable

REQUEST NO. 33 ................................................................................................................. 41

Expert Testimony

REQUEST NO. 34 ................................................................................................................. 42

Defendant's Testimony

REQUEST NO. 35 ................................................................................................................. 43

Defendant's Right Not to Testify

REQUEST NO. 36

Improper Considerations: Race, Religion, National Origin, Sex, or Age

REQUEST NO. 37 ................................................................................................................. 45

Punishment Is Not to Be Considered by the Jury

REQUEST NO. 38 ................................................................................................................. 46

Sympathy: Oath as Jurors

Conclusion ........................................................................................................................... 47

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

      a.      Function of Court and Jury
      b.      Jury's Recollection Governs
      c.      Note-Taking by Jurors
      d.      Duty to Base Verdict on Evidence
      e.      Improper Considerations
      f.      Statements of Court and Counsel Not Evidence
      g.      Duty to Weigh Evidence Without Prejudice
      h.      Government as a Party
      i.      Indictment Not Evidence
      j.      Burden of Proof
      k.      Presumption of Innocence
      l.      Reasonable Doubt
      m.      Direct and Circumstantial Evidence
      n.      Inferences
      o.      Credibility of Witnesses
      p.      Right to See Exhibits and Have Testimony Read During Deliberation

## **REQUEST NO. 2**

### **The Indictment**

The defendant, Michael Avenatti, is formally charged in an Indictment. As I have instructed you already, the Indictment is not evidence of a crime and is simply a way for the Government to present charges in this case. Before you begin your deliberations, you will be provided a copy of the Indictment. I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment contains two counts against the defendant. I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges the defendant with wire fraud in violation of Title 18, United States Code, Sections 1343 and 2. This count alleges that, through the use of interstate communications, such as text messages, emails, or phone calls, the defendant, who was a lawyer, carried out a scheme to steal payments that were owed to one of the defendant's former clients under a book contract by making false statements to the former client's book agent and the former client.

Count Two charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2. This count alleges that the defendant used his former client's name and signature during and in relation to the wire fraud scheme charged in Count One.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instrs. 3-1, 3-2.

2

## **REQUEST NO. 3**

## **Count One: Wire Fraud**

As I mentioned, Count One of the Indictment charges the defendant with wire fraud.   The law provides that

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, [has committed the crime of wire fraud].

To meet its burden of proving that the defendant committed this crime, the prosecution, which is known here as the Government, must establish beyond a reasonable doubt each of the following three facts, known as "elements":

First, the existence of a scheme or artifice to defraud or to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises;

Second, the defendant participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud;

Third, in the execution of the scheme, the defendant used, or caused to be used, interstate wires.

> Adapted from the Jury Charge of Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (JPO) (S.D.N.Y. 2019); *see* 2 *Modern Federal Jury Instructions-Criminal*, Instrs. 44-3, 44-4, 44-5, 44-7.

3

## REQUEST NO. 4

## Count One: Wire Fraud

## First Element: Existence of a Scheme or Artifice to Defraud

As to the first element of wire fraud, a "scheme or artifice" is simply a plan for the accomplishment of an object.   Fraud is a general term.   It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.   Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The wire fraud statute alternatively provides that it can be satisfied by the existence of a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises.   A pretense, representation, statement, or document is fraudulent if it was made falsely and with intent to deceive.   A representation, statement, claim, or document may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone.   The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance.   If there is deception, the manner in which it is accomplished does not matter.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.   In a few moments, I will explain certain professional duties that the defendant had as an attorney.

4

This element does not require that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts. Nor need you find that the defendant profited from the fraud. It is enough that a false statement, or a statement omitting material facts that made what was said deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

In addition, the false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

If you find beyond a reasonable doubt that a scheme to defraud did exist, you next should consider the second element of wire fraud.

> Adapted from 2 *Modern Federal Jury Instructions*, Instr. 44-3, 44-4; Jury Charges of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 36 (S.D.N.Y. 2019); Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018); Hon. Vincent L. Briccetti in *United States v. Lowe*, 13 CR. 985 (S.D.N.Y. 2014); *Carpenter v. United States*, 484 U.S. 19, 25 (1987).

## **REQUEST NO. 5**

## **Count One: Wire Fraud**

## **Second Element: Knowledge and Intent to Defraud**

As to the second element of wire fraud, a defendant must have devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud.

