

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 20, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully moves *in limine* to preclude the proffered expert testimony of Donald Vilfer, noticed by defendant Michael Avenatti.[1]  For the reasons set forth below, and based on the clear factual record, the proposed testimony of this expert is unreliable and irrelevant, and in any case would serve only to unfairly prejudice the Government, confuse the issues, mislead the jury, and waste time.  The proposed testimony should therefore be precluded without a hearing under Federal Rule of Evidence 702.  *Atl. Specialty Ins. v. AE Outfitters Retail Co.*, 970 F. Supp. 2d 278, 285 (S.D.N.Y. 2013) ("an evidentiary hearing is unnecessary when the evidentiary record pertinent to the expert opinions is already well-developed").

**I.     Background**

      As the Court is aware, the Government has alleged, and expects to prove at trial, that the defendant defrauded his client—Victim-1—by stealing a significant portion of Victim-1's advance on a book contract.  The defendant instructed Victim-1's book agent, without authorization and with the use of a fraudulent letter, to send payments not to Victim-1 but instead to a bank account controlled by the defendant.  In furtherance of this scheme, the defendant misled Victim-1 about the status of these book payments, including in WhatsApp messages.  During its investigation, the Government took screenshots of certain of these messages and Victim-1 provided to the Government an export of the WhatsApp conversation between the defendant and Victim-1.  The Government also obtained, pursuant to a court-authorized warrant, the contents of the defendant's iCloud account, which includes thousands of records of WhatsApp calls and text messages between the defendant and Victim-1.

      On May 1, 2021, the defendant moved to preclude the Government from offering at trial the screenshots and export of the WhatsApp communications between the defendant and Victim-1.

---

[1]     The defendant's expert notice is attached as Exhibit A.

December 20, 2021
Page 2

(Dkt. No. 115.)  On September 9, 2021, this Court denied that motion, without prejudice to the defendant lodging "particularized objections to specific exhibits that the Government seeks to introduce at trial." *United States v. Avenatti*, --- F. Supp. 3d ----, No. 19 Cr. 374 (JMF), 2021 WL 4120539, at *3-4 (S.D.N.Y. Sept. 9, 2021).  In particular, the Court observed that "it is well established that, if properly authenticated (for example, by a witness with knowledge, such as a participant), screenshots of text messages and copies of electronic communications are admissible." *Id.* at *4.

## II.     Defendant's Proposed Expert

In an effort to undermine the obvious force of the text messages sent by the defendant to his victim, the defendant proposes the testimony of Vilfer to improperly suggest to the jury, with no basis in fact, nor relevance to any issue at trial, that the Government should have taken some different investigative step with respect to these particular materials and that there is something suspect about them.  Specifically, the defendant intends Vilfer to testify that (1) the "best" way to acquire and preserve data is to use Cellebrite or a similar forensic tool to extract data, and (2) PDF files are not "self-authenticating and/or acceptable as evidence of digital data under prevailing professional standards."  (Ex. A at 1-2.)

## III.    Legal Standard

Expert testimony is admissible pursuant to Federal Rule of Evidence 702 if it is "both relevant and reliable." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 458 (S.D.N.Y. 2007) (quotation marks omitted).  The Court is the "gatekeeper" of such evidence. *See United States v. Rosario*, No. 09 Cr. 415 (VEC), 2014 WL 6076364, at *1 (S.D.N.Y. Nov. 14, 2014).  In that role, the Court "must make several determinations before allowing expert testimony: (1) whether the witness is qualified to be an expert; (2) whether the opinion is based upon reliable data and methodology; and (3) whether the expert's testimony on a particular issue will assist the trier of fact." *Tiffany*, 576 F. Supp. 2d at 458 (citing *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005)).

Furthermore, even if all these requirements are met, the Court may nonetheless exclude the expert testimony under Federal Rule of Evidence 403 if its prejudicial effect substantially outweighs its relevance. *United States v. Mulder*, 273 F.3d 91, 101 (2d Cir. 2001).  "Indeed, the Supreme Court, echoed by members of our own court, has noted the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Nimely*, 414 F.3d at 397.

Expert testimony is relevant when it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).  Although "Rule 702 embodies a liberal standard of admissibility for expert opinions," *Nimely*, 414 F.3d at 395-96, such testimony "should be limited to situations in which the subject matter is beyond the ken of the average juror," *United States v. Lombardozzi*, No. 02 Cr. 273 (PKL), 2003 WL 1907965, at *2 (S.D.N.Y. Apr. 17, 2003).  Accordingly, expert testimony is not proper with respect to "matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro-North Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989).

      The reliability inquiry is flexible and "must be tied to the facts of a particular case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). The Second Circuit has emphasized that "it is critical that an expert's analysis be reliable at every step." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002). "In deciding whether a step in an expert's analysis is unreliable, the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.*; *see also id.* at 265 ("[T]he district court should consider the indicia of reliability identified in Rule 702, namely, (1) that the testimony is grounded on sufficient facts or data; (2) that the testimony 'is the product of reliable principles and methods'; and (3) that 'the witness has applied the principles and methods reliably to the facts of the case.'" (quoting Fed. R. Evid. 702)). Minor flaws with an otherwise reliable expert opinion will not bar admission of that evidence; however, the Court should exclude the expert evidence "if the flaw is large enough that the expert lacks 'good grounds' for his or her conclusions." *Id.* at 267 (quotation marks omitted).

