UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                         :
  UNITED STATES OF AMERICA                               :
                                                         :
        - v. -                                           :     19 Cr. 374 (JMF)
                                                         :
  MICHAEL AVENATTI,                                      :
                                                         :
              Defendant.                                 :
                                                         :
------------------------------------------------------- x

# THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTIONS *IN LIMINE*

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys

- Of Counsel -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  The Court Should Deny the Defendant's Motion for "Specification of Government's Evidence" ............................................................................................................................. 2

    A.  Applicable Law ..................................................................................................... 2

    B.  Discussion .............................................................................................................. 4

II.  The Court Should Deny the Defendant's Motion for "Preclusion of [the Defendant's] Statements, Generally" ........................................................................................................ 5

III. The Court Should Deny the Defendant's Motion for "Preclusion of Third-Party Statements, Generally" ........................................................................................................ 8

IV. The Court Should Deny the Defendant's Motion for "Prompt Disclosure" of So-Called "*Brady* Materials" ............................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**

*Brady v. Maryland*, 373 U.S. 83 (1963) .................................................................................. 8

*Elliot v. Cartagena*, No. 19 Civ. 1998 (NRB), 2020 WL 4432450 (S.D.N.Y. July 31, 2020) ....... 8

*United States v. Avenatti*, No. 19 Cr. 373 (JMF), 2021 WL 4120539 (S.D.N.Y. Sept. 9, 2021)

......................................................................................................................... passim

*United States v. Chang An-Lo*, 851 F.2d 547 (2d Cir. 1998).......................................................... 8

*United States v. Conyers*, No. S13 15 Cr. 537 (VEC), 2016 WL 7189850 (S.D.N.Y. Dec. 9,

2016) ................................................................................................................... 3, 4, 5

*United States v. Ferguson*, 478 F. Supp. 2d 220 (D. Conn. 2007) ................................................ 3

*United States v. Freeman*, No. 18 Cr. 217 (KMW), 2019 WL 2590747 (S.D.N.Y. June 25, 2019)

............................................................................................................................... 3

*United States v. Gagliardi*, 506 F.3d 140 (2d Cir. 2007).................................................................. 7

*United States v. Jacobs*, 650 F. Supp. 2d 160 (D. Conn. 2009)....................................................... 5

*United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) .................................................. 2

*United States v. Prince*, 618 F.3d 551 (6th Cir. 2010)..................................................................... 2

*United States v. Russo*, 483 F. Supp. 2d 301 (S.D.N.Y. 2007)....................................................... 2

**RULES**

Fed. R. Crim. P. 12 ...................................................................................................... 3, 6

Fed. R. Evid. 1002 ........................................................................................................... 7

Fed. R. Evid. 1003 ........................................................................................................... 7

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to the defendant's motions *in limine* filed on December 9, 2021. (Dkt. No. 177 ("Mot.").) None of the defendant's motions find any support in the law and together largely represent an improper effort to side-step the disclosure schedule agreed to by the parties and adopted by the Court. For these reasons, the defendant's motions should be denied.

**BACKGROUND**

On September 14, 2021, the parties submitted a proposed scheduling order that contained a "jointly agreed upon schedule for mutual pretrial disclosures, to correspond to the [then-operative] January 10, 2022 trial date." (Dkt. No. 149.) On November 2, 2021, the Court adopted the parties' jointly agreed upon schedule for mutual pretrial disclosures, adjusted for the then-operative trial date of February 2, 2022. (Dkt. No. 156.) On November 10, 2021, the Court set the current trial date of January 24, 2022, and adjusted the mutual pretrial disclosure deadlines accordingly. (Dkt. No. 160 (the "Amended Scheduling Order").)

