

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 30, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

The Government[1] respectfully submits this letter in opposition to the defendant's letter motion dated December 23, 2021 (Dkt. No. 190 ("Mot.")), in which he requests "a 120-day adjournment" of the trial presently scheduled for January 24, 2022.  For following reasons, the defendant's motion should be denied.

I.     **The Service of an "If, As, and When" Subpoena Does Not Warrant an Adjournment**

On December 14, 2021, more than a month prior to the commencement of trial, the Government served a routine "if, as, and when" subpoena on the defendant, calling for the production of certain categories of documents should the defendant elect to testify.  The defendant does not assert any objection to the nature or scope of the subpoena's requests or regarding the timing of the service of the subpoena.  However, to the extent that the defendant believes that any of the requests in the subpoena are unduly burdensome, the Government is willing to work with the defendant to assure that the relevant and responsive materials, that are in the defendant's possession, custody, or control, can be provided in an efficient and timely manner.[2]  Accordingly, there is no basis for an adjournment.

The balance of the defendant's argument is an attempt, without legal or factual foundation, to import into this case a discovery issue that arose in the context of a separate prosecution, on

---

[1]     For purposes of clarity in light of the issues addressed below, "the Government" has its common meaning throughout this letter, that is, the United States Attorney's Office for the Southern District of New York.

[2]     To that end, on December 14, 2021, the Government wrote to the defendant that it, "[i]f it would potentially avoid unnecessary litigation, [the Government] would be glad to confer in advance of any motion practice" regarding the subpoena.

Honorable Jesse M. Furman
United States District Judge
December 30, 2021
Page 2

separate charges, in a separate district, under the direction of a separate prosecution team.  (*See* Mot. 2-7.)  Although the defendant's motion was carefully drafted to give the misleading appearance that the Government here had some role with respect to servers apparently seized in California by the United States Attorney's Office for the Central District of California ("USAO-CDCA"), the "Government" referenced on pages 2 through 6 of the defendant's motion is not the Government here at all.  In fact, the only sentences in the defendant's factual recitation that actually concern any prosecution in the Southern District of New York consist of the observations that, "[o]n the morning of March 25, 2019, [the defendant] was arrested pursuant to a criminal complaint filed in the Central District of California, 19-cr-61 (JVS) (C.D. Ca.), and a *separate* criminal complaint out of this district, 19-cr-373 (PGG) (S.D.N.Y.)" (Mot. 2 (emphasis added)), and that "[o]n May 22, 2019, the Indictment in this case was filed" (*id.* at 3).[3]

The facts and circumstances relevant to the defendant's claims here are as follows:

- On March 25, 2019, the defendant was arrested pursuant to a criminal complaint arising out of the extortion and honest services fraud scheme for which he was ultimately convicted at trial (No. 19 Cr. 373 (PGG)) (the "Extortion Case").

- On June 18, 2019, at a status conference in the Extortion Case, the defendant's attorney in that case noted that he had asked the Government for a copy of the servers of the defendant's former law firm, which he believed to be in the possession of the USAO-CDCA, and that the Government here had responded that the servers were not in its possession.  (No. 19 Cr. 373, Dkt. No. 25 at 7.)  The Government further explained to the court that the Government did not have the servers in its possession and had never reviewed their contents.  (*Id.* at 9.)

- Following the June 18, 2019 conference in the Extortion Case, the defendant's attorneys made no further request of the Government here for any contents of the servers.  Nor has the defendant ever made a motion in the Extortion Case or this case arguing that the servers

---

[3]      The paragraph referencing the Indictment in this case is particularly confusing because it goes on to discuss correspondence between Mr. Steward and "the Government," as if the prosecution team here and the defendant's attorney were in dialogue at that time.  (Mot. 3.)  In fact, and perhaps not surprisingly, the correspondence referenced in that and the surrounding paragraphs was between Mr. Steward and prosecutors with the USAO-CDCA, and the Government here was not aware of these letters until directed to the docket for the defendant's appeal in the Ninth Circuit by the citations contained in his present motion.

The defendant also references—without any form of attribution or detail regarding the participants or mode of communications—an exchange on September 13, 2019, and September 20, 2019, regarding a request for material from the servers relating to Victim-1 in this case.  The Government has no record of any such request or response, and assumes, to the extent such exchange occurred, it was with the USAO-CDCA, which was not involved in the investigation or prosecution of this case.

