

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 5, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

The Government writes to respectfully request that the Court order the defendant to comply with his reciprocal discovery obligations pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure no later than January 10, 2022.

**I.    Background**

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A), if a defendant "requests disclosure under Rule 16(a)(1)(E) and the government complies," then the defendant must permit the Government to inspect any documents in the defendant's "possession, custody, or control," which the defendant intends to use in his "case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).

The Government has requested, in writing, reciprocal disclosures from the defendant pursuant to Rule 16(b) beginning at the time of its first discovery production in June 2019. To date, however, the Government has not received any reciprocal discovery materials from the defendant.

On December 23, 2021, the defendant moved to adjourn the trial date. (Dkt. No. 190 ("Adjournment Mot.").) As part of his motion, the defendant disclosed that on September 16, 2021, he obtained a "forensic copy" of servers belonging to his former law firm, Eagan Avenatti LLP. (*Id.* at 7). He also disclosed that his "preliminary review" of the servers revealed the following (the "Server Materials"):

> (i) email communications: (a) between Mr. Avenatti and [Victim-1], (b) between Mr. Avenatti and the book agent and publisher, (c) between Mr. Avenatti and [Vicitm-1]'s business manager, and (d) between Mr. Avenatti and others relating to his work for [Victim-1] on the book and otherwise; (ii) financial data relating to Mr. Avenatti's representation of [Victim-1], including costs and expenses incurred on her behalf and payments of cash made to her, all of which Mr. Avenatti was

January 5, 2022
Page 2

>   entitled to be reimbursed; and (iii) documents relating to Mr. Avenatti's work on
>   the book deal and representation of [Victim-1] under their fee agreement.

(*Id.*)  These servers are not in the Government's possession and the Government has never reviewed their contents.[1]

On December 30, 2021, the Government requested, in writing, that the defendant immediately produce a copy the Server Materials. On January 3, 2022, the defendant responded that the items described in category "(i)" are exempt from Rule 16(b) by Rule 16(b)(2)(B), which exempts from disclosure statements made to the defendant by a government or defense witness, and the remaining materials are not discoverable because the defendant had no obligation at that time to make representations about the scope of any potential defense case-in-chief. The defendant also referred to the need to further review the materials, as discussed in his motion to adjourn the trial date.

## II.   Discussion

Although trial is less than three weeks away, the defendant has produced no reciprocal discovery in response to the Government's request. Significantly, as explained above, it has become apparent from the defendant's other filings that such discovery materials exist. The Court should require the defendant to produce those materials to the Government on or before January 10, 2022.

*First*, Rule 16(b) unambiguously imposes on the defendant an obligation to produce materials he intends to introduce during a defense case-in-chief. This obligation is triggered by the Government's production of discovery under Rule 16(a). *See* Fed. R. Crim. P. 16(b)(1) (requiring disclosure "[i]f a defendant requests disclosure under Rule 16(a)(1)(E) and the Government complies"). When the defendant "avail[s] himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *United States v. Ryan*, 448 F. Supp. 810, 810-11 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir.); *see* Fed. R. Crim. P. 16 Advisory Committee Note—1974 Amend. ("The majority of the Advisory Committee is of the view that . . . the giving a broader right of discovery to the defense is dependent upon giving also a broader right of discovery to the prosecution.").

Courts in this District and elsewhere routinely require defendants to produce Rule 16(b) materials before they have made a final decision to introduce an item at trial. Although "[a] defendant would always like more information about the government's case before revealing anything about his or her own," Rule 16 "conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction." *United States v. Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011). For instance, in *United States v. Huntress*, the

---

[1] The Government has issued a subpoena to the Trustee for Eagan Avenatti LLP seeking certain data related to Victim-1, if any exists, that may be located in two databases that the Government understands were maintained on the servers. The Trustee has not yet produced any materials to the Government in response to that subpoena.

January 5, 2022
Page 3

court rejected the argument that the defense need not provide reciprocal discovery because it had "'not made any decision as to whether it will be putting a case on at trial, as we do not know if the government will meet its burden of proof at trial.'" No. 13 Cr. 199 (WMS), 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015); *see also, e.g., United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. No. 297 (S.D.N.Y. June 2, 2021) (setting a defense Rule 16 deadline of three weeks before trial, over the defendant's objection); *United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *4 (S.D.N.Y. Jan. 21, 2003) (explaining that "[a]llowing [the] defendant to defer the provision of such discovery until a final determination regarding whether or not [to] put an expert witness on the stand would seem to frustrate" the goal of allowing the government a fair opportunity to prepare); *see generally United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage").

The defendant also errs in invoking the protections of Rule 16(b)(2)(B) to withhold various communications between the defendant and others, including Government witnesses, from production. The defendant's argument would convert all contemporaneous emails, letters, notes, or other records reflecting the words of an individual, and here, a victim, who could one day testify from ordinary evidence subject to disclosure under Rule 16 and routinely admitted at trial to witness statements covered by the Jencks Act and Rule 16(b)(2)(B). This could not be and is not the law.

