# EXHIBIT A

**REQUEST NO. 6**

**Count One: Wire Fraud**

**Professional Duties**

Before we turn to the third and final element of wire fraud, I want to explain certain professional duties that you may consider with respect to the first two elements of Count One.

The Government alleges that a former client of the defendant's was a victim of the wire fraud scheme charged in Count One. During the relevant time period, the defendant was a member of the California Bar and owed certain duties to his former client, which are determined by California law. In considering the first two elements element of Count One, you may consider whether the defendant breached any of his professional obligations to his former client. You should keep in mind that proof that the defendant violated one or more duties he owed his former client under California law does not mean that he committed wire fraud. However, such proof may be considered by you in determining whether the defendant engaged in a scheme to defraud and whether he did so with knowledge and an intent to defraud.

Duty of Loyalty and Scope of Authority

Lawyers owe a duty of loyalty their clients. This means that, when acting on behalf of a client, lawyers must put their clients' interests first.[1]

Under California law, a lawyer cannot act without the client's authorization, and a lawyer may not take over decision-making for a client, unless the client has authorized the lawyer to do so.[2]

---

[1]  *See, e.g.*, Cal. R. Prof'l Conduct 1.7, Cmt. 1.

[2]  *Jarvis v. Jarvis*, 244 Cal. Rptr. 3d 722, 738 (Cal. Ct. App. 2019) ("The lawyer's duty of loyalty requires the lawyer to act at a client's direction. A lawyer cannot act without the client's authorization. Nor can the lawyer take over the decision making for a client absent authority to do so.").

Duty of Reasonable Communication

Lawyers are required to keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services, and to respond promptly to reasonable status inquiries of clients. A lawyer must also reasonably consult with the client about the means by which the lawyer will try to achieve the client's goals and objectives; keep the client reasonably informed about significant developments relating to the representation; and explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions during the representation. "Reasonably" refers to the conduct of a reasonably prudent and competent lawyer. A lawyer owes his client a duty of full and frank disclosure of all relevant information relating to the subject matter of the representation.[3]

Written Fee Agreements

Under California law, a lawyer is generally required to put fee agreements with clients in writing. In particular, whenever it is reasonably foreseeable that the total expense to a client, including an attorney's fees, will exceed $1,000, the contract for the attorney's services must be in writing and must contain the basis for the fees to be charged by the attorney, such as hourly rates, flat fees, or other arrangements. Bills for the services rendered by the attorney must also include the amount of fees and the method by which the fees are calculated, and must clearly identify costs and expenses incurred on behalf of a client and the amount of the costs and expenses.[4]

---

[3] Cal. Bus. & Prof. Code § 6068(m); Cal. R. Prof'l Conduct 1.4; *see also* Cal. R. Prof'l Conduct 1.0.1(h) (defining "reasonable" or "reasonably").

[4] Cal. Bus. & Prof. Code § 6148; *see also* State Bar of California, Handbook on Client Trust Account for California Attorneys ("Client Trust Handbook") at 45, available at https://www.calbar.ca.gov/Portals/0/documents/ethics/Publications/Portals0documentsethicsPublicationsCTA-Handbook.pdf.

Money Received on Behalf of a Client

Lawyers in California are also required to adhere to rules regarding the safekeeping of their clients' funds. When a lawyer receives any money on behalf of a client, the lawyer must deposit the money into a bank account labeled as a client trust bank account, and must promptly notify the client of the receipt of the funds. Furthermore, when a client asks for money a lawyer holds for the client in a trust account, the lawyer must promptly provide the money. Similarly, when a client asks for information regarding how much money the lawyer is holding for the client or what the lawyer has done with money held for the client, the lawyer must promptly provide the information.[5]

> Adapted from the jury instructions of the Hon. Paul G. Gardephe in *United States v. Avenatti*, S1 19 Cr. 373 (S.D.N.Y. Feb. 12, 2020) (Dkt. No. 261 at 32-35 (citing the California Rules of Professional Conduct, cases, and other legal authorities)); *see also* 2 *Modern Federal Jury Instructions-Criminal*, Instr. 44-4 ("The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud."); *United States v. Cassiere*, 4 F.3d 1006 (1st Cir. 1993).

---

[5]  Cal. R. Prof'l Conduct 1.15; Client Trust Handbook at 2-3.