```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                -v-                                               :   19-CR-374 (JMF)
                                                                  :
MICHAEL AVENATTI,                                                 :   MEMORANDUM OPINION
                                                                  :          AND ORDER
                Defendant.                                        :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On January 5, 2022, the Government filed a motion pursuant to Rule 15(a)(1) of the Federal Rules of Criminal Procedure seeking an order authorizing the Government to depose a witness (the "Office Assistant") in advance of trial. *See* ECF No. 205 ("Gov't Ltr."). In the alternative, the Government asked "that the Office Assistant be permitted to testify at trial by live, two-way video." *Id.* at 7 n.4. Defendant opposes the motion, but conspicuously fails to address the Government's alternative request. *See* ECF No. 216 ("Def.'s Ltr.").[1]

Upon review of the parties' submissions, the Government's *alternative* request — for an order allowing the Office Assistant to testify at trial by live, two-way video — is GRANTED. In *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999), the Second Circuit held that, "upon a finding of exceptional circumstances, . . . a trial court may allow a witness to testify via two-way closed-circuit television when this furthers the interest of justice." *Id.* at 81. In deciding whether to permit such

---

[1] The parties' letters were filed with certain information — relating to the Office Assistant — redacted or omitted. *See* Gov't Ltr. 1 n.1. The Court finds that the redactions and omissions are justified given the Office Assistant's privacy interests and narrowly tailored to serve that justification. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (cleaned up)); *United States v. Maxwell*, No. 20-CR-330 (AJN), 2020 WL 7646891, at *1 (S.D.N.Y. Dec. 23, 2020) (approving proposed redactions to filings based on, "most importantly, [the] third parties' personal privacy interests"). The Court will file and maintain the unredacted copies under seal; in the event of an appeal, they are available to counsel on appeal without application to the Court.

testimony, "courts in this Circuit have applied the rules used in connection with Rule 15 depositions and allowed video testimony 'only when (1) the witness's testimony is material; (2) the Government has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, the witness is 'unavailable' within the meaning of the case law), and (3) allowing testimony by such means furthers the interests of justice.'" *United States v. Donziger*, No. 19-CR-561 (LAP), 2020 WL 5152162, at *2 (Aug. 31, 2020) (quoting *United States v. Mostafa*, 14 F. Supp. 3d 515, 521 (S.D.N.Y. 2014), and citing *United States v. Buck*, 271 F. Supp. 3d 619, 622-23 (S.D.N.Y. 2017)), *reconsideration denied*, 2020 WL 8465435 (S.D.N.Y. Oct. 23, 2020).

Notably, applying those standards, several courts have allowed witnesses to testify via live, two-way video where the witness was at "heightened risk of dangerous complications should [the witness] contract COVID-19" and traveling to the courthouse would increase the witness's risk of contracting COVID-19. *Donziger*, 2020 WL 5152162, at *2 (granting the Government's motion with respect to a witness in his 70s with a medical condition that, according to his physicians, "place[d] him at heightened risk," and noting, more broadly, "that limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies"); *United States v. Akhavan*, 523 F. Supp. 3d 443, 451-56 (S.D.N.Y. 2021) (granting a witness's motion for leave to testify remotely where the witness's age (57) and comorbidities (hypertension and atrial fibrillation) "place[d] him at increased risk of serious illness or death if he were to contract COVID-19"); *see also United States v. Griffin*, No. 11-CR-936 (RJS), 2021 WL 3188264, at *2 (S.D.N.Y. July 28, 2021) (Sullivan, J.) (granting the Government's motion in connection with a violation of supervised release hearing, with respect to a witness whose doctor had "advised her not to travel in light of the fact that she gave birth approximately two weeks ago and is currently not vaccinated against COVID-19").

