UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA,        :    19 Cr. 374 (JMF)
                                                        :
               -v-                                  :
                                                        :
MICHAEL AVENATTI,                   :
                                                        :
               Defendant.                    :
                                                        :
--------------------------------------------------------X

# MOTION TO INSPECT RECORDS RELATED TO JURY SELECTION IN THE SOUTHERN DISTRICT OF NEW YORK

**DAVID E. PATTON, ESQ.**
Federal Defenders of New York, Inc.
Attorney for Defendant
    **MICHAEL AVENATTI**
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700

Of Counsel:

**Robert M. Baum, Esq.**
**Andrew J. Dalack, Esq.**
**Tamara L. Giwa, Esq.**
Assistant Federal Defenders
Federal Defenders of New York, Inc.

TO:  **DAMIAN WILLIAMS, ESQ.**
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, NY 10007

      Attn:  **Matthew Podolsky, Esq.**
            **Andrew Rohrbach, Esq.**
            **Robert Sobelman, Esq.**
            Assistant United States Attorneys

Michael Avenatti respectfully moves to inspect jury-selection records relevant to any motion he may file to enforce his fair cross-section rights under the Sixth Amendment and Jury Selection and Service Act (JSSA), 28 U.S.C. §§ 1861 through 1867.

With respect to specific data points, the defense seeks the Court's authorization to obtain directly from the Jury Administrator for the Southern District of New York all of the information set forth in the "Attachment 1" to the declaration prepared by defense expert Jeffrey Martin (see Exhibit A).

**A. Avenatti has a clearly established constitutional and statutory right to a petit jury selected from a fair cross-section of the Southern District of New York.**

The Supreme Court has consistently interpreted the Sixth Amendment right to trial by an impartial jury to require a petit jury that is indifferent and selected from a fair cross-section of the community: "In essence, the right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," Irvin v. Dowd, 366 U.S. 717, 723 (1961), and "a fair possibility for obtaining a jury constituting a representative cross section of the community." Taylor v. Louisiana, 419 U.S. 522, 529 (1975).  As the Court explained in Taylor, "The unmistakable import of this Court's opinions … is that the selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial." 419 U.S. at 528-29.

Federal legislation governing jury selection within the federal court system has a similar thrust.  In enacting the JSSA, Congress stated, "It is the policy of the

1

United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross-section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. In that Act, Congress also established the machinery by which the stated policy was to be implemented (28 U.S.C. §§ 1862 through 1866) and also established a procedure for challenging compliance with the selection rules. 28 U.S.C. § 1867.

> **B. Avenatti must have access to the records he seeks in order to prepare a motion concerning any non-compliance with his constitutional and statutory entitlement to a petit jury drawn from a fair cross-section of the community.**

With respect to criminal cases and the JSSA, before voir dire begins, a defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the JSSA's provisions in selecting the grand or petit jury. 28 U.S.C. § 1867(a). And during the preparation of a motion challenging compliance with the fair cross-section requirement, the parties in a criminal case "shall be allowed to inspect, reproduce, and copy" records relevant to his claim. § 1867(f). "This provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975) ("[A]n unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'") (quoting 28 U.S.C. § 1861). "Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." Id.

2

Crucially, in order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "avail himself" of the "right of access to otherwise nonpublic jury selection records, a litigant need only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). A defendant's motion may not be denied because it is unsupported by a "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the Jury Selection Act." United States v. Marcano-Garcia, 622 F.2d 12, 18 (1st Cir. 1980) (citations omitted). Nor may a motion to inspect be denied because the defendant fails to allege facts which show a "probability of merit in the proposed jury challenge." United States v. Beaty, 465 F.2d 1376, 1380 (9th Cir. 1972). See also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that the information would reveal a violation) (unreported).

Here, like any other litigant considering a challenge under the Sixth Amendment and JSSA to the composition of his petit jury, Avenatti is entitled to inspect the records that he and the defense's retained statistician (Jeffrey Martin) require to prepare a motion. Once the requested records are obtained, Mr. Martin will analyze them expeditiously and the defense will, if appropriate, move to advance any fair cross-section challenge to the venire panel from which Avenatti's petit jury will ultimately be drawn on January 20 (and possibly January 21), 2022. See Dkt. No. 166 (Court will conduct oral voir dire beginning at 9:30 a.m. on Thursday January 20, 2022, continuing, if necessary, on January 21, 2022).

3

| | | |
|---|---|---|
| Dated: | New York, NY<br>January 11, 2022 | Respectfully Submitted,<br><br>_____/s/_____<br>Robert M. Baum, Esq.<br>Andrew J. Dalack, Esq.<br>Tamara L. Giwa, Esq.<br>Federal Defenders of New York, Inc.<br><br>Counsel for Michael Avenatti |

4