```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA                                             :
                                                                     :
             -v-                                                     :     19-CR-374 (JMF)
                                                                     :
MICHAEL AVENATTI,                                                    :     MEMORANDUM OPINION
                                                                     :           AND ORDER
                            Defendant.                               :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Trial in this case is scheduled to begin January 24, 2022. In anticipation of trial, Defendant has filed two motions. First, he moves *in limine* for (1) "specification" of the Government's evidence; (2) preclusion of Defendant's written or recorded statements; (3) preclusion of statements by third parties; and (4) disclosure of *Brady* materials. ECF No. 177 ("Def.'s MIL"). Second, he moves to preclude the Government from offering "expert testimony regarding legal ethics and/or California's rules of professional conduct." ECF No. 194 ("Def.'s Preclusion Ltr."), at 1.

## MOTION *IN LIMINE*

Defendant's motion *in limine* is DENIED in full. First, pursuant to the agreed-upon pretrial schedule, the Government is required to provide Defendant with a list of exhibits that it reasonably expects to seek to introduce during its case-in-chief on January 13, 2022, eleven days before trial. *See* ECF No. 160. Neither Rule 12 nor Rule 16 of the Federal Rules of Criminal Procedure, upon which Defendant relies, calls for any earlier or greater "specification" than that. *See, e.g., United States v. Barret*, 824 F. Supp. 2d 419, 459-60 (E.D.N.Y. 2011) (citing cases).

Second, Defendant provides no basis for wholesale preclusion of either his own prior statements or the statements of third parties. Accordingly, those requests are denied without prejudice to particularized objections to specific questions or exhibits offered at trial. To the extent that Defendant's argument with respect to his own prior statements seeks exclusion of his WhatsApp

messages with Victim-1, he provides no basis for reconsideration of the Court's prior ruling denying that very request. *See United States v. Avenatti*, — F. Supp. 3d —, No. 19-CR-374-1 (JMF), 2021 WL 4120539, at *3-4 (S.D.N.Y. Sept. 9, 2021); *see also, e.g.*, *United States v. Del Villar*, No. 20-CR-295 (VEC), 2021 WL 5180048, at *1 (S.D.N.Y. Nov. 7, 2021) ("A motion for reconsideration is properly granted if the movant identifies data that the court overlooked that would alter the conclusion reached by the court. This standard is not met by rearguing points the Court has already considered and rejected, nor by raising new arguments not previously presented. Instead, the major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (cleaned up)).[1]

Finally, Defendant's motion for "prompt disclosure" of "*Brady* materials" is also an improper attempt to relitigate an earlier motion denied by the Court. Def.'s MIL 8; *see Avenatti*, 2021 WL 4120539, at *6 ("To the extent that [Defendant] seeks evidence pursuant to *Brady*, *Giglio*, and their progeny, the request is denied on the basis of the Government's good faith representation that it has complied with its obligations and will continue to do so." (citing cases)). Under the agreed-upon pretrial schedule, the Government is to provide Defendant with Jencks Act and *Giglio* material by

---

[1] Defendant appears to make one argument with respect to the WhatsApp messages that he did not make in his earlier motion to suppress: that exclusion is mandated by Rule 1002 of the Federal Rules of Evidence, which provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." *See* Def.'s MIL 7-8 (quoting Fed. R. Evid. 1002). Defendant may not make a new argument in seeking reconsideration of the Court's ruling (which is what his motion *in limine* does). *See . Del Villar*, 2021 WL 5180048, at *1. In any event, the argument is without merit in light of Rule 1003, which provides that "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003; *see United States v. Grimmer*, 199 F.3d 1324, 1324 (2d Cir. 1999) ("Simply speculating that there is no assurance that the proffered document is actually a duplicate of the original does not raise a genuine question under Rule 1003." (cleaned up)); *Elliott v. Cartagena*, No. 19-CV-1998 (NRB), 2020 WL 4432450, at *3 (S.D.N.Y. July 31, 2020) (holding that "mere speculation" that a document "might not be an authentic duplicate . . . is insufficient to raise a genuine question about authenticity under Rule 1003").

January 12, 2022.  See ECF No. 160.  "[T]hat is more than adequate under the law."  *Avenatti*, 2021 WL 4120539, at *6.

## MOTION TO PRECLUDE

By contrast, Defendant's motion to preclude the Government from offering expert testimony regarding legal ethics or California's rules of professional conduct is GRANTED.  It is well established that "[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge."  *Marx & Co. Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977); *accord United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) (reaffirming that expert testimony "must be carefully circumscribed to assure that the expert does not usurp . . . the role of the trial judge in instructing the jury as to the applicable law"); *United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988) (excluding expert testimony because it was "calculated to invade the province of the court to determine the applicable law and to instruct the jury as to that law" (internal quotation marks omitted)); *United States v. Teman*, 465 F. Supp. 3d 277, 329 (S.D.N.Y. 2020) (holding that expert "testimony about quintessential legal rules" was properly excluded because it "would have invaded the Court's role").  Notably, applying that rule, Judge Gardephe excluded nearly identical evidence in a prior case involving Defendant.  *See* Transcript, *United States v. Avenatti*, 19-CR-373 (PGG), ECF No. 235, at 30-37.

The Court agrees with Judge Gardephe.  To the extent that legal ethics rules generally or California's rules of professional conduct specifically are relevant to the jury's consideration of the charges against Defendant in this case, the proper course is for the Court to give appropriate instructions to the jury, not for an expert to testify.  Notably, the Government does not really appear to contest the point, taking the position that it should be permitted to offer the proposed expert testimony only if the Court declines to instruct the jury "on relevant provisions of the rules governing attorney

conduct in California." ECF No. 210, at 4; *see id.* Exh. A (supplemental proposed jury instructions). Accordingly, the motion is GRANTED.[2]

## CONCLUSION

For the reasons stated above, Defendant's motion *in limine* is DENIED and his motion to preclude the Government from offering expert testimony on legal ethics and the California rules of professional responsibility is GRANTED.

The Clerk of Court is directed to terminate ECF Nos. 177 and 194.

SO ORDERED.

Dated: January 11, 2022
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[2] To be clear, although the Court is inclined to agree that instructions of the sort proposed by the Government would be appropriate, the Court reserves judgment on the question (and on the specific language of any instructions) pending trial and the charge conference. If the legal ethics rules are relevant, the Court will provide appropriate instructions to the jury. If the legal ethics rules are not relevant, the Court will not provide instructions. (In that case, of course, the proposed expert testimony would be inadmissible on relevance grounds as well.) If Defendant believes that instructions are not appropriate, or takes issue with the Government's proposed instructions, he should submit a letter brief on the issue well in advance of the charge conference.