

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   ***United States v. Michael Avenatti*, 19 Cr. 374 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter in opposition to the defendant's motion to unseal certain filings that this Court previously directed be filed under seal at least until after Victim-1 and the Office Assistant testify at trial.  (Dkt. No. 249 ("Mot.").)  For the following reasons, the defendant's motion should be denied.

I.      **Background**

On January 14, 2022, notwithstanding the Court's prior order sealing the filings at issue (*see* Dkt. No. 224), the defendant filed the instant motion, purportedly out of a concern for the public, in which he includes no specific discussion about the particular filings at issue (indeed, he does not even list them), offers no legal discussion or citation to authority, and declines to identify or explain what "appropriate redactions" he proposes.  (*See* Mot. 1-2.)

The Government understands the defendant's motion to apply to the following:

The Defendant's Motion for Subpoenas

1.   The defendant's motion filed under seal on January 10, 2022, for subpoenas to the Office Assistant and two of her health care providers.[1]

2.   The Office Assistant's opposition filed under seal on January 13, 2022.

3.   The Government's opposition filed under seal on January 13, 2022.

---

[1]      In footnote 1 of this submission, the defendant affirmatively sought leave to file under seal.

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 2

<u>The Government's Motion Regarding Certain Medical Records</u>

1. The Government's motion filed under seal on January 10, 2022, for authorization to not produce certain medical records to the defendant or, in the alternative, directing the Government to produce those records to the defendant.

<u>The Government's Motion to *In Limine* Regarding Certain Cross-Examination</u>

1. The Government's motion filed under seal on January 11, 2022, to preclude certain cross-examination of Victim-1.

2. The defendant's opposition filed under seal on January 13, 2022.

## II.     Applicable Law

### A. The Common Law Right of Access

In circumstances where a common law right of access does attach, the weight of that right depends on two factors: (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1049 (2d Cir. 1995). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* After determining the weight afforded to the presumptive right of access, the common law right is balanced against countervailing interests favoring secrecy. "[T]he fact that a document is a judicial record does not mean that access to it cannot be restricted." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 146 (2d Cir. 1995). Noting that it is difficult to "identify all the factors to be weighed in determining whether access is appropriate," the Supreme Court has further observed that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Even then, however, the Second Circuit has recognized certain categories of countervailing factors to be balanced against the presumption of access, including: (i) the danger of impairing law enforcement or judicial efficiency and (ii) the need to protect privacy interests. *Amodeo I*, 44 F.3d at 147.

The Second Circuit has also held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo II*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 3

against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Id*. Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id*.

## B. Redactions to Documents Subject to Right of Access

In any case in which some sealing of a judicial document is appropriate, the Second Circuit has directed that the court must determine whether redaction is "a viable remedy," or whether the document presents "an all or nothing matter." *Id*. at 1053; *see also In re Newsday, Inc*., 895 F.2d at 80 (noting that "a district court has the authority to redact a document to the point of rendering it meaningless, or not to release it at all, but such drastic restrictions on the common law right of access are not always appropriate"). Where redactions are necessary to protect the interests described above, the Second Circuit has considered whether the portions of the document that remain intact are intelligible and informative, or are more likely to be confusing and misleading. *Amodeo II*, 71 F.3d at 1053. Where partial redaction is not a viable option, the Second Circuit has indicated that the entire document may remain under seal. *Id*.

## C. The Court's Prior Sealing Determination

On December 6, 2021, this Court held that the parties' briefing on a motion for a subpoena to Victim-1 to produce certain mental health records and information "should remain under seal at least until the Complainant testifies at trial." (Dkt. No. 168 at 2.) The Court explained its holding as follows:

> That likely temporary limit on public access is justified by the interest in preserving the Complainant's privacy. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (cleaned up)); *United States v. Maxwell*, No. 20-CR-330 (AJN), 2020 WL 7646891, at *1 (S.D.N.Y. Dec. 23, 2020) (approving proposed redactions to filings based on, "most importantly, [the] third parties' personal privacy interests"); *see also* 18 U.S.C. § 3771(a)(8) (providing that a crime victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy"). The fact that the Complainant may have publicly responded to Defendant's letter motion does not call for a different result. Were it otherwise, victims and third parties would be put in the unfair position of having to decide between defending themselves against filings that inappropriately air sensitive or personal information — and risking giving up their privacy interests altogether — versus remaining mum in the potentially vain hope that the cat can be put back in the bag.

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 4

(*Id*.)   The defendant did not file a motion for reconsideration of the Court's ruling or attempt to distinguish that ruling in the instant motion.

### III.      Discussion

#### A.   The Sealed Filings Should Remain Sealed Until At Least After Victim-1 and the Office Assistant Testify At Trial

The Government opposes the unsealing of the aforementioned filings concerning Victim-1 and the Office Assistant until at least until after Victim-1 and the Office Assistant's testimony at trial concludes.  That procedure will protect Victim-1's "right to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8); *see also Amodeo*, 71 F.3d at 1050-51, as well as the privacy interests of the Office Assistant, and avoid potentially prejudicial pretrial publicity, *see, e.g.*, *United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) (concluding that indictment was properly sealed to avoid publicity about codefendant and that the government did not have to justify sealing in relation to each defendant named in indictment); *United States v. Nojay*, 224 F. Supp. 3d 208, 213 (W.D.N.Y. 2016) (describing "avoiding prejudicial pretrial publicity with respect to a codefendant" as one of the justifications for sealing parts of a record in a criminal case).  Once those individuals testify, to the extent material in those filings is aired at trial, redacted versions of the filings may be publicly docketed without any further intrusion on Victim-1 and the Office Assistant's privacy.

