

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter in advance of the final pretrial conference scheduled for January 18, 2022, at 11:15 a.m., to provide an update regarding the defendant's purported advice-of-counsel defense to his failure to file income taxes on behalf of himself or any of his law firm entities for the tax years 2018 and 2019. Although the Government does not presently intend to offer evidence of the defendant's failure to file tax returns, the Government may renew its application and the Court should permit the Government to offer such evidence, or hold a hearing as necessary, in the event that the defendant further opens the door to such evidence through argument or questioning of witnesses, such as regarding the purported legitimacy or regularity of his business or personal finances, or if the defendant elects to testify at trial.

      **I.**    **Background**

      As the Court is aware, the Government moved *in limine* to admit evidence of his and his law firm entities' failure to file tax returns for the tax years 2018 and 2019. (Gov't Mot. *in Limine* 9-13 (Dkt. No. 176); Gov't Reply 11-12 (Dkt. No. 197).) Setting aside the defendant's alleged advice-of-counsel defense to his failure to file tax returns, the Court has ruled that the Government's proffered "evidence would clearly be admissible," that is, "it is relevant and probative . . . and not substantially outweighed by any danger of prejudice." (1/13/21 Tr. 20; *see also* Tr. 13-15 (citing cases).) The Court further ruled that the Government "is entitled to test [the defendant's] assertion" of an advice-of-counsel defense, "and if it doesn't think that there is a valid defense to challenge it and if I need to hold a hearing outside the presence of the jury to determine whether it is valid to then determine whether the evidence comes in without any discussion of that, I'm prepared to do that." (Tr. 24.)

      On January 14, 2022, the defendant provided to the Government a declaration from H. Dean Steward, Esq. (attached hereto as Exhibit 1), in which Mr. Steward stated, in part, that, "[i]n light of Mr. Avenatti's Fifth Amendment rights, the pending financial related charges against Mr. Avenatti, and the potential for additional charges, I have advised Mr. Avenatti during multiple

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 2

discussions beginning in early 2019 and continuing thereafter not to file any personal or business-related state or federal tax returns for the years 2018-2020." (Ex. 1 ¶ 2.)

On January 15, 2022, the Government asked the defendant "(1) whether there are any contemporaneous communications regarding the purported advice that Mr. Steward gave to the defendant regarding filing tax returns for tax years 2018-2019 and, if so, whether you will provide those to us and (2) whether Mr. Steward advised the defendant that that he did not have to file returns or provide financial information to the IRS for tax years 2018-2019 because of the protection against self-incrimination found in the Fifth Amendment."

On January 16, 2022, the defendant responded that "there are no contemporaneous written or recorded communications to produce." After the parties conferred further, on January 17, 2022, the defendant provided to the Government a supplemental declaration from Mr. Steward (attached hereto as Exhibit 2), in which Mr. Steward stated, in part: "The advice I described in paragraph 2 of [the prior declaration] included advice to Mr. Avenatti that not filing the state and federal tax returns I referenced was permitted and lawful for the reasons I stated in my prior declaration, including because Eagan Avenatti, LLP had a receiver appointed in February 2019, which I understood prevented Mr. Avenatti from filing any tax returns for that entity, and Mr. Avenatti's right to invoke the Fifth Amendment." (Ex. 2 ¶ 2.)

## II.     Applicable Law

### A. Advice-of-Counsel Defense

"[T]o benefit from an advice-of-counsel defense, a party must show that he (1) 'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly la[id] all the facts before his counsel'; and (3) 'in good faith and honestly follow[ed]' counsel's advice, believing it to be correct and intending that his acts be lawful." *United States v. Colasuonno*, 697 F.3d 164, 181 (2d Cir. 2012) (quoting *Williamson v. United States*, 207 U.S. 425, 453 (1908)). "Each requirement must be satisfied." *Id*.

