UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                            :

UNITED STATES OF AMERICA          :          19 Cr. 374 (JMF)

              - v -                              :          <u>ORDER</u>

MICHAEL AVENATTI,                   :

                    Defendant.       :

------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

       Attached is a draft of the juror questionnaire that the Court intends to use during oral voir dire on January 20, 2022, and, if necessary, on January 21, 2022. The parties shall file any suggestions or objections to the draft questionnaire by **10:00 a.m.** on **January 19, 2022**.

       SO ORDERED.

Dated: January 18, 2022
       New York, New York

                                                     JESSE M. FURMAN
                                           United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,                           :
                                                    :
                                                    :
            -v-                                     :     19 Cr. 374 (JMF)
                                                    :
MICHAEL AVENATTI,                                   :     VOIR DIRE
                                                    :
                    Defendant.                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:


**PLEASE DO NOT READ FURTHER OR WRITE ANYTHING ON
THIS QUESTIONNAIRE UNTIL THE JUDGE TELLS YOU TO DO SO**

## INDIVIDUAL QUESTIONS

1. Since filling out the written questionnaire last Thursday, January 13, 2022, is there any answer that you need to update?

2. Since filling out the written questionnaire last Thursday, January 13, 2022, have you learned anything, read anything, or heard anything about this case or about anyone involved in it?

3. Are you fully vaccinated against COVID-19? (Fully vaccinated is defined as having received two shots of either the Pfizer or Moderna vaccines or one shot of the Johnson & Johnson vaccine.) Have you received a booster shot?

## GENERAL QUESTIONS

When directed to do so, please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question. If your answer to a question is "**no**," you should not do anything. Do *not* write your name or make *any other* marks on the questionnaire; the only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, you prefer not to elaborate in open court, please say so.

### A. COVID-19 Protocols

4. As I described last week and earlier today, the Court is taking precautions to prevent the spread of COVID-19, including requiring everyone in the courtroom to sit at least six feet apart and to wear masks. Do you have any concerns about your ability to follow these rules, as I have described them?

5. Is there anything about COVID-19, or the safety protocols that we will use during the trial, that would affect your ability to be a fair and impartial juror in this case?

### B. Knowledge and Opinions of the Case and Parties

6. Do you have any personal knowledge of the case as I have described it, or anyone involved in it?

7. Do you or does any member of your family or a close friend <u>personally</u> know or have past or present dealings with Mr. Avenatti or any of his family members? (To "personally know" means to have some direct or personal knowledge. If you have heard someone's name through media or social media, for example, that is not personal knowledge.)

8. Before today, had you read, seen, or heard anything about Mr. Avenatti or criminal charges brought against him (other than what you heard from me last week)?

9. Based on anything that you have read, seen, or heard about Mr. Avenatti, have you formed any opinions about Mr. Avenatti that might make it difficult for you to be a fair and impartial juror in this case?

10. Would you have any trouble following my instructions to put anything you may have read, seen, or heard about Mr. Avenatti out of your mind and decide this case based only on the evidence presented at trial?

11. Do you or does any member of your family or a close friend <u>personally</u> know or have past or present dealings with the alleged victim in this case, Ms. Clifford (also known as "Stormy Daniels"), or with any of her family members?

12. Before today, had you read, seen, or heard anything about Ms. Clifford, including legal matters (again, other than what you had heard from me last week)?

13. Based on anything that you have read, seen, or heard about Ms. Clifford, including about any legal matters, have you formed any opinions about Ms. Clifford that might make it difficult for you to be a fair and impartial juror in this case?

14. Would you have any trouble following my instruction to put anything you may have read, seen, or heard about Ms. Clifford out of your mind and decide this case based only on the evidence presented at trial?

15. During this trial, you may hear evidence that Ms. Clifford worked in the pornography industry. Does anything about the fact that you may hear such evidence make it difficult for you to be fair and impartial in this case?

16. During the trial, you will hear evidence concerning alleged wire fraud and identity theft. Does the fact that the charges involve allegations of wire fraud and identity theft make it difficult for you to be fair and impartial in this case?

17. Have you, or has any member of your family or a close friend, had any experiences of any kind, directly or indirectly, with alleged fraud or identity theft, either as a victim, a witness, a subject of investigation, or a defendant?

18. Does the fact that the charges in this case involve alleged fraud committed by an attorney against his client make it difficult for you to be fair and impartial in this case?

19. Do you believe that the actions charged in the indictment, as I have described them to you, should not be crimes; that the laws governing these offenses should not be enforced; or that these crimes should not be prosecuted by the Government?

20. Have you, or has any member of your family or any close friend, worked for a book agent or publishing company?

21. The witnesses in this case may include law enforcement officers. Do you have any personal views or experiences with law enforcement agencies or officers that would in any way affect your ability to be fair and impartial in this case?

22. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York — who is Damian Williams. The conduct of this trial will be in the immediate charge of Assistant United States Attorneys Matthew Podolsky, Robert Sobelman, and Andrew Rohrbach, who will be assisted at trial by Special Agent DeLeassa Penland with the U.S. Attorney's Office for the Southern District of New York, Special Agents Justin Stone and Katrina Laperuta with the Federal Bureau of Investigation, or the FBI, and paralegal specialists Emily Abrams and Christopher De Grandpre the U.S. Attorney's Office. Do you know, or have you had any dealings with, any of them?

