UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                          :
:
-v-                                               :      19-CR-374-1 (JMF)
:
MICHAEL AVENATTI,                                 :
:
        Defendant.                             :
:
------------------------------------------------------------------X


NON-PARTY CLARK O. BREWSTER'S MOTION TO QUASH SUBPOENA


**CLARK O. BREWSTER**
Brewster & De Angelis
2617 E. 21st St.
Tulsa, OK 74114
(918) 742-2021
*Personally and Attorney for
Stephanie Clifford*

| TO: | | |
|---|---|---|
| JUDGE JESSE M. FURMAN<br>United States District Court Judge<br>Southern District of New York | AUDREY STRAUSS, ESQ.<br>United States Attorney<br>Southern District of New York | DAVID E. PATTON, ESQ.<br>Federal Defenders of New York<br>Attorneys for Michael Avenatti |

1

## PRELIMINARY STATEMENT

The undersigned non-party Clark O. Brewster is the subject of Defendant Avenatti's combined trial subpoena and subpoena *duces tecum*. The undersigned seeks this Court's assistance in resolving a dispute about the *manner* and *scope* of Mr. Avenatti's subpoena. For context, and as this Court is aware, the undersigned's nexus to this litigation is primarily as personal counsel to Ms. Stephanie Clifford, the alleged victim of Mr. Avenatti's alleged criminal conduct. Mr. Avenatti served a trial subpoena (that also requested documents) on the undersigned on January 7, 2022. The subpoena requests four categories of documents. The deadline for compliance is January 24, 2022. Thus far, the Parties have been unable to resolve their differences about the subpoena.

Briefly stated, the subpoena fails to clear the requirements of Fed. R. Crim. P. 17 and *United States v. Nixon*, 418 U.S. 686 (1974) for several reasons. *See*, *e.g.*, *United States v. Nachamie*, 91 F. Supp. 2d 552, 561 (S.D.N.Y. 2000) ("[B]efore a court issues a Rule 17(c) subpoena, it must be satisfied that the subpoena complies with the requirements of the Rule.").

*First*, the subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Subpoena to Brewster, Ex. A. But Rule 17(b) requires an antecedent application and an order from this Court for "a subpoena to be issued." From the undersigned's review of this Court's docket, it does not appear that these requirements were satisfied.

*Second*, gauged by Rule 17(c) standards, the subpoena cannot stand. A Rule 17(c) subpoena is not a discovery tool to discover what *might* be available. Rather, a Rule 17(c) subpoena should be trained to admissible evidence. This one is not. It has open-ended and broad requests that make clear that Mr. Avenatti is simply looking to discover all he can find. *Nixon* forecloses those wide-ranging discovery requests. Neither does the need for impeachment evidence *generally* make the requests any more tolerable. *Nixon* and several cases in this district hold that the need for generic impeachment evidence is not a valid purpose for a Rule 17(c) subpoena.

*Third*, Mr. Avenatti can secure nearly all the requested information from other sources than the undersigned. *Nixon* is clear that Rule 17 should not be used to secure documents that could have been secured through the exercise of diligence in the ordinary discovery process. Mr. Avenatti's requests readily fall in this *Nixon*-prohibited class of subpoenaed documents.

*Fourth*, the subpoena here also fails because it failed to clear Rule 17(c) and *Nixon*'s specificity requirements. As noted, the subpoena requests have been fashioned in broad and nebulous terms. The requests also have no temporal limitation. And yet, the law in this district is settled that there is a specificity requirement attendant to Rule 17(c) subpoenas. This subpoena is not specific. In fact, the four classes of documents the defendant has requested here *are nearly identical in scope and wording to other subpoenas that other judges in this district have rejected from this defendant. See United States v. Avenatti*, 2020 WL 508682, at **3-6 (S.D.N.Y. Jan. 31, 2020); *United States v. Avenatti*, 2020 WL 86768, at ** 5-7 (S.D.N.Y. Jan. 06, 2020). Thus, this subpoena deserves the same treatment. This Court should quash the subpoena.

