UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA                                        :
                                                                :
-v-                                                             :   19-CR-374-1 (JMF)
                                                                :
MICHAEL AVENATTI,                                               :
                                                                :
        Defendant.                                              :
                                                                :
----------------------------------------------------------------X


NON-PARTY STEPHANIE CLIFFORD'S MOTION TO QUASH SUBPOENA


**CLARK O. BREWSTER**
Brewster & De Angelis
2617 E. 21st St.
Tulsa, OK 74114
(918) 742-2021
*Attorney for Stephanie Clifford*

| TO: | | |
|---|---|---|
| JUDGE JESSE M. FURMAN<br>United States District Court Judge<br>Southern District of New York | AUDREY STRAUSS, ESQ.<br>United States Attorney<br>Southern District of New York | DAVID E. PATTON, ESQ.<br>Federal Defenders of New York<br>Attorneys for Michael Avenatti |

1

## PRELIMINARY STATEMENT

Non-party Stephanie Clifford through counsel moves the Court to quash Defendant Michael Avenatti's combined trial subpoena and subpoena *duces tecum*. The Movant seeks this Court's assistance in resolving a dispute about the *manner* and *scope* of Mr. Avenatti's subpoena. Mr. Avenatti served a trial subpoena (that also requested documents) on Movant on January 7, 2022. The subpoena requests four categories of documents. The deadline for compliance is January 24, 2022. Thus far, the Parties have been unable to resolve their differences about the subpoena.

Mr. Avenatti's subpoena is not compliant with Fed. R. Crim. P. 17 and *United States v. Nixon*, 418 U.S. 686 (1974) for several reasons. *First*, the subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Subpoena to Clifford, Ex. A. But Rule 17(b) requires an antecedent application and an order from this Court for "a subpoena to be issued." From our review of this Court's docket, it does not appear that these requirements were satisfied.

*Second*, gauged by Rule 17(c) standards, the subpoena cannot stand. A Rule 17(c) subpoena is not a discovery tool to discover what *might* be available. Yet, this subpoena has open-ended requests—requesting "any and all" communications that mention Mr. Avenatti or "any and all" audio and video recordings about Mr. Avenatti. Those requests show that Mr. Avenatti is simply looking to discover what *might* be available. A bevy of cases in this jurisdiction hold that *Nixon* forecloses such wide-ranging fishing requests. And because of its open-ended nature, the subpoena also fails Rule 17's specificity requirements. In fact, the four classes of documents the defendant has requested here mirror in scope and wording other subpoenas that judges in this district have rejected *from this defendant*. *See United States v. Avenatti*, 2020 WL 508682, at **3-6 (S.D.N.Y. Jan. 31, 2020); *United States v. Avenatti*, 2020 WL 86768, at ** 5-7 (S.D.N.Y. Jan. 06, 2020). Thus, this subpoena deserves the same treatment. This Court should quash the subpoena.

*Third*, as worded, Mr. Avenatti's boundless requests also creep into Ms. Clifford's attorney-client and work-product protected communications and documents. A Rule 17(c) subpoena is not designed to function as a work-around to longstanding privileges. That is also reason enough to quash the subpoena. *See*, *e.g.*, *United States v. Pena*, 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (quashing in part subpoena because the defendant had failed to show that the requested documents did not implicate privileged documents).

*Fourth*, Mr. Avenatti's requests that target "any and all" communications between Movant and two other non-parties are also not the proper subject of a Rule 17 pretrial subpoena. The requests have no subject-matter limitation. It is not anchored in any way to the charges at issue. As worded, the relevance of the request is not readily apparent. Besides those glaring failings, the out-of-courts statements by those third parties are rank hearsay. A Rule 17(c) subpoena should be trained to admissible evidence. As presented, the subpoena's far-searching requests fail Rule 17's admissible evidence, relevancy, and specificity tests. This Court should quash the subpoena.

