**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

January 18, 2022

**BY E-MAIL & HAND DELIVERY**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: **United States v. Michael Avenatti**
    **19 Cr. 374 (JMF)**

Dear Judge Furman:

We write in advance of today's pre-trial conference to bring certain issues to the Court's attention and to request that the Court set a schedule for the briefing of various issues affecting Mr. Avenatti's right to a fair trial.

First, the Government's Rule 3500 production for several witnesses appears to be missing materials that must be produced under the Jencks Act, and the Government has not produced all Brady and Giglio material. By way of example only, it appears that the Government has not produced all of Special Agent Deleassa Penland's written communications with Mr. Avenatti's former office manager, Ms. Regnier, including text messages. To the extent any messages between SA Penland and the office manager may have been deleted, the defense should be immediately informed of this fact. Similarly, the defense avers that it has not received all of the typed or handwritten notes of the Government's interviews with the office manager, including in the possession of the prosecution team from the Central District of California, which was previously found by the Hon. Paul G. Gardephe to be part of the SDNY prosecution team at least as it related to Ms. Regnier. See, e.g., United States v. Avenatti, 2021 WL 2809919, at *45 (S.D.N.Y. July 6, 2021) (finding that SDNY and CDCA "engaged in joint and coordinated fact gathering . . . at least as to" Ms. Regnier). Further, the Government has not

produced all Brady and Giglio information relating to the finances of Mr. Avenatti and his firm. Additionally, the defense has not received any notes from the Government's initial communication with Ms. Clifford and/or her current counsel, which occurred the last week of February 2019. The defense anticipates filing a letter brief regarding the impact of these and other omissions on Mr. Avenatti's fair trial rights.

Second, the Government only recently disclosed their intention to call Sean Macias, Mr. Avenatti's prior counsel, as a witness. The defense is exploring a motion to preclude or restrict Mr. Macias's testimony on multiple grounds, including that it is inextricably intertwined with his prior representation of Mr. Avenatti and, therefore, a violation of the attorney-client privilege and of the duty of loyalty attorneys owe their former clients. Cf. United States v. Cochran, 546 F.2d 27, 29 & n.5 (5th Cir. 1977) (finding no error in trial court's decision to allow defendant's former attorney to testify against him about matters in the public record, but nevertheless noting that "[t]he mere appearance of an attorney testifying against a former client, even as to matters of public record, is distasteful and should only be used in rare instances").

Third, while the defense has produced some documents to the Government and will make another substantial production today in compliance with the Court's deadline, the defense continues its search of Mr. Avenatti's former law firm's servers (which total nearly 20 terabytes and have been in the possession of Main Justice for almost three years) for Brady, Giglio, and Rule 16 materials. This search will not be complete by the end of the day and therefore the defense requests leave to continue making productions to the Government on a rolling basis and without prejudice. Further, the defense has been unable to access critical information on the servers relating to Mr. Avenatti's representation of Ms. Clifford, including financial information and cost data, thus triggering a pending motion before Judge James V. Selna in California. See Dkt. No. 903, 19-061-JVS (C.D. Ca. Jan. 14, 2022). The defense reiterates its objection to the Government's position in this case that it has no discovery obligations with respect to the servers.

Fourth, and as noted at the previous conference, both the Government and the defense have served document subpoenas on the Trustee in Mr. Avenatti's former firm's bankruptcy proceeding and are still awaiting compliance. Further, the Government has placed an outside consultant to the Trustee on its witness list, presumably to testify about electronic documents (which the defense avers have not been produced). Should the Trustee ultimately fail to comply with the dueling subpoenas by the start of trial, the defense may seek appropriate remedies.

Respectfully Submitted,

/s/

Robert M. Baum, Esq.
Andrew J. Dalack, Esq.
Tamara L. Giwa, Esq.
Assistant Federal Defenders

Cc:   Government Counsel                                      Counsel for Michael Avenatti