# Exhibit A



emma hernandez

## Fwd: [EXTERNAL] Letter from Mr. Avenatti - Time Sensitive
1 message

---------- Forwarded message ---------
From: **Katzenstein, Ranee (USACAC)** <​>
Date: Fri, Jan 7, 2022 at 4:08 PM
Subject: RE: [EXTERNAL] Letter from Mr. Avenatti - Time Sensitive
To: emma hernandez <​>
Cc: Sagel, Brett (USACAC) <​>, deansteward

Ms. Hernandez:

Please provide this response to Mr. Avenatti:

As previously stated in response to your prior requests, please direct all inquiries pertaining to cases pending in the Southern District of New York to the Assistant United States Attorneys assigned to those cases.

Thank you.

**Ranee A. Katzenstein | Assistant United States Attorney**

**Chief, Major Frauds Section**

United States Attorney's Office | Central District of California

United States Courthouse, Suite 1100 | 312 N. Spring St. | Los Angeles, California 90012
Office: | Mobile:

---

**From:** emma hernandez <​>
**Sent:** Friday, January 7, 2022 9:32 AM
**To:** Katzenstein, Ranee (USACAC) <​>; Sagel, Brett (USACAC) <​>

**Cc:** Andrew Dalack <​█​>; Robert Baum <​█​>; Tamara Giwa <​█​>; Courtney Cummings <​█​>; Dean Steward <​█​>

**Subject:** [EXTERNAL] Letter from Mr. Avenatti - Time Sensitive


Ms. Katzenstein and Mr. Sagel:


Please see the attached letter from Mr. Avenatti, which is time sensitive.


Thank you.

Emma


--

Emma Hernandez, Paralegal

█

█


--

Emma Hernandez, Paralegal

█

January 7, 2022

Ms. Ranee Katzenstein
Mr. Brett Sagel
Assistant U.S. Attorneys
United States Department of Justice

    Re:    **Request for Immediate Compliance with Discovery Obligations in Anticipation of January 24, 2022 Trial in 18-cr-374 (JMF)((SDNY)**

Dear Ms. Katzenstein and Mr. Sagel:

    Pursuant to Rule 16, the Jencks Act (18 U.S.C. § 3500), Rule 26.2, *Brady*, *Giglio*, *Price*, *Olsen*, *Bundy,* and Judge Furman's Brady/Rule 5(f) Order*,* I write to request that your office immediately produce all materials and information required to be produced in connection with *United States v. Avenatti*, 19-cr-374 (JMF). As you know, because you are in regular contact with your colleagues in the Southern District and closely monitor the case, trial is set to begin on January 24. **Your continued refusal to comply with your obligations and produce the required information is violative of my rights, causing severe prejudice, and placing that case at risk for a mistrial or dismissal (similar to what recently transpired in California).[1]**

    Please note that this request for information expressly includes, but is not limited to, (i) all statements of defendant, Ms. Judy Regnier, Ms. Stephanie Clifford (aka Stormy Daniels), Ms. Luke Janklow, Ms. Sally Richardson, and Mr. Denver Nicks, (ii) all favorable or relevant financial related information; (iii) all information that may be used to impeach a witness or bearing on any witness' credibility; and (iv) all favorable or relevant information contained in any documents or communications received from John Drum or any other employee of Analysis Group.

    To be clear, your decision to deliberately withhold statements from witnesses, including handwritten notes and emails, is placing the case at risk. *See United States v. Jackson*, 345 F.3d 59, 77 n.14 (2d Cir. 2003); *United States v. Hilton*, 521 F.2d 164, 166 (2d Cir. 1975); *United States v. Bin Laden*, 397 F. Supp. 2d 465, 509 n.52 (S.D.N.Y. 2005) ("[A]lthough the value of the actual 3500 Material is quite minimal, even this minimal value would likely require a new trial if the Government's failure to produce the statements had been truly intentional, or under circumstances justifying a presumption of intentional suppression."); *see also United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); Fed. R. Crim. P. 33; 18 U.S.C. § 3500(d).

---

[1] It also appears that the Hon. Paul Gardephe is seriously considering whether to grant defendant's pending motion for new trial in United States v. Avenatti, 19 Cr. 373 (PGG) (S.D.N.Y.) due to your suppression of critical *Brady* material. This would be the second prosecution derailed because of your misconduct in a matter of months.

-1-

Further, under *Brady*, the prosecution is "trusted to turn over evidence to the defense because its interest is not that it shall win a case, but that justice shall be done." *Bundy*, 968 F.3d at 1023(affirming the district court's dismissal of a twenty-one defendant obstruction case because the government disregarded its Brady obligations by failing to disclose materials until several days into trial). The government is required to promptly produce to the defense all information favorable to the defense, regardless of materiality. *See, e.g.*, *Bundy*, 968 F.3d at 1033("[T]rial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of the trial. . . . The retrospective definition of materiality is appropriate only in the context of appellate review" and not at the trial level.)(citation omitted); *Price*, 566 F.3d at 900; *Olsen*, 704 F.3d at 1183 n.3 (explaining that a prosecutor should not produce only what he considers "material" because it is "just too difficult to analyze before trial" what may be material); *United States v. Bruce*, 984 F.3d 884, 895 (9th Cir. 2021)("Any evidence that would tend to call the government's case into doubt is favorable for Brady purposes."). *See also* California RPC 3.8 (applicable to federal prosecutors pursuant to 28 U.S.C. § 530B(a) and requiring disclosure to the defense without regard to materiality); Justice Manual 9-5.001(B)(1) (requiring AUSAs to "err on the side of disclosing exculpatory and impeaching evidence."). The prosecution's suppression of evidence that is favorable to the accused "violates due process where the evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

In addition, *Brady* encompasses impeachment evidence, and evidence that would impeach a central prosecution witness is indisputably favorable to the accused. *See Giglio v. United States*, 405 U.S. 150, 154 (1972); *see also United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) ("Brady/Giglio information includes 'material . . . that bears on the credibility of a significant witness in the case.'") (omission in original) (quoting *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1461 (9th Cir. 1992)).

Moreover, the government may not fail to turn over Brady material and then argue that the failure is excused because such material was "cumulative." *See, e.g.*, *Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir. 1997) ("We have held that the government cannot satisfy its Brady obligation to disclose exculpatory evidence by making some evidence available and claiming the rest would be cumulative.") (internal citations omitted).

Importantly, "The prosecutor is charged with knowledge of any Brady material of which the prosecutor's office or [any] investigating [] agency is aware." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013). Further, even when the prosecutor is unaware of Brady material, it still has an obligation to find it and disclose it. "[B]ecause the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned." *Price*, 566 F.3d at 909; quoting *United States v. Zuno-Acre*, 44 F.3d 1420, 1427 (9th Cir. 1997)(citations omitted). Moreover, there is no meaningful difference between one part of the Department of Justice (USAO-CDCA) and another (USAO-SDNY). *See, e.g.*, *United States v. Grace*, 401 F.Supp. 2d 1069, 1074-75 (D. Mont. 2005) ("The knowledge and access test is met when there exists any information in the possession, custody or control of a federal agency participating in the same investigation of the defendant."). As explained in *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995), for Brady

purposes, the offices are one: "The government cannot with its right hand say it has nothing while its left had holds what is of value."

**Please produce all information as requested. Time is of the essence.**

If you have any questions concerning this request, please note that you may reach me via email sent to Ms. Hernandez.

Very truly yours,

/s/

Michael J. Avenatti

cc: Robert Baum, Esq.
Andrew Dalack, Esq.
Tamara Giwa, Esq.