**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

January 20, 2022

**BY ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   United States v. Michael Avenatti,
      19 Cr. 374 (JMF)

Dear Judge Furman:

     We write to respectfully request that the Court preclude or restrict Sean Macias's testimony because it is inextricably intertwined with his prior representation of (and work as co-counsel with) Michael Avenatti and raises a conflict of interest. Specifically, Mr. Macias's testimony would violate the attorney-client privilege, the work product doctrine, and the duty of loyalty attorneys owe their former clients.

     As set forth in the attached affirmation (Exhibit A), Mr. Macias had an attorney-client relationship with Mr. Avenatti at various points throughout the period at issue in this trial. Mr. Avenatti sought and relied on Mr. Macias's legal advice on numerous occasions, including with respect to his dealings with Ms. Clifford. In addition, Mr. Macias currently represents Mr. Avenatti's estranged wife and is privy to information covered by the spousal privilege that also concerns matters relevant to this trial. Because it is very difficult to disentangle Mr. Macias's knowledge of Mr. Avenatti's affairs from their attorney-client and professional relationship (and Mr. Macias's current representation of Mr. Avenatti's estranged wife), the Court should preclude or significantly restrict the scope of Mr. Macias's testimony.

**The Court should preclude and/or restrict Mr. Macias's testimony under the attorney-client privilege, work-product doctrine, and spousal privilege because he previously represented Mr. Avenatti, litigated cases alongside him, and presently represents Mr. Avenatti's estranged wife, including in divorce proceedings.**

Lawyers have a duty of loyalty to their former clients. Under Rule 1.9 of the California Rules of Professional Conduct, "A lawyer who has formerly represented a client in a matter… shall not thereafter… use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 … to the disadvantage of the former client" or "reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 …." Cal. R.P.C. 1.9.   The Comment to this Rule further explains:

> After termination of a lawyer-client relationship, the lawyer owes two duties to a former client. The lawyer may not (i) do anything that will injuriously affect the former client in any matter in which the lawyer represented the former client, or (ii) at any time use against the former client knowledge or information acquired by virtue of the previous relationship." See Oasis West Realty, LLC v. Goldman (2011) 51 Cal. 4th 811 [124 Cal. Rptr. 3d 256]; Wutchumna Water Co. v. Bailey (1932) 216 Cal. 564 [15 P.2d 505].). … These duties exist to preserve a client's trust in the lawyer and to encourage the client's candor in communications with the lawyer."

"As a general matter, permitting counsel to be called as witnesses, even in a hearing out of the presence of the jury, is a step a court should ordinarily be reluctant to take." United States v. Doyle, No. 16-CR-506 (ALC), 2018 WL 1902506, at *19 (S.D.N.Y. 2018) (internal citations omitted). "Even where the attorney no longer represents the client, the practice is strongly disfavored." Id. Indeed, even if an attorney testifies against a former client about matters already in the public record, "[t]he mere appearance of an attorney testifying against a former client … is distasteful and should only be used in rare instances." United States v. Cochran, 546 F.2d 27, 29 & n.5 (5th Cir. 1977). See also United States v. Gasparik, 141 F. Supp. 2d 361, 370 (S.D.N.Y. 2001) (noting that testimony by former attorney, depending on the subject matter, may be subject to attorney-client privilege).

Mr. Avenatti's affirmation makes clear that he has a complicated history with Mr. Macias—having sought his legal counsel and worked alongside him on various cases—which is compounded by Mr. Macias's present representation of Mr. Avenatti's estranged wife, including in their divorce proceedings. The Court should not permit Mr. Macias to testify because it is impossible to disentangle what he has

2

learned about Mr. Avenatti through their confidential communications from what he knows about Mr. Avenatti outside of that context. Worse, Mr. Macias is clearly privy to the most intimate details of Mr. Avenatti's life through his current representation of Mr. Avenatti's estranged wife. Any knowledge Mr. Macias has acquired about Mr. Avenatti through this representation is likely covered by the spousal privilege and otherwise creates an untenable conflict of interest. And to the extent Mr. Macias's testimony is derived from his work alongside Mr. Avenatti on the cases they litigated together, it potentially implicates their work product, the disclosure of which Mr. Macias cannot waive on Mr. Avenatti's behalf. Cf. <u>Lasky, Haas, Cohler & Munter v. Superior Court</u>, 172 Cal. App. 3d 264, 270 (Ct. App. 1985) (in California, work-product privilege "is held exclusively by the attorney in all circumstances").

## **Conclusion**

For the reasons set forth herein and in the attached affirmation, the Court should preclude, or alternatively restrict, Mr. Macias's testimony. In the alternative, the Court should hold a hearing.

Respectfully Submitted,

/s/
Robert M. Baum
Tamara L. Giwa
Andrew J. Dalack
Assistant Federal Defenders

Cc: Government Counsel                Counsel for Michael Avenatti

3