# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA       :

          - v -                :      AFFIRMATION
                                      19 Cr. 374 (JMF)
MICHAEL AVENATTI,              :

          Defendant.           :
------------------------------X
```

I, Michael Avenatti, hereby affirm under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I met Sean Macias in early 2017. I understood Mr. Macias was a practicing attorney in Los Angeles, California.

2. In April 2017, I tried a high-profile case in the United States District Court for the Central District of California and obtained a significant result.

3. Following that trial, Mr. Macias approached me and asked me to serve as co-counsel in a large personal injury action filed in Los Angeles in which someone was burned to death. I agreed to serve as co-counsel and began representing the family. I regularly communicated with Mr. Macias in connection with that representation. At all times, I understood my communications to be covered by the attorney-client privilege and/or the work product doctrine.

4. In February 2018, Mr. Macias referred Stephanie Clifford to me for representation. In connection with the referral, he insisted on remaining involved in the representation and

regularly communicated with me about Ms. Clifford's legal matters from February 2018 to February 2019. Mr. Macias remained involved in the representation throughout the remainder of 2018 in multiple respects, including serving as my co-counsel in negotiating a deal for a documentary that Ms. Clifford was involved in. I understood that our communications were covered by the attorney-client privilege and/or the work product doctrine.

5. In 2018, a former employee of my law firm obtained a judgment against me and the firm. During this time, I regularly consulted with Mr. Macias in an effort to obtain legal advice as to the payment of the judgment. Specifically, regarding that payment, Mr. Macias advised me and my law firm on our financial situation and how our financial situation may be impacted by the judgment. I understood that these communications were covered by the attorney-client privilege and/or the work product doctrine.

6. On November 14, 2018, I was arrested on suspicion of domestic violence resulting from a false accusation. Mr. Macias was one of the lawyers who advised and assisted me in connection with those allegations, including in helping me get released on bail. Mr. Macias and attorneys Mark Geragos and Evan Jenness subsequently represented me in connection with that matter until approximately April 2019. In connection with

that representation, I regularly communicated with Mr. Macias and understood that these communications were covered by the attorney-client privilege and/or the work product doctrine. No charges were ever filed in connection with that matter.

7. I have become aware that Mr. Macias is representing my estranged wife, Lisa Storie-Avenatti, including in connection with our pending divorce proceeding filed in the Orange County Superior Court of California. During the course of our marriage, which began in 2011, I understood that all of my private communications with Ms. Storie-Avenatti were covered by the spousal privilege, including our conversations about my cases, law firm, and finances.

DATED:   New York, NY
         January 20, 2022



_____
MICHAEL AVENATTI