# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
*Executive Director*
*and Attorney-in-Chief*

*Southern District of New York*
*Jennifer L. Brown*
*Attorney-in-Charge*

January 20, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti,**
    **19 Cr. 374 (JMF)**

Dear Judge Furman:

The Court should deny the motions to quash subpoenas as to Clark Brewster and Stephanie Clifford.   See Dkt. 262, Dkt. 266.

The request for evidence in the subpoena directed to Mr. Brewster, Ms. Clifford's attorney, seeks evidence that is relevant, admissible, and specific, as the requested documents directly relate to the actions that led to Mr. Avenatti's indictment and events surrounding the issues in this case.   In the event that the Court disagrees, a subset of these documents—specifically communications Mr. Brewster had with the United States Attorney's Office and the Federal Bureau of Investigations, must be compelled in advance of Mr. Avenatti's cross-examination of Mr. Brewster, as not to violate his Fifth Amendment right to a fair trial.   Mr. Brewster must also be sequestered from trial proceedings until his testimony occurs, including during Ms. Clifford's testimony.

Additionally, and as set forth below, the documents requested in the subpoena addressed to Ms. Clifford—which includes communications with Mr. Avenatti, about Mr. Avenatti, and with other relevant key players in this trial—are clearly relevant, admissible, and specific enough to satisfy Rule 17(c).   As Ms. Clifford is the Government's key witness in this case, restricting Mr. Avenatti's access to these communications would be against his Fifth Amendment right to a fair trial and his Sixth Amendment right to confront his accuser.

**The request for evidence in the subpoena directed to Mr. Brewster is relevant, admissible, and specific, and withholding these communications would violate Mr. Avenatti's rights under the Fifth Amendment.**

A. *The Court must deny Mr. Brewster's motion to quash because the evidence requested is relevant, admissible, and sufficiently specific under* Nixon.

Under Rule 17, evidence sought by subpoena must clear the three hurdles set forth in United States v. Nixon, 418 U.S. 683, 709 (1974)), i.e., relevancy, admissibility, and specificity.   Mr. Brewster and Ms. Clifford argue that the request does not meet the requirements set forth in Nixon.   This argument fails for a number of reasons.

The documents requested in the subpoena directed to Mr. Brewster are relevant, admissible, and specific.   Mr. Brewster's communications with the United States Attorney's Office for the Southern District of New York and his communications with the Federal Bureau of Investigation are relevant and admissible as impeachment material under the Rules of Evidence and the Fifth Amendment.   Specifically, as a matter of fundamental fairness and due process, Mr. Avenatti must be able to review all of Mr. Brewster's communications with law enforcement that that led him to record a phone call with Mr. Avenatti at the end of February 2019 (concerning the very events at issue in this case) and to disclose that same recording to the United States Attorney's Office.

Mr. Brewster's communications with Luke Janklow and St. Martin's Press are also relevant and admissible.   Mr. Brewster became Ms. Clifford's attorney while aspects of the book deal with St. Martin's Press were still pending.   Mr. Brewster became the main point of contact for Ms. Clifford in these ongoing negotiations and, as the defense understands it, was in communication with Mr. Janklow and St. Martin's Press while Ms. Clifford was promoting and selling her book.   Since Mr. Brewster gained control of these negotiations and communications right after Mr. Avenatti terminated his attorney-client relationship with Ms. Clifford, Mr. Brewster was likely in regular contact with Mr. Janklow and St. Martin's press **about Mr. Avenatti**.   Again, these communications are relevant and admissible as impeachment material, and Mr. Avenatti must be able to understand what was said about him and his conduct vis-à-vis Ms. Clifford.

Mr. Brewster also claims that the request is not specific enough because it has no temporal limitation.   See Dkt. 262 at 5.   One can assume by looking at the subpoena that all the requested materials would fall within the time period of February 2018 to present, which has continued to be the approved temporal period for all other evidentiary requests in this case.   Since Mr. Brewster began to represent Ms. Clifford after Mr. Avenatti ended his representation of her in early

2019, none of these requests fall outside of this period, and there is nothing ambiguous or non-specific about the requested timeframe.

    B. *In the alternative, the Government must produce to Mr. Avenatti the statements Mr. Brewster made to the Government, which are requested in the subpoena, after Mr. Brewster testifies.*

       If this Court grants the motion to quash, the Court must nevertheless compel the statements Mr. Brewster made to the Government, referenced in Mr. Brewster's subpoena, after Mr. Brewster testifies.   Under Rule 26.2, "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony."   Fed. R. Crim. Proc. 26.2(a).   These kinds of statements include "written statement[s] that a witness makes and signs, or otherwise adopts and approves" and "substantially verbatim, contemporaneously recorded recital[s] of the witness's oral statement that [are] contained in any recording or transcription of a recording."   Fed. R. Crim. Proc. 26.2(f).

