# PROPOSED REPLY

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

_David E. Patton_
_Executive Director_
_and Attorney-in-Chief_

Southern District of New York
_Jennifer L. Brown_
_Attorney-in-Charge_

January 22, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
      **19 Cr. 374 (JMF)**

Dear Judge Furman:

The defense submits this brief reply to address certain issues raised by the Government's submissions at Dkt. 286 (addressing the subpoenas issued to Ms. Clifford and Mr. Brewster) and Dkt. 287 (addressing the testimony of Mr. Sean Macias and the prosecution team).

**Subpoena Issued to Mr. Brewster**

First, the Government claims at Dkt. 286 that the defense has subpoenaed Mr. Brewster for an improper purpose, namely, to have him excluded from the courtroom. This is not accurate. As the recording and the emails attached as Exhibit A demonstrate, Mr. Brewster engaged in numerous communications with Mr., Avenatti in 2019 relating to his representation of Ms. Clifford, Mr. Avenatti's termination of Ms. Clifford in February 2019, the work Mr. Avenatti performed for Ms. Clifford, and issues concerning fees and costs relating to Mr. Avenatti's representation. During these communications, Mr. Brewster made various statements and binding admissions acting as Ms. Clifford's attorney and thus her agent. "The relationship between a lawyer and client is one of agent and principal." United States v. International Bhd. of Teamsters, 986 F.2d 15, 20 (2d Cir. 1993). The defense is entitled to call Mr. Brewster to examine him about these statements, together with the statements he made to the book agent and the publisher relating to Ms. Clifford's book deal and her receipt of information and payments, as well as those concerning Mr. Avenatti.[1]

_____

[1] The evidence will show that Ms. Clifford has made any number of public

Second, the defense avers that Ms. Clifford has been represented by other attorneys in Mr. Brewster's law firm on several occasions since early 2019. Neither Mr. Brewster nor the Government explain why Ms. Clifford cannot be represented by one of these attorneys during her trial testimony. Further, Ms. Clifford has recently had regular communications with the Government with no attorney present. Accordingly, any prejudice to Ms. Clifford in not having Mr. Brewster present in the courtroom is minimal.

**The Prosecution Team**

At Dkt. 287, the Government argues it has no obligation to produce 3500, <u>Brady</u> and <u>Giglio</u> from the files at Main Justice and its colleagues at the United States Attorney's Office for the Central District of California ("USAO-CDCA"). In doing so, the Government ignores the previous findings by Judge Gardephe and the facts Mr. Avenatti marshaled before the Court at Dkts. 358 and 363, which are incorporated by reference. Those facts reflect the early and persistent coordination and joint effort by the three offices to prosecute Mr. Avenatti. Further, the Government has no answer for the obvious fact, as referenced by Judge Gardephe, that all three offices are part of the same agency—the Department of Justice.

The Government's suggestion that the motion should be denied as untimely lacks merit. The Government has a continuing obligation, up to and including trial and beyond, to produce all 3500, <u>Brady</u> and <u>Giglio</u> material. The fact that the Government made no effort to produce the information at issue during the last two years, despite Mr. Avenatti's repeated requests, is the Government's failure alone. If the Government wished to avoid potential last-minute issues, it should have produced the information long ago.

Lastly, the defense avers that the Government has still not produced all 3500 material for Ms. Regnier and Mr. Macias, including all emails, text messages, and other statements related to their testimony. This information should be produced immediately in order to avoid issues at trial.

**Sean Macias**

In opposing Mr. Avenatti's motion relating to Mr. Macias, the Government fails to include any affirmation from Mr. Macias or any other evidence refuting Mr.

---

statements disparaging and accusing her book agent, Mr. Luke Janklow, and the publisher, St. Martin's Press, of misconduct over the last two years, including accusing them of keeping information from her and refusing to pay her upwards of $3 million from the book deal. Mr. Brewster's communications with the agent and publisher will help establish the outright falsity of these claims.

Avenatti's claims in his motion and affirmation. The Government likewise fails to address Mr. Avenatti's valid work product-related claims and explain why the scope of Mr. Macias's anticipated testimony (which the Government has not yet fully explained to the defense and the Court) is not covered by that privilege. The Government also does not address the spousal privilege issues raised in the motion and declaration. Nor does the Government provide a sufficient proffer of Mr. Macias' testimony. All of this is fatal to the Government's opposition.

Finally, the Government's argument that Mr. Macias has not represented Mr. Avenatti since late March 2019 is a red herring. The Government is proposing to have Mr. Macias testify as to events and communications occurring during 2018 and 2019, while Mr. Macias was representing Mr. Avenatti in multiple matters and serving as his co-counsel in others. The date of Mr. Macias's last representation of Mr. Avenatti is irrelevant.

