**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

January 22, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
      **19 Cr. 374 (JMF)**

Dear Judge Furman:

On Friday, January 21, 2022, the Court issued an Order relating to a new mask mandate in the Southern District of New York that requires everyone in the courthouse to remain masked, including trial witnesses, absent proof of a same-day negative Covid-19 molecular diagnostic test. Dkt. 285. This policy raises the specter that witnesses at Mr. Avenatti's trial will be masked during their testimony in violation of Mr. Avenatti's Sixth Amendment fair trial and Confrontation Clause rights. Accordingly, Mr. Avenatti objects to proceeding to trial under this policy and moves for an immediate two-week adjournment of the trial to February 7, 2022, the date originally set by the Court on November 2, 2021. Dkt. 156.

The Sixth Amendment's Confrontation Clause entitles a criminal defendant to encounter "face-to-face" testifying witnesses. Coy v. Iowa, 487 U.S. 1012, 1017 (1988). As the Supreme Court has noted, this right "traces back to the beginnings of Western legal culture" and has, throughout generations, ensured fairness in criminal proceedings—both actual and apparent. Id. at 1016-18. Indeed, in Maryland v. Craig, 497 U.S. 836, 850 (1990), the Supreme Court explained that the preference for face-to-face confrontation is strong and that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where" (1) the "denial of such confrontation is necessary to further an important public policy," and (2) "the reliability of the testimony is otherwise assured." Id. The Court later noted that the "requisite finding of necessity must of course be a case-specific one." Id. at 855.

Here, there is presently no public policy interest important enough to justify

proceeding to trial under conditions that would allow a witness to testify behind the veil of a facemask—a direct and unnecessary threat to Mr. Avenatti's Confrontation Clause right to adequately assess the witness's credibility through a direct, physical encounter.

In Morales v. Artuz, 281 F.3d 55 (2d Cir. 2002), the Second Circuit considered whether a witness testifying while wearing sunglasses violated a criminal defendant's right to physical confrontation. Id. at 58. The Second Circuit opined that sunglasses likely did not raise confrontation concerns because jurors could still asses the witness's credibility by observing her "body language" and "delivery." Id. The same does not hold true for facemasks which, as the Court is well aware, cover up most of a person's face and force others to assess a person's expressions and physiognomy through her eyes only. Indeed, in denying a non-testifying defendant's Confrontation Clause challenge to the requirement that he remain masked during trial, Judge Crotty expressly noted that "witnesses at [the defendant's] trial will remain unmasked and completely visible to both him and the jury." United States v. Tagliaferro, 531 F. Supp. 3d 844, 850 (S.D.N.Y. Mar. 31, 2021) ("Accordingly, the jury will be able to adequately assess their credibility and the witnesses, in turn, will be impressed of the gravity of the proceedings at which they testify."). Should any witness be forced to remain in a mask during his or her testimony at Mr. Avenatti's trial, the defense will seek an immediate mistrial on Sixth Amendment grounds.

Because no prejudice will result to the Government or the public if a short adjournment is granted, particularly since a February 7, 2022, start date was originally ordered by the Court in November 2021, the Court should delay the start of trial by two weeks to better safeguard Mr. Avenatti's Sixth Amendment rights.

Respectfully Submitted,

/s/
Robert M. Baum, Esq.
Andrew J. Dalack, Esq.
Tamara L. Giwa, Esq.
Assistant Federal Defenders

Cc:   Government Counsel                Counsel for Michael Avenatti