**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

January 24, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
      **19 Cr. 374 (JMF)**

Dear Judge Furman:

     Pursuant to the Supreme Court's holding in <u>Jencks v. United States</u>, 353 U.S. 657 (1957); 18 U.S.C. § 3500 (the "Jencks Act"); and Rule 26.2, Michael Avenatti respectfully requests that the Court, prior to the beginning of cross-examination of every witness called by the government at trial, (1) Order the government to immediately produce any and all statements made by the witness, which the particular witness signed, adopted, or approved, in whole or in part, and which generally pertain in any way to their testimony at trial and (2) Order the government to immediately produce, for the examination and use of defendant, any statement of the witness that is in the possession of the United States and that relates to the subject matter of the witness's testimony in whole or in part. Defendant further requests that to the extent any information covered by Nos. 1 or 2 above has been spoliated, destroyed, or is otherwise unavailable, the government immediately notify the Court and the defense prior to the witness being called to testify by the government so that the issue may be properly addressed by the parties and the Court prior to the witness taking the stand.

     The Supreme Court's holding in <u>Jencks v. United States</u>, 353 U.S. 657 (1957), 18 U.S.C. § 3500 (the "Jencks Act"), and Fed. R. Crim. P. 26.2 are all clear as to the requirement of production of witness statements immediately after a government witness testifies.   Equally clear are the consequences for non-compliance – striking a witness's testimony and/or ordering a mistrial.   Pursuant to this authority, defendant moves for orders directing the government to strictly comply with their obligations to produce <u>all statements</u> after each of their witnesses has testified and before cross-examination begins.   Such statements must be produced and

organized by witness. Further, defendant requests that if the government is aware of any reason why the government is unable to comply with these requirements, i.e., a statement has been spoliated, destroyed, or is otherwise unavailable, that the government inform the Court and the defense immediately and prior to calling the applicable witness to testify at trial so that the issue may be properly addressed before the witness provides any testimony for the jury. Defendant wishes to avoid any potential prejudice, delay in the trial, or need for a mistrial due to the failure to produce information as required. See, e.g., United States v. Hilton, 521 F.2d 164 (2d Cir. 1975).

The Jencks Act requires the government to produce all statements in the possession of the United States "which relate to the subject matter as to which the witness [will] testif[y]." 18 U.S.C. § 3500(b). Importantly, "the statement need relate only generally to the events and activities testified to by the witness to come within [the] sweep" of 18 U.S.C. § 3500. United States v. Bibbero, 749 F.2d 581, 585 (9th Cir. 1984)(emphasis added). "The act requires the government, upon the defendant's motion, to produce statements made by any of its witnesses which the particular witness signed, adopted or approved, and which pertain to their testimony at trial. The hope is that these statements will afford the defense a basis for effective cross-examination of government witnesses and the possible impeachment of their testimony…." United States v. Kimoto, 588 F.3d 464, 475 (7th Cir. 2009) (emphasis added) (citing United States v. Johnson, 200 F.3d 529, 534 (7th Cir. 2000)(internal citations omitted)." See also, Fed. R. Crim. P. 26.2(f) (defining "statement" to include any "written statement that the witness makes and signs, or otherwise adopts or approves," as well as any substantially verbatim, contemporaneously recorded recital of the witness's oral statement) (emphasis added). Accordingly, "statements" include, but are not limited to, notes of witness interviews (handwritten and typed), audio and video recordings of the witness, and letters, text messages and emails from the witness, adopted by the witness, or approved by the witness. Further, 18 U.S.C. § 3500(b)-(d) requires the Court to issue the orders requested herein, as does Rule 26.2(a)-(e).

Respectfully Submitted,

/s/
Robert M. Baum, Esq.
Andrew J. Dalack, Esq.
Tamara L. Giwa, Esq.
Assistant Federal Defenders

Cc: Government Counsel           Counsel for Michael Avenatti