

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 24, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**    *United States v. Michael Avenatti*, **19 Cr. 374 (JMF)**

Dear Judge Furman:

      The Government writes respectfully in response to the defendant's request to preclude Luke Janklow, a testifying in this case from speaking with his counsel overnight. There is no basis for this request and it should be denied.

      In court, the defendant relied entirely on the Supreme Court's decision in *Perry v. Leeke*, 488 U.S. 272 (1989), suggesting that that opinion supports a request to prevent a witness from speaking to counsel. In fact, in that case, the Supreme Court held that a trial court does not violate a defendant's Sixth Amendment right by precluding a defendant from speaking with his or her attorney during a brief break. *Id.* at 283-85. The Court explained:

> Our conclusion does not mean that trial judges must forbid consultation between a defendant and his counsel during such brief recesses. As a matter of discretion in individual cases, or of practice for individual trial judges, or indeed, as a matter of law in some States, it may well be appropriate to permit such consultation. We merely hold that the Federal Constitution does not compel every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the judge decides that there is a good reason to interrupt the trial for a few minutes.

*Id.* at 284-85; *see also United States v. Teman*, 465 F. Supp. 3d 377, 325 n.34 (S.D.N.Y. 2020 (explaining limited holding of *Perry*). Moreover, the Supreme Court has held that a court may not preclude a defendant from discussing his or her testimony with his or her attorney during an overnight break. *Geders v. United States*, 425 U.S. 80, 89-91 (1976).

      Perhaps not surprisingly, courts in this District have rejected the same request the defendant makes here and the same arguments based on *Perry*—including in the context of witnesses testifying pursuant to a cooperation agreement with the Government and who, unlike the witness

Honorable Jesse M. Furman
United States District Judge
January 24, 2022
Page 2

here, might be argued to have some incentive to tailor testimony. *United States v. Percoco*, No. 16 Cr. 776 (VEC), Feb. 7, 2018 Tr. at 2659:8-20 (rejecting argument, relying on *Perry*, that the court should preclude cooperating witness from conferring with counsel on breaks, observing, "I see absolutely no basis for the request and no showing that it is either appropriate or necessary"); *United States v. Seabrook*, No. 16 Cr. 467 (ALC), Oct. 30, 2017 Tr. 965:1-66:10 (declining to order cooperator's attorney not to speak with him).

The defendant has made no showing whatsoever of tailoring of testimony by speaking to an attorney or anything else that would justify denying Mr. Janklow his right to speak to an attorney, nor any reason that other measures (such as cross-examination) could not address any putative "tailoring" of testimony. *See, e.g.*, *Seabrook*, Oct. 30, 2017 Tr. 965:1-66:10 (observing that, if appropriate and admissible, cross-examination may address concerns).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/ _____
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:    Robert M. Baum, Esq. (by ECF)
Andrew J. Dalack, Esq. (by ECF)
Tamara L. Giwa, Esq. (by ECF)