

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to request that the Court preclude certain Defense Exhibits and cross-examination of Stephanie Clifford, a/k/a "Stormy Daniels," on particular topics because they are irrelevant and their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 401, 403.

      Upon reviewing the Defense Exhibits and conferring with then-defense counsel, it appears that, absent intervention by the Court, the defendant intends to delve into multiple topics during the cross-examination of Ms. Daniels that have no bearing on the issues at this trial.

      First, the defendant appears to intend to offer evidence and cross-examine Ms. Daniels regarding her retainer agreement and attorney-client relationship with Keith M. Davidson, Esq., an attorney who represented her in a matter related to former President Donald J. Trump prior to Ms. Daniels's introduction to the defendant. Ms. Daniels's prior representation by Mr. Davidson, the terms of that representation (which did not include a "reasonable percentage to be agreed upon" clause like Ms. Daniels's retainer agreement with the defendant), and the substance of Mr. Davidson's work for Ms. Daniels have no relevance to any issues at this trial, has no bearing on Ms. Daniels's credibility, and would confuse the issues. *See, e.g.*, *United States v. Murphy*, No. 20-622-cr, 2021 WL 3826571, at *2 (2d Cir. Aug. 27, 2021) (affirming limitation on cross-examination "raising the issue . . .would require a 'mini trial'"). For these reasons, the Court should preclude any cross-examination of Ms. Daniels regarding those topics and preclude DX E (Ms. Daniels's retainer agreement with Mr. Davidson).

      Second, the defendant appears to intend to offer evidence and cross-examine Ms. Daniels regarding her payment of back taxes to the Internal Revenue Service and spousal and child support payments to her husband (from whom she is separated). There is no proper purpose for questioning Ms. Daniels about her payment of back taxes or spousal and child support. How Ms. Daniels spent her earned income is irrelevant to any issue in this case, has no bearing on her credibility, and

Honorable Jesse M. Furman
United States District Judge
January 25, 2022
Page 2

would confuse the issues facing the jury. For these reasons, the Court should preclude any cross-examination of Ms. Daniels regarding these topics and preclude DX G (checks showing Ms. Daniels's payment of back taxes) and DX H (checks showing Ms. Daniels's payment of spousal and child support).

Third, the defendant appears to intend to cross-examine Ms. Daniels about the substance of the various litigations—entirely unrelated to the stolen book advance payments at issue in this case—in which the defendant represented her. There defendant has already cross-examined Ms. Regnier on the existence of other litigations. (*See, e.g.* Trial Tr. 524-56.) There is no proper purpose for admitting evidence of the details of the lawsuits, the legal filings, the court rulings, and the legal advice that the defendant gave Ms. Daniels in the course of those cases, or the details of any lawsuits, legal filings, or court rulings of any other cases in which Ms. Daniels and/or the defendant were involved. *See, e.g.*, *United States v. Crowley*, 318 F.3d 401, 418 (2d Cir. 2003) (affirming limitation on cross-examination where the "broad-ranging inquiry would at best have produced confusing and distracting sideshows regarding the facts of controversies completely unrelated to the charges . . . at trial"). Just as the Government could not admit evidence that the defendant lost certain of the lawsuits to show he failed Ms. Daniels, unless the defendant opened the door to such evidence, the defendant may not admit evidence that he performed certain tasks for her or was successful in other matters that have no connection to the book advance payments. Delving into these other matters, many of which have political aspects to them, would waste the jury's time, confuse the issues, and potentially cause undue prejudice. It is no defense to the charged conduct to show that the defendant engaged in unrelated legal work on behalf of Ms. Daniels and each matter raised risks a confusing mini-trial suggesting to the jury that it might need to resolve questions not actually at issue in this trial. (*See* 1/13/22 Tr. 12 ("THE COURT: I do want to be clear, however, this case is not whether Mr. Avenatti is a good lawyer or a bad lawyer, successful lawyer, unsuccessful lawyer. . . . That is not what this case is about. This case is about whether he committed the crimes charged in the indictment, and that's what the evidence will focus on.").) Accordingly, the Court should preclude cross-examination about the details and substance of the various matters on which the defendant worked for Ms. Daniels that are unconnected to the stolen book advance payments and preclude the docket sheets marked as DX M1, M2, M3, M4, and M5.

Honorable Jesse M. Furman
United States District Judge
January 25, 2022
Page 3

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney

By:     s/_____
        Matthew D. Podolsky
        Andrew A. Rohrbach
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2345/2616

cc:    Michael Avenatti (by ECF via standby counsel)