January 27, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:   United States v. Michael Avenatti**
       **19 Cr. 374 (JMF)**

Dear Judge Furman:

     Pursuant to defendant's statements on the record at the end of the trial day on January 26, 2022, defendant hereby files this letter brief in support of his requests relating to the examinations of Mr. Luke Janklow and Ms. Stephanie Clifford and as additional support for the defense theory as discussed with the Court. Defendant previously submitted United States v. Rossomando, 144 F.3d 197 (1998) in support.

     Under California law, "[q]uantum meruit refers to the well-established principle that 'the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered.'" Huskinson & Brown v. Wolf, 32 Cal. 4th 453, 458 (2004), citing Long v. Rumsey, 12 Cal. 2d. 334, 342 (1938). The purpose of quantum meruit "is the law's disgust for unjust enrichment. If one has received a benefit which one may not justly retain, one should 'restore the aggrieved party to his [or her] former position by return of the thing or its equivalent in money.'" Chodos v. Borman, 227 Cal. App. 4th 76, 96-97 (2d Dist. 2014); citing Maglica v. Maglica, 66 Cal. App. 4th 442, 449 (1998). To recover in quantum meruit, the party must "establish both that he or she was acting pursuant to either an express or implied request for services from the defendant that the services rendered were intended to and did benefit the defendant." Ochs v. PacifiCare of California, 115 Cal.App.4th 782, 794 (2004). The California Supreme Court has declared, "[t]he Legislature's regulation of fee agreements between attorneys and clients favors the availability of quantum meruit recovery." Id. at 460.

An attorney may recover in quantum meruit "for the reasonable values of his services." Fracasse v. Brent, 6 Cal. 3d 784, 791 (1972). To begin the equitable relief calculation, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Mardirossian & Associates, Inc. v. Ersoff, 153 Cal. App. 4th (2d Dist. 2007); citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Then, the party seeking the equitable relief must establish that the fees incurred were reasonable. In assessing reasonableness, California courts have weighed the following factors: "[t]he nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his [or her] age and experience in the particular type of word demanded." Id. at 272, citing Los Angeles v. Los Angeles Inyo-Farms Co., 134 Cal. App. 268, 276 (1933).

In addition, the California Supreme Court has held that by law, even in the event of certain ethical lapses and violations of the California Rules of Professional Conduct, an attorney may still be entitled to quantum meruit fees. See Sheppard, Mullen, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc., 425 P.3d 1 (2018).

Further, even "when legal services have been provided without a valid written fee agreement, the attorney may recover the reasonable value of the services she performed" pursuant to quantum meruit. See Leighton v. Forester, 8 Cal. App. 5th 467, 490 (1st Dist. 2017) (citations omitted). "As our Supreme Court explained in Huskinson, supra, 32 Cal.4th at page 460, by including subdivision (c) in section 6148, and a comparable provision in section 6147, the Legislature made a "policy determination that, even if a particular fee or compensation agreement is not in writing or signed by the client, a law firm laboring under such an agreement nonetheless deserves reasonable compensation for its services."

Accordingly, (1) defendant should be permitted to exam witnesses Janklow and Daniels as requested and (2) defendant's theory of defense, as articulated on the record on January 26, 2022, is viable under the law.

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant