

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter in opposition to the defendant's proposed jury charge (Dkt. No. 171 (the "Defense Request")). Because the Government anticipates that the Court will review the requests to charge and hold a charge conference, the Government does not raise all of its responses and objections to the Defense Request at this time. Instead, the Government draws the Court's attention in advance of trial to a particular request by the defendant that would benefit from advance briefing.[1]

    Specifically, Request No. 13, regarding the *mens rea* for wire fraud, asks that the jury be charged (1) that the defendant participated in the scheme knowingly, (2) that he did so willfully, and (3) that he did so with the specific intent to defraud. It then defines "willfully" as follows:

> "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

    This instruction suggests that the defendant must be aware of and disregard the law. That is an inaccurate statement of the law.

---

[1] More globally, the Government also notes that the Defense Request includes numerous improper limitations that reflect the defense theory of the case. (*See* Defense Request No. 4 ("An honest belief that Mr. Avenatti was entitled to the money he received and that the document authorizing the transfer of money was authorized[] establishes a good faith defense."), 12 ("If you find that [Victim-1] authorized Michael Avenatti to send a request to transfer funds to a trust account held for [Victim-1] . . . you must find Michael Avenatti not guilty.").) The jury charge should instruct the jury on the elements of the offenses and permit the jury to find the relevant facts, not suggest defense (or Government) theories to the jury.

January 27, 2022
Page 2

The defendant's proposed instruction, which comes from Sand's treatise, permits conviction only where the defendant knew "that what he was doing was illegal." *United States v. Henry*, 888 F.3d 589, 599 (2d Cir. 2018). According to the proposed instruction, the defendant must have the purpose of "disobey[ing]" or "disregard[ing] the law." It also explains that the defendant must intend not merely intend to act wrongfully or fraudulently, but to "do something the law forbids." That reflects an ordinary definition of willfulness that is often applied in statutes which contain a willfulness requirement in their statutory text. *See id.* at 592 (affirming a conviction under 22 U.S.C. §§ 2778(b)(2), (c) that used a similar instruction); *see also, e.g.*, *United States v. Kosinski*, 976 F.3d 135, 152-55 (2d Cir. 2020) (considering the appropriate instructions for a violation of 16 U.S.C. § 78ff(a)).

The wire fraud statute, however, is not such a statute. It does not contain a willfulness requirement in its text. *See* 18 U.S.C. § 1343. And courts have not grafted onto the statute a requirement that a defendant knew that his conduct was against the law. *See United States v. Cabral*, 979 F.3d 150, 164 (2d Cir. 2020) ("[A]lthough the government needs to prove as an element of the mail fraud statute that Cabral had the intent to defraud by depositing the stolen checks . . . , it need not also establish that he knew that it was against the law to do so."); *United States v. Johnson*, 945 F.3d 606, 612 (2d Cir. 2019) ("To prove a violation of the federal wire fraud statute, the Government had to establish that Johnson (1) had an intent to defraud, (2) engaged in a fraudulent scheme to obtain Cairn's money or property 'involving material misrepresentations— that is, misrepresentations that would naturally tend to influence, or are capable of influencing,' Cairn's decisionmaking, and (3) used the wires to further that scheme."); *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) ("The specific intent required under the mail fraud statute is the intent to defraud, and not the intent to violate a statute" (citation omitted)); *see also, e.g.*, *United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015) (explaining in a mail fraud case that "mistake of law is not a defense"). That result is no surprise: the inclusion of such an element in criminal offenses is not the norm. *See United States v. Golitschek*, 808 F.2d 195, 202 (2d Cir. 1986) ("[A] defendant normally need not be shown to know that there is a law that penalizes the offense he is charged with committing.").[2]

Accordingly, the Government proposes that the Court give the following instruction, taken from Judge Oetken's jury charge in *United States v. Middendorf*, 18 Cr. 36 (JPO):

"Willfully" means to act voluntarily and with a wrongful purpose.

---

[2] For similar reasons, there is serious reason to doubt that "willfulness" is an element of wire fraud at all, and the Government's Requests to Charge do not seek a willfulness instruction. *See* Request No. 5, Dkt. No. 175; *see generally, e.g., United States v. DiRoberto*, 686 F. App'x 458, 461 (9th Cir. 2017) ("The mail and wire fraud statutes do not require proof of willfulness."); *Blagojevich*, 794 F.3d at 739 ("The wire-fraud statute requires a specific intent to defraud but *not* willfulness or any other proxy for knowledge of the law."). Because the Indictment in this case charges the defendant with acting "willfully and knowingly," however, the Government does not press the point at this time. *See* Indictment ¶ 32, Dkt. No. 1.

January 27, 2022
Page 3

*United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019); *see also United States v. Lumiere*, No. 16 Cr. 483 (Dkt. 61 at 15) (defining "willfully" as "to act voluntarily and with an improper purpose").

      Judge Oetken rejected the instruction that the defendant proposes here because it "arguably can be read as requiring that a defendant must *know the law and intend to violate it* in order to be found guilty of wire fraud," which is an "incorrect statement of the law, according to the vast weight of authority." *Middendorf*, 2019 WL 4254025, at *7. The instruction adopted by Judge Oetken retains the core concept that "a 'willful' act is one undertaken with a 'bad purpose,'" that is, that the act is wrongful. *Kosinski*, 976 F.3d at 154. But it omits the instruction—incorrect as to wire fraud—that the defendant must act "with knowledge that his conduct was unlawful." *Id.*; *see Bryan v. United States*, 524 U.S. 184, 191 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears."). This Court should reach the same result and give that same instruction to the jury here.

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

By:     /s/
       Matthew D. Podolsky
       Andrew A. Rohrbach
       Robert B. Sobelman
       Assistant United States Attorneys
       (212) 637-1947/2345/2616

cc:    Robert M. Baum, Esq. (by ECF)
       Andrew J. Dalack, Esq. (by ECF)
       Tamara L. Giwa, Esq. (by ECF)