

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to seek an order compelling the defendant to comply with the trial subpoena dated January 10, 2022 (attached hereto as Exhibit 1). The defendant has neither moved to quash nor stated any objection to the document requests contained in the subpoena, despite numerous opportunities to do so. The subpoena should be enforced in advance of the close of the Government's case-in-chief.

      On December 13, 2021, the defendant represented to the Court that he had obtained a "forensic copy" of servers belonging to his former law firm, Eagan Avenatti LLP, and through his "preliminary review" of those materials, had identified the following materials:

> (i) email communications: (a) between Mr. Avenatti and Ms. Clifford, (b) between Mr. Avenatti and the book agent and publisher, (c) between Mr. Avenatti and Ms. Clifford's business manager, and (d) between Mr. Avenatti and others relating to his work for Ms. Clifford on the book and otherwise; (ii) financial data relating to Mr. Avenatti's representation of Ms. Clifford, including costs and expenses incurred on her behalf and payments of cash made to her, all of which Mr. Avenatti was entitled to be reimbursed; and (iii) documents relating to Mr. Avenatti's work on the book deal and representation of Ms. Clifford under their fee agreement.

(Def. Mot. for Adjournment 7 (Dkt. No. 190 at 7).)

      On January 10, 2022, the Government served the defendant's then-counsel with a trial subpoena seeking the aforementioned materials. (*See* Ex. 1 at 2.) That same day, the defendant's then-counsel "confirm[ed] receipt and acceptance of service."

Honorable Jesse M. Furman
United States District Judge
January 27, 2022
Page 2

Since January 10, 2022, the Government and the defendant have conferred on multiple occasions regarding the scope of the subpoena and the timing of the defendant's response. To date, the defendant has produced certain communications with Luke Janklow. Aside from those, it appears he has not produced any materials within the other categories he identified in his "preliminary review." On January 26, 2022, the defendant conveyed to the Government, through standby counsel, that he would produce additional responsive materials that evening. No materials were produced after that conversation.

On January 27, 2022, the defendant represented in court:

> We have already been producing materials off of the servers as we've been acquiring them and becoming aware of them. But the materials of the servers, we're going to continue to do so pursuant to the rolling production that was previously discussed with the Court.

(Trial Tr. 802.) The defendant provided no explanation of why he has failed to produce the materials he identified at least as early as December 13, 2021 (*see* Def. Mot. for Adjournment 7). Since the defendant's representation in court today, no materials have been produced by the defendant.

The defendant has neither articulated any objections to the Government's requests nor has he moved to quash. *See* Fed. R. Crim. P. 17(c)(2).

In light of the foregoing, the Court should compel the defendant to comply with the Government's subpoena promptly and sufficiently in advance of the close of the Government's case-in-chief to permit the Government to review and make use of the materials at trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc: Michael Avenatti (by ECF via standby counsel)