

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 27, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government writes respectfully in response to the defendant's request (Dkt. No. 312 ("Def.'s Mot.")) to preclude GX 804, which summarizes voluminous text message, Whatsapp, email, and other evidence. The defendant suggests that because "many of the entries relate to emails and text messages that have already been admitted and used during the trial in the course of witness examinations" and "the Government has already demonstrated its ability to introduce and examine witnesses about large numbers of text messages and emails during the trial," GX 804 is not admissible as a summary chart under Federal Rule of Evidence 1006. (Def.'s Mot. 1.) The law of this Circuit is to the contrary.

      Indeed, the Second Circuit recently addressed the admissibility of substantively identical charts—and substantively identical defense arguments—in *United States v. Ho*, 984 F.3d 191, 209-10 (2d Cir. 2020). There, the defendant "challenge[d] the admission of two summary charts that provided timelines of certain text messages, emails, and other documents admitted into evidence," "contend[ing] that the charts summarized materials that could have 'easily . . . been examined by the jury,' as there were 'only 71 documents related to the Chad Scheme plus translations (totaling 370 pages), and 62 documents related to the Uganda Scheme plus translations (totaling 399 pages).'" *Id.* at 209. The Court of Appeals rejected this argument, concluding that the District Court was well within its discretion to admit such summary charts in a complex fraud trial. *Id.* at 210; *see also, e.g.*, *United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010) (charts admissible where they "summarize[ ] information that otherwise would have been difficult for the jury to synthesize and evaluate," are helpful to the jury, and are "'based upon and fairly represent competent evidence already before the jury'" (quoting *United States v. Conlin*, 551 F.2d 534, 538 (2d Cir. 1977))); *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) ("This court has long approved the use of charts in complex trials, and has allowed the jury to have the charts in

Honorable Jesse M. Furman
United States District Judge
January 27, 2022
Page 2

the jury room during its deliberation . . . .").[1] Nor, for that matter, is the lone, out-of-circuit opinion relied upon by the defendant to the contrary. *See United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (discussing summary exhibits and pedagogical devices).

The proposed summary chart fairly represents and summarizes competent evidence, and the defendant does not argue otherwise. Furthermore, the proposed chart provides the date and time and a summary of the contents of a number of different types of communications, including text, Whatsapp, and email communications, drawn from voluminous records. Much like a chart of call logs, the chart will enable the jury to understand and evaluate information contained in numerous, voluminous records that would be difficult, if not impossible, for the jury to synthesize without assistance. GX 804 is admissible. *Ho*, 984 F.3d at 209-10.[2]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/
      Matthew D. Podolsky
      Andrew A. Rohrbach
      Robert B. Sobelman
      Assistant United States Attorneys
      (212) 637-1947/2345/2616

cc:   Michael Avenatti
      (by ECF via standby counsel)

---

[1] Substantively identical charts were also admitted at trial in, for example, *United States v. Percoco*, 16 Cr. 776 (VEC), *United States v. Kaloyeros*, 16 Cr. 776 (VEC), and *United States v. Skelos*, 15 Cr. 317 (KMW).

[2] The Government respectfully requests that the Court instruct the jury, at the time GX 804 is admitted into evidence, in substance that the chart does "not constitute independent evidence and that it [i]s the jury's duty to first determine that [the chart] accurately reflect[s] the evidence on which [it is] based." *Ho*, 984 F.3d at 210.