January 28, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    **United States v. Michael Avenatti**
            **19 Cr. 374 (JMF)**

Dear Judge Furman:

    I write to bring a serious issue to the attention of the Court. Within the last 24 hours, Defendant has learned of the following relating to the Government's knowledge of, and efforts to acquire, critical information relating to defendant's representation of Ms. Stormy Daniels. On information and belief, this includes the financial data stored in Tabs and Quickbooks.

    Under questioning by United States Bankruptcy Judge Counsel Scott C. Clarkson, counsel for the bankruptcy trustee[1] for Eagan Avenatti, LLP (the "Trustee") disclosed the following less than 48 hours ago during a bankruptcy hearing in case no. 8:19-BK-13560-SC in the Central District of California.[2]

1. Fourteen months ago, in approximately <u>November 2020</u>, the prosecutors in this case sent a subpoena to the Trustee seeking information relating to defendant's representation of Ms. Clifford. On defendant's information and belief, this included a request for the financial information, including Tabs and Quickbooks data. Ms. Judy Regnier testified concerning the importance of this information earlier this week.[3]

2. The Government instructed the Trustee to keep the subpoena private (i.e.,

---

[1] The bankruptcy trustee is an appointee of the United States Department of Justice.
[2] Defendant has ordered an expedited transcript.8-19-BK-13560-SC
[3] As the Court is aware, at the same time, defendant was being denied access by the prosecutors in California to this same information

keep it from defendant and his counsel). The Government also instructed the Trustee to not seek the approval of the bankruptcy court to respond to the subpoena. The Government presumably did so in furtherance of its efforts to keep the subpoena, and the importance of the financial information referenced in the subpoena, from defendant.

3. The Government communicated about the subpoena almost exclusively with the Trustee and his counsel via telephone as opposed to in writing.

4. The Trustee complied with the demands of the Government and began the process of responding to the subpoena using an outside consultant. When the consultant explained the cost associated with responding to the subpoena, the Government told the Trustee not to produce the data.

5. Over a year later, the Government sent another subpoena for much of the same information. This was after the mistrial in California, which was caused by the Government's failure to produce critical <u>Brady</u> material, namely the financial data relating to clients at issue in that prosecution (i.e., showing the amount of costs and hourly fees incurred by the firm during the representation).

If true, the above facts give rise to a host of issues, including issues relating to <u>Brady</u> and the Government's deliberate failure to acquire information favorable to the defendant. According to the Trustee's statements, the Government has known of the importance of the data since November 2020 (well before the disclosure during the trial in California) and yet purposely disregarded it and avoided acquiring it.

The defendant respectfully requests that the Court inquire of the Government concerning the above.

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant