

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 29, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this motion to preclude the testimony of three defense witnesses who are expected to testify about matters that are irrelevant and unfairly prejudicial, or constitute improper impeachment. Specifically, the Government moves to preclude the testimony of (1) Justin Loupe, who is expected to testify regarding Ms. Daniels's views on paranormal activity; (2) David Karbley, who is expected to testify about an unrelated dispute he had with Ms. Daniels; and (3) Jason Fischer, who is expected to offer a hearsay document.[1]

**I.**     **Applicable Law**

      Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Accordingly, any evidence that does not bear on the defendant's guilt or innocence of the charges in the indictment should be excluded as irrelevant. Rule 403 further states that the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

      As a general matter, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). The Rules permit extrinsic evidence for "other grounds of impeachment (such as contradiction, prior inconsistent statement, bias, and mental capacity)." *United States v. Johnson*, 469 F. Supp. 3d 193, 227 (S.D.N.Y. 2019) (quoting Fed. R. Evid. 608(b) Advisory Committee

---

[1] The Government has also reviewed the motions to quash filed by John Barrale and Carlos Colorado and joins those motions. The proposed testimony for Mr. Barrale, concerning a dispute about the proceeds of sales from an online store, is entirely irrelevant. To the extent the defendant would use it to attack Ms. Daniels's character for truthfulness, it has no probative value on that count either and, even if it did, would constitute extrinsic evidence barred by Rule 608(b). The proposed testimony for Mr. Colorado is both irrelevant and cumulative.

January 29, 2022
Page 2

Notes). But even then, "[e]xtrinsic evidence offered for impeachment on a collateral issue is properly excluded." *United States v. Purdy*, 144 F.3d 241, 245-46 (2d Cir. 1998). "[I]t is well-settled that a trial judge has broad discretion to prevent a defendant from calling witnesses for impeachment purposes on collateral matters, and also to limit cross-examination on subjects that are, for example, only marginally relevant or intended to harass a witness." *Nappi v. Yelich*, 793 F.3d 246, 252 n.3 (2d Cir. 2015) (internal quotation marks omitted).

## II.   Argument

The defendant intends to call Justin Loupe, David Karbley, and Jason Fischer at trial on Monday. The Government expects that Mr. Loupe would offer further testimony about Ms. Daniels's beliefs in the paranormal, Mr. Karbley would describe an unrelated dispute with Ms. Daniels, and Mr. Fischer would provide the foundation for introduction of an irrelevant text exchange between the defendant and Sean Macias. Each of these witnesses should be precluded from testifying at trial.

### A.   Justin Loupe

Justin Loupe is Ms. Daniels's close friend and co-star on the show *Spooky Babes*. Mr. Loupe did not meet Ms. Daniels until after the time of the fraud, and the Government is not aware of any first-hand knowledge by Mr. Loupe of any fact relevant to the offense conduct.

This testimony should be precluded under Rules 401 and 403. The defendant has already cross-examined Ms. Daniels at length about her beliefs in the paranormal. (*See* Tr. 1010-11, 1044-60, 1106; *see also id.* at 1004-05 (direct examination)). Additional testimony on this subject would have marginal relevance at best. It is not clear what, if any question, the defendant could put to Mr. Loupe that he did not already ask Ms. Daniels, or that he could not have asked Ms. Daniels. And given Ms. Daniels's extensive and candid answers about her beliefs in the paranormal and her role on *Spooky Babes*, whatever further fact the defendant would seek to prove through Mr. Loupe is merely collateral. In contrast, Mr. Loupe's testimony would waste the jury's time and needlessly present cumulative evidence. *See* Fed. R. Evid. 403.

In sum, Mr. Loupe's testimony is not relevant to any fact in this case that bears on the defendant's guilt or innocence. It would only provide cumulative testimony about an area of Ms. Daniels's credibility that has already been well covered. The testimony should be precluded.

### B.   David Karbley

David Karbley is Ms. Daniels's former bus driver. (Tr. 1060). As discussed in the attached social media posts produced by the defendant pursuant to Rule 26.2 (Exhibit A), Ms. Daniels terminated Mr. Karbley for a variety of reasons, including lying about his conversations with underage girls. In the attached text messages, also produced by the defense and contained in

January 29, 2022
Page 3

Exhibit A, Mr. Karbley appears to dispute those reasons and suggests that Ms. Daniels owes him money.[2]

This dispute between Ms. Daniels and her former bus driver is entirely irrelevant to any issue in this case. It has nothing to do with the defendant, his fee arrangement with Ms. Daniels, or the book deal, nor does it even relate to an allegation by Ms. Daniels that someone stole from her. The intended testimony appears to be nothing more than an attempt to attack and embarrass the victim of the defendant's crimes.

