

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 30, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:     ***United States v. Michael Avenatti***, **19 Cr. 374 (JMF)**

Dear Judge Furman:

The Government writes regarding the potential testimony and cross-examination of the defendant. Specifically, during a colloquy in open court, the defendant suggested (1) that the Government was required but failed to provide notice of its intent to cross-examine the defendant regarding his prior fraud conviction and other specific instances attacking his character for truthfulness; (2) that such evidence and cross-examination should be precluded under Federal Rule of Evidence 403; and (3) that the introduction of such evidence or cross-examination would permit the defendant to offer extrinsic evidence regarding his prior conduct. Each of these contentions is wrong as a matter of fact, law, or both. The Government should be permitted to cross-examine the defendant—and to offer other evidence as appropriate and permitted by the Federal Rules of Evidence—regarding his prior fraudulent conduct and conviction under Rules 608(b) and 609, and the Rules do not permit the defendant to offer extrinsic evidence regarding these matters.

Additionally, the defendant—should he testify—should be precluded from offering any commentary or other testimony regarding the Government's motivation or decision-making regarding the bringing of charges against the defendant, the Government's selection of investigative steps, or discovery-related matters (in this case, the prior case in which the defendant was convicted, or the pending case in the Central District of California). The defendant has repeatedly attempted to put these matters before the jury through improper questioning of witnesses, and the defendant's claims and insinuations on these topics are both without any factual basis and entirely irrelevant and improper under the Rules of Evidence, as the Court has previously explained.

### A.     Background

As the Court is aware, the defendant was previously convicted of extortion and honest services fraud in *United States v. Avenatti*, No. 19 Cr. 373 (PGG). The evidence admitted at that trial proved beyond a reasonable doubt that the defendant wrongfully used confidential information obtained from a client in a failed effort to extort NIKE, Inc. ("Nike"), a publicly-traded

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 2

corporation, into paying at least $15 million, not to the client, but directly to the defendant himself. In violation of the duties owed by the defendant to his client, and in an effort to defraud his client of the defendant's honest services, the defendant demanded that Nike pay him personally—at least ten times what he asked Nike to pay the client—in exchange for which the defendant would, among other things, cause any potential claims by the defendant's client against Nike to be resolved and forgo using his media influence to damage and embarrass Nike.

The defendant has also been charged in the Central District of California with a broad array of fraud offenses arising from the defendant's schemes to defraud his clients of the proceeds of their lawsuits, defraud a bank through the use of false and misleading information in support of loan applications (as well as the unauthorized use of another's name and preparer tax identification number), defraud the Internal Revenue Services through the failure to pay taxes, and defraud the bankruptcy court through false testimony and declarations.[1]

During the defendant's trial in *United States v. Avenatti*, No. 19 Cr. 373 (PGG), the defendant moved to preclude cross-examination regarding the underlying fraudulent conduct at issue in this case and in the case currently pending in the Central District of California. The Honorable Paul G. Gardephe denied that motion in full. On the record, Judge Gardephe concluded that "were Mr. Avenatti to testify, his credibility would become the central issue in this case," and "[c]ross-examination as to prior instances of lies and deceit is thus highly relevant." *Avenatti*, No. 19 Cr. 373 (PGG), Trial Tr. 1825:6-9.

On December 13, 2021, the Government provided by letter sent to the defendant's then-counsel, attached to this letter as Exhibit A, notice that the Government intended to inquire during cross-examination of the defendant, should he testify, into these matters. Specifically, the Government represented to the defendant as follows:

> In the event that the defendant testifies, the Government intends to seek admission of evidence of the defendant's extortion and honest services wire fraud convictions in *United States v. Avenatti*, S1 19 Cr. 373 (PGG), *see* Fed. R. Evid. 609(a)(1)(B) & (a)(2), and cross-examine him about certain of the conduct for which he was convicted, *see* Fed. R. Evid. 608(b)(1).

> Unless the defendant affirmatively opens the door, the Government does not intend to cross-examine the defendant concerning the fact that he has been indicted in the United States District Court for the Central District of California or otherwise to present the jury with evidence that the defendant has been accused by a grand jury in that district of other crimes. However, the Government does intend to

---

[1]     The California tax fraud counts do not include the years for which the defendant asserted an advice-of-counsel defense in this case.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 3

> cross-examine the defendant concerning the *conduct* for which he
> has been charged in that case. *See* Fed. R. Evid. 608(b)(1).
>
> Out of an abundance of caution, we note that the foregoing are not
> the only topics or conduct about which we would intend to cross-
> examine the defendant in the event that he testifies.

