# EXHIBIT A

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 13, 2021

**BY EMAIL**

Robert M. Baum, Esq.
Tamara L. Giwa, Esq.
Andrew J. Dalack, Esq.
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York 10007

Re:   *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Counsel:

The Government writes as a courtesy regarding certain matters in advance of trial to facilitate the defendant's preparation of his defense.

### I.   Rule 404(b)

Please be advised that, based on our investigation to date, aside from evidence referenced in the Government's motions *in limine* (Dkt. No. 176), we do not presently intend to offer any other evidence under Federal Rule of Evidence 404(b) in our case-in-chief at trial.[1]

As referenced in the Government's motions *in limine*, we do presently intend to offer evidence—not covered by Rule 404(b)—in our case-in-chief regarding the defendant's motive, including evidence regarding his financial needs and desires at the time of the charged offenses, and regarding the defendant's knowledge and intent, including evidence regarding his failure to file tax returns.

The Government does not presently intend to offer evidence in our case-in-chief that one reason why the defendant needed and/or wanted money was because he had committed the offenses with which he is charged in the United States District Court for the Central District of California, nor do we otherwise presently intend to offer evidence of his commission of such offenses in our case-in-chief. Similarly, we do not presently intend to offer evidence in our case-in-chief of the defendant's prior convictions or the conduct at issue in *United States v. Avenatti*, S1 19 Cr. 373 (PGG). Please be advised that the Government's intentions may change if the

---

[1] This letter supersedes the Government's letter dated March 20, 2020, which was addressed to Thomas D. Warren, Esq., the defendant's then-counsel.

Page 2

defendant, through argument or questioning of witnesses at trial, or the introduction of evidence, opens to the door to any of the foregoing categories of evidence.

## II. Cross-Examination of the Defendant

In the event that the defendant testifies, the Government intends to seek admission of evidence of the defendant's extortion and honest services wire fraud convictions in *United States v. Avenatti*, S1 19 Cr. 373 (PGG), *see* Fed. R. Evid. 609(a)(1)(B) & (a)(2), and cross-examine him about certain of the conduct for which he was convicted, *see* Fed. R. Evid. 608(b)(1).

Unless the defendant affirmatively opens the door, the Government does not intend to cross-examine the defendant concerning the fact that he has been indicted in the United States District Court for the Central District of California or otherwise to present the jury with evidence that the defendant has been accused by a grand jury in that district of other crimes. However, the Government does intend to cross-examine the defendant concerning the *conduct* for which he has been charged in that case. *See* Fed. R. Evid. 608(b)(1).

Out of an abundance of caution, we note that the foregoing are not the only topics or conduct about which we would intend to cross-examine the defendant in the event that he testifies.

\* \* \*

If you would like to confer further regarding the foregoing, please let us know.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: *Robert B. Sobelman*
Matthew D. Podolsky
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2616