January 30, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:**   **United States v. Michael Avenatti**
   **19 Cr. 374 (JMF)**

Dear Judge Furman:

Pursuant to the Court's request last week, I write to provide additional law and analysis relating to the law of quantum meruit in California. As the legal authorities below make clear, under the fee agreement (GX-3) and well-established California law, the result is the same - defendant and his firms were entitled at all times to a reasonable percentage from Ms. Daniels' book deal.

Attorneys licensed in the State of California are regulated under the State Bar Act, published in the California codes at California Business and Professions Code §§ 6000 et seq. California Business and Professions Code section 6147 provides that an attorney who represents a client on a contingency basis shall enter into a written fee agreement. Cal. Bus. Prof. Code § 6147(a). Pursuant to this section, "[f]ailure to comply with any provision of this section renders the agreement voidable at the option of the Plaintiff, and the attorney shall thereupon be <u>entitled to collect a reasonable fee</u>." <u>Id</u>. at §6147(b) (emphasis added). California Business and Professions Code section 6148 regulates attorney fee contracts not covered by section 6147. Cal. Bus. Prof. Code § 6148(a). When it is reasonably foreseeable that the total expense to a client will exceed $1,000, "the contract for services in the case shall be in writing." <u>Id</u>. Failure to comply with the provisions of section 6148 "renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be <u>entitled to collect a reasonable fee</u>." <u>Id</u>. at §6148(c) (emphasis added).

These provisions codify the general rule that "when legal services have been provided without a valid written fee agreement, the attorney may recover the reasonable value of the services she [or he] performed in the action pursuant to a common count for quantum meruit." <u>Leighton v. Forster</u>, 8 Cal. App. 5th 467, 490 (1st Dist. 2017); citing, <u>Huskinson & Brown v. Wolf</u>, 32 Cal. 4th 453, 460 (2004) (California Supreme Court determining that §§6147-6148 "both also specify that, where an agreement is voided, the attorney remains 'entitled to collect a

reasonable fee.'"); Flannery v. Prentice, 26 Cal. 4th 572, 589 (2001) (California State Supreme Court stating: "[e]ven in circumstances where the Legislature has required a written fee agreement … it has provided that, while noncompliance renders the agreement voidable, the attorney nevertheless is 'entitled to collect a reasonable fee.'"). Further, the California Supreme Court has re-iterated the well-established rule that "'in the absence of an agreement upon the subject, [the client] must be deemed to have promised to pay [the attorney] the reasonable value of the services performed in his behalf and with his consent and knowledge.'" Id., quoting, Batcheller v. Whittier, 12 Cal.App. 262, 266-267 (1909) (In absence of an agreement and when there is "no meeting of the minds of the parties" regarding the subject's compensation, the client "must be deemed to have promised to pay the reasonable value of the services performed…").

Quantum meruit allows for attorneys to recover "the reasonable values of his services." Fracasse v. Brent, 6 Cal. 3d 784, 791 (1972). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Mardirossian & Associates, Inc. v. Ersoff, 153 Cal. App. 4th (2d Dist. 2007). California Courts have then reviewed other facts such as the nature of the litigation, amount of work involved, the skill required, the attention given to the matter, the success of the attorney's efforts, the attorney's personal skill level, and his experience in the area of law. Id.

Under paragraph 4 of GX-3 and black letter law in California, Ms. Daniels was obligated at all times to pay defendant and his firms a reasonable value for their services (i.e., for the thousands of manhours expended on her behalf). Ms. Daniels was never entitled to receive the benefit of all of the work performed by Mr. Avenatti and his colleagues, including but not limited to the work on the book deal and numerous lawsuits, without paying for it. Such a windfall is exactly what the law in California prohibits.

                                            Respectfully Submitted,

                                                          /s/
                                          Michael J. Avenatti
                                          Defendant