January 30, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:    United States v. Michael Avenatti**
         **19 Cr. 374 (JMF)**

Dear Judge Furman:

      I respectfully request that the Court reconsider its decision to deny admission of Defense Exhibit ST 12 ("DX ST 12"), attached here as Exhibit A. DX ST 12 should be admitted as a prior inconsistent statement. *See* Fed. R. Evid. 801(d), 613.

**Confirming the Statement**

      During Ms. Daniels' cross examination, I showed her Defense Exhibit SB 2, a March 2018 account statement from the Bank of America Stormy Entertainment account. Ms. Daniels recognized the document, and it was admitted into evidence. Subsequent to its admission, the following colloquy occurred:

Q: By the way, did you ever inform me that this account had been closed?
A: No. At this time?
Q: No. Ever. Did you ever inform me that this bank account had been closed?
A: This account is open.
Q: So the answer is no, you never informed me of that?
A: **No**.

Trial Tr. 1120: 10 – 17 (emphasis added).

      In an effort to clarify the record, the Court inquired further of Ms. Daniels:

Q: […] Let me make sure the record on this is clear. Is it correct that you never said to Mr. Avenatti that this account was closed?
A: **No.**
Q: No.

A: **I didn't tell him it was closed.**

Trial Tr. 1120 – 21: 23 – 3 (emphasis added).

### Impeachment by Prior Inconsistent Statement

After Ms. Daniels confirmed that she did not tell me that the account was closed, I attempted to offer DX ST 12 as a prior inconsistent statement, pursuant to Fed. R. Evid. 801(d) and 613. Trial Tr. 1124: 23 – 25. The Court denied the admission of the exhibit and directed me to "try to lay a foundation." *Id* at 1125:3 – 4. In response to this ruling, I then asked the following:

Q: Ms. Daniels, moments ago, in response to a question from His Honor, you stated you had never informed me that the account had been closed, didn't you?
A: Yes

Trial Tr. 1125: 5 – 8.

I again confirmed Ms. Daniels by asking the following:

Q: When his Honor turned to you and looked at you and asked you whether you had ever informed me that you had closed the account, you said no. Do you remember that?
A: Yes. There is nothing to inform.

Trial Tr. 1125: 18 – 21.

I then attempted to confront Ms. Daniels with her prior inconsistent statement by again offering DX ST 12 into evidence. Trial Tr. 1126: 4 – 5. The Court did not admit the exhibit, but instead directed me to ask Ms. Daniels a question about the statement first. *Id* at 6 – 7. The following colloquy occurred:

Q: So, in fact, you did inform me on that date that the account had been closed via text message?
A: Yes.

I then attempted, for the third time, to move DX ST 12 into evidence as a prior inconsistent statement. Again, the Court denied its admission.

### The Court Should Admit DX ST 12 Into Evidence

Federal Rule of Evidence 613 permits the admission of extrinsic evidence of a witness' prior inconsistent statement where the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires. The record established during Ms. Daniels' cross-examination satisfies this requirement and thus necessitates the admission of DX ST 12. Ms. Daniels was unequivocal in

2

her testimony that she did not tell me that the account was closed. I then attempted, on three separate occasions, to confront Ms. Daniels with evidence of her prior inconsistent statement. Ms. Daniels was given ample opportunity to explain or deny that statement. The Court erred in requiring me to lay a foundation for the admission of the prior inconsistent statement. As Fed. R. Evid. 613(a) clearly states, "when examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness." Once I had confirmed Ms. Daniels' statement that she had never informed me that she had closed the account, I was permitted to confront her with her prior inconsistent statement and admit the actual text statement into evidence. Contrary to the Court's rulings, I was not required to lay any other foundation.

Ms. Daniels' prior inconsistent statement is critical to the jury's assessment of Ms. Daniels' credibility. It is also noncollateral because it goes to the crux of the defense's theory of the case. In reliance on Ms. Daniels' statement memorialized in DX ST 12, I believed that she had closed her original Stormy Entertainment bank account in order to protect the funds from her husband in the midst of contentious divorce proceedings. I then acted with Ms. Daniels' authority to forward the funds from the book deal to a client trust account, again based on my understanding that Ms. Daniels had closed her bank account because she intended to prevent her husband from removing funds from that account. DX ST 12 demonstrates, in Ms. Daniels' own words, my basis for informing the literary agent that Ms. Daniels' account had been closed. It is critical that the jury be presented with this evidence.

For these reasons, I respectfully request that the Court reconsider its previous decision and admit DX ST 12. The jury should have the benefit of the actual text message when it deliberates.

                                                Respectfully Submitted,

                                                /s/

                                                Michael J. Avenatti
                                                Defendant