

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 30, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter regarding two arguments the defendant has advanced at trial: (1) the defendant's mistaken belief that the doctrine of quantum meruit entitled him to take the victim's book advance payments is a defense to wire fraud, and (2) the Government should not have charged this case. The former argument should be permitted only in the event that the defendant testifies, and should be significantly curtailed and subject to a correct legal instruction from the Court. The latter argument should be precluded.

    **I.**    **Quantum Meruit**

    The defendant has suggested to the Court that he may raise as a defense to the charges in this case his purported belief that he was entitled to take a share of Ms. Daniels's money under a theory of quantum meruit to compensate himself for his costs. As set forth below, the defendant's claimed understanding of quantum meruit is wrong as a matter of law in myriad ways, and quantum meruit did not permit him to steal his client's book advance under any circumstance. Nonetheless, the defendant should be permitted to testify that he believed quantum meruit permitted him to take Ms. Daniel's money insofar as that belief supports an argument that he acted in good faith. But any such testimony should be carefully circumscribed and accompanied by instructions by the Court so as to avoid confusing and misleading the jury or usurping the Court's role, *see* Fed. R. Evid. 403.

    **A. Quantum Meruit Is Not A Defense to Wire Fraud**

    Quantum meruit did not permit the defendant to steal Ms. Daniels's money without her agreement, during the pendency of his representation of her in the book deal, and without bringing a claim for fees owed. Nothing about the law of quantum meruit permits a lawyer to take a client's funds to which the lawyer believes he is entitled. Nor does quantum meruit displace a lawyer's professional obligations over client funds. And in this case, the defendant's fee agreement with Ms. Daniels required any claim sounding in quantum meruit to be brought in arbitration. Because

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 2

quantum meruit is no defense to wire fraud, the defendant should be precluded from introducing evidence regarding that legal doctrine, supporting a claim of quantum meruit, or mentioning it in argument to the jury, and he is not entitled to any legal instruction regarding that doctrine, unless he testifies and that testimony is relevant to his good faith defense, as discussed below.

*First*, quantum meruit is an equitable remedy, not an entitlement to self-help. The "general rule" in California is that "when legal services have been provided without a valid written fee agreement, the attorney may recover the reasonable value of the services she performed in the action pursuant to a common count for quantum meruit." *Leighton v. Forster*, 8 Cal. App. 5th 467, 490 (Cal. Ct. App. 2017). If the attorney and client have a general retainer, as they did here, the right of action accrues "on the performance and completion of each matter," absent contractual provisions to the contrary. 7A Cal. Jur. 3d Attorneys at Law § 265; *see, e.g.*, *McIlwain v. Brown*, No. CV 18-5275 (DMG), 2019 WL 8219492, at *3 (C.D. Cal. Aug. 30, 2019) ("When a claim of quantum meruit is based on a void or voidable fee agreement, the limitations period commences on the last date that the attorney performed services in the case." (internal quotation marks and alterations omitted)).

Accordingly, if the defendant believed he was entitled to some of Ms. Daniels book money, California law provided that his remedy was to seek recovery in quantum meruit at the conclusion of the book deal, that is, bring a claim against Ms. Daniels for quantum meruit. Nothing about the law of quantum meruit permitted him to simply take the money in August and September 2018, before the book was even published.

*Second*, whether or not the defendant was owed money in exchange for services rendered, he was responsible for maintaining Ms. Daniels's book payments as her fiduciary. California law is clear that a lawyer is a client's fiduciary even in the absence of a valid written fee contract. *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 932 (Cal. Ct. App. 2011). And as a fiduciary, the defendant "was not allowed to deduct unwarranted costs" and "was required to comply with [his] ethical obligations regarding client trust accounts." *Id.* at 932-33. A lawyer does not "have a carte blanche with respect to attorney fees and costs . . . merely because there allegedly was no written fee agreement." *Id.* at 933. California's Rules of Professional Conduct, in turn, require a lawyer to notify a client promptly upon receipt of money on the client's behalf and do not permit the lawyer to take any disputed fees from that account. *See* Cal. R.P.C. 1.15(c)(2), (d)(1). Violation of these ethical duties may have reduced or eliminated the defendant's ability to recover in quantum meruit at all. *See Hance v. Super Store Indus.*, 44 Cal. App. 5th 676, 689-90 (Cal. Ct. App. 2020) (identifying "[c]onsiderations relevant to the question of forfeiture," including the "gravity and timing of the violation" (internal quotation marks omitted)). The defendant's theory is not only unsupported by the law of quantum meruit; it is violative of California's ethics rules.

