January 30, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   United States v. Michael Avenatti
      19 Cr. 374 (JMF)

Dear Judge Furman:

I write to request that the Court issue an Order compelling the testimony of Mr. John Drum and Mr. Richard Marshack and holding each in contempt pursuant to Federal Rule of Criminal Procedure 17(g). Each witness was served with a validly issued subpoena weeks ago and yet neither has complied. As this Court has noted, neither Mr. Drum, nor Mr. Marshack, is subject to any motion to quash or preclude. (Dkt. 333). Nonetheless, Mr. Drum and Mr. Marshack have both failed to present themselves in New York to testify in the defense case and produce the demanded documents, nor have they communicated any valid excusal for their respective noncompliance.

**I.   Applicable Law**

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302 (1973); citing, Webb v. Texas, 409 U.S. 95 (1972). "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." Washington v. Texas, 388 U.S. 14, 19 (1967).

A criminal defendant has the power to issue subpoenas pursuant to Federal Rule of Criminal Procedure 17 in order to compel both documents and live testimony. A subpoena may "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. Proc. 17(c)(1). Both the government and the defendant "have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015); citing, Blair v. United States, 250 U.S. 273, 281-82 (1919).

If a party wishes to challenge the issuance of a subpoena, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or

oppressive." Fed. R. Crim. Proc 17(c)(3) (emphasis added).The Court "may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." Fed. R. Crim Proc 17(g). "Few witnesses want to testify, and if given the choice, almost never would … But much like jury service, witness testimony is not optional in our justice system – it is essential." Barnett v. Norman, 782 F.3d 417, 424-25 (9th Cir. 2015); See also, United States v. Goldfarb, 167 F.2d 735 (2d Cir. 1948) (grand jury subpoenaed witness was validly held in contempt despite the invalid excuse of a business engagement and belief that counsel would obtain a continuance); Field v. United States, 193 F.2d 86, 91 (2d Cir. 1951) ("Distance or occupation does not excuse witnesses in criminal cases. A witness cannot trifle with the court or make its 'processes a mockery.'" (citation omitted)). Citizens "have a duty to assist in the enforcement of the laws" and Federal Rule of Criminal Procedure 17 "clearly contemplates power in the Federal District Courts to issue subpoenas … and to hold noncomplying, nonparty witnesses in contempt." United States v. New York Tel. Col, 434 U.S. 150, 175, n. 24 (1977).[1]

Validly issued subpoenas have been properly served on Mr. John Drum and Mr. Richard Marshack. Neither party has filed a Motion to Quash the relevant subpoena and the date of compliance has since passed. Based on the following, defendant respectfully requests that the Court hold the noncomplying parties in contempt as they have failed to promptly file a motion to quash the subpoena, have not produced any documents, and have failed to present themselves in New York to testify.

## II.     Relevant Facts

### A.  John Drum

John Drum is a forensic accountant employed by Analysis Group, who was previously retained by prosecutors within the Central District of California in February of 2019. The government ultimately paid Mr. Drum over $640,000 for his reports and analyses of defendant and his firm, including defendant and his firms' financial condition during 2017-2019. Mr. Drum

---

[1] If Mr. Drum and Mr. Marshack do not promptly comply with the Court's Order requested pursuant to this letter, defendant intends on moving to have them both deemed material witnesses and brought to New York pursuant to 18 U.S.C. § 3144, which provides: "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may be come impracticable to secure the presence of the person by subpoena a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142…" A material witness warrant "must be based on probable cause" based upon the aforementioned criteria. United States v. Feingold, 416 F.Supp. 627, 628 (E.D.N.Y. 1976). District courts in this circuit have held that "these requirements have been held to be reasonable, and if met, sufficient to support the issuance of an arrest warrant." Id., c.f. Bacon v. United States, 449 F.2d 933, 943 (9th Cir. 1971). Even in an absence of a validly issued subpoena, "[A] court has power in the exercise of sound discretion to issue a warrant of arrest without a previous subpoena, when there is good reason to believe that otherwise the witness will not be forthcoming." United States v. Awdallah, 349 F.3d 42, 56-57 (2d Cir. 2003); quoting, Barry v. United States ex rel. Cunningham, 279 U.S. 597 (1929).

produced detailed charts and graphs that he provided to the government in 2019. See, e.g., Exhibit A. The Drum Reports include charts illustrating that defendant's firm, Eagan Avenatti LLP (EA), netted over $75 million in the years before defendant was arrested and that almost all of that money was transferred either to defendant personally or to entities under his direct control. Ex. A at 1144299, 1144399. One chart illustrates that EA had net cash flow of over $20 million annually from 2016 through 2018 alone.

