RICHARD KAPLAN
NINA MARINO*
JENNIFER A. LIESER
CODY ELLIOTT
ALLEN G. WEINBERG, Of Counsel


kaplanmarino.com

kaplan@kaplanmarino.com
marino@kaplanmarino.com
lieser@kaplanmarino.com
elliott@kaplanmarino.com
weinberg@kaplanmarino.com

January 30, 2022

**Via ECF Only**

The Honorable Jesse E. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007

    **RE:**    ***United States v. Michael Avenatti***
            **19 Cr. 374 (JMF)**

Dear Judge Furman:

    Mr. Avenatti moves this Court to issue an Order compelling the testimony of Mr. John Drum and requests that Mr. Drum be held in contempt pursuant to Federal Rule of Criminal Procedure 17 (g). (Dkt. No. 274). Mr. Avenatti deliberately misleads the Court by failing to inform the Court that undersigned counsel has at all times negotiated compliance with the subpoena in good faith, and that it was Mr. Avenatti who failed to confirm or reject the proposed resolution of the subpoena. Instead, on the eve of the presentation of Mr. Avenatti's defense, he files a motion to compel in bad faith. Mr. Avenatti's motion should be denied.

    **I.**    **Applicable Law**

    Rule 17(c) requires a defendant seeking pre-trial return of documents to show: (1) the requested documents are relevant and admissible; (2) the requested documents are not otherwise obtainable reasonably in advance of trial by exercise of due diligence; (3) the defendant cannot properly prepare for trial without inspecting such documents in advance of trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 711 (1974).

    **II.**    **Relevant Facts**

    Two days after willingly accepting service on behalf of Mr. Drum, on January 14, 2022 undersigned counsel spoke telephonically with Andrew Dalack, Robert Baum, and Investigator Anna Finkel, and later that day again with Mr. Dalack, concerning the subpoena and how the parties might come to a mutually agreeable resolution. That same day, undersigned counsel also filed a notice of appearance in this matter for purposes of filing a motion to quash should counsel and Mr. Avenatti be unable to reach a resolution. (See. Dkt. No. 250.)

1546 N. Fairfax Avenue
Los Angeles, CA 90046

T  310.557.0007
F  310.861.1776

*Certified Specialist Criminal Law
CA Board of Legal Specialization



Mr. Avenatti's counsel explained the reason for the issuance of the subpoena and what they sought as responsive. Undersigned counsel expressed concerns with the requests as made, specifically noting that the requested documents were likely not admissible, that production of communications would be unduly oppressive and burdensome, and that Mr. Avenatti could obtain the documents he seeks from the government in the Central District of California ("USAO-CDC"). Undersigned counsel indicated that she was prepared to file a motion to quash pursuant to *Nixon* if the parties could not reach agreement.

Acting in good faith, undersigned counsel proposed a negotiated resolution to the subpoena subject to approval by the client, Mr. Drum and Analysis Group as follows: Counsel proposed that Mr. Drum would provide to Mr. Avenatti the same documents he provided to the USAO-CDC but would not provide any requested communications. Undersigned counsel explained that production of these documents would require sufficient lead time and that production of communications would be too burdensome and oppressive. In response, Mr. Dalack stated that he believed to an "80%" certainty that the proposal would be an acceptable resolution to the subpoena.

On January 16, 2022, undersigned counsel again spoke with Mr. Dalack. In this call, counsel indicated she had approval from her client to offer the following negotiated resolution to the subpoena: (1) Mr. Drum would provide Mr. Avenatti the same documents he provided to the USAO-CDC after giving the USAO-CDC an opportunity to object to the production; (2) Counsel would be inclined to make Mr. Drum available for interview by Avenatti and his legal team; (3) Mr. Drum would be available to testify with proper notice if, after interviewing Mr. Drum, Mr. Avenatti still wished to call him as a witness; and (4) Mr. Drum would not provide any communications. At the conclusion of this call, Mr. Dalack stated he was "99%" sure his client would agree to this negotiated resolution to the subpoena, and he would call counsel back to confirm.

Neither Mr. Dalack nor anyone from the Avenatti team ever called back. Neither did he or anyone else email, text, or write a letter. Not hearing back from Mr. Dalack or anyone from the Avenatti team, counsel reasonably assumed that Mr. Avenatti no longer wished to pursue the subpoena. Because negotiations were conducted in good faith between the parties, there exists a more than adequate excuse as to why Mr. Drum did not comply with the subpoena nor file a motion to quash, thereby abrogating any basis whatsoever upon which to issue an order of contempt, as Mr. Avenatti requests this Court so issue.

Mr. Avenatti understands Mr. Drum lives and works in Denver, Colorado and could not, under any circumstances, appear before your Honor on a moment's notice. Mr. Avenatti also understands that undersigned counsel engaged in good faith negotiations to resolve the subpoena and that it was Mr. Avenatti who failed to either accept or reject the proposed resolution. Instead, Mr. Avenatti did nothing for more than two weeks. And now, on the very eve of the defense case, Mr. Avenatti seeks a motion to compel and an order of contempt. Mr. Avenatti's misrepresentations to this Court are themselves grounds for contempt.



### III.     Conclusion

Based on the foregoing, counsel requests this Court deny the request for an Order compelling the testimony of John Drum and the request for an order to hold Mr. Drum in contempt as made in bad faith.

If this Court is inclined to grant the motion, Mr. Drum respectfully requests sufficient time to file a motion to quash.

Sincerely,<br>
KAPLAN MARINO, P.C.<br><br>
_____/s/_____<br>
NINA MARINO<br>
Counsel for Third Party Witness<br>
John Drum