# EPSTEIN SACKS PLLC
ATTORNEYS AT LAW
100 LAFAYETTE STREET
SUITE 502
NEW YORK, N.Y. 10013

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

January 31, 2022

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Via email to Furman_NYSDChambers@nysd.uscourts.gov

Re: United States v. Avenatti
19 Cr. 374 (JMF)

Dear Judge Furman:

    We have been appointed under the Criminal Justice Act to represent as a potential witness Mr. John Barrale. Mr. Barrale, who resides in California, was the recipient there of a subpoena from counsel for the defendant Avenatti to testify at Mr. Avenatti's present criminal trial before Your Honor. We have previously moved to quash the subpoena under Federal Rules of Evidence 608(b).

    In response to our motion, Mr. Avenatti seems to indicate that he would seek to offer our client's testimony as reputation testimony or personal opinion testimony under Rule 405 (a). Reputation testimony would require that our client testify to hearsay in a relevant "community". *See, United States v. Benedetto*, 571 F.2d 1246, 1249-50 (2d Cir. 1978), citing *Michelson v. United States,* 335 U.S. 469, 477 (1948). Upon vetting our client's potential testimony, we believe that there is no such community.

    However, the dispute between Ms. Daniels and our client over funds from the website mentioned in our original motion did contribute to our client's personal opinion as to Ms, Daniels' lack of truthfulness. This was driven in no small part by an accusation by Ms. Daniels of the theft of those funds by our client. This contention might result, as we mentioned in our original letter, of a "mini-trial" of this dispute. Also pertinent is the fact that this accusation of theft was not made directly to our client but was one which our client became aware of as a result of a lurid threat of harm made to our client by the husband of Ms. Daniels via email. This threat also contained anti-gay slurs aimed at our client. We mention this to assist the Court's

possible finding that the prejudice of such evidence outweighs its probative value under Rule 403.

                                        Very truly yours,

                                        *Bennett M. Epstein*

                                        Bennett M. Epstein

cc. via email to
Robert Sobelman, Esq.
Assistant U.S. Attorney

Robert Baum, Esq.
Standby counsel for Defendant Avennati