# Exhibit D

```
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

HONORABLE JAMES V. SELNA, U.S. DISTRICT JUDGE
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **CERTIFIED TRANSCRIPT** |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | SACR-19-00061-JVS |
| ) | |
| MICHAEL JOHN AVENATTI, ) | |
| ) | **TRIAL DAY 20** |
| Defendant. ) | **VOLUME 2** |

REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS

FRIDAY, AUGUST 13, 2021

1:27 P.M.

SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST 4TH STREET, ROOM 1-053
SANTA ANA, CA 92701
dhinospaan@yahoo.com

UNITED STATES DISTRICT COURT

```
 1                  APPEARANCES OF COUNSEL:

 2

 3   FOR THE PLAINTIFF:

 4          NICOLA T. HANNA
            United States Attorney
 5          BY:  BRETT SAGEL
                 Assistant United States Attorney
 6          411 West 4th Street
            Suite 8000
 7          Santa Ana, California 92701
            714-338-3598
 8          brett.sagel@usdoj.gov

 9          NICOLA T. HANNA
            United States Attorney
10          BY:  ALEXANDER WYMAN
                 Assistant United States Attorney
11          312 North Spring Street
            Suite 1100
12          Los Angeles, California 90012
            213-894-2435
13          alex.wyman@usdoj.gov

14   FOR THE DEFENDANT IN PRO SE:

15          MICHAEL JOHN AVENATTI, ESQ.

16
     STANDBY COUNSEL FOR MR. AVENATTI:
17
            H. DEAN STEWARD LAW OFFICES
18          BY:  H. DEAN STEWARD, ESQ.
            17 Corporate Plaza
19          Suite 254
            Newport Beach, California 92660
20          949-481-4900
            deansteward7777@gmail.com
21

22

23

24

25
```

# I N D E X

**WITNESSES**     **PAGE**

**JOHN DRUM, CALLED BY THE GOVERNMENT**
    Cross-Examination by Mr. Avenatti (resumed)    7
    Redirect-Examination by Mr. Wyman    68
    Recross-Examination by Mr. Avenatti    77

In-camera hearing transcribed in a separate volume    87

**EXHIBITS**

(None offered.)

**SANTA ANA, CALIFORNIA; FRIDAY, AUGUST 13, 2021**

**1:27 P.M.**

- - -

**(Out of the presence of the jury.)**

MR. AVENATTI:  I have an issue to raise before he takes the stand, please.

THE COURT:  Mr. Avenatti.

MR. AVENATTI:  Yes, Your Honor.  Following up on what I raised before the break, I'm entitled to these e-mails and these statements from Mr. Drum.  I was entitled to them before I started my cross-examination.  I'd like them produced immediately, and I would like an adjournment so that I can review them before I continue my cross-examination of Mr. Drum.

During the break we had occasion to look for any case law that provides that an expert called by the Government, that somehow that exempts the Government from complying with 26.2 and *Jencks*.  We can find no such case and no such statute.

I also -- and I'll represent I placed calls to three attorneys with a collective of about 100 years criminal law experience who never heard such a thing.

There's no question that the materials exist.  The witness's testimony could not be more clear.  And none of the information was produced, Your Honor.  I was entitled to that information before I began my cross-examination so I could

```
 1  tailor my cross-examination accordingly.
 2              THE COURT:  No, sir.  You were entitled to it by
 3  statute after he finishes his direct.
 4              MR. AVENATTI:  Yes.  If I misspoke, I apologize,
 5  Your Honor.  I thought I said before I started my
 6  cross-examination.
 7              THE COURT:  All right.
 8              Mr. Wyman.
 9              MR. WYMAN:  Your Honor, over the lunch break we
10  looked for any e-mails of substance relating to his testimony
11  for Mr. Drum.
12              And, again, I haven't had a chance research the
13  issue.  My understanding with an expert is that substantive
14  work product like the exchange of drafts, for example, falls
15  within the work product exception.  But with regard to
16  substantive e-mails, what we were able to find was virtually
17  nothing, and the stuff that we had found was like -- you know,
18  I was asking for the extent of their payment and the breakdown
19  of what that payment was for, and we had copied and pasted that
20  and put that into a disclosure letter to the defense.
21              We're happy to provide in camera what we were able
22  to find, which was, as I said, virtually nothing that I don't
23  think has already been disclosed.  We're happy to provide that
24  in camera to the Court.
25              THE COURT:  Why don't you do that.  We're not going
```