As I have already instructed you, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act with intent to defraud means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.   In order to find that the defendant acted for the purpose of causing some financial or property loss to another, you do not have to find that the defendant intended that the financial or property loss to another be permanent. The defendant's intention to cause some temporary financial or property loss would be sufficient to establish that the defendant acted with the purpose of causing some financial or property loss to another.

To "devise" a scheme to defraud is to concoct or plan it.   To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed.   While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

Direct proof of knowledge and fraudulent intent is almost never available.   It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.   Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct,

6

his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.   Circumstantial evidence, if believed, is of no less value than direct evidence.   In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.   A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

There is another consideration to bear in mind in deciding whether or not defendant acted in good faith.   You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.   On the other hand, if you find that the Government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the Government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

> Adapted from 2 *Modern Federal Jury Instructions-Criminal*, Instr. 44-5; *United States v. Males*, 459 F.3d 154, 159 (2d Cir. 2006) (holding that jury instruction for wire fraud charge that "the requirement of contemplated harm or injury does not require that [defendant] intended to permanently de[p]rive the victim's money or property" "was an accurate statement of the applicable law"); the

7

jury instruction of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); the jury instructions of the Honorable Barbara S. Jones in *United States v. Jackson*, 97 Cr. 121 (BSJ).

## REQUEST NO. 6

### Count One: Wire Fraud

### Professional Duties

Before we turn to the third and final element of wire fraud, I want to explain certain professional duties that you may consider with respect to the first two elements of Count One.

The Government alleges that a former client of the defendant's was the victim of the wire fraud scheme charged in Count One.   During the relevant time period, the defendant was a member of the California Bar and owed certain duties to his former client, which are determined by California law.   In considering the first two elements element of Count One, you may consider whether the defendant breached any of his professional obligations to his former client.   You should keep in mind that proof that the defendant violated one or more duties he owed his former client under California law does not mean that he committed wire fraud.   However, such proof may be considered by you in determining whether the defendant engaged in a scheme to defraud and whether he did so with knowledge and an intent to defraud.

Duty of Loyalty and Scope of Authority

Lawyers owe a duty of loyalty their clients.   This means that, when acting on behalf of a client, lawyers must put their clients' interests first.

Under California law, a lawyer cannot act without the client's authorization, and a lawyer may not take over decision-making for a client, unless the client has authorized the lawyer to do so.

Duty of Reasonable Communication

Lawyers are required to keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services, and to respond

9

promptly to reasonable status inquiries of clients.    A lawyer must also reasonably consult with

the client about the means by which the lawyer will try to achieve the client's goals and objectives;

keep the client reasonably informed about significant developments relating to the representation;

and explain a matter to a client to the extent reasonably necessary to permit the client to make

informed decisions during the representation.    "Reasonably" refers to the conduct of a reasonably

prudent and competent lawyer.    A lawyer owes his client a duty of full and frank disclosure of all

relevant information relating to the subject matter of the representation.

> Adapted from the jury instructions of the Hon. Paul G. Gardephe in
> *United States v. Avenatti*, S1 19 Cr. 373 (S.D.N.Y. Feb. 12, 2020)
> (Dkt. No. 261 at 32-35 (citing the California Rules of Professional
> Conduct, cases, and other legal authorities)); *see also* 2 *Modern
> Federal Jury Instructions-Criminal*, Instr. 44-4 ("The failure to
> disclose information may also constitute a fraudulent representation
> if the defendant was under a legal, professional or contractual duty
> to make such a disclosure, the defendant actually knew such
> disclosure was required to be made, and the defendant failed to make
> such disclosure with the intent to defraud."); *United States v.
> Cassiere*, 4 F.3d 1006 (1st Cir. 1993).

**REQUEST NO. 7**

**Count One: Wire Fraud**

**Third Element: Use of the Wires**

The third and final element of wire fraud is that interstate wires (for example, phone calls, email communications, text messages, or bank wire transfers) were used in furtherance of the scheme to defraud.

The wire communication must be an interstate wire—that is, it must pass between two or more states.   The use of the wire need not itself be a fraudulent representation.   It must, however, further or assist in some way in carrying out the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.   In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication.   When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.   Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud.

Let me also add the following: only the wire communication must be reasonably foreseeable, not its interstate component.   Thus, if you find that the wire communication was reasonably foreseeable, and the interstate wire communications actually took place, then this

11

element is satisfied even if it was not foreseeable that the wire communication would cross state lines.