      At the motion *in limine* stage, the Court should make a preliminary determination under Federal Rule of Evidence 104(a) as to the admissibility of the defendants' proffered expert testimony. *United States v. Nektalov*, No. 03 Cr. 828 (PKL), 2004 WL 1469487, at *1 (S.D.N.Y. June 30, 2004). The proponent has "'the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.'" *Id.* (quoting Fed. R. Evid. 702 advisory comm. note). The Court may, in its broad discretion, order a factual hearing pursuant to Rule 104 to determine whether expert testimony is reliable under *Daubert v. Merrell Dow Pharma.*, 509 U.S. 579 (1993). However, "[t]he law requires only that the parties have an opportunity to be heard before the district court makes its decision, and an evidentiary hearing is unnecessary when the evidentiary record pertinent to the expert opinions is already well-developed." *Atl. Specialty Ins.*, 970 F. Supp. 2d at 285 (internal citations and quotation marks omitted).

**IV.** **Discussion**

      The defendant seeks to introduce at trial "expert" testimony that (1) the "best" way to acquire and preserve data is to use Cellebrite or a similar forensic tool to extract data, and (2) PDF files are not "self-authenticating and/or acceptable as evidence of digital data under prevailing professional standards." (Ex. A at 1-2.) Even assuming, *arguendo*, that the Government does offer at trial the screenshots and export of WhatsApp conversations obtained from Victim-1's phone (and not the same material extracted from the defendant's own iCloud account), this testimony would still be unreliable and irrelevant. Moreover, to the extent such testimony did have any plausible relevance to a fact in issue, its probative value would be far outweighed by risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

      With respect to the proposed testimony regarding the "best" way to deal with electronic data, the testimony will not assist the trier of fact in determining any fact or otherwise understanding any relevant issue at trial. *See* Fed. R. Evid. 702(a). The jury will not be called upon to evaluate or offer its opinion on the Government's selection of investigative tools, and whether data from a phone may be extracted using Cellebrite or the like has no relevance to any fact at issue. *See United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) ("The jury correctly was instructed that the government has no duty to employ in the course of a single investigation

December 20, 2021
Page 4

all of the many weapons at its disposal, and that the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged.").

Nor would this opinion testimony be reliable.  The defendant's expert, who of course had no involvement in the Government's investigation, is prepared to testify regarding the "best" way to gather particular evidence based on his general claim that the software program Cellebrite is most commonly used to acquire digital evidence.  (Ex. A at 1 & Vilfer Decl. ¶ 3.)  Vilfer is wholly unqualified to offer an opinion as to the "best" manner of gathering evidence in this case, nor is it reliable or useful to a juror to opine that there exists a program that might be used to extract digital data from a seized device and that therefore in the course of any investigation it is "best" to use such a program in all circumstances.

Even if this testimony were relevant or reliable, however, it would be properly excluded under Rule 403.  In particular, this testimony would confuse the issues, mislead the jury, and above all, waste time.  Were the defendant permitted to call an expert to testify that the Government should have used a particular technique, the Government would be forced to provide testimony and other exhibits to explain to the jury, among other things, how investigations proceed, the use and practice of subpoenas and voluntary requests, when and how the Government executes search warrants for digital evidence, and the Government's customs and practices regarding the obtaining of evidence from witnesses and victims, and would similarly have to elicit testimony regarding the many investigative techniques used in this case, including, for example, obtaining a forensic copy of the defendant's iCloud through a search warrant.  In short, this testimony would turn the trial into precisely what it is not and should not be—a review of the Government's chosen investigative techniques rather than an evaluation of whether the defendant's conduct satisfies the elements of the crimes charged.

Similarly, the defendant's proposed testimony that PDF files are not "self-authenticating and/or acceptable as evidence of digital data under prevailing professional standards" (Ex. A at 2) would constitute a wholly improper effort to invade the province of the Court.  This Court has already held, consistent with well-established law, that "if properly authenticated (for example, by a witness with knowledge, such as a participant), screenshots of text messages and copies of electronic communications are admissible."  *Avenatti*, 2021 WL 4120539, at *4.  The defendant nonetheless wishes to call an expert to tell the jury that such materials, even if admitted by the Court, are nonetheless inauthentic.  (Ex. A at 2; *see also id.* at Vilfer Decl. ¶ 6 ("I regularly instruct attorneys in the Continuing Legal Instruction classes I teach that paper evidence of electronic files is insufficient and generally not accepted by courts.").)

Moreover, the defendant's intention appears to be to mislead the jury by hinting that there might be something missing or not genuine about the WhatsApp materials by speaking generally about PDF files, while knowing that many—if not all—of the same messages can be located on the defendant's own iCloud account.  Indeed, it appears that Vilfer is prepared to testify that it is possible to create "fake" PDF or text files, but not that there is any actual evidence of that being done here.  The closest Vilfer comes to such a claim is the bizarre, unsupported, and unreliable assertion that "[m]y review of the printout from Victim-1's attorney also revealed it is clearly incomplete and does not include all of the content of conversations between Mr. Avenatti and

December 20, 2021
Page 5

[Victim-1]." The risk of unfair prejudice and confusion is palpable, and the testimony should be precluded under Rule 403 as well.

## V. Conclusion

For the foregoing reasons, the Government the Court should preclude the proffered expert testimony of Vilfer based on the record. *Atl. Specialty Ins.*, 970 F. Supp. 2d at 285.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Matthew D. Podolsky
Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2616

cc:   Robert M. Baum, Esq. (by ECF)
Andrew J. Dalack, Esq. (by ECF)
Tamara L. Giwa, Esq. (by ECF)