The Amended Scheduling Order explains that "[t]he parties previously agreed to a schedule with respect to the exchange of certain material and information prior to and during trial, which the Court adopts—modified to reflect the short adjournment of trial[,] at the request of the parties." (*Id*. at 2.) The Order sets forth, among other things, the following deadlines relevant to the defendant's motions *in limine*:

| | |
|---|---|
| **Wednesday, January 12, 2022:** | The Government provides to the Defendant material covered by 18 U.S.C. § 3500 and *Giglio v. United States*, 405 U.S. 150 (1972). |
| **Thursday, January 13, 2022:** | The Government provides to the Defendant a list of exhibits that the Government reasonably expects to seek to introduce during its case-in-chief. |

1

(*Id*. at 3; *see also id*. (setting forth deadlines for the defendant's exhibit list and his production to the Government of material covered by Rule 26.2 of the Federal Rules of Criminal Procedure).)

## ARGUMENT

**I.     The Court Should Deny the Defendant's Motion for "Specification of Government's Evidence"**

The defendant moves for an order directing "the government to promptly specify . . . the particular material that the government intends to introduce at trial" pursuant to Rules 12(b)(4)(B) and 16 of the Federal Rules of Criminal Procedure.  (Mot. 2-3.)  This motion should be denied.

**A.     Applicable Law**

**1.     Rule 16**

The Federal Rules of Criminal Procedure neither require the Government to identify the documents it intends to use in its case-in-chief, nor do they bestow authority on courts to order such identification.  *See, e.g.*, *United States v. Prince*, 618 F.3d 551, 562 (6th Cir. 2010) ("Rule 16 does not entitle a defendant to pretrial disclosure of the government's exhibit list."); *United States v. Nachamie*, 91 F. Supp. 2d 565, 569-70 (S.D.N.Y. 2000) ("[A] court has no license to rewrite the Federal Rules of Criminal Procedure. . . .  In the absence of any controlling authority interpreting the Rule as requiring this action, I cannot direct the Government, at this time, to identify the documents it intends to offer in its case-in-chief.").  Nonetheless, several courts have imposed such a requirement—or, more commonly, a schedule for pretrial exhibit list disclosure—based on their inherent authority to "facilitat[e] an orderly trial." *United States v. Russo*, 483 F. Supp. 2d 301, 309 (S.D.N.Y. 2007).  When courts in this Circuit exercise their inherent authority to order the early disclosure of exhibits to facilitate an orderly trial, the overwhelming practice has been to do so several days or, at most, several weeks in advance of trial, for the most complex and document-intensive cases.  *See United States v. Ferguson*, 478 F. Supp. 2d 220, 243-44 (D. Conn. 2007)

2

(Droney, J.) (even where courts have ordered pretrial disclosure of documents government intends to rely on, "a majority of those courts only ordered the government to disclose its case in chief documents a given period of time before trial" (collecting cases)).  This practice holds in complex and document-intensive cases.  *See, e.g.*, *United States v. Freeman*, No. 18 Cr. 217 (KMW), 2019 WL 2590747, at *4 (S.D.N.Y. June 25, 2019) (in four-defendant case where "complex nature" and "large volume of documents produced by the government" justified early exhibit lists, ordering preliminary exhibit lists 30 days before trial, and rejecting defense request for 90-day disclosure as "unwarranted").

### 2. Rule 12(b)(4)(B)

Rule 12(b)(4)(B) provides that a defendant may:

> [I]n order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b).  "Rule 12(b)(4)(B) is a procedural device intended to facilitate efficient pre-trial motion practice." *United States v. Conyers*, No. S13 15 Cr. 537 (VEC), 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016).  "It is not intended to expand the Government's discovery obligations under Rule 16." *Id*.  "[I]n order to adhere to Rule 12(b)(4)(B) without also unfairly expanding the Government's discovery obligations, courts have interpreted it to require the defense to identify *specific* discoverable material which it believes may be subject to a future suppression motion." *Id*.  "This approach furthers the underlying purpose of Rule 12(b)(4)(B) of avoiding unnecessary motion practice without forcing the Government to reveal its trial strategy in advance." *Id*.