Honorable Jesse M. Furman
United States District Judge
December 30, 2021
Page 3

are in the possession of the Government and must be produced pursuant to Rule 16.[4] *See*
Fed. R. Crim. P. 12(b)(3)(E); *United States v. Klump*, 536 F.3d 113, 120 (2d Cir. 2008);
*United States v. Yousef*, 327 F.3d 56, 124-25 (2d Cir. 2003).

- The Government does not have these servers in its possession and has never reviewed their contents.[5]

- According to the defendant's motion, he received a copy of the servers on September 16, 2021.  (Mot. 7.)

- On December 24, 2021, after multiple rounds of discussions regarding trial scheduling and admonishments that once a trial calendar was set it would be final, the defendant moved for a 120-day adjournment of this trial.  (Mot. 1.)

In short, the defendant seeks a four-month adjournment for time to review servers that he
has had in his possession since September 16, 2021, but were not produced in discovery in this
case and have never been in the possession of or reviewed by the Government, that he has not
sought from the Government, and that he speculates might have material responsive to a
Government "if, as, and when" subpoena.  As noted above, the Government is willing to work

---

[4]      On October 13, 2021, the defendant sent a letter to the Government referencing certain
expert materials apparently generated during the course of the USAO-CDCA's separate
investigation and prosecution and requesting that the Government obtain and produce "information
about Eagan Avenatti, LLP's finances that is in the possession of the C.D. Ca. prosecutors and/or
the C.D. Ca. privilege review team." Although it is not clear whether this language was intended
to encompass content on the servers of the defendant's former law firm, the Government responded
by letter on November 14, 2021, stating, among other things, that the "USAO-CDCA conducted a
separate investigation into separate conduct, and is not part of the prosecution team for discovery,
*Brady*, or *Giglio* purposes in this case," and that the defendant, based on his own representations,
appeared to have in his possession the materials he sought in any case.  The defendant did not
disagree or seek any form of relief from the Court.

        Indeed, as discussed further in the Government's reply to the defendant's opposition to the
Government's motions *in limine*, also filed today, the prosecution team in this case and the USAO-
CDCA team prosecuting the defendant on separate charges for separate conduct in the United
States District Court for the Central District of California are not members of the same prosecution
team.  Notably, the defendant has never raised such a claim in this case and only did so in the
Extortion Case after conviction.

[5]      The Government has issued a subpoena to the Trustee for Eagan Avenatti LLP seeking
certain data related to Victim-1, if any exists, that may have been in two databases that the
Government understands were maintained on the servers.  To the extent the Government receives
any materials in response to its subpoena, it will promptly provide a copy of those materials to the
defendant (though they appear already to be in his possession).

Honorable Jesse M. Furman
United States District Judge
December 30, 2021
Page 4

with the defendant should production of responsive materials that he has not identified on these servers (should any exist) be unduly burdensome.  There is no basis to adjourn trial.

## II.      The Current Pandemic Conditions Do Not Necessitate an Adjournment

The Southern District of New York has successfully conducted dozens of trials since the beginning of the pandemic and has put in place robust protocols to safeguard the health and safety of all participants in the trial, including counsel for the parties and the jurors.  Unless the Court determines that no jury trials will be held in this District during the relevant time period, this trial should proceed as scheduled.

In addition to generalized conjecture about the Court's ability to safely conduct the trial, the defendant argues, without any citation to legal authority, that proceeding with trial as scheduled would result in a jury venire that is not "drawn from a fair cross section of the community" because, he speculates, certain populations of potential jurors, such as "communities of color, are more likely to opt out of jury service or ignore the summons altogether out of fear of contracting the virus." (Mot. 8.)  Over the past year, substantially similar claims have been repeatedly rejected in this District.  *See, e.g.*, *United States v. Adelekan*, No. 19 Cr. 291 (LAP), 2021 WL 4839065, at *5-7 (S.D.N.Y. Oct. 15, 2021); *United States v. Chandler*, No. 19 Cr. 867 (PAC) (S.D.N.Y. May 5, 2021), ECF No. 65; *United States v. Nieves*, No. 19 Cr. 354 (JSR) (S.D.N.Y. Apr. 14, 2021), ECF No. 103 at 10; *United States v. Jarrett*, No. 19 Cr. 670 (LGS) (S.D.N.Y. Apr. 12, 2021), ECF No. 104 at 3-9; *United States v. Tagliaferro*, No. 19 Cr. 472 (PAC), 2021 WL 1172502, at *5 (S.D.N.Y. Mar. 29, 2021).[6]  The defendant fails to acknowledge or address these decisions, and there is no basis in this case to distinguish or otherwise depart from the uniform conclusion reached therein.