Rule 16(b)(2), like the analogous provision for the Government in Rule 16(a)(2), provides a "'work product exception to the general discovery requirements.'" *United States v. Harry*, No. Cr. 10-1915 (JB), 2014 WL 6065705, at *4 (D.N.M. Oct. 14, 2014) (alteration omitted) (quoting Fed. R. Crim. P. 16 advisory committee notes); *see In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003) (explaining that the "attorney work product doctrine" is "now codified in part in . . . Rule 16(b)(2)"); Wright & Miller, Fed. Prac. & Procedure § 259 ("Rule 16(b)(2) is similar to Rule 16(a)(2)."). These rules do not require disclosure of "statements," which are instead discoverable under the Jencks Act or Rule 26.2. *See generally* Wright & Miller, Fed. Prac. & Procedure § 437. But "statements" in this context carries a specialized meaning: they are "recitation[s] of past occurrences." *United States v. Urena*, 989 F. Supp. 2d 253, 259 (S.D.N.Y. Sept. 17, 2013) (quoting *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974)). For instance, a recording of a confession is Jencks Act material, because it is an "inherently retrospective" statement to the Government, but a "recording of a phone call between co-conspirators about an on-going conspiracy" is not. *Id.* at 259-60. This makes sense given the purposes served by Rule 16 and the Jencks Act: real-time statements may be independently admissible, while retrospective statements are primarily useful as impeachment. *See id.* at 260.[2]

---

[2] This distinction also fits neatly with the work-product limitations in Rule 16(a)(2) and 16(b)(2). If a statement is made "by a person in the context of investigating or defending against a crime," it may be withheld until disclosure is required by the Jencks Act or Rule 26.2, whether that statement is made "to the defendant, defense counsel, or the government." *See United States v. Waddell*, No. Cr. 415-095, 2016 WL 3031698, at *4 (S.D. Ga. May 25, 2016) (explaining that "statement" in Rule 16(a)(2), Rule 16(b)(2), and the Jencks Act "means the same thing in all three

Here, although the Government of course has not reviewed the emails the defendant is withholding, they do not appear to be recitations of past occurrences. Rather, they appear to be communications between the defendant and other individuals involved in the publication of Victim-1's book and the defendant's execution of his scheme, including the book agent and Victim-1's business manager. These are not "recitations of past events," but real-time statements that may be independently admissible. Nor are they work product: the statements were made by and to the defendant while he participated in the crime, not while he prepared his defense. They are therefore outside the protections of Rule 16(b)(2). Were the defendant correct that such email communications were "statements" within the meaning of Rule 16 and the Jencks Act, the Government would not be obligated to produce any emails at the time of Rule 16 discovery. Instead, they would be shielded by Rule 16(a)(2) until the Government produced Jencks Act material—but that result is not the law.

*Second*, permitting the defendant to delay disclosure of Rule 16 materials would only serve the purpose of facilitating gamesmanship. Upon receipt of reciprocal discovery, the Government will need to review the materials and may choose to take investigative steps of its own to, among other things, evaluate the authenticity or completeness of those materials and locate relevant rebuttal evidence. The Government also must review those materials to make determinations as to whether to make any objections on admissibility grounds. Especially where, as here, the defendant has already identified several categories of evidence that appear to be Rule 16(b) material—the Server Materials—the defendant should produce those materials to the Government immediately, rather than delay and limit the Government's ability to prepare for trial. *See United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *8 (E.D.N.Y. Dec. 12, 2017) (describing the "approach used by many courts": "if the Court determine[s] that a Defendant could have made timely disclosure, but failed to timely do so, the defendant ran the risk that the exhibit would be excluded").[3]

*Third*, even if the defendant's obligation to produce discovery only attaches once he has determined precisely what evidence he will seek to introduce at trial, the defendant in this case is well aware of the parameters of the Government's case. In addition to extensive litigation in which the Government has set forth its legal theories and made detailed factual proffers, the Government has taken an expansive view with respect to its disclosures. The Government's request is that the defendant produce his Rule 16(b) materials to the Government two weeks in advance of trial. There is no basis to permit the defendant to delay disclosure of those materials until some date closer to or during trial.

---

provisions"). But the Rule's work product protections "cannot include statements made by people before 'work'—in this instance investigating or defending against a crime—ever is contemplated, much less begins." *Id.* at *5.

[3] It is no response that the Court has established deadlines for the defendant to list defense exhibits that the defendant expects to introduce during the Government's case-in-chief (January 18) and the defendant's case-in-chief (three days before the anticipated start of a defense case). (*See* Amend. Scheduling Order at 3, Dkt. No. 160.) There is a significant difference between producing Rule 16 materials and marking them as trial exhibits. (*Cf., e.g., id.* at 3 (setting a January 13, 2022 deadline for the Government's exhibit list).)

### III.     Conclusion

For the foregoing reasons, the Court should require the defendant to comply with Rule 16(b) no later than January 10, 2022.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:      /s/
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:   Robert M. Baum, Esq. (by ECF)
      Andrew J. Dalack, Esq. (by ECF)
      Tamara L. Giwa, Esq. (by ECF)