In light of this precedent, the Government is on firm ground seeking relief with respect to the Office Assistant. First, regardless of the Court's ruling on the Government's pending motion *in limine*,

the Office Assistant's testimony is plainly "material," substantially for the reasons set forth in the Government's letter. *See* Gov't Ltr. 3-4. Among other things, the Office Assistant is expected to testify "regarding communications that she had with the defendant regarding the defendant's agreement with Victim-1" and her role in opening and managing "certain bank accounts at the defendant's direction, including the account referred to in the Indictment as the Avenatti Client Account, to which the defendant fraudulently diverted Victim-1's book advance payments." *Id.* at 3. Even without more, that is enough to qualify as "material" testimony.

Second, the Court finds that "the Government has made good-faith and reasonable efforts to obtain the witness's presence and is unable to do so (that is, the witness is 'unavailable' within the meaning of the case law)." *Donziger*, 2020 WL 5152162, at *2. To be sure, the Government has not proved that it would be impossible for the Office Assistant to appear in New York to testify. But as the case law cited above makes plain, the burden is not quite so high. It suffices for the Government to show, as it has, *see* Gov't Ltr. 5-6, that the witness is "at increased risk of serious illness or death if [s]he were to contract COVID-19." *Akhavan*, 523 F. Supp. 3d at 452. The fact that the Office Assistant testified in person at other trials against Defendant, *see* Gov't Ltr. 4-5 n.2, does not affect the Court's analysis or conclusion. The first trial occurred before the COVID-19 pandemic; the second took place in a location to which the Office Assistant was able to drive and occurred before the current surge of the Omicron variant. *See id.*[2]

Finally, the Court finds that allowing the Office Assistant to testify by live, two-way video would further the interests of justice. Notably, in arguing otherwise, Defendant's sole contention is that he would not have adequate time to prepare for a deposition of the Office Assistant if it were taken

---

[2]  Defendant's contention that conditions were no less severe in July 2021, *see* Def.'s Ltr. 2, is demonstrably false — and especially rich in light of his vigorous request, reiterated in his opposition to this very motion, for an adjournment "until the current wave of the Omicron wave has subsided," *id.* at 7; *see also* ECF No. 190, at 8-9; ECF No. 201, at 1-2.

before trial.  *See* Def.'s Ltr. 4-5.  Whether or not there is validity to that argument generally, requiring the Office Assistant to testify live during trial, rather than permitting a pretrial deposition, moots Defendant's concerns.[3]

For the foregoing reasons, the Government's alternative request — for the Office Assistant to be permitted to testify at trial by live, two-way video — is GRANTED.  The parties shall immediately confer with respect to the arrangements for the testimony, submitting a proposal regarding protocols to the Court (if appropriate) and promptly advising the Court if there are any disputes.  Ultimately, the Government is responsible for coordinating with the Court and defense counsel and making all necessary arrangements, technological and otherwise, for the Office Assistant's testimony, with the understanding that the "technology will permit the defendant[], defense counsel, the questioner, the judge, and the jurors . . . to see and be seen by the witness." *Akhavan*, 523 F. Supp. 3d at 456.

The Clerk of Court is directed to terminate ECF No. 205.[4]

SO ORDERED.

Dated: January 11, 2022  
New York, New York

                JESSE M. FURMAN  
                United States District Judge

---

[3] Defendant makes no argument that allowing the Office Assistant to testify remotely would violate his Confrontation Clause rights.  Accordingly, he has forfeited any such objection and the Court need not and does not address it here.  The Court notes that Judges Preska and Rakoff analyzed the Confrontation Clause issues inherent in allowing live, two-way video testimony in *Donziger*, 2020 WL 5152162, at *2, and *Akhavan*, 523 F. Supp. 3d at 452-54.

[4] Defendant's renewed request for an adjournment of trial is DENIED.  As the Court noted, however, it is "closely monitoring the COVID-19 situation and will revisit the issue in the event it concludes that trial cannot be conducted safely or in a manner that would ensure the right to a fair trial." ECF No. 203.