The need for such measures is underscored by the reaction to the defendant's public filing of his prior motion for a subpoena to Victim-1.  As the Court is aware, on November 18, 2021, the defendant publicly filed that letter motion. (Dkt. No. 164.)  Shortly after the motion was filed, the Court "restricted viewing access for the motion to Court personnel only" because "the motion should almost certainly have been filed under seal given the Complainant's privacy interests." (Dkt. No. 165 at 1 (citing 18 U.S.C. § 3771(a)(8) (providing that a crime victim has "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy")).)  However, certain social and other media sources published reports regarding that motion, and Victim-1 made several public comments in response to those reports.  The fact that the filing of the defendant's motion quickly provoked a media reaction, to which Victim-1 felt the need to respond due to the inappropriate and invasive nature of the public filing, highlights the need for sealing to avoid prejudicial pretrial publicity.  Public litigation about the issues raised in the aforementioned filings—which contain a discussion of matters that the Court has not yet determined whether the jury will be exposed to—will only provoke more media coverage that risks tainting the jury pool and is unfairly prejudicial to Victim-1, the Office Assistant, and to the Government, particularly given the fact that jury selection is already underway.  Indeed, the timing of the defendant's motion to unseal is especially problematic because the Court has already administered juror questionnaires that inquired about the potential jurors' exposure to pretrial publicity.  Unsealing the filings at issue now would risk another round of pretrial publicity to which potential jurors may be exposed, *after* the juror questionnaires have been administered.

In sum, this Court should maintain the aforementioned filings under seal until at least after Victim-1 and the Office Assistant testify because the "likely temporary limit on public access is

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 5

justified by the interest in preserving the . . . privacy" of Victim-1 and the Office Assistant, as well as avoiding prejudicial pretrial publicity on the eve of *voir dire*. [2]

## B. The Court Should Decline to Direct Partial Unsealing at This Time

The defendant argues that the sealed filings at issue should be filed publicly with "appropriate redactions." (Mot. 1.) The defendant, however, makes no suggestion or argument about what would be, in his view, "appropriate redactions" as to any of the filings. Here, there is the potential of provoking prejudicial speculation and there is no benefit to the public of unredacting the minimal amount of unremarkable information contained therein, such as certain recitations of the legal standards, because those redacted versions "would provide little meaningful information to the public." *Amodeo II*, 71 F.3d at 1048. In such a situation, a redacted document may be "more likely to mislead than to inform the public," because "[i]t would circulate accusations that cannot be tested by the interested public because the sources and much of the subject matter are shrouded by the redactions." *Id*. at 1052; *see also, e.g.*, *In re Search Warrant dated November 5, 2021*, No. 21 Misc. 813 (AT)(SLC), 2021 WL 5830728, at *8 (S.D.N.Y. Dec. 7, 2021) (denying request for unsealing with redactions because, among other reasons, "[t]he nature and extent of any possible redactions to omit this information would render unintelligible the contents of the Materials, and could be more likely to mislead than to inform the public" (internal quotation marks and brackets omitted)). Here, the public docketing of such redacted documents may leave Victim-1 and the Office Assistant "in the unfair position of choosing between suffering the accusations in silence or revealing redacted information." *Amodeo II*, 71 F.3d at 1052.

---

[2]     The Government notes that the defendant appears to have courted prejudicial pretrial publicity in the time leading up to and during jury selection in this case. *See, e.g.*, Benjamin Weiser, *Once A Trump Foil, Michael Avenatti Says Jail Treatment Was Payback*, N.Y. Times, Jan. 13, 2022, https://www.nytimes.com/2022/01/13/nyregion/michael-avenatti-trump-jail.html (reporting defendant's and his civil counsel's comments regarding lawsuit filed the same day this Court administered juror questionnaires in this case); Meghann M. Cuniff, *'I Am Tired of People Lying': Amid Mistrial Momentum, Michael Avenatti Is Cooperating in a Lawsuit Against Mark Geragos*, N.Y.L.J., Dec. 28, 2021, https://www.law.com/newyorklawjournal/2021/12/28/i-am-tired-of-people-lying-amid-mistrial-momentum-michael-avenatti-is-cooperating-in-a-lawsuit-against-mark-geragos/ (reporting prior counsel's comments about Victim-1's credibility); Ruby Cramer, *'Have I Hit Bottom?': Michael Avenatti and the Fall of a Trump-Era Antihero*, Politico, Dec. 22, 2021, https://www.politico.com/news/magazine/2021/12/22/michael-avenatti-rise-and-fall-house-arrest-profile-525301 (reporting defense counsel's comments about Victim-1's anticipated testimony and the defendant's pretrial detention, and the defendant's comments).

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 6

V.      **Conclusion**

For the foregoing reasons, the defendant's motion should be denied.[3]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   _s/_____
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:    Robert M. Baum, Esq. (by ECF)
Andrew J. Dalack, Esq. (by ECF)
Tamara L. Giwa, Esq. (by ECF)

---

[3]     Pursuant to the Court's direction that the Government's "response should include proposed redactions in the event that the Court concludes that the documents at issue may not remain sealed in their entirety" (Dkt. No. 254) the Government submits herewith, by email to the Court and the defendant for filing under seal, versions of the six filings at issue with proposed redactions. However, for the reasons set forth above, the Court should deny the defendant's motion in its entirety and decline to publicly file any portion of these six filings until at least after Victim-1 and the Office Assistant testify at trial.