### B. No Fifth Amendment Protection for Failure to File Tax Returns

"It is well settled that the Fifth Amendment does not provide a blanket defense for a failure to file tax returns." *United States v. Josephberg*, 562 F.3d 478, 492 (2d Cir. 2009) (citing *California v. Byers*, 402 U.S. 424, 434 (1971); *United States v. Sullivan*, 274 U.S. 259, 264 (1927)). "Although a taxpayer may, on his return, invoke his Fifth Amendment privilege selectively as to any particular item of information solicited, there is no constitutional right to refuse to file an income tax return." *Id*. (internal quotation marks omitted) (citing *Sullivan*, 274 U.S. at 264; *Byers*, 402 U.S. at 434; *United States v. Barnes*, 604 F.2d 121, 148 (2d Cir. 1979)). "This principle has been applied even where there is an ongoing investigation into the taxpayer's affairs." *Id*. (citing cases). *Accord McDougall v. C.I.R.*, 15 F.3d 1087, 1993 WL 539267, at *1 (9th Cir. 1993) ("A fifth amendment claim of self-incrimination does not justify an outright refusal to file a tax return. To invoke the fifth amendment, a taxpayer must file some type of tax return and indicate

why response to specific questions would be incriminating." (internal citations omitted))**;** *United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir. 1980) (the Fifth Amendment "privilege does not justify an outright refusal to file any income tax return at all" (citing *Sullivan*, 274 U.S. at 263)).

### III. Discussion

The declarations provided by Mr. Steward, if credited, suggest that the defendant was given demonstrably erroneous advice that, under the Fifth Amendment, it was "lawful" for him to refuse to file tax returns for himself and his law firm entities. (Ex. 2 ¶ 2.) To the extent this advice was given—by a criminal defense attorney to a then-practicing trial attorney—it was transparently incorrect. *See, e.g.*, *Josephberg*, 562 F.3d at 492; *Neff*, 615 F.2d at 1241. (*See also* Tr. 20-21 (THE COURT: "I don't quite understand why somebody who is under indictment or a microscope of multiple investigations would not file tax returns. That seems to be just digging a deeper hold and raising a separate issue that the government could come after someone for. So I don't quite understand the theory there or why counsel would have given that advice.").) Nor is it at all apparent why, even accepting the assertion that the fact of Eagan Avenatti LLP's receivership in February 2019 would have prevented the filing of 2018 tax returns for that entity, that fact would have any bearing whatsoever on the defendant's refusal to file personal income taxes or to file income taxes for his other entities—including Avenatti & Associates APC, which received the stolen funds in this case. Accordingly, the Government remains skeptical of the validity of the purported advice-of-counsel defense, especially in light of the lack of any contemporaneous memoranda, notes, or communications between the defendant and Mr. Steward, despite the alleged "multiple discussions [between Mr. Steward and the defendant] beginning in early 2019 and continuing thereafter." (Ex. 1 ¶ 2.)

Notwithstanding that skepticism, in light of the foregoing and the Court's comments concerning the application of the Rule 403 balancing test in this context (*see* Tr. 24), the Government is not presently planning to offer in its case-in-chief evidence of the defendant's refusal to file tax returns for himself and his law firm entities for the tax years 2018 and 2019. However, the Government respectfully reserves its right to seek the Court's permission to offer such evidence in the event that the defendant further opens the door to such evidence through argument or questioning of witnesses, such as regarding the purported legitimacy or regularity of his business or personal finances, or if the defendant elects to testify at trial.[1]

---

[1] In the event the defendant opens the door or testifies, the Government likely will request that Court "hold a hearing outside the presence of the jury to determine whether [the advice-of-counsel defense] is valid." (Tr. 24.)

Honorable Jesse M. Furman
United States District Judge
January 17, 2022
Page 4

### IV. Conclusion

For the foregoing reasons, the Court should permit the Government to seek the Court's permission to offer evidence of the defendant's failure to file tax returns in the event that the defendant further opens the door to such evidence through argument or questioning of witnesses, or if the defendant elects to testify at trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/
      Matthew D. Podolsky
      Andrew A. Rohrbach
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-1947/2345/2616

cc:     Robert M. Baum, Esq. (by ECF)
         Andrew J. Dalack, Esq. (by ECF)
         Tamara L. Giwa, Esq. (by ECF)