23. Mr. Avenatti is represented by the Federal Defenders of New York. The conduct of this trial will be in the immediate charge of Federal Defenders Robert Baum, Andrew Dalack, and Tamara Giwa, who will be assisted at trial by [NAMES]. Do you know, or have you had any dealings with, any of them?

24. Do you know or have you heard of any of the following people or entities, which include the lawyers in this case, people who may testify at the trial, and other names that may be mentioned during the course of the trial?

   - Pamela Baez
   - Elizabeth Beier
   - Thomas Bolus
   - Clark Brewster
   - Christine Carlin
   - Michaela Catando (also known as Kayla Paige)
   - Dmitri Chitov
   - Dwayne Crawford
   - Jennifer Donovan
   - Anna Finkel
   - Mark Geragos
   - Jack Guiragosian
   - Holtzbrinck Publishers
   - Luke Janklow
   - Janklow & Nesbit Associates
   - Geoffrey Johnson
   - Global Baristas
   - Sean Macias
   - Macmillan Publishers
   - Susan McClaran
   - Benjamin Meiselas
   - Travis Miller
   - Mareli Miniutti
   - Erik Nathan
   - Denver Nicks
   - Kevin Carr O'Leary
   - David Padilla
   - Brandon Parraway
   - Pro Tech Security and Automation
   - Judy Regnier
   - Sally Richardson
   - Security and Automation LLC
   - St. Martin's Press
   - Enrique Santos
   - Jessica Volchko
   - Juliet Vicari
   - Donald Vilfer

25. Are you familiar with anyone else present in the courtroom, including your fellow jurors, all Court personnel, and myself?

C. **Experiences with, and Opinions About, the Legal System**

26. Do you have any opinions about lawyers or the legal professional generally that would interfere with your ability to be a fair and impartial juror in this case?

4

27. Have you, or has any member of your immediate family, ever retained or hired an attorney to negotiate a business contract?

28. Have you, or has any member of your immediate family, ever hired or retained an attorney and had a written Fee Agreement or Retainer Agreement with the attorney?

29. Have you, or has any member of your immediate family, ever obtained money with the assistance of a lawyer and been required to share the money with the attorney?

30. Have you, or has any member of your immediate family, ever been charged with a crime or been incarcerated?

31. Have you, or has any of your close friends or relatives, ever had any contact with law enforcement officials that has caused you to form strong opinions, either positive or negative, regarding law enforcement?

32. Do you have any expectations about the type or types of evidence that the Government should or will present in criminal trials?

### D. Basic Legal Principles

33. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

34. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

35. Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of guilty?

36. Do you believe that — for reasons that have nothing to do with the law or the evidence — you might be reluctant to render a verdict of not guilty?

37. In our criminal justice system, the defendant is presumed to be innocent, not only at the outset of the trial, but throughout the entire trial — unless and until the Government proves his guilt beyond a reasonable doubt. Would you have any trouble following my instructions on these points?

38. Because the burden rests with the Government at all times, the defendant has no obligation to offer evidence or to testify in his own defense. If the defendant chooses not to testify, as is his absolute right, would you have any trouble following my instruction that you may not consider that fact in any way in your deliberations in the jury room?

39. A juror is required by law to make his or her decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, bias, sympathy, or prejudice. Would you have any trouble following that instruction if you were selected to serve as a juror?

40. Under the law, the question of punishment is for the Court alone to decide, and thus the issue of punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty as charged.  Would you have any trouble following that instruction if you were selected to serve as a juror?

41. You may hear testimony in this case that law enforcement officers recovered certain evidence from searches. I will instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have any feelings or opinions about searches conducted by law enforcement officers, or the use of evidence obtained from searches, that would affect your ability to be fair and impartial in this case?

42. You also may hear testimony in this case from expert witnesses.  Have you had any experiences with expert witnesses, or do you have any general feelings about the use of expert witnesses, that would affect your ability to be fair and impartial in this case?

43. Under the law, the Government is not required to use any particular investigative technique to uncover evidence of, or prosecute, a crime.  Would you have any trouble following that instruction if you were selected to serve as a juror?

44. Do you believe that our system of criminal justice improperly favors or disfavors criminals or persons charged with crimes?

45. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict in a criminal case?

46. **From now and until your jury service is complete**, you must avoid any discussion of this case, whether in the media, on social media, on the Internet, or elsewhere.  That is, you are <u>forbidden</u> from consuming any news media or social media or any discussion of this case (or of anyone participating in the case) outside of the courtroom whatsoever.  You also must not discuss this case with anyone.  This includes your family, friends, spouse, domestic partner, colleagues, and co-workers.  These instructions apply from now and until you are either dismissed from jury selection or chosen as a juror and the trial is complete.  Do you have any reservations or concerns about your ability or willingness to follow these instructions?

47. Since filling out the written questionnaire last Thursday, January 13, 2022, have you failed to follow the foregoing rules in any way?  For instance, did you read anything on the internet or in the media about the case, did you google anything about the case or anyone involved in the case, or did you discuss the case with anyone?

48. Apart from any prior question, is there *any* reason that you could *not* be a conscientious, fair, and impartial juror in this case and render a true and just verdict without fear, favor, sympathy, or prejudice, according to the law as I will explain it to you?