*Fifth,* because the subpoena is unbounded temporally and in scope, that makes compliance with it oppressive and burdensome. *See* Fed. R. Crim. P. 17(c). That is also a freestanding reason to quash the subpoena. For all these reasons, this Court should quash Mr. Avenatti's subpoena.

## I.   FACTUAL BACKGROUND

Counsel for the defendant served a trial subpoena (that also requested documents in a Rider) on the undersigned on January 7, 2022. The trial subpoena requires the undersigned's attendance for trial on January 24, 2022. *See* Trial Subpoena, Ex. A. The subpoena did not come with witness fees nor has the defendant (or his counsel) made any arrangements for the payment of fees. *Id.* In the Rider, the subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Ex. A. At my direction, my office staff reviewed the Court's docket for this

case in search of (a) the defendant's application for a subpoena to issue to the undersigned; and (b) an order from this Court approving issuance of this subpoena to me. My office located neither. *See* C. Brewster Decl., filed contemporaneously herewith. And as noted, the at-issue subpoena has a Rider, that makes several document requests to the undersigned. The requests have been reproduced below *verbatim*:

- Provide any and all communications between Clark Brewster and the United States Attorney's Office for the Southern District of New York relating to Michael Avenatti or Stephanie Clifford (aka Stormy Daniels). This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all communications between Clark Brewster and the Federal Bureau of Investigation relating to Michael Avenatti or Stormy Daniels. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all communications between Clark Brewster and Luke Janklow relating to Michael Avenatti or Stormy Daniels. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all communications between Clark Brewster and St. Martin's Press relating to Michael Avenatti or Stormy Daniels. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

## II.   ARGUMENT

The movant of a Rule 17 subpoena must establish: (1) "relevancy; (2) admissibility; (3) specificity" as well as (4) "that the application is made in good faith and [5] is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 700. If the movant of a Rule 17 subpoena fails to meet each of these requirements, a court may quash the subpoena. *See United States v. Kahn*, 2009 WL 152582, at **2-4 (E.D.N.Y. Jan. 20, 2009). This Court can also quash a Rule 17(c) subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). As shown below,

a faithful application of these governing standards here should compel this Court to quash Mr. Avenatti's subpoena for five reasons.

*First reason.* The subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Ex. A. But Rule 17(b) requires an antecedent application from the defendant and an order from this Court for "a subpoena to be issued." *See* Fed. R. Crim. P. 17(b). From the undersigned's review of the Court's public docket, it does not appear that these requirements were satisfied. *See Brewster Decl*. Thus, the Court should quash Mr. Avenatti's subpoena.

*Second reason.* The unbounded scope of Mr. Avenatti's subpoena requests—seeking "any and all communications between" the undersigned and several other third persons "relating to Michael Avenatti or" Stephanie Clifford[1]—invalidates the subpoena. Beyond the unbounded scope of the subject-matter targeted, *the requests also have no temporal limitation*. *See* Ex. A. Rule 17(c) subpoenas that are "temporally unbounded and expansive in scope" are impermissible. *See United States v. Cognetta*, 2019 WL 4198544, at *4 (S.D.N.Y. Aug. 13, 2019). More to the point, courts in this district have already rejected Mr. Avenatti's attempts to use nearly identically worded Rule 17(c) subpoenas as backhanded attempts to "expand the limited discovery provided" under Rule 16. *See Avenatti*, 2020 WL 508682, at ** 3-6; *Avenatti*, 2020 WL 86768, at **5-7. That is also reason to quash the subpoena *duces tecum* in this case. *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena that requested "any and all writings and records' related to the [police department's] contact with a particular confidential witness").

*Third reason*. Mr. Avenatti can readily access so much of the requested information from other sources. To begin, Mr. Avenatti has requested communications between the undersigned and (a) the Southern District of New York prosecutorial team, and (b) the FBI. *See* Ex. A. That

---

[1] *See* Ex. A

information was readily accessible to the government and is not a proper subject of a Rule 17 subpoena. *See United States v. Boyle*, 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009) (quashing a Rule 17(c) subpoena when, as here, it was "likely that many of the documents that defendant seeks in his subpoena are obtainable from another source—the United States Attorney's Office—with little or no diligence required").