*Fifth*, because the subpoena is unbounded in scope, that makes compliance with it oppressive and burdensome. *See* Fed. R. Crim. P. 17(c). That is also a freestanding reason to quash the subpoena. For all these reasons, this Court should quash Mr. Avenatti's subpoena.

### I.   FACTUAL BACKGROUND

Counsel for the defendant served a trial subpoena (that also requested documents in a Rider) on Movant on January 7, 2022. The trial subpoena requires Movant's attendance for trial on January 24, 2022. *See* Trial Subpoena, Ex. A. The subpoena did not come with witness fees nor has the defendant (or his counsel) made any arrangements for the payment of fees. *Id.* In the Rider, the subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Ex. A. Movant's counsel's office has reviewed the Court's docket for this case in search of (a) the

defendant's application for a subpoena to issue to her; and (b) an order from this Court approving issuance of this subpoena to Movant. Movant's counsel located neither. *See* C. Brewster Decl., filed contemporaneously herewith. And as noted, the at-issue subpoena has a Rider, that makes several document requests. The requests have been reproduced below *verbatim*:

- Provide any and all communications between Stephanie Clifford and Michael Avenatti between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all communications about or mentioning Michael Avenatti between February 2018 - Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all communications between Stephanie Clifford and Luke Janklow or Sally Richardson between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

- Provide any and all audio and video recordings and voicemails recorded between February 2018 – Present that include Michael Avenatti's voice.

## II.   ARGUMENT

The movant of a Rule 17 subpoena must establish: (1) "relevancy; (2) admissibility; (3) specificity" as well as (4) "that the application is made in good faith and [5] is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 700. If the movant of a Rule 17 subpoena fails to meet each of these requirements, a court may quash the subpoena. *See United States v. Kahn*, 2009 WL 152582, at **2-4 (E.D.N.Y. Jan. 20, 2009). This Court can also quash a Rule 17(c) subpoena "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). As shown below, a faithful application of these governing standards here should compel this Court to quash Mr. Avenatti's subpoena for five reasons.

4

*First reason.* The subpoena claims that the "defendant is indigent and invokes Rule 17(b) F.R.CRIM.P." *See* Ex. A. But Rule 17(b) requires an antecedent application from the defendant and an order from this Court for "a subpoena to be issued." *See* Fed. R. Crim. P. 17(b). From Movant's review of the Court's public docket, it does not appear that these requirements were satisfied. *See Brewster Decl*. Thus, the Court should quash Mr. Avenatti's subpoena.

*Second reason.* The unbounded scope of Mr. Avenatti's subpoena requests——requesting "any and all" communications that mention Mr. Avenatti or "any and all" audio and video recordings about Mr. Avenatti[1]—invalidates the subpoena. When gauged by Rule 17(c) standards, Mr. Avenatti's requests are not specific. The open-ended and searching nature of the requests—*i.e.*, "any and all communications"—shows that the requests are simply an attempt to see what might be available. *United States v. Rich*, 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984) ("Rule 17(c) . . . cannot be used as a device to gain understanding or explanation."). Mr. Avenatti has not tried to anchor his requests to specific messages or communications. Rather, the request is boundless. *See* Ex. A. In fact, courts in this district have already rejected Mr. Avenatti's attempts to use nearly identically worded Rule 17(c) subpoenas as backhanded attempts to "expand the limited discovery provided" under Rule 16. *See Avenatti*, 2020 WL 508682, at ** 3-6; *Avenatti*, 2020 WL 86768, at **5-7. That is also reason to quash the subpoena *duces tecum* in this case. *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena that requested "any and all writings and records' related to the [police department's] contact with a particular confidential witness"). This Court should likewise quash the subpoena here.