       Mr. Avenatti requested, via subpoena, that Mr. Brewster provide his written or recorded communications with the United States Attorney's Office and the FBI relating to Mr. Avenatti and Ms. Clifford.   The defense is aware that Mr. Brewster recorded a phone call with Mr. Avenatti and brought that recording to the United States Attorney's Office, which subsequently led to Mr. Avenatti's indictment. Should Mr. Brewster be called by the defense as a hostile witness, Mr. Brewster's statements are proper impeachment fodder and precluding Mr. Avenatti's access to them would violate his right to a fair trial.

       Additionally, if Mr. Brewster has any concerns about whether privileged materials are present within the written/recorded statements requested by the defense, the Government (or Mr. Brewster) is welcome to move the Court to inspect those statements in camera.   Cf. Fed. R. Crim. Proc. 26.2(c) ("If the party who called the witness claims that the statement contains information that is privileged or does not relate to the subject matter of the witness's testimony, the court must inspect the statement in camera. After excising any privileged or unrelated portions, the court must order delivery of the redacted statement to the moving party. If the defendant objects to an excision, the court must preserve the entire statement with the excised portion indicated, under seal, as part of the record.").

C. *If the Court does not compel these communications, Mr. Brewster must nevertheless appear for testimony and must be sequestered from the trial until the defense rests.*

Under Rule of Evidence 615, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615.   In making a ruling on a motion to sequester witnesses, the Court must exercise discretion, considering as factors whether testimony is critical, whether information is ordinarily subject to tailoring, to what extent testimony of witnesses is likely to encompass the same issues as that of other witnesses, order in which witnesses will testify, any potential for bias that might motivate witness to tailor his testimony, and whether witness' presence is essential rather than simply desirable.   United States v. Jackson, 60 F.3d 128, 135 (2d Cir. 1995).

Mr. Brewster is Ms. Clifford's attorney, and he is apparently planning on being present in court for Ms. Clifford's testimony.   But given the defense's subpoena for Mr. Brewster to appear and give testimony in connection with any defense case-in-chief, he must be excluded from trial proceedings until he testifies, including during Ms. Clifford's testimony.   Mr. Brewster's involvement in this case only exists because of Ms. Clifford.   After he began representing Ms. Clifford, Mr. Brewster, on behalf of Ms. Clifford, brought information to the United States Attorney's Office that led to this prosecution, including a recording he created of a conversation with Mr. Avenatti in February 2019.   Allowing Mr. Brewster to be present in the courtroom during Ms. Clifford's testimony would inappropriately influence his testimony and allow him to tailor it to Ms. Clifford's.

**The evidence requested in the subpoena directed to Ms. Clifford is relevant, admissible, and specific, and withholding these communications violates Mr. Avenatti's rights under the Fifth and Sixth Amendments.**

The documents requested in the subpoena directed to Ms. Clifford are relevant, admissible, and specific under Nixon, 418 U.S. at 709.   As Ms. Clifford is the Government's key witness in this case, Ms. Clifford's claim that her communications with and about Mr. Avenatti are not relevant and admissible is meritless.   These communications—including, but not limited to, WhatsApp messages, emails, text messages, and voicemails—are clearly relevant to the core issues in this case, particularly the scope and nature of Ms. Clifford's attorney-client relationship with Mr. Avenatti.   Mr. Avenatti has a right to review all of those communications and use them as impeachment material, if necessary, under the Fifth and Sixth Amendments.

Additionally, the communications between Ms. Clifford and Mr. Janklow or Sally Richardson are also relevant and admissible.   Mr. Janklow and Ms.

4

Richardson were directly involved in the book deal that is the central focus of this case.   Mr. Avenatti has a right to review and understand what transpired between Ms. Clifford, Mr. Janklow, and Ms. Richardson, including written or recorded communications in her possession that shed any light on her understanding of remunerations owed to her and/or Mr. Avenatti.   Additionally, assuming the proper foundation exists, these communications are plainly admissible as impeachment material under the Rules of Evidence and Mr. Avenatti's Fifth and Sixth Amendment rights.

Despite Ms. Clifford's contentions, Mr. Avenatti cabined his request for communications to a discrete and relevant period and to specific categories of communications.   The period for which Mr. Avenatti requests certain items from Ms. Clifford—February 2018 to the present—bears directly on the issues in this case and the events that have culminated in the trial scheduled to commence Monday.   Mr. Avenatti is unable to get more specific with respect to many of the materials requested because he has no way of knowing precisely what communications "about" him, his representation, or the book deal are in Ms. Clifford's possession.

## Conclusion

For the reasons set forth herein, the Court should deny the motion to quash subpoenas as to Clark Brewster and Stephanie Clifford.

Respectfully Submitted,

_____/s/_____

Robert M. Baum
Tamara L. Giwa
Andrew J. Dalack
Assistant Federal Defenders

Cc:    Government Counsel                    Counsel for Michael Avenatti

5