For each of these reasons, the defense motions should be granted.

Respectfully Submitted,

_____/s/_____

Robert M. Baum, Esq.
Andrew J. Dalack, Esq.
Tamara L. Giwa, Esq.
Assistant Federal Defenders

Cc:     Government Counsel                         Counsel for Michael Avenatti

3

# EXHIBIT A

**From:**         Michael J. Avenatti
**Sent:**         Thursday, March 7, 2019 2:09 PM
**To:**           cbrewster
**Subject:**      Fwd: OTERO ORDERS
**Attachments:**  ATT00002.htm; show_temp.pl-21.pdf; ATT00001.htm; show_temp.pl-22.pdf

Mr. Brewster:

Below please find two orders just issued relating to the NDA case. These leave open the possibility of attorneys' fees in our view, which we assume you will pursue for Ms. Daniels.

Note that we still await a response to my emails relating to which cases you are agreeing to represent Ms. Daniels in.

Regards,

Michael

Michael J. Avenatti, Esq.


The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

Begin forwarded message:

> **From:** "Judy K. Regnier" <jregnier                        >
> **Date:** March 7, 2019 at 2:04:01 PM PST
> **To:** "Michael J. Avenatti" <mavenatti                     >
> **Subject: OTERO ORDERS**

**From:**          Michael J. Avenatti
**Sent:**          Monday, March 4, 2019 4:46 PM
**To:**            cbrewster@ ████████████
**Subject:**       Re: Stormy Daniels

Dear Mr. Brewster:

Please note that I was just contacted for comment regarding a new lawsuit filed against Ms. Daniels in Broward County, Florida against Ms. Daniels relating to a dispute concerning her appearance at a club there.  I gave no comment.

I have not seen the complaint but I imagine this relates to an issue I previously discussed with opposing counsel and was told they would not pursue.  I also corresponded with counsel on this issue as directed by Ms. Daniels.  It is frivolous in my view and I am frankly shocked they have decided to pursue it.

I am assuming you will be handling this matter for Ms. Daniels.

Regards,

Michael

Michael J. Avenatti, Esq.


The preceding email message (including any attachments) contains information that may be confidential, protected by the attorney-client or other applicable privileges, or constitutes non-public information.  It is intended to be conveyed only to the designated recipient(s). If you are not an intended recipient of this message, please notify the sender by replying to this message and then delete it from your system.  Use, dissemination, or reproduction of this message by unintended recipients is not authorized and may be unlawful.

On Feb 27, 2019, at 12:31 PM, Michael J. Avenatti <mavenatti ████████████ > wrote:

Dear Mr. Brewster:

I wrote a lengthy email to you on the 19th of this month (below) and asked you to inform me as to which matters you were substituting in on so we could arrange a smooth transition. This followed my call to you earlier that day, during which I attempted to speak with you about transitioning the matters.  Instead of engaging in that discussion, you engaged in baseless threats and demanded to record our conversation, thus necessitating my email.  It took you two days to respond, and instead of confirming your representation, thus allowing a smooth transition, you avoided answering the question and instead asked us to prepare a status report.  To be clear, you have not committed to representing the client in a single matter.  I simply do not understand your refusal to commit.

It is now over a week later and you still have failed to confirm your representation of Ms. Daniels in any dispute. This is despite the fact that Ms. Daniels is aware of her various cases and disputes, has documents relating to those matters, and nearly all of them are widely reported.  We are ready to be formally transitioned as counsel and have been for over a week.  But for some reason, you seem to be avoiding the representation, which is puzzling.  Further, it is also odd that you are demanding documents and information from us for matters in which you have failed to confirm your representation of the client.  Normal practice is to confirm the representation, provide a substitution to be signed, and then the files are timely transferred.  This is what we kindly ask be done in this instance as well.