Indeed, there is no proper impeachment basis for the admission of this evidence. To the extent Mr. Karbley would say that Ms. Daniels was untruthful in the circumstances surrounding his termination, such testimony is extrinsic evidence barred by Rule 608(b). There is no other theory by which it impeaches Ms. Daniels's testimony—it does not bear on bias or mental capacity, and it would not contradict her trial testimony. To the extent it does, Mr. Karbley's termination is entirely collateral to the issues in this case, and it should be excluded on that basis.

Finally, even if this evidence could be offered for a permissible reason, the Court should exclude it under Rule 403. Litigating whether Ms. Daniels's bases for terminating Mr. Karbley were correct is a sideshow that would waste the jury's time, unduly delay the trial, and confuse the issues. That prejudice readily and substantially outweighs any minimal marginal probative value of this evidence.

### C. Jason Fischer

The Government is not aware of the identity of Mr. Fischer. Notwithstanding the Government's request, the defendant has provided no information about who he is and what relevance his testimony might have to a fact at issue in this trial.

The defendant has, however, indicated that he intends to offer Defense Exhibit AD (attached as Exhibit B) through Mr. Fischer. Defense Exhibit AD is a text exchange from the defendant's iCloud account between the defendant and Sean Macias dated August 29, 2018. In it, Mr. Macias says: "I am getting you some do re me so you can run like a banshee." The defendant previously offered a similar exhibit during the cross-examination of Mr. Macias, which the Court denied. (Tr. 831; see Tr. 758-59 (denying the defendant's request to show the text to Mr. Macias)). At the time. Mr. Macias said he did not recall sending this text and that it did not refresh his recollection. Through his questioning, the defendant suggested that this text showed that Mr. Macias was raising money so that the defendant could run for President. (Id. at 760-61, 828-31).

This text exchange is hearsay: the defendant is attempting to offer an out-of-court statement by Mr. Macias for the truth. It is also entirely irrelevant. There is no factual basis in the record to say that it shows that Mr. Macias was raising money for the defendant's presidential campaign. Mr. Macias said that he uses the phrase "do re me," but was not asked to explain its meaning. (Tr.

---

[2] During the cross of Ms. Daniels, the defendant also suggested that Ms. Daniels had told the Government that she spoke to Mr. Karbley about the book deal. (Tr. 1060). The Government is unaware of the basis for that question, and in any event, any testimony by Mr. Karbley about what Ms. Daniels told him would be classic inadmissible hearsay.

829). Further, even if that is what the text meant, it is not relevant to the case. On September 5, 2018, the defendant obtained a loan from Mark Geragos, with Mr. Macias's assistance, and used it to pay Ms. Daniels. This text does not provide a basis to argue that the false purpose of the loan was for the defendant's presidential campaign, rather than for his law firm's expenses. The loan was a personal loan, not a donation, and it was in the amount of $250,000, which would have unlawfully exceeded the relevant contribution limits. And even if it did provide such a basis, it is still only minimally relevant: whatever the false reason for loan was the defendant's law firm expenses or his presidential campaign, the only evidence in the record is that he obtained money on September 5, 2018, in desperation and used it to repay Ms. Daniels.[3]

Finally, even if it did have some marginal probative value, it should be excluded under Rule 403. The text would confuse the issues and risk misleading the jury into thinking that the defendant's political ambitions somehow relate to the facts of this case. They do not.

To the extent the defendant instead offers this to impeach the testimony of Mr. Macias, it should be precluded. First, the text does not contradict Mr. Macias's testimony—he did not deny sending this text; he said that he did not recall it. *See United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010) (explaining that impeachment by contradiction applies when the witness "puts certain facts at issue in his testimony"). Second, this issue is entirely collateral to the case. The record is clear that Mr. Macias and the defendant were close friends in 2018 and that Mr. Macias was "incredibly enthusiastic" about the defendant's possible presidential run. (Tr. 758). Whether or not he was also trying to raise money for the defendant is not relevant to the issues in this case. *See United States v. Watts*, No. 10 Cr. 627 (KAM), 2013 WL 5423748, at *28 (E.D.N.Y. Sept. 26, 2013) (applying the collateral-matters doctrine to potential impeachment by contradiction).

---

[3] Indeed, any minimal relevance would in fact be inculpatory. If the defendant were to argue that he obtained the loan for his presidential campaign, his decision to use it instead to pay Ms. Daniels is a further act of fraud that demonstrates his desperation to repay her and avoid the unraveling of his scheme.