(Ex. A at 2.) The defendant did not seek to preclude the Government from inquiring into any of these topics until the conclusion of the trial day on January 28, 2022.

### B.     Applicable Law

"It is essential . . . to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth." *United States v. Havens*, 446 U.S. 620, 626-27 (1980).

Such cross-examination properly includes questions exploring a defendant's credibility generally when "a defendant offers an innocent explanation" for his conduct. *United States v. Payton*, 159 F.3d 49, 58 (2d Cir. 1998) (when such an explanation is offered, "the government is entitled to attack his credibility on cross-examination"). In short, a defendant who "'opens the door'" by presenting an innocent explanation for his conduct "has no right to avoid cross-examination into the truth of his direct examination, even as to matters not related to the merits of the charges against him." *Id.* (citation omitted).

The Government is also entitled to cross-examine a defendant about his prior conduct, even where it is not probative generally of truthfulness, when the prior conduct calls into question the credibility of his explanation of his current conduct. *See, e.g.*, *United States v. Garcia*, 936 F.2d 648, 654 (2d Cir. 1991) ("Once [the defendant] testified that he had no idea that the white powder was cocaine, he opened the door for the Government to impeach his testimony by establishing on cross-examination that he was familiar with and indeed had used cocaine as recently as the day before his arrest.").

The Government is further entitled to cross-examine a defendant concerning other conduct where that conduct rebuts the defendant's self-portrayal. *See, e.g.*, *id.* (affirming cross-examination concerning a defendant's family history when he attempted on direct examination "to portray himself as a solid citizen with a stable family life").

Finally, and for similar reasons, the Government is entitled to "to impeach [a defendant's] credibility on its rebuttal case through evidence that was barred from its case in chief." *United States v. Atherton*, 936 F.2d 728, 734 (2d Cir. 1991); *see generally United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993) ("The rule of 'opening the door,' or 'curative admissibility,' gives the trial court discretion to permit a party to introduce otherwise inadmissible evidence on an issue (a) when the opposing party has introduced inadmissible evidence on the same issue, and (b) when it is needed to rebut a false impression that may have resulted from the opposing party's evidence.").

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 4

### C.       Discussion

The Government intends to offer evidence of the defendant's prior convictions pursuant to Rule 609(a)(1)(B), and to inquire into the facts and circumstances of his prior dishonest acts pursuant to Rule 608(b). These matters bear directly on the defendant's credibility, as well as the claim that he has advanced to the jury that he believed he was entitled to keep his client's money. *See, e.g.*, *Payton*, 159 F.3d at 58 (when the defendant offers an innocent explanation for his conduct, "the government is entitled to attack his credibility on cross-examination"); *cf. United States v. Brown*, 621 F. App'x 44, 48 (2d Cir. 2015) ("government's cross-examination regarding the prior fraudulent real estate scheme was . . . justifiably aimed at probing [the defendant's] credibility pursuant to Fed. R. Evid. 608(b)"). The defendant does not suggest otherwise. Rather, he argues that he should have been provided notice of the Government's intention and, much as he argued before Judge Gardephe, that the questioning and evidence should be precluded under Rule 403 and because they would provoke a "minitrial." (Trial Tr. 1249:4-12.) None of these claims is correct.

First, the defendant's assertion that the Government was required to provide him notice of its intentions but did not is wrong legally and factually. The Government is aware of no such notice requirement regarding its plans to cross-examine the defendant. And, in any case, the Government did provide exactly this notice more than a month prior to the beginning of trial. (*See* Ex. A.)