*Third*, to the extent the defendant believed he had a viable quantum meruit claim, arbitration provided his only avenue to vindicate that claim. The defendant's fee agreement with Ms. Daniels contained, in bold typeface, a broad and expansive arbitration clause. (*See* GX 3 ¶ 7). The clause required the defendant to seek resolution through "binding arbitration before JAMS located in Los Angeles, California." (*Id.*). Its substantive coverage swept well beyond contract claims, reaching "[a]ny dispute arising under this contract *or in connection with* [the defendant's]

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 3

*services* hereunder, including any claim by [Ms. Daniels] against [the defendant] for malpractice or other tort claim." (*Id.* (emphasis added)).

This clause has already been applied at least once. Following her false arrest in Ohio, Ms. Daniels filed a civil lawsuit in the U.S. District Court for the Southern District of Ohio. *See* Complaint, *Clifford v. Keckley*, 2:19 Civ. 119 (S.D. Ohio Jan. 14, 2019), Dkt. No. 1. After the case settled, the defendant filed a lien for attorneys' fees and costs in the case. *See* Notice of Lien, *id.*, (S.D. Ohio Oct. 3, 2019), Dkt. No. 40. But the defendant subsequently withdrew the lien because he filed an arbitration action before JAMS in Los Angeles for, among other things, quantum meruit to recover costs and expenses in the Ohio case and others. *See* Notice of Pending Arbitration, *id.* (S.D. Ohio Nov. 7, 2019), Dkt. No. 45.

The same is true here. If the defendant believed he was entitled to a share of Ms. Daniels book payment, but in the absence of any agreement on her part, he was in a fee dispute with Ms. Daniels. The contract expressly contemplated the defendant's work on a book deal.[1] The fee dispute was therefore "in connection with" his "services" under the contract. And that fee dispute could only be resolved in binding arbitration before JAMS Los Angeles.[2]

Accordingly, it is simply not correct that the defendant could have taken Ms. Daniels's book payment directly from Janklow & Nesbit under a theory of quantum meruit. California law may have permitted the defendant to seek reasonable fees in an arbitration action following the conclusion of his representation of Ms. Daniels on the book deal, but it did not permit the defendant to take the book payments. The defendant has developed evidence that he did significant work for Ms. Daniels, and he seeks to offer more (Opp. to Mot. to Preclude, Dkt. No. 329), but nothing in the record and no principle of law connects that work to a claim for quantum meruit. Thus, the defendant is free to argue to the jury that he acted in good faith and to point to evidence that he did work for Ms. Daniels as evidence of that good faith. As the record currently stands, however, the jury need not be instructed on quantum meruit, the defendant cannot argue it to the jury, and evidence that would support a claim of quantum meruit is not relevant. Allowing the defendant to introduce evidence regarding a complicated legal doctrine that is no defense to wire fraud would only serve to mislead and confuse the jury, and should be precluded under Rule 403.

---

[1] *See also* Opposition to Rule 11 motion at 4, *Clifford v. Keckley*, 2:19 Civ. 119 (S.D. Ohio Dec. 3, 2019), Dkt. No. 52 (containing an argument by the defendant that his representation of Ms. Daniels "in the present matter was an oral amendment to this contract").

[2] Although the contract's provision relating to the book payment is an unenforceable agreement to agree as to the relevant fee, *see, e.g.*, *County of Alameda v. Superior Court*, 2009 WL 2993813, at *5 (Cal. Ct. App. Sept. 21, 2009) (unpublished) ("The cost of services was undisputedly an essential element of the parties' promise, or agreement . . . . The question, then, is whether the MOU includes a legally enforceable price, or . . . was merely an agreement to agree on the cost for those services in the future."), to the extent the defendant was seeking to enforce that provision, he also had to bring a contract claim in arbitration.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 4