Mr. Drum previously determined that defendant owned and ran a law practice that received hundreds of millions of dollars from 2009-2018 and generated millions of dollars in annual revenues. Mr. Drum stated in early September 2019: "EA **is** a profitable business, with large Net Flows. . . ." Ex. A at 1144299 (emphasis added). Mr. Drum's analyses show Mr. Avenatti enjoyed financial circumstances that were far from "desperate."

Mr. Drum is critically important to the defense case because his forensic work and his reports directly contradict the Government's claims regarding defendant's financial condition in 2017-2019 and make clear that the cash flow that he received from his law practice did not result in him being in "desperate" shape or lacking means to pay his bills. Mr. Drum's forensic analyses also directly undercut the testimony of Ms. Regnier regarding defendant's financial condition. The Government has made defendant's financial condition a centerpiece of its case and defendant must be allowed to rebut the misleading picture painted for the jury.

On January 11, 2022, Federal Defenders Chief Investigator Anna Finkel served a subpoena on Analysis Group employee, John Drum. See, Exhibit B. He was ordered to appear before this Court on January 24, 2022 and produce a variety of documents, including but not limited to, communications relating to defendant and his firms as well as all slides, charts, presentations and exhibits relating to defendant, his firms and his financial condition during the period of January 1, 2018 through May 15, 2019. This subpoena was sent electronically to counsel for Mr. Drum, Ms. Nina Marino, after an agreement that she would accept service on his behalf. On January 12, 2022, Ms. Marino acknowledged receipt of the subpoena. On January 18, 2022, Ms. Marino then filed a motion before this Court to appear *pro hac vice* "as counsel for Analysis Group c/o John Drum in connection with a Fed. R. Crim. P. 17(c) third party subpoena issued by the defendant." (Dkt. 269), which was ultimately granted. (Dkt. 275). Since this time, Mr. Drum and his counsel have failed to move to quash the subpoena or comply with the subpoena and appear to testify and produce the responsive documents.

Further, the January 24, 2022 date for compliance has since passed without any justifiable excuse, correspondence or petition to this Court. Accordingly, Mr. Drum is in violation of the law as a result of his failure to appear before this Court and present the requested documents. Accordingly, defendant requests that this Court hold Mr. Drum in contempt and immediately compel his testimony and the requested materials so that defendant may defend himself in this action, using his right to compulsory process.

### B.  Richard Marshack

Mr. Marshack is the bankruptcy trustee overseeing the late 2019 bankruptcy of defendant's law firm, Eagan Avenatti, LLP. Mr. Marshack is in possession of documents highly

relevant to the defense, including documents demonstrating the type, amount and quality of the work performed for Ms. Daniels, as well as documents bearing on the firm's financial condition during 2017-2019. Mr. Marshack is also in possession of readable data showing the monies advanced on Ms. Daniels' behalf during 2018-2019 and the hourly time incurred by attorneys and others at the firm when working on Ms. Daniels' matters pursuant to the fee agreement already in evidence (i.e., the Tabs data Ms. Regnier testified about). Mr. Marshack is also in possession of numerous fee agreements and settlements entered into by the firm during 2015-2019, showing the standard "reasonable" percentage the firm received, which was nearly always 25-45% of the benefit received in the client's matter. For each of these reasons, Mr. Marshack is a critical defense witness.

On January 10, 2022, Mr. Marshack was personally served with a subpoena at his office. The subpoena ordered his appearance in New York on January 24, 2022. See, Exhibit C. Further, the subpoena also demanded the production of several documents. These documents include but are not limited to communications between Ms. Stephanie Clifford and defendant, Ms. Clifford and Ms. Judy Regnier, and defendant and Ms. Regnier between February 2018 and the present related to his prior representation of Ms. Clifford and the work performed on her case. The subpoena also demanded the production of all accounting, billing, and financial records relating to Ms. Clifford as well as documents reflecting the work performed on her legal matters.

Mr. Marshack, despite being a practicing attorney and officer of the court, has failed to abide by the terms of the properly issued subpoena, has failed to appear in Court, has not produced any of the requested materials, has not communicated with the defense, and has not submitted a motion to quash to this Court.[2] Accordingly, Defendant respectfully requests that this Court compel his testimony and the production of documents and hold Mr. Marshack in contempt for his failures to abide by his requirements under the law.

For the reasons stated above, I respectfully request that the Court issue an Order compelling the testimony of Mr. John Drum and Mr. Richard Marshack and holding each in contempt pursuant to Federal Rule of Criminal Procedure 17(g).

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant

---

[2] Mr. Marshack appears to be relying on his role as a Bankruptcy Trustee and a flawed understanding of the requirements associated with a criminal subpoena in order to avoid compliance.