```
 1              to take an adjournment.  If Mr. Drum needs to stay over the
 2              weekend, so be it.
 3                      MR. AVENATTI:  Your Honor, I would ask that the
 4              Court direct the witness, Mr. Drum, to provide to the Court all
 5   01:29PM    written communications with the Government, whether it be the
 6              prosecutors or the agents, relating to his testimony in this
 7              case.  Because, Your Honor, the witness could not have been
 8              more clear, for two-and-a-half years he has been communicating
 9              by e-mail with the Government relating to this case.  Any of
10   01:30PM    those written communications we're entitled to.  Those are
11              statements of a witness.
12                      There is no -- there is no work product exception to
13              the Jencks Act and Rule 26.2.  And if counsel has any authority
14              for this proposition, I would ask for it.  And, again, you
15   01:30PM    know, I'm repeating myself, but this morning I made this --
16                      THE COURT:  Please don't repeat yourself because the
17              jury is waiting.
18                      MR. AVENATTI:  Well, I made this point this morning,
19              Your Honor.  It's not my job to elicit testimony from witnesses
20   01:30PM    on cross-examination that show that the Government hasn't
21              given --
22                      THE COURT:  Sir, we had this discussion.  We had it
23              in detail before we took the recess.  Thank you.
24                      Bring the jury in, please.
25   01:31PM            (In the presence of the jury.)
```

**UNITED STATES DISTRICT COURT**

1  case until it's submitted to you, and please don't do any
2  research.
3            Thanks very much.  Have a good weekend.
4            THE COURTROOM DEPUTY:  All rise.
04:11PM  5            **(Out of the presence of the jury.)**
6            THE COURT:  Anything for the record before we
7  adjourn?
8            MR. SAGEL:  I don't believe from the Government,
9  Your Honor.
04:11PM 10            THE COURT:  Mr. Avenatti.
11            MR. AVENATTI:  Your Honor, the defense would move
12  pursuant to Rule 29.  What I would propose is that I -- if it's
13  acceptable, obviously, to the Court, that I be permitted to
14  argue it either on Monday sometime that's convenient to the
04:12PM 15  Court or on Tuesday morning.  I know I still need to provide a
16  proffer to Your Honor for the two agents as well.
17            THE COURT:  Well, we're going to do that today.
18            MR. AVENATTI:  Understood.
19            THE COURT:  That's fine.  8:00 o'clock Tuesday.  If
04:12PM 20  you want to make a written submission as well, that's fine.
21            MR. AVENATTI:  We probably will file something in
22  advance, Your Honor.
23            THE COURT:  Okay.
24            If there's nothing else, let's adjourn to an
04:12PM 25  in-camera session.

**UNITED STATES DISTRICT COURT**

```
 1              MR. AVENATTI:  Well, I have a couple things, but go
 2    ahead if the Government has something.
 3              THE COURT:  Go ahead.
 4              MR. AVENATTI:  Your Honor, the other request that I
 5    would make is, right now the terms of my temporary release
 6    expire on Tuesday, the 17th.  Judge Gardephe has ordered me to
 7    self-surrender on September 15th.  I'm waiting for my
 8    designation.  I expect to have it probably within the next
 9    week.  So I would ask that the temporary release be extended to
10    September 15th.
11              THE COURT:  Any -- well, I know the Government's
12    position.
13              MR. AVENATTI:  On the same terms and conditions,
14    Your Honor, obviously.
15              MR. SAGEL:  I mean, I think our position is --
16    subject to all of our prior objections, Your Honor, our
17    position would be until the end of this trial.  The last
18    request he made for temporary release was for preparation of
19    trial.  There's nothing between the end of this trial and
20    September 15th that would require any further temporary
21    release.
22              MR. AVENATTI:  Well, actually, Your Honor, we don't
23    know what's going to happen with the other counts yet.  So
24    there would be a preparation issue.
25              THE COURT:  Well, let's address that.  I think our
```

```
 1  trial date for the second phase is October 12.
 2              MR. AVENATTI:  But, in any event, Your Honor, I'm
 3  not --
 4              THE COURT:  Let's deal with the immediate question
 5  you posed.  I'll continue you on the same terms and conditions
 6  until Friday, September 3.
 7              MR. AVENATTI:  September?
 8              THE COURT:  3.
 9              MR. AVENATTI:  3?
10              THE COURT:  3.
11              MR. AVENATTI:  Thank you, Your Honor.
12              THE COURT:  Okay.  If there's nothing further, let's
13  adjourn to the in-camera session.
14              MR. SAGEL:  Your Honor, one quick question, just for
15  timing or practicalitywise.
16              With regards to what we said we would submit in
17  camera related to Mr. Drum, I can send that via e-mail to your
18  CRD probably over the weekend or after.
19              THE COURT:  That's fine.
20              MR. SAGEL:  I didn't know if it would get to you
21  over the weekend.
22              THE COURT:  It will.
23              MR. SAGEL:  Thank you.  We'll do that then.
24              THE COURT:  Okay.
25              MR. AVENATTI:  And then, Your Honor, we have five
```

```
          1   witnesses that we intend on calling on Tuesday.  I'll provide
          2   that list to the Government now.
          3              THE COURT:  Okay.
          4              MR. AVENATTI:  Along with the time estimates.
04:15PM   5              THE COURT:  Okay.  I think they're listening.
          6              MR. AVENATTI:  Well, I'm not going to do it orally.
          7   I'll hand it to them once Your Honor is done.
          8              THE COURT:  Okay.  Why don't you hand it to them.
          9              MR. AVENATTI:  I'm just going to write the time
04:15PM  10   estimates.  It will be two minutes, Your Honor.  Thank you.
         11              (Pause in proceedings.)
         12              MR. AVENATTI:  Your Honor, one other issue, in
         13   looking through the list and providing the time estimates.  I
         14   anticipate that Attorney Evan Jenness will testify on Tuesday.
04:16PM  15   Ms. Jenness previously represented me in connection with the --
         16   with the arrest on the domestic violence allegation for which
         17   there were never any charges.
         18              We're going to have to figure out some fencing or
         19   parameters relating to the cross-examination.  Obviously, I
04:17PM  20   don't believe that that should go before the jury.  I'm happy
         21   to deal with it on Tuesday morning, but I want --
         22              THE COURT:  Well, you structure your direct such
         23   that that topic is not opened.
         24              MR. AVENATTI:  Understood, Your Honor.  I just
04:17PM  25   wanted to raise it for the Court, alert the Government.  We can
```

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES   )
                        )
STATE OF CALIFORNIA     )

I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date: August 13, 2021*

*/S/ DEBBIE HINO-SPAAN*

*Debbie Hino-Spaan, CSR No. 7953*
*Federal Official Court Reporter*