> Adapted from 2 *Modern Federal Jury Instructions*, Instr. 44-7 (based on the charge of the Hon. Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Hon. Lewis A. Kaplan in *United States v. James Gatto*, 17 Cr. 686 (LAK); the charge of the Hon. Ronnie Abrams in *United States v. Tagliaferri*, 13 Cr. 115 (S.D.N.Y. 2014); *Pereira v. United States*, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen."); *United States v. Keats*, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States v. Bortnovsky*, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); *United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States v. Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck v. United States*, 489 U.S. 705 (1989); *United States v. Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 3029 (1992); *United States v. Keats*, 937 F.2d 58, 64 (2d Cir.), *cert. denied*, 112 S. Ct. 399 (1991).

## **REQUEST NO. 8**

### **Count Two: Aggravated Identity Theft**

Count Two charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.

The statute relating to aggravated identity theft provides, in relevant part, that:

whoever, during and in relation to any felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of aggravated identity theft].

I instruct you that the crime charged in Count One of the Indictment—wire fraud conspiracy—is a felony enumerated in Title 18, United States Code, Section 1028A(c).

In order to find the defendant guilty of aggravated identity theft, the Government must prove the following elements beyond a reasonable doubt:

First, that the defendant knowingly used, transferred, or possessed a means of identification of another person;

Second, that the defendant used the means of identification during and in relation to the offense charged in Count One of this Indictment; and

Third, that the defendant acted without lawful authority.

Adapted from the charge the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 39A-51.

13

## REQUEST NO. 9

### Count Two: Aggravated Identity Theft

### First Element: Use, Transfer, or Possession of Means of Identification

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, transferred, or possessed a means of identification of another person.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, signature, social security number, date of birth, official State or Government issued driver's license or identification number, alien registration number, United States or foreign passport number, or employer or taxpayer identification number.

In addition, the Government must prove both that the means of identification was that of an actual person (living or dead), and that the defendant knew that the means of identification was that of an actual person.

To act knowingly means to act voluntarily and intentionally and not by mistake or accident.

> Adapted from the charge by the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 39A-52; *see also United States v. Thomas*, 763 F.3d 689, 692-93 (7th Cir. 2014); *United States v. Porter*, 745 F.3d 1035, 1040-43 (10th Cir. 2014); *United States v. Blixt*, 548 F.3d 882, 886–88 (9th Cir. 2008).

14

### REQUEST NO. 10

### Count Two: Aggravated Identity Theft

### Second Element: In Relation to a Predicate Offense

The second element that the Government must prove beyond a reasonable doubt is that the defendant used, transferred, or possessed the means of identification during and in relation to the offense charged in Count One of the Indictment, wire fraud.

That means that, if you find the defendant not guilty of Count One, you must also find him not guilty of Count Two.    You should consider Count Two only if you find that the Government has proved beyond a reasonable doubt that the defendant committed the offense in Count One.

A person uses, transfer, or possesses a means of identification "in relation to" a crime if the means of identification had a purpose, role or effect with respect to the crime.

> Adapted from the charge by the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 39A-53; *see also United States v. Thomas*, 763 F.3d 689, 692-93 (7th Cir. 2014); *United States v. Porter*, 745 F.3d 1035, 1040-43 (10th Cir. 2014); *United States v. Blixt*, 548 F.3d 882, 886-88 (9th Cir. 2008).

## REQUEST NO. 11

### Count Two: Aggravated Identity Theft

### Third Element: Without Lawful Authority

The third element that the Government must prove beyond a reasonable doubt is that the defendant acted without lawful authority.

"Lawful authority" means authorization recognized by statute or regulation. Thus, "without lawful authority" means without authorization recognized by statute or regulation.

To prove the "without lawful authority" element, the Government need not prove that the means of identification were stolen. However, proof that means of identification were stolen would satisfy the "without lawful authority" element.

"Without lawful authority" includes situations in which a defendant comes into lawful possession of identifying information and had the lawful authority to use that information for a lawful purpose, but used the information for an unlawful purpose. "Without lawful authority" also includes situations where the person whose identity was used in furtherance of a crime consented to or gave permission for that use.

> Adapted from the charge by the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (LAK) (S.D.N.Y. 2018) and from 1 *Modern Federal Jury Instructions*, Instr. 39A-54; *see also United States v. Ivanova*, 11 Cr. 614 (VM), 2014 WL 11510255, at *5 (S.D.N.Y. Mar. 19, 2014); *United States v. Chalavoutis*, 18 Cr. 349, 2019 WL 6467722, at *3 (E.D.N.Y. Dec. 2, 2019) ("The case law is well-settled that the key inquiry is whether the defendant used the means of identification of another 'without lawful authority,' and that the consent of the victim has no bearing on that inquiry.").