3

**B.    Discussion**

The defendant moves, with reference to Rules 12(b)(4) and 16 and of the Federal Rules of Criminal Procedure, for an order directing the Government to provide an informal exhibit list ("short of a formal exhibit list") several weeks in advance of the January 13, 2022 deadline for the disclosure of the Government's exhibit list, a deadline which was agreed to by the parties and approved by the Court. (Mot. 2 & n.2; *see also* Dkt. No. 160 at 2-3.) Neither rule provides a basis for this request.

First, the defendant offers no reason for the Court to exercise its "inherent authority to regulate discovery under Fed. R. Crim. P. 16" (Mot. 2) to require early production of an exhibit list, informal or otherwise. The facts at issue in this case are straightforward and set out in a detailed Indictment. (*See* Dkt. No. 1.) The discovery materials in this case are not voluminous in comparison to the white-collar cases that are routinely tried in this District, and the defendant has had more than two-and-a-half years to review substantially all of the discovery materials in this case and prepare his defense. And, of course, this Court has already exercised its "inherent authority" by approving the parties' reasonable, jointly proposed schedule for the specification of the Government's evidence at trial. (*See* Dkt. No. 160 at 2-3.) The defendant has provided no basis for revisiting his prior agreement as to the amount of time before trial he should receive an exhibit list, and his attempt to circumvent that agreement should be rejected.[1]

Second, Rule 12(b)(4) provides no authority for the type of relief the defendant seeks. "Rule 12(b)(4)(B) is a procedural device intended to facilitate efficient pre-trial motion practice," has no relevance whatsoever to the production of an exhibit list or trial preparation, and does not

---

[1]    The Government notes that the parties agreed to and abided by a similar mutual pretrial disclosure schedule in advance of the trial in *United States v. Avenatti*, S1 19 Cr. 373 (PGG). (*See* Dkt. No. 68, 19 Cr. 373 (describing joint agreement regarding, among other things, the production of the Government's exhibit list 11 days before trial).)

4

offer a tool to the defense to obtain a preview of the Government's trial strategy or to narrow through early disclosure the evidence the Government might offer at trial. *Conyers*, 2016 WL 7189850, at *10. Indeed, as the rule itself—as well as the multiple out-of-district cases relied upon by the defendant (Mot. 4-5)—makes clear, the rule is limited to preparation for suppression motions and its purpose is to identify potentially unnecessary motions to suppress where the Government does not intend to use potentially suppressible material. *See, e.g.*, *United States v. Jacobs*, 650 F. Supp. 2d 160, 171-72 (D. Conn. 2009) (requiring the government to notify the defense if it intended not to use particular pieces of evidence at trial, or upon the government's election, to provide an estimate of what evidence it did intend to use at trial, subject to change). In any case, even if the rule had any applicability here (which it does not), to the extent that Rule 12(b)(4) authorizes a defendant to "request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence," Fed. R. Crim. P. 12(b)(4)(B), the defense did so, the parties agreed that the date of that notice would be January 13, 2022, and the Court endorsed that agreement. (*See* Dkt. No. 160 at 2-3.) Rule 12(b)(4) offers no path around the parties' agreement and the Court's order.[2]

## II. The Court Should Deny the Defendant's Motion for "Preclusion of [the Defendant's] Statements, Generally"

The defendant "renews [his] challenge" to the admissibility of "screenshots" and a "text-only printout" of WhatsApp messages between Victim-1 and the defendant. (Mot. 6.) This Court has already rejected the arguments advanced by the defendant and he offers nothing that might

---

[2] To the extent the defendant's motion may be construed as a belated pretrial motion, this Court would be on "firm ground" denying the "motion as untimely given that he did not seek, let alone obtain, leave of Court to bring another set of motions and there is no reason he could not have made his present arguments earlier." *United States v. Avenatti*, No. 19 Cr. 373 (JMF), 2021 WL 4120539, at *1 (S.D.N.Y. Sept. 9, 2021). This is especially so for a motion brought pursuant to a rule that requires the motion to be made "[a]t the arraignment or as soon as afterward as practicable." Fed. R. Crim. P. 12(b)(4)(B).