The defendant also argues that conducting the trial as scheduled would somehow violate his right to "trial by an impartial jury and to be free of coercive verdicts." (Mot. 8.)  The defendant's argument is based principally on his own speculation that it could be "hard" for jurors to "devote their full attention to the testimony and evidence while they worry about their safety and that of loved ones," that "they will likely return a quick verdict to terminate the proceedings," and that jurors might "blame" the defendant for the trial being held. (*Id.*)  Such speculation is

---

[6]      Similar claims in the grand jury context also have been consistently rejected in this District.  *See, e.g.*, *United States v. Lucas*, No. 21 Cr. 382 (SHS), 2021 WL 4925715, at *1-6 (S.D.N.Y. Oct. 21, 2021); *United States v. Rodriguez*, No. 20 Cr. 301 (PKC), 2021 WL 4226046, at *3-5 (S.D.N.Y. Sept. 16, 2021); *United States v. Neilly*, No. 21 Cr. 94 (VEC), 2021 WL 3913559, at *2-6 (S.D.N.Y. Sept. 1, 2021); *United States v. Irizarry*, No. 21 Cr. 60 (MKV), 2021 WL 3855869, at *3-7 (S.D.N.Y. Aug. 27, 2021); *United States v. Lawrence*, --- F. Supp. 3d ----, No. 21 Cr. 127 (PGG), 2021 WL 3500838, at *4-14 (S.D.N.Y. Aug. 9, 2021); *United States v. Suquilanda*, No. 21 Cr. 263 (VM), 2021 WL 3500868, at *3-5 (S.D.N.Y. Aug. 9, 2021); *United States v. Middlebrooks*, No. 21 Cr. 89 (RMB), 2021 WL 2402162, at *2-4 (S.D.N.Y. June 10, 2021); *United States v. Schulte*, No. S3 17 Cr. 548 (PAC), 2021 WL 1146094, at *4-10 (S.D.N.Y. Mar. 24, 2021).

Honorable Jesse M. Furman
United States District Judge
December 30, 2021
Page 5

illogical, irrelevant, and defies the experience gained through trials held in this District during the pandemic.  First, there is no reason to think that jurors cannot perform their duties as required, especially in light of the Court's robust health and safety protocols.  Second, the Government anticipates that the Court's *voir dire* will adequately assess whether any particular potential juror might have significant concerns regarding their health and safety or any ill will toward the defendant, such that the potential juror might be subject to dismissal for cause.  Third, the defendant's self-serving speculation is belied by the numerous jury trials successfully conducted in this District during the pandemic—not all of which concluded with guilty verdicts, and some of which involved lengthy deliberations.  *See, e.g.*, *United States v. Maxwell*, No. 20 Cr. 330 (AJN) (S.D.N.Y. Dec. 29, 2021) (not yet docketed) (acquittal on one count and conviction on five counts after six days of jury deliberations); *United States v. Cole*, No. 19 Cr. 869 (ER) (S.D.N.Y. Nov. 3, 2021), ECF No. 141 (acquittal on two counts and mistrial on eight counts after four days of jury deliberations).  There is simply no basis to conclude that the defendant's trial rights might be compromised by moving forward with trial as scheduled.

Lastly, the defendant argues that sidebar discussion with potential jurors will "not be possible" due to "social distancing requirements."  (Mot. 9.)  This argument is meritless.  The Government anticipates that this Court will conduct jury selection using similar procedures that have been used in each of the jury trials that have been conducted during the pandemic, in which sidebar discussions are held in a specially marked and outfitted area, surrounded by glass panels, adjacent to the bench in the oversized room designated for jury selection.  This procedure has been used to select jurors in numerous other jury trials during the pandemic, and there is no reason it will not adequately safeguard the relevant trial participants in this case.

In sum, the defendant provides no reason, and there is none, that the defendant's trial, which will be shorter than many trials conducted in this District during the pandemic, cannot move forward as scheduled.

<div style="margin-left:40%">

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By:     /s/_____
        Matthew D. Podolsky
        Andrew A. Rohrbach
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2616

</div>

cc:    Robert M. Baum, Esq. (by ECF)
       Andrew J. Dalack, Esq. (by ECF)
       Tamara L. Giwa, Esq. (by ECF)