The rest of Mr. Avenatti's requests—relating to out-of-court information from other third parties (Luke Janklow and St. Martin's Press)—can also be sought from other sources and are not even a proper subject of a Rule 17(c) subpoena. Begin with that the text messages, emails and other requested communications are all inadmissible hearsay. Mr. Avenatti has never suggested that the materials he seeks are admissible to prove the truth of their contents because, for example, one or more exceptions to the rule against hearsay apply. This matters because Rule 17(c) subpoenas do not apply to inadmissible information. *United States v. Donziger*, 2021 WL 1865376, at *7 (S.D.N.Y. May 10, 2021) ("Rule 17(c) subpoenas cannot be used to obtain documents that would be excluded on hearsay grounds or would otherwise be inadmissible as evidence at trial.").

Important still, Mr. Avenatti has also made no showing (and will unlikely be able to show) that he could not readily have obtained information from those other third parties through the discovery process with the exercise of diligence. To be clear, if any of the requested information was specifically relevant to Mr. Avenatti's guilt or innocence, the government would have disclosed it to him through normal disclosure channels. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). But *Nixon* precludes disclosure under Rule 17 of information requested here—information that could have been discovered through the ordinary disclosure channels. *E.g.*, *United States v. Bergstein*, 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) ("When many of the subpoenaed materials are obtainable through the discovery process, a subpoena contravenes *Nixon's*

6

requirement that subpoenaed materials must not be otherwise procurable in advance of trial by the exercise of due diligence.") (Cleaned up). And in any event, if the requested information does not bear on guilt or innocence, but is simply a way to *generically* impeach witnesses, that is not a proper target of a Rule 17(c) subpoena. *See United States v. Weissman*, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("[S]everal cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes.").

*Fourth reason*. When gauged by Rule 17(c) standards, Mr. Avenatti's requests are not specific. The open-ended and searching nature of the requests—*i.e.*, "any and all communications"—shows that the requests are simply an attempt to see *what might be* available. *United States v. Rich*, 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984) ("Rule 17(c) . . . cannot be used as a device to gain understanding or explanation."). Mr. Avenatti has not tried to anchor his requests to specific messages or communications. Rather, the request is boundless. *See* Ex. A. The requests also have no temporal limitation. *Id*. Put together—the unbounded nature of the requests and the lack of temporal limits—exacerbate the specificity flaws. *See United States v. Carton*, 2018 WL 5818107, at *4 (S.D.N.Y. Oct. 19, 2018) (finding subpoena requests that requested "all due diligence reports and investigative reports" and all "market analysis reports pertaining to" the defendant "without any time limitation—all" exacerbated "the subpoena's lack of specificity").

*Fifth reason*. Rule 17(c) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Thus, Rule 17(c) imposes a reasonableness standard. *See*, *e.g.*, *United States v. Chambers*, 2017 WL 4857599, at *2 (S.D.N.Y. Oct. 26, 2017). When, as here, a subpoena "is temporally unbounded and expansive in scope," such a subpoena is oppressive and compelled "compliance with this request would be unduly burdensome." *Cognetta*, 2019 WL 4198544, at *4. That is also another reason for this Court to quash this subpoena.

## CONCLUSION

For the foregoing reasons set forth above, Defendant Avenatti's Subpoena to Mr. Brewster should be quashed.

Respectfully submitted,

/s/  Clark O. Brewster
Clark O. Brewster, OBA # 1114
***Pro Hac Vice applied for and pending***
Brewster & DeAngelis, PLLC
2617 East 21st Street
Tulsa, OK  74114
CBrewster@brewsterlaw.com
Phone: (918) 742-2021
Fax:    (918) 742-2197

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically transmitted the foregoing document using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/  Clark O. Brewster