*Third reason*. As worded, Mr. Avenatti's boundless requests also creep into Ms. Clifford's attorney-client and work-product protected communications and documents. *See, e.g.*, Ex. A

---

[1] *See* Ex. A

(requesting documents with "any and all communications about or mentioning Michael Avenatti between February 2018 - Present."). The request has no subject-matter limitation. It is in no way anchored to the charges at issue. And as worded, the relevance of the request is not readily apparent. There is nothing that limits Mr. Avenatti's requests from creeping into Ms. Clifford's attorney-client communications with her counsel. Those kinds of documents fall under the attorney-client privilege. *See Am. Civil Liberties Union v. NSA*, 925 F.3d 576, 589 (2d Cir. 2019) (noting that the doctrine protects "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, confidential (3) for the purpose of obtaining or providing legal advice" (citation omitted)). That is a reason to quash the subpoena. *See Pena*, 2016 WL 8735699, at *2 (quashing in part subpoena because the defendant had failed to show that the requested documents did not implicate privileged documents).

Similarly, Mr. Avenatti's requests also target documents subject to the work-product doctrine. *See, e.g.*, Ex. A (requesting documents with "any and all communications about or mentioning Michael Avenatti between February 2018 - Present."). As noted, the request has no subject-matter limitation, and there is nothing that limits Mr. Avenatti's requests from creeping into Ms. Clifford's work-product protected documents. *See* Ex. A. To be sure, Movant's current counsel (Mr. Clark Brewster) assumed representation from Mr. Avenatti in several cases across the country. *See Brewster Affidavit*. And as a foreseeable consequence, there are several documents created in anticipation of (or in aid of) that varied litigation that mention "Michael Avenatti between February 2018 - Present." There is no link between any of those documents and this case. *See* Ex. A. That is a freestanding reason to also quash the subpoena. *See Pena*, 2016 WL 8735699, at *2.

6

*Fourth reason.* The rest of Mr. Avenatti's requests that target "any and all" communications between Movant and two other non-parties are also not the proper subject of a Rule 17 pretrial subpoena. That request also has no subject-matter limitation. It, like others before, is in no way anchored to the charges at issue. *See* Ex. A.  As worded, the relevance of the request is not readily apparent. A "mere hope that the documents, if produced, may contain evidence favorable to the defendant's case will not suffice." *United States v. Rich*, 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984). And in any event, if the requested information does not bear on guilt or innocence, but is simply a way to generically impeach witnesses, that is not a proper target of a Rule 17(c) subpoena. *See United States v. Weissman*, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("[S]everal cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes."). Besides those glaring failings, the out-of-courts statements by those third parties are rank hearsay. This matters because Rule 17(c) subpoenas do not apply to inadmissible information. *United States v. Donziger*, 2021 WL 1865376, at *7 (S.D.N.Y. May 10, 2021) ("Rule 17(c) subpoenas cannot be used to obtain documents that would be excluded on hearsay grounds or would otherwise be inadmissible as evidence at trial.").

*Fifth reason*. Rule 17(c) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Thus, Rule 17(c) imposes a reasonableness standard. *See*, *e.g.*, *United States v. Chambers*, 2017 WL 4857599, at *2 (S.D.N.Y. Oct. 26, 2017). When, as here, a subpoena is "unbounded and expansive in scope," such a subpoena is oppressive and compelled "compliance with this request would be unduly burdensome." *United States v. Cognetta*, 2019 WL 4198544, at *4 (S.D.N.Y. Aug. 13, 2019). That is also another reason for this Court to quash this subpoena.

7

## CONCLUSION

For the foregoing reasons set forth above, Defendant Avenatti's Subpoena to Stephanie Clifford should be quashed.

Respectfully submitted,

/s/ Clark O. Brewster
Clark O. Brewster, OBA # 1114
***Pro Hac Vice applied for and pending***
Brewster & DeAngelis, PLLC
2617 East 21st Street
Tulsa, OK  74114
CBrewster@brewsterlaw.com
Phone: (918) 742-2021
Fax:    (918) 742-2197

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically transmitted the foregoing document using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Clark O. Brewster