1

Attached are dockets from the various open lawsuits in which we have assisted Ms. Daniels, they include the following:

Stephanie Clifford v. Keith M. Davidson, Case No. SC129384 – Santa Monica Superior Court
Stephanie Clifford v. Keith M. Davidson, Case No.2:18-cv-05052-SJO - USDC Central (Remanded to SC129834)

Stephanie Clifford v. Donald J. Trump, Case No. 2:18-cv-02217 SJO – USDC Central LA

Stephanie Clifford v. Donald J. Trump, Case No. 18-56531 – USCA 9th Circuit (Appeal of 2:18-cv-06893-SJO)
Stephanie Clifford v. Donald J. Trump, CAse No. 2:18-cv-06893-SJO - USDC Central LA

Stephanie Clifford v. Shana M. Keckley, Case No. 2:19-cv-00119-MHW, USDC Southern District Ohio

Pegasus Eventing, LLC and Doughty-Hume v. Stephanie Clifford, Clifford, Case No. 100256-422 - Kaufman County, Texas

Glendon Crain v. Stephanie Clifford, Case No. 100289-86 - Kaufman County, Texas

These dockets should provide you with the detailed status of these matters.  Please confirm your substitution, prepare substitutions for our signature as appropriate and we will provide the files to your office.

Moreover, we also have knowledge as to the following matters that can be described as "open."  Please let us know promptly which of these matters you will be taking responsibility for and we will likewise gather the documentation that we have.  Note that Ms. Daniels has documentation relating to all of these matters, some of which we do not have:

1. The dispute with Efran films relating to the documentary (likely to be filed in NY);
2. Her most recent dispute with her friends of decades JD and Keith, whereby she accuses them of embezzling funds from her (likely to be filed in CA State Court);
3. Her dispute with a Florida strip club whereby they claim she owes them $10,000 plus additional damages in connection with an alleged walk-out (likely to be filed in Florida State Court).
4. The termination of her security detail after a dispute over the failed repayment of $2,000 (unaware of the status of that dispute).
5. A recent lawsuit brought against her by a perfume company (we have never served as counsel in connection with that matter and therefore do not know where it was filed or the status).

In addition, we also believe that a jointly prepared press statement relating to the change in representation is best for all parties so as to further ensure a smooth transition. If you would like to provide a proposed simple statement for our review, we would appreciate it.

Finally, please note that we are preparing a final accounting for the client relating to monies received and expended, as well as unbilled costs, expenses, and fees presently owed.  We will forward this as soon as it is completed.

In the event you have any further questions or concerns relating to our representation of Ms. Daniels; her property, documents, and files; and/or the status of any lawsuit or issue whatsoever, please do not hesitate to contact me in writing and we will promptly respond.

Regards,

Michael

**From:** Michael J. Avenatti
**Sent:** Tuesday, February 19, 2019 2:50 PM
**To:** cbrewster ████████████
**Subject:** Stormy Daniels

Dear Mr. Brewster:

Thank you for taking the time moments ago to speak with me in response to my call to you regarding Stormy Daniels.  This call followed the letter Notice of Termination we sent to her earlier today terminating our representation.

Unfortunately, due to your request to record our call, which we declined and which is highly unusual in my experience, we were unable to complete the call and openly discuss matters relating to Ms. Daniels, including the transfer of Ms. Daniel's case files, property, etc., as well as the status of the various matters in which we serve as her counsel.  What did become apparent during our call, however, is that you are clearly operating under an incomplete set of facts and documents on a multitude of issues and matters.  This is not surprising seeing as you have only recently begun representing her (meaning since our letter sent earlier today).

As you may or may not know, we have served as Ms. Daniel's counsel and/or advisors on a variety of legal related matters pending in various jurisdictions beginning in late February 2018.  This followed Ms. Daniels paying an initial up-front retainer of $100.00.  These matters include, but are not limited to: the three lawsuits involving Donald Trump and Michael Cohen (two pending in federal court in CA and one in state court in CA - one of which is up on appeal before the Ninth Circuit); the arbitration proceeding Mr. Cohen initiated against her (now dismissed); the criminal proceeding involving Mr. Cohen, including responding to discovery demands of the U.S. Attorney's Office (resolved); the horse trainer lawsuit in Texas in which she is a defendant (pending in North Texas State Court); the incident involving her false arrest in Columbus, Ohio and subsequent lawsuit filed on her behalf (pending in federal court in Columbus); her divorce proceeding pending in North Texas State Court; the dispute with Efran films relating to the documentary (likely to be filed in NY); her most recent dispute with her friends of decades JD and Keith, whereby she accuses them of embezzling funds from her (likely to be filed in CA State Court); and her dispute with a Florida strip club whereby they claim she owes them $10,000 plus additional damages in connection with an alleged walk-out (likely to be filed in Florida State Court).  In addition, she also recently terminated her security detail after a dispute over the failed repayment of $2,000, although we are unaware of the status of that dispute.  Further, we are also aware of a recent lawsuit brought against her by a perfume company, although we are not serving as counsel in connection with that matter and therefore do not know where it was filed or the status.