January 29, 2022
Page 5

### III.   Conclusion

For the foregoing reasons, the Court should preclude Justin Loupe, David Karbley, and Jason Fischer from testifying, unless the defendant identifies other relevant testimony that they might provide.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   _____/s/_____
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:   Michael Avenatti, *pro se* (by ECF via stand-by counsel)
Richard Palma, Esq., Counsel for Justin Loupe (by email)
Florian Miedel, Esq., Counsel for David Karbley (by email)
Bennet Epstein, Esq., Counsel for John Barrale (by email)
Joshua D. Kirschner, Esq., Counsel for Carlos X. Colorado (by email)

# EXHIBIT A



David

 

2,960 likes

**thestormydaniels** This is the man who was my driver. Now he drives for the band Cold. He is mocking me...and yes. I do NOT agree with you talking to underage girls and lying about it, threatening to sell info/pics of my child to tabloids if I don't give you money, begging my friends for money, operating a tour bus while on the phone (we got pulled over and searched for it once) being inappropriate/creepy with MANY of my female guests (one of which he still has jewelry she forgot ony bus) and attempting to have s-

And as you see whoever "cizzle585" is, he is basically threatening my life.. it got pretty ugly for a bit, but this is as far as it got.. she's been silent since

NONE of what she said is true.. NONE OF IT!

Thanks

I sent you an email with the the Zoom link. Please

 2

**DK**

**David** ›

> HAHAHA. Get it from Doc since he's your boss. Yeah. I was sent all those screenshots too

You've blocked Stormy Daniels's Facebook account
You can't message or call them in this chat, and you

I'm sending the screenshot of when Stormy to go to Doc to get paid the money SHE owes me.. I blacked out one of the text because it has the name of a person I don't want involved with any of this..

That was April 10, 2021... the last time I spoke with Stormy

Wed, Jan 10, 1:45 PM

iMessage

**THESTORMYDANIELS**
Posts



4 likes

**driver_of_the_stars** If you choose to disown someone and throw them to the curb like a piece of trash after being loyal to you as your friend simply because they do something you disagree with, or doesn't partake in your madness... You suffer from Trump syndrome...FACT! 😊

2,960 likes

**thestormydaniels** This is the man who was my driver. Now he drives for the band Cold. He is mocking me...and yes. I do NOT agree with you talking to underage girls and lying about it, threatening to sell info/pics of my child to tabloids if I don't give you money, begging my friends for money, operating a tour bus while on the phone (we got pulled over and searched for it once) being inappropriate/creepy with MANY of my female guests (one of which he still has her jewelry she forgot ony bus) and attempting to have sex with a girl without her consent. My bodyguard stopped it. This man David Karbley is a liability, predator and willing to do anything for money (including sell his clients out to tabloids)

View all 229 comments

# EXHIBIT B

# Extraction Report
Apple iCloud (Backup)

## SMS Messages (4)

⚠ * These details are cross-referenced from this device's contacts

| # | Folder | Party | All timestamps | Status | Source | Message | Deleted | * |
|---|---|---|---|---|---|---|---|---|
| 1 | Sent | From<br>To<br>Sean<br>Direction: Outgoing | Time<br>8/29/2018<br>11:28:50<br>AM(UTC-4) | Sent | | I like Gabbard from Hawaii<br>Source Extraction: Legacy (2) | | 🏷 |
| 2 | Inbox | To<br>From<br>Sean<br>Direction: Incoming | Time<br>8/29/2018<br>11:42:04<br>AM(UTC-4)<br>Read:<br>8/29/2018<br>12:26:13<br>PM(UTC-4) | Read | | Jesus<br>Source Extraction: Legacy (2) | | 🏷 |
| 3 | Inbox | To<br>From<br>Sean<br>Direction: Incoming | Time<br>8/29/2018<br>11:42:05<br>AM(UTC-4)<br>Read:<br>8/29/2018<br>12:26:13<br>PM(UTC-4) | Read | | I am getting you some do re me so you can run like a banshee<br>Source Extraction: Legacy (2) | | 🏷 |
| 4 | Inbox | To<br>From<br>Sean<br>Direction: Incoming | Time<br>8/29/2018<br>11:42:06<br>AM(UTC-4)<br>Read:<br>8/29/2018<br>12:26:13<br>PM(UTC-4) | Read | | Will need you for a meeting<br>Source Extraction: Legacy (2) | | 🏷 |

DEFENDANT'S EXHIBIT AD

1