Second, there is no basis for the defendant's generalized "403" objection. No unfair prejudice would flow from the Government's questioning, as the Court would instruct the jury as to the proper use of this testimony, and the facts and details of the defendant's other conduct are no more salacious than the facts at issue in this trial. Indeed, as Judge Gardephe observed, the conduct at issue in the extortion and honest services fraud trial is easily distinguishable from the facts at issue here and there is no risk of juror confusion. *Avenatti*, No. 19 Cr. 373 (PGG), Trial Tr. 1825:9-11. Nor is there any risk that the defendant's bank or tax fraud conduct would cause juror confusion either. Although it is true that the defendant's efforts to defraud multiple other clients bear more resemblance to the facts here, there is no risk of juror confusion—particularly with the use of an appropriate limiting instruction—given that that conduct did not concern book payments or other similar circumstances and all occurred earlier in time. *See, e.g.*, *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000) (perceiving "no undue prejudice under Rule 403 [where] the evidence did not involve conduct more serious than the charged crime"); *Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be *unfair*." (emphasis in original)); *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (evidence not unfairly prejudicial because it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 5

Moreover, even if there were any putative risk of unfair prejudice, it would not outweigh the highly probative quality of the evidence and examination here, which would go directly to the key issue of the defendant's credibility, were he to testify. The defendant's cross-examinations throughout this trial, and particularly of the victim in this case, focused predominantly on witness credibility. Indeed, his examination of Ms. Daniels focused nearly exclusively on it and included lengthy questioning about collateral matters relating to credibility. Were the defendant able to testify without being questioned on the full extent of his own false and fraudulent statements and conduct, he would be able to present a wholly misleading picture to the jury in a case that he has sought at every turn to transform into a credibility contest between his victim and himself. Neither the Rules of Evidence nor caselaw permit that result. *See, e.g.*, *Payton*, 159 F.3d at 58.

Third, the defendant's attempt to forestall appropriate cross-examination by raising the specter of a minitrial is without merit. The defendant's suggestion—rejected by Judge Gardephe—conflates the proper scope of cross-examination, which is rightly broad, *see, e.g.*, *Havens*, 446 U.S. at 626-27, with whether the Government may offer documentary evidence in a rebuttal case contradicting the defendant's answers to questions, which is a separate inquiry and cannot be determined before the defendant testifies and gives answers. *Compare* Fed. R. Evid. 611(b), *with* Fed. R. Evid. 608(b). The defendant has offered no authority that would permit him, through the admission of extrinsic evidence, to relitigate the matters underlying his prior conviction or litigate the facts concerning his other fraudulent conduct. In fact, the Rules of Evidence bar the admission of such evidence. *See* Fed. R. Evid. 608(b); *see also, e.g.*, *Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, 405 (E.D.N.Y. 2013) (a witness whose credibility has been impeached on cross-examination by prior instances of dishonesty under Rule 608(b) may attempt to rehabilitate character for truthfulness on redirect examination but may not offer extrinsic evidence).

In short, the defendant has identified no concern under Rule 403 or otherwise that should serve to bar cross-examination that is otherwise plainly proper and would assist the jury in weighing the defendant's credibility, which he need not—but apparently intends to—put squarely at issue.

Finally, should the defendant testify, he should be precluded from offering testimony seeking to attack this prosecution, his prior prosecution, or his prosecution in the Central District of California (the fact of which the Government does not intent to elicit) through allegations concerning prosecutorial decision-making, investigative strategy, or discovery-related claims. For example, while the defendant may provide testimony that he has filed a post-trial motion and an appeal of his extortion and honest services fraud convictions, he should not be permitted to put before the jury that he has made *Brady* claims in his post-trial motion or otherwise attempt to confuse the jury by describing claims he may or may not make in his yet-to-be filed appellate brief.[2] In addition to the fact that there is no factual basis for the various insinuations that the defendant has made before and during this trial, these matters are wholly irrelevant to the facts at

---

[2]     Notably, the defendant's pending post-trial motion in *Avenatti*, No. 19 Cr. 373 (PGG), contains a *Brady* claim that relies on much the same prosecution team argument that he advanced here and that this Court rejected.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 6

issue in this case and such testimony would be confusing and unfairly prejudicial under Rule 403. *See, e.g.*, *United States v. Saldarriaga*, 204 F.3d 50, 53 (2d Cir. 2000) ("The jury correctly was instructed that the government has no duty to employ in the course of a single investigation all of the many weapons at its disposal, and that the failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged."); *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (a "selective prosecution defense is an issue for the court rather than the jury"); *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) (granting motion to preclude defendant from "presenting arguments or evidence that would invite the jury to question the Government's motives in investigating and indicting [the defendant], as opposed to other individuals who may also have committed the crimes charged or similar crimes.").

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     s/
        Matthew D. Podolsky
        Andrew A. Rohrbach
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2345/2616

cc:     Michael Avenatti
        (by ECF via standby counsel)