### B. The Defendant's Misunderstanding of Quantum Merit Is a Colorable Good Faith Defense and He Should Be Permitted to Testify as to His Mistaken Belief

Although the defendant is wrong that he was entitled to take Ms. Daniels's book payment under the law of quantum meruit, a mistaken belief about his legal rights could support a good faith defense. The Government is required to prove that the defendant had the requisite *mens rea*, including that he acted with a wrongful purpose. (*See* Letter Mot. on Willfulness, Dkt. No. 311). Good faith is a "complete defense to charges of wire fraud." *United States v. Dupre*, 462 F.3d 131, 139 (2d Cir. 2006). The defendant therefore should be permitted to testify about his purported belief that quantum meruit permitted him to take Ms. Daniels's money to support an argument that he acted in good faith.[3]

The Court should carefully circumscribe the defendant's testimony, however, and provide an appropriate instruction both at the time of the testimony and in the jury charge regarding the correct law, so as to avoid confusing and misleading the jury. First, while the defendant may describe the bases for his beliefs at a very high level, he should not be permitted to offer documentary evidence, delve deeply into legal theory that may confuse the jury and usurp the Court's role, or discuss the content of specific cases he relied on to reach that result. Such evidence is "likely to confuse a jury on the distinction between questions of law, which are for the court to decide, and questions of fact, which are for the jury." *United States v. Kraeger*, 711 F.2d 6, 8 (2d Cir. 1983) (per curiam). Even in the context of tax statutes, which contain a heightened *mens rea* requirement due to the "highly technical" nature of the statutes and for which mistake of law is a valid defense (in contrast to wire fraud), *Bryan v. United States*, 524 U.S. 184, 194 (1998), the Second Circuit has affirmed these sorts of limitations. *See United States v. Weber*, 843 F. App'x 364, 466-67 (2d Cir. 2021) (affirming a district court's decision to preclude discussion of "the content of certain legal cases" and the entry of "these cases, various constitutional provisions, and other legal documents and analysis into evidence"). The probative value of an extended discussion of the defendant's view of the law is even more attenuated here, and seriously risks confusing the jury and usurping the Court's role.

Next, such testimony would make relevant only such evidence that goes to the defendant's beliefs about the operation of quantum meruit in this case. For instance, if the defendant testifies that he thought he could take Ms. Daniels's money to vindicate a quantum meruit claim, he was nonetheless entitled only to the reasonable value of the services he performed on the book deal. *See* 7A Cal. Jur. 3d Attorneys at Law § 267 (explaining that quantum meruit permits an attorney to recover "the reasonable value of the services *performed in the action*" (emphasis added)). (*See also* Tr. 768 ("The amount and quality of the work I did on the book . . . goes directly to whether my belief was reasonable and whether I had any intent to defraud Ms. Daniels.")). Testimony about

---

[3] The defendant has not noticed any witness who would testify as to any alleged statements by the defendant regarding his state of mind, namely that he believed quantum meruit permitted him to take Ms. Daniels's money, and the Government is aware of no such witness. Accordingly, if the defendant wants to put forth evidence regarding his mistaken belief in quantum meruit, he must testify to do so.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 5

the quality of his legal representation on Ms. Daniels's other matters would remain irrelevant.[4] The Government would also be entitled to offer rebuttal evidence to undercut the defendant's claimed good faith, for instance because the nearly $300,000 he stole exceeds the value of his services on the book deal. *See, e.g.*, *Duchrow v. Forrest*, 215 Cal. App. 4th 1359, 1383 (Cal. Ct. App. 2013) (identifying factors in the measurement of quantum meruit recovery, including the difficulty of the matter).