16

## REQUEST NO. 12

## Willfully Causing a Crime

In addition to charging the defendant with wire fraud and aggravated identity theft, Counts One and Two also charge that the defendant "willfully caused" another person to commit each of those crimes.

Federal law provides that:

> Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.

What does the term "willfully caused" mean?   It does not mean that the defendant need have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.   The meaning of the term "willfully caused" can be found in the answers to the following questions:

Did the defendant intend the crime to occur?

Did the defendant intentionally cause another person or persons to engage in the conduct constituting the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant you are considering is guilty of the crime charged just as if the defendant himself had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person.   Rather, the defendant can be found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

17

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 11-3; *see also United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

## **REQUEST NO. 13**

### **Venue**

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish what is called "venue"—that is, that some act pertaining to the charge occurred in the Southern District of New York.  The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.   The Government does not have to prove that the complete crime was committed within the Southern District of New York or that the defendant was ever in the Southern District of New York.

With respect to Count One, the Government must prove that any of the wire communications, such as a telephone call, email, or text message, you found to satisfy the third element of the offense were transmitted from or to the Southern District of New York, so long as the defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

Venue for Count Two is a little different.  Because Count Two is alleged to have been committed in furtherance of the wire fraud scheme charged in Count One, if you find that the venue has been satisfied for Count One, then venue for Count Two is also satisfied.   To be clear, for venue with respect to Count Two, it does not matter whether the means of identification was transferred, possessed, or used in the Southern District of New York.   If you find that venue in the Southern District of New York is proper for Count One, and you find that the aggravated identity theft charged in Count Two was committed in furtherance of the wire fraud scheme charged in Count One, then venue is satisfied for Count Two even if the means of identification was transferred, possessed, or used outside of the Southern District of New York.

19

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence.   A preponderance of the evidence means that it is more probable than not that the act in furtherance of the crime occurred in this district.   If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the jury instructions of the Honorable Valerie E. Caproni in *United States v. Percoco*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Valerie E. Caproni in *United States v. Kaloyeros*, 16 Cr. 776 (VEC); the jury instructions of the Honorable Denise L. Cote in *United States v. Balkany*, 10 Cr. 441 (DLC); *See United States v. Magassouba*, 619 F.3d 202, 204 (2d Cir. 2010) (holding "that venue is proper in a prosecution under 18 U.S.C. § 1028A in any district where the predicate felony offense was committed, even if the means of identification of another person was not transferred, possessed, or used in that district" and "it does not matter that [the defendant] transferred, possessed, or used [the victim's] name, date of birth, and Social Security number only [in other districts]").

**REQUEST NO. 14**

**Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.   Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.   If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's the motive for the crime or crimes may be, or whether the defendant's motive was shown at all.   The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-18; the jury instructions of the Honorable Deborah A. Batts in *United States v. Gupta*, 07 Cr. 177 (DAB).

**REQUEST NO. 15**

**Conscious Avoidance**

**[*If Applicable*]**

In determining whether a defendant has knowledge of a fact, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious.   As you all know, if a person is actually aware of a fact, then he knows that fact.   But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact.   The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that a defendant had knowledge or acted "knowing" that a certain thing was intended or would occur, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.   One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.   And a person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he deliberately avoided learning explicitly what was obvious anyway, he did not actually know the incriminating fact.

Accordingly, if you find that the defendant was aware of a high probability of a fact, and that defendant acted with deliberate disregard of the facts, you may find that the defendant knew that fact.   However, if you find that the defendant actually believed that the fact was true, then you may not find that he knew that fact.   You must also remember that guilty knowledge may not be established by demonstrating that a defendant was merely negligent, reckless, foolish, or mistaken.

22

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3A-2; the jury instructions of the Honorable Loretta A. Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury instructions of the Honorable Laura Taylor Swain in *United States v. Bonventre*, 10 Cr. 228 (LTS); the jury instructions of the Honorable Richard J. Sullivan in *United States v. Wadman*, 08 Cr. 1295 (RJS); the jury instructions of the Honorable John F. Keenan in *United States v. Rohan Cameron*, 03 Cr. 1457 (JFK).