5

warrant reconsideration of the Court's prior ruling. *See United States v. Avenatti*, No. 19 Cr. 373 (JMF), 2021 WL 4120539, at *4 (S.D.N.Y. Sept. 9, 2021). In addition, the defendant makes a blanket "general objection" to the admission of any "written or recorded statements" of the defendant. (Mot. 5.) This motion should be denied, "without prejudice to particularized objections to specific exhibits that the Government seeks to introduce at trial." *Avenatti*, 2021 WL 4120539, at *4.

First, the defendant argues that the WhatsApp messages are not an "authenticable version" of the WhatsApp messages. (Mot. 6.) He is wrong. "[I]t is well established that, if properly authenticated (for example, by a witness with knowledge, such as a participant), screenshots of text message and copies of electronic communications are admissible." *Avenatti*, 2021 WL 4120539, at *4. "That is true, as the Second Circuit has held, even if the messages were 'cut from . . . electronic communications and then pasted into word processing files' and thus, in theory, 'could have been subject to editing by the government' or 'even . . . completely fabricated.'" *Id*. (quoting *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007)).

Second, the defendant argues that admission of the WhatsApp messages would somehow "violate" Rule 106 of the Federal Rules of Evidence. (Mot. 7.) This argument is baseless. "[B]y its terms, Rule 106 of the Federal Rules of Evidence, which codifies the 'rule of completeness,' is a rule of *admissibility*. It provides that a court should *permit* the introduction of certain writings or statements 'that in fairness ought to be considered' when other writings or statements are offered; it does not call for *exclusion* of the writings or statements that are offered in the first instance." *Avenatti*, 2021 WL 4120539, at *4 (emphases in original).

Third, the defendant suggests that Rule 1002 of the Federal Rules of Evidence somehow requires exclusion of the WhatsApp messages if they are in "PDF" format. (Mot. 7-8.) The

6

defendant is incorrect. He selectively quotes only part of Rule 1002, ignoring the clause that an "original" is not required if "these rules . . . provides otherwise." Fed. R. Evid. 1002. Of course, Rule 1003 of the Federal Rules of Evidence permits admission of a "duplicate . . . unless a genuine question is raised about the original's authenticity." Fed. R. Evid. 1003. Here, there is no such question. As the defendant has been aware at least since receiving a copy of his own iCloud account in discovery more than two years ago, it contains thousands of WhatsApp messages between himself and Victim-1. To date, he has not pointed to any differences between the version contained in his iCloud account and those produced by Victim-1, nor has he identified any purportedly "manipulated" message. (*See* Mot. 7; *see also* Gov't Mot. to Preclude Expert Testimony at 4-5 (Dkt. No. 184).) For that reason, Rules 1002 and 1003 permit the admission of screenshots and/or a text-only printout of the WhatsApp messages. *See United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1998) ("[S]imply speculat[ing] that there is no assurance that the proffered document is actually a duplicate of the original" does not raise a genuine question under Rule 1003); *Elliot v. Cartagena*, No. 19 Civ. 1998 (NRB), 2020 WL 4432450, at *3 (S.D.N.Y. July 31, 2020) ("mere speculation" that a document "might not be an authentic duplicate . . . is insufficient to raise a genuine question about authenticity under Rule 1003"). Accordingly, the Court should adhere to its prior conclusion that the defendant's "arguments about authentication and completeness" "fail on the merits." *Avenatti*, 2021 WL 4120539, at *4.[3]

In addition to repeating arguments regarding the WhatsApp messages that already have been rejected by this Court, the defendant asserts a vague "general objection" to the admission of

---

[3]    The defendant also argues that the process by which the Government obtained the WhatsApp messages from Victim-1 is "incompatible" with the Government's obligations under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Mot. 7.) This Court previously rejected this argument and the defendant offers no basis for reconsideration of the prior ruling. *See Avenatti*, 2021 WL 4120539, at *3.