Please let me know which of the above matters you and your office will be representing Ms. Daniels in and we will promptly arrange the transfer of all applicable files, documents, property, etc.  In addition, we will also need to address the issue of the significant unpaid costs and fees resulting from our representation.

In addition, while we are hopeful any disputes between us and Ms. Daniels can be resolved as amicably as possible, please note that our agreement with Ms. Daniels requires that any and all disputes that cannot be resolved informally must be brought by way of confidential binding arbitration initiated before JAMS in Los Angeles, California in accordance with the arbitration rules and procedures of JAMS then in effect.

We look forward to working with you toward a timely transition so as to ensure Ms. Daniels and her matters are not prejudiced.  In the event you have any questions or concerns relating to our representation of Ms. Daniels; her property, documents, and files; and/or the status of any lawsuit or issue whatsoever, please do not hesitate to contact me in writing and we will promptly respond.

Best regards,

Michael Avenatti, Esq.

<18-56351 Summary - 9th Circuit.pdf>

<Clifford v Davidson 18-05052.pdf>

<Clifford v Davidson SC129384.pdf>

<Clifford v Keckley 18-01159.pdf>

<Clifford v Trump 18-02217.pdf>

<Clifford v Trump 18-06893.pdf>

<Crain v Clifford 100289-86.pdf>

<Doughty-Hume v Clifford 100256-422.pdf>

4

| | |
|---|---|
| **From:** | Michael J. Avenatti |
| **Sent:** | Wednesday, February 27, 2019 12:31 PM |
| **To:** | cbrewster |
| **Subject:** | RE: Stormy Daniels |
| **Attachments:** | Doughty-Hume v Clifford 100256-422.pdf; Crain v Clifford 100289-86.pdf; Clifford v Trump 18-06893.pdf; Clifford v Trump 18-02217.pdf; Clifford v Keckley 18-01159.pdf; Clifford v Davidson SC129384.pdf; Clifford v Davidson 18-05052.pdf; 18-56351 Summary - 9th Circuit.pdf |

Dear Mr. Brewster:

I wrote a lengthy email to you on the 19th of this month (below) and asked you to inform me as to which matters you were substituting in on so we could arrange a smooth transition. This followed my call to you earlier that day, during which I attempted to speak with you about transitioning the matters.  Instead of engaging in that discussion, you engaged in baseless threats and demanded to record our conversation, thus necessitating my email.  It took you two days to respond, and instead of confirming your representation, thus allowing a smooth transition, you avoided answering the question and instead asked us to prepare a status report.  To be clear, you have not committed to representing the client in a single matter.  I simply do not understand your refusal to commit.

It is now over a week later and you still have failed to confirm your representation of Ms. Daniels in any dispute. This is despite the fact that Ms. Daniels is aware of her various cases and disputes, has documents relating to those matters, and nearly all of them are widely reported.  We are ready to be formally transitioned as counsel and have been for over a week.  But for some reason, you seem to be avoiding the representation, which is puzzling. Further, it is also odd that you are demanding documents and information from us for matters in which you have failed to confirm your representation of the client.  Normal practice is to confirm the representation, provide a substitution to be signed, and then the files are timely transferred.  This is what we kindly ask be done in this instance as well.

Attached are dockets from the various open lawsuits in which we have assisted Ms. Daniels, they include the following:

Stephanie Clifford v. Keith M. Davidson, Case No. SC129384 – Santa Monica Superior Court
Stephanie Clifford v. Keith M. Davidson, Case No.2:18-cv-05052-SJO - USDC Central (Remanded to SC129834)

Stephanie Clifford v. Donald J. Trump, Case No. 2:18-cv-02217 SJO – USDC Central LA

Stephanie Clifford v. Donald J. Trump, Case No. 18-56531 – USCA 9th Circuit (Appeal of 2:18-cv-06893-SJO)
Stephanie Clifford v. Donald J. Trump, CAse No. 2:18-cv-06893-SJO - USDC Central LA

Stephanie Clifford v. Shana M. Keckley, Case No. 2:19-cv-00119-MHW, USDC Southern District Ohio

Pegasus Eventing, LLC and Doughty-Hume v. Stephanie Clifford, Clifford, Case No. 100256-422 - Kaufman County, Texas

Glendon Crain v. Stephanie Clifford, Case No. 100289-86 - Kaufman County, Texas

These dockets should provide you with the detailed status of these matters.  Please confirm your substitution, prepare substitutions for our signature as appropriate and we will provide the files to your office.