Finally, at the time the defendant begins his testimony on quantum meruit, and again during the jury charge, the Court should instruct the jury that the defendant's belief about the law is incorrect and provide an explanation of the correct law. That is so for two reasons. First, absent a clear instruction from the Court about the law of quantum meruit, the jury may be confused into thinking that it must decide whether the defendant's view of the law or the Government's view is correct. That is not its role. *See Kraeger*, 711 F.2d at 8. The Court should inform the jury that the defendant's testimony is not evidence of the law, just as it does for any other evidence offered for a limited purpose. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible . . . for a purpose – but not . . . for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). Second, "the objective reasonableness of a claimed belief may be probative of whether the defendant held the belief in good faith." *Weber*, 843 F. App'x at 367 (citing *Cheek v. United States*, 498 U.S. 192, 203-04 (1991)). Here, it is highly probative of the good faith of the defendant's belief that he—a lawyer with his own firm—allegedly entirely misunderstood the law of attorney-client fee agreements. And because it is the Court's role to inform the jury about the law, as the Court concluded when precluding the Government's experts on legal ethics (Dkt. No. 226), the jury can only be informed of this information through an instruction from the Court. Finally, the jury should understand the limited purpose for which the defendant's testimony is offered—his state of mind—and not because the doctrine of quantum meruit is a defense to wire fraud.

The Government therefore proposes the following instruction:

> Members of the jury, the defendant has just mentioned a legal concept called quantum meruit. Quantum meruit is a type of claim a lawyer can bring in court or, if the contract provides, in an arbitration, on completion of a matter to get the reasonable value of services performed on that matter. An arbitration is a type of dispute resolution that happens outside of court. A matter is another word for a task, issue, or case that an attorney works on for a client. An attorney's ethical obligations to a client are not changed if the attorney could file a claim for quantum meruit.
>
> Quantum meruit is not a defense to wire fraud, and it does not permit an attorney to take a client's money without permission. It also does not allow an attorney to

---

[4] The record in this case already contains significant evidence of the defendant's work on the book deal, including in the defendant's cross of Luke Janklow. (*See, e.g.*, Tr. 372 (explaining that the defendant "developed the record" on the defendant's work in the context of the book contract "amply"). Additional evidence on that point is unnecessary and cumulative. Fed. R. Evid. 403.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 6

> take and spend any client money, and an attorney may not take client money unless the attorney's entitlement to that money is undisputed. You should not consider this evidence to decide whether the defendant could get money from Ms. Daniels through quantum meruit. Instead, you may consider this evidence for the limited purpose of deciding whether the defendant had a good faith belief about quantum meruit, even if that belief was incorrect, that means he did not have the intent to commit the crimes charged in the indictment.

This instruction accurately captures the law and makes clear both that quantum meruit does not in fact permit the defendant's actions, but that the jury may consider it insofar as it may negate the Government's *mens rea* evidence.

To be clear, the defendant may only offer evidence related to quantum meruit, and this instruction is only necessary, if the defendant testifies. Absent any evidence that the defendant in fact held this incorrect belief about quantum meruit, it has no place in this case.

## II. Government's Motives

During the defense opening, the defense three times suggested that this case should not have been charged. (Tr. 90 ("This disagreement . . . has absolutely no business in federal criminal court. . . ."); Tr. 98 ("[T]here is nothing funny about Ms. Daniels's decision to transform a disagreement over fees with Mr. Avenatti into a federal criminal case . . . ."); Tr. 99 ("[T]he federal government should have never wasted its time and resources pursuing [this case].").

While the defendant is free to suggest that the evidence or lack of evidence does not prove his guilt beyond a reasonable doubt and he has not committed the crimes charged, he is not free to attack the Government's charging decision. The reasons why the Government charged this case do not bear on the defendant's guilt or innocence. *See, e.g.*, *United States v. Stewart*, No. 03 Cr. 717 (MGC), 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004) ("Defendants may not invite the jury to speculate as to why [a particular] charge was not included in the indictment."), *aff'd and remanded*, 433 F.3d 273 (2d Cir. 2006). The jury will not be asked to decide whether the Government should have exercised its discretion not to charge this case, and it may not acquit the defendant if it would have reached a different conclusion. *See United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) ("We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent."). Closing arguments should be fixed on the defendant's factual guilt or innocence, based on the evidence or lack of evidence. The Court should preclude the defendant from suggesting in his questioning of witnesses or arguments to the jury that the Government's charging decision was somehow improper.

Honorable Jesse M. Furman
United States District Judge
January 30, 2022
Page 7

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney


                    By:     s/                        
                                      Matthew D. Podolsky
                                      Andrew A. Rohrbach
                                      Robert B. Sobelman
                                      Assistant United States Attorneys
                                      (212) 637-1947/2345/2616


cc:     Michael Avenatti (by ECF via standby counsel)