"A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

23

**REQUEST NO. 16**

**Persons Not on Trial**

If you conclude that other persons may have been involved in criminal acts charged in the

Indictment, you may not draw any inference, favorable or unfavorable, toward either the

Government or the defendant from the fact that those persons are not named as defendants in the

Indictment, or are not present at this trial.   You also may not speculate as to the reasons why other

persons are not defendants in this trial.   Those matters are wholly outside your concern and have

no bearing on your function as jurors at this trial.

> Adapted from the jury instructions of the Honorable Loretta A.
> Preska in *United States v. Tanner*, 17 Cr. 61 (LAP); the jury
> instructions of the Honorable Andrew L. Carter in *United States v.
> Seabrook*, 16 Cr. 467 (ALC); the jury instructions of the Honorable
> Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520
> (KMW); the jury instructions of the Honorable Loretta A. Preska in
> *United States v. Stevenson*, 13 Cr. 161 (LAP); *see also United States
> v. Muse*, 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y.
> July 3, 2017), *aff'd*, 369 F. App'x 242 (2d Cir. 2010).

## REQUEST NO. 17

## Law Enforcement or Government Witnesses

### [*If Applicable*]

You have heard the testimony of law enforcement or other government witnesses.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-16; the jury instructions of the Honorable Kimba M. Wood in *United States v. Juan Cespedes-Pena*, 14 Cr. 520 (KMW).

## REQUEST NO. 18

## Preparation of Witnesses

### [*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.   Such consultation helps conserve your time and the Court's time.   Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the jury instructions and of the Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018) and of the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

26

**REQUEST NO. 19**

**False Exculpatory Statements**

**[***If Applicable***]**

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.   The Government claims that these statements in which the defendant attempted to exculpate himself are false.   If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.   You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-11.

## REQUEST NO. 20

### Similar Acts

**[*If Applicable*]**

There has been evidence received during the trial that the defendant engaged in conduct which was similar in nature to the conduct charged in the Indictment.

Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment.   Accordingly, you may not consider this evidence of the similar act as a substitute for proof that the defendant committed the crimes charged.   Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.   This other-act evidence was admitted for a more limited purpose, namely, as potential evidence of the defendant's motive, opportunity, intent, knowledge, plan, and/or absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant under consideration acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

However, the evidence of similar conduct is to be considered by you only on the issues of motive, opportunity, intent, knowledge, plan, and/or absence of mistake.   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crimes.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-25, 5-26.

## **REQUEST NO. 21**

### **Limited Evidence**

**[*If Applicable*]**

Some of the evidence in this case was introduced for a limited purpose.   Let me emphasize that any evidence admitted solely for a limited purpose may be considered only for that purpose and may not in any respect enter into your deliberations for any other purpose.

> Adapted  from  S3  *Modern  Federal  Jury  Instructions-Criminal*
> § 2.12.

## REQUEST NO. 22

## Particular Investigative Techniques

### [*If Applicable*]

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities.   There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.   While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.   The Government is not on trial and law enforcement techniques are not your concern.

Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 4-4; the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); *see, e.g.*, *United States v. Knox*, 687 F. App'x 51, 54-55 (2d Cir. 2017) (instructing jury that the "government is not on trial" is "appropriate" (internal quotation marks omitted)); *United States v. Saldarriaga*, 204 F.3d 50, 52 (2d Cir. 2000) ("The Court properly charged the jury to base its decision on the evidence or lack of evidence that had been presented at trial, and to focus solely on whether, in light of that evidence or lack of evidence, the jury was convinced beyond a reasonable doubt that the defendant was guilty of the crimes with which he was charged.").

## REQUEST NO. 23

## Use of Audio and Video Recordings and Transcripts

### [*If Applicable*]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.   I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.   I instructed you then, and I remind you now, that the transcripts are not evidence.   The transcripts were provided only as an aid to you in listening to the recordings.   It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

> Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); the jury instructions of the Honorable Paul A. Engelmayer in *United States v. Fernandez*, 13 Cr. 20 (PAE); the jury instructions of the Honorable Pierre N. Leval, *United States v. Mucciante*, 91 Cr. 403 (PNL).

31

## REQUEST NO. 24

## Use of Evidence Obtained Pursuant to Searches and Seizures

### [*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of email and other electronic evidence obtained pursuant to court-approved search warrants.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.  Such searches and seizures were entirely appropriate law enforcement actions.  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the jury instructions of the Honorable Katherine B.
Forrest in *United States v. Levin*, 15 Cr. 101 (KBF).