7

any "written or recorded statements" of the defendant "on grounds of relevance and prejudice." (Mot. 5.) To the extent the defendant's motion might be construed as a request to compel the Government to identify any statements of the defendant it intends to offer at trial, it is another improper attempt to circumvent the Amended Scheduling Order's deadline for production of exhibits. (*See* Dkt. No. 160 at 3.) In any event, the Government has produced in discovery to the defendant any "written or recorded statements" by him pursuant to Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure. As at any trial, the defendant will be provided the opportunity to lodge appropriate objections to particular exhibits offered by the Government, and indeed may well bring such objections to the Court's attention after receiving the Government's exhibit list. The defendant's motion should therefore be denied, "without prejudice to particularized objections to specific exhibits that the Government seeks to introduce at trial." *Avenatti*, 2021 WL 4120539, at *4.

### III.  The Court Should Deny the Defendant's Motion for "Preclusion of Third-Party Statements, Generally"

The defendant moves to preclude "all" statements by any "third-party" that the Government intends to introduce at trial "on grounds of relevance and prejudice." (Mot. 8.) Again, the defendant's argument is a thinly veiled attempt to obtain an exhibit list ahead of the previously agreed-upon and Court-approved schedule. (*See* Dkt. No. 160 at 2-3.) Moreover, the defendant's argument makes little sense—evidence hardly becomes irrelevant or unfairly prejudicial as defined by Rules 401 and 403 merely by virtue of not yet being identified, a month before trial, as a potential exhibit. The defendant's motion should be denied, "without prejudice to particularized objections to specific exhibits that the Government seeks to introduce at trial." *Avenatti*, 2021 WL 4120539, at *4.

**IV.     The Court Should Deny the Defendant's Motion for "Prompt Disclosure" of So-Called "*Brady* Materials"**

The defendant moves for the disclosure of what the defendant characterizes as *Brady* material related to Victim-1. This is another recycled argument that the Court has previously rejected, *see Avenatti*, 2021 WL 4120539, at *6, and is an improper attempt to circumvent the Amended Scheduling Order's deadline for production of *Giglio* material.

As an initial matter, the Government takes seriously its disclosure obligations, including those arising under Rule 16, *Brady* and its progeny, and *Giglio* and its progeny, and has complied and will continue to comply fully with those obligations. The Government intends to do so irrespective of whether the defendant specifically requests such material, or how he characterizes that material. The defendant's motion should be denied on this basis alone. *See id*. ("To the extent that he seeks evidence pursuant to *Brady*, *Giglio*, and their progeny, the request is denied on the basis of the Government's good faith representation that it has complied with its obligations and will continue to do so.").

Pursuant to the Amended Scheduling Order, the defendant will receive any *Giglio* material relating to Victim-1 twelve days before trial, on January 12, 2022. (Dkt. No. 160 at 3.) The defendant has provided no basis to revisit the stipulated and Court-approved pretrial disclosure schedule, and there is none. *See Avenatti*, 2021 WL 4120539, at *6 (holding that the Government's "commitment to produce all § 3500 [and *Giglio*] material one week before trial" "is more than adequate under the law"). Moreover, certain of the categories of evidence articulated by the defendant go far beyond any plausible theory of discoverability under *Brady* or *Giglio*. For example, the defendant seeks "[t]he identity of any person with whom [Victim-1] may have spoken about the allegations and/or the book deal." (Mot. 9.) The defendant offers no explanation for how the identity of an individual whom Victim-1 might have told she was writing a book would

9

be exculpatory or undermine Victim-1's credibility, and in any event such information, to the extent it exists, is either contained in the discovery materials already produced to the defendant or will be produced consistent with the Court-approved deadline for *Giglio* and § 3500 material. Accordingly, the defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motions *in limine* should be denied.

Dated: New York, New York
December 23, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Robert B. Sobelman*
Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2616