Moreover, we also have knowledge as to the following matters that can be described as "open."  Please let us know promptly which of these matters you will be taking responsibility for and we will likewise gather the documentation that we have.  Note that Ms. Daniels has documentation relating to all of these matters, some of which we do not have:

1. The dispute with Efran films relating to the documentary (likely to be filed in NY);
2. Her most recent dispute with her friends of decades JD and Keith, whereby she accuses them of embezzling funds from her (likely to be filed in CA State Court);

3. Her dispute with a Florida strip club whereby they claim she owes them $10,000 plus additional damages in connection with an alleged walk-out (likely to be filed in Florida State Court).

4. The termination of her security detail after a dispute over the failed repayment of $2,000 (unaware of the status of that dispute).

5. A recent lawsuit brought against her by a perfume company (we have never served as counsel in connection with that matter and therefore do not know where it was filed or the status).

In addition, we also believe that a jointly prepared press statement relating to the change in representation is best for all parties so as to further ensure a smooth transition. If you would like to provide a proposed simple statement for our review, we would appreciate it.

Finally, please note that we are preparing a final accounting for the client relating to monies received and expended, as well as unbilled costs, expenses, and fees presently owed.  We will forward this as soon as it is completed.

In the event you have any further questions or concerns relating to our representation of Ms. Daniels; her property, documents, and files; and/or the status of any lawsuit or issue whatsoever, please do not hesitate to contact me in writing and we will promptly respond.

Regards,

Michael

---

**From:** Michael J. Avenatti
**Sent:** Tuesday, February 19, 2019 2:50 PM
**To:** cbrewster
**Subject:** Stormy Daniels

Dear Mr. Brewster:

Thank you for taking the time moments ago to speak with me in response to my call to you regarding Stormy Daniels.  This call followed the letter Notice of Termination we sent to her earlier today terminating our representation.

Unfortunately, due to your request to record our call, which we declined and which is highly unusual in my experience, we were unable to complete the call and openly discuss matters relating to Ms. Daniels, including the transfer of Ms. Daniel's case files, property, etc., as well as the status of the various matters in which we serve as her counsel.  What did become apparent during our call, however, is that you are clearly operating under an incomplete set of facts and documents on a multitude of issues and matters.  This is not surprising seeing as you have only recently begun representing her (meaning since our letter sent earlier today).

As you may or may not know, we have served as Ms. Daniel's counsel and/or advisors on a variety of legal related matters pending in various jurisdictions beginning in late February 2018.  This followed Ms. Daniels paying an initial up-front retainer of $100.00.  These matters include, but are not limited to: the three lawsuits involving Donald Trump and Michael Cohen (two pending in federal court in CA and one in state court in CA - one of which is up on appeal before the Ninth Circuit); the arbitration proceeding Mr. Cohen initiated against her (now dismissed); the criminal proceeding involving Mr. Cohen, including responding to discovery demands of the U.S. Attorney's Office (resolved); the horse trainer lawsuit in Texas in which she is a defendant (pending in North Texas State Court); the incident involving her false arrest in Columbus, Ohio and subsequent lawsuit filed on her behalf (pending in federal court in Columbus); her divorce proceeding pending in North Texas State Court; the dispute with Efran films relating to the documentary (likely to be filed in NY); her most recent dispute with her friends of decades JD and Keith, whereby she accuses them of embezzling funds from her (likely to be filed in CA State Court); and her dispute with a Florida strip club whereby they claim she owes them $10,000 plus additional damages in connection with an alleged walk-out (likely to be filed in Florida State Court).  In addition, she also recently terminated her security detail after a dispute over the failed repayment of $2,000, although we are unaware of the status of that dispute.  Further, we are also aware of a recent lawsuit brought against her by a perfume company, although we are not serving as counsel in connection with that matter and therefore do not know where it was filed or the status.

MA374_001894

Please let me know which of the above matters you and your office will be representing Ms. Daniels in and we will promptly arrange the transfer of all applicable files, documents, property, etc.  In addition, we will also need to address the issue of the significant unpaid costs and fees resulting from our representation.

In addition, while we are hopeful any disputes between us and Ms. Daniels can be resolved as amicably as possible, please note that our agreement with Ms. Daniels requires that any and all disputes that cannot be resolved informally must be brought by way of confidential binding arbitration initiated before JAMS in Los Angeles, California in accordance with the arbitration rules and procedures of JAMS then in effect.

We look forward to working with you toward a timely transition so as to ensure Ms. Daniels and her matters are not prejudiced.  In the event you have any questions or concerns relating to our representation of Ms. Daniels; her property, documents, and files; and/or the status of any lawsuit or issue whatsoever, please do not hesitate to contact me in writing and we will promptly respond.

Best regards,

Michael Avenatti, Esq.