## REQUEST NO. 25

## Charts and Summaries: Admitted as Evidence

**[*If Applicable*]**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-12.

**REQUEST NO. 26**

**Charts and Summaries: Not Admitted as Evidence**

**[***If Applicable***]**

There have also been summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.   The charts and exhibits act as visual aids for you.   They are not, however, evidence in themselves.   They are graphic demonstrations of underlying evidence.   It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.   To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.   To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-13; the jury instructions of the Honorable Richard J. Sullivan instructions in *United States v. Peirce*, 06 Cr. 1032 (RJS).

## REQUEST NO. 27

## Stipulations of Testimony

**[*If Applicable*]**

In this case you have heard evidence in the form of stipulations of testimony.   A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.   You must accept as true the fact that the witness would have given that testimony.   However, it is for you to determine the effect to be given that testimony.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-7.

**REQUEST NO. 28**

**Stipulations of Fact**

**[***If Applicable***]**

In this case you have also heard evidence in the form of stipulations of fact.   A stipulation of fact is an agreement between the parties that a certain fact is true.   You must regard such agreed-upon facts as true.

Adapted   from   1   *Modern   Federal   Jury   Instructions-Criminal*, Instr. 5-6.

36

**REQUEST NO. 29**

**Redaction of Evidentiary Items**

**[*If Applicable*]**

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document or tape was taken out.   You are to concern yourself only with the part of the item that has been admitted into evidence.   You should not consider any possible reason why the other part of it has been deleted.

> Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

37

**REQUEST NO. 30**

**Variance in Dates and Amounts**

You will note that the Indictment alleges that certain acts occurred on or about various dates or that a certain amount of money was involved.   It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amount of money involved was different.   The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 3-12 and 3-13.

## REQUEST NO. 31

## Character Witnesses

### [*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation.   This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.   That question is for you alone to determine.   You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit.   On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

39

## REQUEST NO. 32

## Uncalled Witnesses – Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.   I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.   Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.   Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 6-7; *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

**REQUEST NO. 33**

**Expert Testimony**

**[*If Applicable*]**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.   A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.   Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.   You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.   Nor should you substitute it for your own reason, judgment and common sense.   The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you may decide to accept all, some, or none of the testimony of any expert witness.

Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 7-21.

41

**REQUEST NO. 34**

**Defendant's Testimony**

[*Requested Only If the Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

> Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).  *See also United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies).

42

## REQUEST NO. 35

## Defendant's Right Not to Testify

### [*If Requested by the Defendant*]

The defendant did not testify in this case.   Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.   That burden remains with the Government throughout the entire trial and never shifts to a defendant.   A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a particular defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 5-21.

43

## REQUEST NO. 36

### Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national-origin, gender, sexual orientation, or age.   Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.   The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from jury instructions of the Honorable Kimba M. Wood
in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

## REQUEST NO. 37

### Punishment Is Not to Be Considered by the Jury

The question of possible punishment of the defendant or the potential consequence of conviction is no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively with me.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.   Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant or the consequences of conviction, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 9-1; *see Shannon v. United States*, 512 U.S. 573, 579 (1994).

## REQUEST NO. 38

### Sympathy: Oath as Jurors

Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence in the case.   You are to determine the guilt or non-guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues joined in this case and render a true verdict.   And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.   It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you don't arrive at a true and just verdict.   Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and the just determination of this case is important to both the defendant and the Government.   Under your oath as jurors, you must decide the case without fear or favor and solely in accordance with the evidence and the law.

If the Government has failed to carry its burden, your sworn duty is to bring in a verdict of not guilty.   If the Government has carried its burden, you must not flinch from your sworn duty, and you must bring in a verdict of guilty.

> Adapted from 1 *Modern Federal Jury Instructions-Criminal*, Instr. 2-12; the jury instructions of the Honorable Irving Kaufman in *United State*s *v. Davis*, Appellant's Appendix at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

### Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict on each count must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree to it.   Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.   Under your oath as jurors, you are not to be swayed by sympathy.   You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.   If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.   Both sides are entitled to a fair trial.   You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.   Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.   In the course of your

47

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.   Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like.   The foreperson will preside over your deliberations, and will be your spokesperson here in court.   That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from the jury instructions of the Honorable Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

\* \* \*

The Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated: New York, New York
       December 9, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    *Robert B. Sobelman*
       _____
       Matthew D. Podolsky
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2616