January 31, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**RE:  Opposition to John Drum and Richard Marshack Motions to Quash**

Dear Judge Furman:

I write in continued support of my Motion to Compel the testimony of John Drum and Richard Marshack, filed on January 30, 2022. (Dkt. 336). Today, this Court Ordered: "[a]ny motion to quash by Mr. Drum and any response by Mr. Marshack (including any motion to quash) shall be filed by 3:00 p.m. today." (Dkt. 338). Mr. Drum and Mr. Marshack subsequently filed motions to quash. (Dkt. 341,342). With permission of this Court, defendant responds as follows:

## I.      Applicable Law

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302 (1973); citing, Webb v. Texas, 409 U.S. 95 (1972). "Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."  Washington v. Texas, 388 U.S. 14, 19 (1967).

A criminal defendant has the power to issue subpoenas pursuant to Federal Rule of Criminal Procedure 17 in order to compel both documents and live testimony. A subpoena may "order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. Proc. 17(c)(1). Both the government and the defendant "have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015); citing, Blair v. United States, 250 U.S. 273, 281-82 (1919).

If a party wishes to challenge the issuance of a subpoena, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. Proc 17(c)(3) (emphasis added).The Court "may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." Fed. R. Crim Proc 17(g). "Few witnesses want to testify, and if given the choice, almost

never would … But much like jury service, witness testimony is not optional in our justice system – it is essential." Barnett v. Norman, 782 F.3d 417, 424-25 (9th Cir. 2015). To meet the requirements of a Rule 17(c) subpoena, and overcome a motion to quash, the requesting party must demonstrate that the materials sought are relevant, admissible and specific. United States v. Dupree, 2011 U.S. Dist. LEXIS 55159, *8 (E.D.N.Y. 2011); citing, United States v. Nixon, 418 U.S. 683, 698-99 (1974).

Both John Drum and Richard Marshack failed to file a motion to quash until the eleventh hour, well after the date for compliance (January 24, 2022) and only after defendant motioned the Court to compel their respective testimony and production of evidence.

## II.   John Drum

Today, Mr. Drum, for the first time, formally challenges the subpoena by way of a motion to quash. Within the motion, Mr. Drum's excuse for noncompliance boils down to the following arguments: (1) prior, failed communications between counsel for Mr. Drum and standby counsel led counsel for Mr. Drum to "reasonably assum[e] that Avenatti no longer wished to pursue the subpoena." (Dkt. 342, p. 3); (2) the subpoena for testimony and documents is irrelevant to the instant case; (3) the subpoenaed materials are inadmissible; and, (4) the request by way of subpoena is not sufficiently specific.

First, failed communications and negotiations between defendant's standby counsel and Mr. Drum does not relieve Mr. Drum of his obligations under the law. After Ms. Marino and defendant and/or his defense team were unable to come to a solution regarding a mutually agreeable production of materials, it was unreasonable for Ms. Marino to assume that defendant no longer wished to pursue the subpoena. Ms. Marino claimed that the motivation behind her January 14 2022 notice of appearance was "for the purposes of filing a motion to quash should counsel and Mr. Avenatti be unable to reach a resolution." (Dkt. 337, p. 1). After communications terminated between the defense team and counsel, Ms. Marino did not inquire as to whether the defense no longer wished to pursue the subpoena and did not file a motion to quash as she intended to if a resolution was not met. In United States v. Goldfarb, 167 F.2d 735 (2d Cir. 1948), the Second Circuit upheld a finding of criminal contempt and a sentence after a witness failed to respond to a grand jury subpoena due to "a business engagement and the expectation that his attorney could obtain an adjournment for his appearance." Id. The Court determined, "[e]ven advice of counsel is not a defense to an act of contempt, although it may be considered in mitigation of punishment." Id. Neither Mr. Drum, nor his counsel, can rely on the assertions that failed communications regarding the limiting of a valid Rule 17 subpoena excused him from complying under the law.[1]

Second, the requested materials and testimony are relevant. Relevance under the Federal Rules of Evidence "is a low threshold, easily satisfied." United States v. Gramins, 939 F.3d 429, 450 (2d Cir. 2019); see also, United States v. Certified Envtl. Servs., Inc. 753 F.3d 72, 90 (2d Cir. 2014) ("[T]he definition of relevance under FRE 401 is very broad."). Relevancy "simply requires that the evidence logically advance a material aspect of the party's case." United States

---

[1] Advisory counsel, Mr. Andrew Dalack, addressed Ms. Marino's claims earlier today on the record. They will not be repeated here.

v. Ruvalcaba-Garcia, 923 F.3d 1183, 1189 (9th Cir. 2019). The trial testimony of Mr. Drum, as well as Request 1 and Request 2, are relevant.

Mr. Drum's testimony is critically important to the defendant's case because the financial work performed by Mr. Drum contradicts the Government's claims that defendant had a *desperate* financial condition in 2017 through 2019. The Government has made defendant's financial condition a centerpiece of its case and defendant seeks the testimony of Mr. Drum to establish that he previously determined, through a comprehensive financial analysis, that defendant's firm was profitable with large net flows.

Counsel for Mr. Drum argues that the testimony is irrelevant in part due to "the time periods at issue in the CDC matter are not the same." (Dkt. 342, p. 5). Counsel claims that for the California matter, for which Mr. Drum's analysis was originally procured, the analysis comprised a time period of January 2015 through March 2019. Counsel asserts that the relevant time period in this case begins on January 2018 through May 2019. By her own concession, there is significant overlap. Further, the relevant time period in this case is actually February 2018 to February 2019 – a time period entirely within the period in the California matter.

Additionally, the years prior to the period asserted by counsel support a true understanding and analysis of the financial condition of the firm and whether or not defendant had a motivation to take funds to which he was not entitled. Counsel for Mr. Drum suggests that his testimony and subpoenaed documents are also irrelevant because the purpose of his analysis in California was focused solely on the alleged victims in that matter. However, as the charts attached as an exhibit show, Mr. Drum did a thorough review of the financial condition of the firm and did not merely review transactions only related to the clients at issue in the California case.

Further, counsel asserts that the requested documents would be overly burdensome "as the requested records are not only otherwise procurable but have already been procured by Avenatti in another criminal matter." (Dkt. 342). Counsel claims that requiring Analysis Group to produce the records once again is both unreasonable and oppressive. If Analysis Group has already taken the time and effort to produce the requested materials to the prosecutors in CDCA, it is unclear why enormous resources would need to be expended to send these same materials to defendant. Additionally, it is peculiar how counsel for Mr. Drum can affirmatively argue that defendant has received all relevant communications by way of a *Jencks* production and the requested AG analyses by way of a CDCA Court Order while also reserving the right to alert California prosecutors so they may assert a work-product privilege on the same materials.[2]

---

[2] During defendant's trial in the Central District of California, the government attempted to assert the work-product privilege after prosecutors suppressed hundreds of pages of materials comprised of communications between prosecutors and Mr. Drum as well as draft summaries and charts. After it was revealed that the Supreme Court had specifically rejected this application of the privilege in *Goldberg v. United States*, 425 U.S. 94 (1976), the Honorable Judge Selna ordered the government to produce the suppressed materials on August 16, 2021. After the completion of the California trial, in October of 2021 an additional production was made related

Third, the materials are admissible. It is anticipated that Mr. Drum will testify regarding the financial condition of defendant as well as the state of his firm during the relevant time period as well as prior to the period of the instant matter. This testimony is relevant and admissible to rebut claims that defendant and his firm were in a desperate position and motivated to take funds to which he was not entitled. The former charts, analyses, slides, decks, etc. are relevant to the financial condition of the firm and have been previously determined admissible by way of Rule 1006. (See, Dkt. 336, Ex. A). In addition, even if defendant is unable to affirmatively admit the materials in Request 1 (or Request 2) into evidence, these materials will be used to potentially refresh recollection and/or for impeachment.

Finally, the materials sought are sufficiently specific. The subpoenaed materials described as Request 1 and Request 2 are sufficiently specific and finite. Counsel for Mr. Drum claims that it would be unreasonable to request Mr. Drum and Analysis Group to gather the relevant materials. However, Mr. Drum has had since January 11, 2022 to make the necessary arrangements and accommodations to produce the relevant materials.

## III.    Richard Marshack

Mr. Marshack is the bankruptcy trustee overseeing the late 2019 bankruptcy of defendant's law firm, Eagan Avenatti, LLP. Mr. Marshack is in possession of documents highly relevant to the defense, including documents demonstrating the type, amount and quality of the work performed for Ms. Daniels, as well as documents bearing on the firm's financial condition during 2017-2019. Mr. Marshack is also in possession of readable data showing the monies advanced on Ms. Daniels' behalf during 2018-2019 (i.e., the "costs," which were reimbursable under the contract with Ms. Clifford (GX-3)) and the hourly time incurred by attorneys and others at the firm when working on Ms. Daniels' matters pursuant to the fee agreement already in evidence (i.e., the Tabs data Ms. Regnier testified concerning). Tr. 484-491. Mr. Marshack is also in possession of numerous fee agreements and settlements entered into by the firm during 2015-2019, showing the standard "reasonable" percentage the firm received, which was nearly always 25-45% of the benefit received in the client's matter. Further, under the fee agreement and California law, defendant was entitled to a reasonable fee for his services. For each of these reasons, Mr. Marshack is a critical defense witness.

On January 10, 2022, Mr. Marshack was served with a subpoena at his office via his assistant, who informed the process server that she was authorized to accept service. The subpoena ordered his appearance in New York on January 24, 2022. Further, the subpoena also demanded the production of several documents. These documents include but are not limited to communications between Ms. Stephanie Clifford and defendant, Ms. Clifford and Ms. Judy Regnier, and defendant and Ms. Regnier between February 2018 and the present related to his prior representation of Ms. Clifford and the work performed on her case. The subpoena also

to Mr. Drum. Defendant has reason to believe that Analysis Group and Mr. Drum have additional materials responsive to the subpoena that have not been produced to defendant.

demanded the production of all accounting, billing, and financial records relating to Ms. Clifford as well as documents reflecting the work performed on her legal matters.

The defense subpoena was in addition to a subpoena issued by the prosecution team in this case. That subpoena likewise called for the production of certain Tabs data relating to the representation of Ms. Daniels. See Exhibit A.

The subpoena directed to Mr. Marshack should not be quashed for the following reasons:

First, the Barton Doctrine has no applicability and does not excuse noncompliance with the subpoena. The Barton Doctrine is inapplicable to the present situation – where a criminal defendant merely seeks compliance with a validly issued subpoena and has not filed any "suit" against a bankruptcy trustee. The doctrine only applies to "suits" against Trustees and Receivers: "before suing a court-appointed receiver, the petitioning party must first seek leave of the court that appointed him or her." McIntire v. China Mediaexpress Holdings, Inc., 460 B.R. 106 (Bankr. S.D.N.Y. 2011). See also, PFS Invs., Inc. v. Imhoff, 2012 WL 254125, (E.D. M.I. 2012).

Here, there is no lawsuit. Mr. Marshack was served with a validly issued subpoena and requested to comply. Barton does not require leave of a bankruptcy court before issuing a criminal subpoena directed to a trustee.

Second, according to filings made by the Trustee in the bankruptcy court in California, the Trustee has already pulled the responsive documents and prepared them for production. See Exhibit A. This includes documents responsive to the subpoena at issue, as well as the recent subpoena served on the Trustee by the government (which calls for documents bearing on the amount of time spent on the Daniels' matters and the costs incurred by the firm).  See id. Accordingly, there is no burden associated with the production of the documents – the work is already done and the information can easily be promptly produced.

Third, the requested documents and testimony is highly relevant to the issues in this case as set forth above. Indeed, they go directly to the defense and defendant's state of mind, including whether time and costs were owed by Ms. Daniels at the time of the firm's receipt of the second and third payments. Nor can the Government seriously contest their relevance in light of the Government's own subpoena directed to the trustee. See id.

Fourth, defendant is prepared to examine Mr. Marshack via zoom or other similar electronic means to avoid Mr. Marshack from having to travel to New York and testify in person.

For each of the reasons set forth above, defendant respectfully requests that the motions be denied and that Messrs. Drum and Marshack be directed to comply with their respective subpoenas.

Respectfully Submitted,


_____/s/_____
Michael J. Avenatti
Defendant

Exhibit A

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am the duly appointed, qualified, and acting chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor").

2.      Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3.      I make this Declaration in support my Emergency Motion for order authorizing use of Property of the Estate pursuant to 11 U.S.C. § 363 ("Motion"). All terms not defined herein are used as they are defined in the Motion.

4.      A true and correct copy of the December 20th Subpoena is attached as Exhibit "1."

5.      A true and correct copy of the Avenatti Subpoena is attached as Exhibit "3."

6.      On September 13, 2019 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 the United States Code and I was appointed as the Chapter 7 trustee.

7.       On the same date, the Debtor filed its schedules and statement of financial affairs ("Schedules and SOFA").

8.      On December 11, 2019, as Dk. No. 49, my counsel filed the First Emergency Motion to respond to the initial issuance of criminal subpoenas from the SDNY USA Office.

9.      On December 19, 2019, as Dk. No. 58, the Court entered an order granting the First Emergency Motion ("First Emergency Motion Order").

10.      I am informed and believe that on March 22, 2019, the United States Attorney for the Central District of California filed a criminal complaint against Mr. Avenatti.

11.      I am informed and believe that Criminal Case No. 1 terminated in a judgment entered on July 15, 2021.

12.      I am informed and believe that Criminal Case No. 2 is set for trial on January 24, 2022.

13.      On December 20, 2021, my special counsel received the December 20th Subpoena, which I am informed is the operative subpoena.

/ / /

EMERGENCY MOTION FOR ORDER AUTHORIZING TRUSTEE TO USE PROPERTY OF THE ESTATE
4866-1209-3962v.2-1015-131

14.    I am informed and believe that the SDNY USA Office provided my special counsel with written waivers by two former clients of the Debtor, Stephanie Clifford a/k/a "Stormy Daniels" and Gary Franklin, Sr., in Criminal Cases No. 1 and 2, respectively ("Attorney Client Waivers"). True and correct copies of the Attorney Client Waivers are attached as Exhibits "4" and "5."

15.    My special counsel has advised me that he has no cause to question the authenticity of the Attorney Client Waivers.

16.    In light of the Attorney Client Waivers, I have been advised by my special counsel that he does not believe there is a legal or ethical reason why the Estate should not comply with the document request contained in the December 20th Subpoena.

17.    Although as explained above under the *Barton* doctrine, the SDNY USA Office and Federal Defenders likely should have obtained this Court's approval before issuing the Subpoenas. I have been advised by my special counsel that the Estate should comply with the Subpoenas.

18.    However, in an abundance of caution, I file this instant Motion in order to gain approval of such use of property of the Estate.

19.    In order to ensure full compliance with the Subpoenas, Force 10 was obligated to run various server "searches" for the requested documents.

20.    I am informed and believe that the SDNY USA Office has agreed to pay Force 10 for its time and efforts in running the searches for responsive documents to the December 20th Subpoena.

21.    I have been advised that my special counsel, Mr. Matthew Murphey, has reviewed the results of Force 10's completed searches and has recommended to me that I may produce documents responsive to the Subpoenas once directed to by this Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 24 , 2022.

_____
RICHARD A. MARSHACK

EMERGENCY MOTION FOR ORDER AUTHORIZING TRUSTEE TO USE PROPERTY OF THE ESTATE
4866-1209-3962v.2-1015-131

# Declaration of Matthew D. Murphey

I, Matthew D. Murphey, say and declare as follows:

1.     I am an attorney admitted to the bar of the United States District Court for the Central District of California.  I am a partner in Burke, Williams & Sorensen and have been retained by Richard A. Marshack, the duly appointed Trustee for the bankruptcy estate ("Estate") of Eagan Avenatti, LLP ("Debtor").

2.     Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3.     I make this Declaration in support the Trustee's Emergency Motion for order authorizing use of Property of the Estate pursuant to 11 U.S.C. § 363 ("Motion"). All terms not defined herein are used as they are defined in the Motion.

4.     Prior to entering private practice in California in 1998 I held various positions as a prosecutor with the Criminal Division of the San Diego Office of the City Attorney, The United States Trust Territory of the Pacific Islands (Federated States of Micronesia) and the Office of the United States Attorney for the Eastern District of Washington.  I have since represented clients in state courts of appeal and federal district courts in criminal cases.  I have worked on cases involving simple possession of controlled substances to complex prosecutions for interstate transportation of narcotics, as well as civil cases involving subpoenas served by and on government agencies in both state and federal cases.  I have familiarized myself with the public dockets in both cases pending against Michael Avenatti in the Southern District of New York.

5.     I was contacted by Mr. Robert Sobelman ("Mr. Sobelman"), the Assistant United States Attorney for the Southern District of New York on about December 13, 2021, requesting a conference call.

6.      Mr. Sobelman and I spoke on December 14, 2021, wherein he indicated that he would issue the December 20th Subpoena, and that the SDNY USA Office would pay for Force 10's efforts in performing the server searches.

7.     I indicated to Mr. Sobelman that the Trustee would likely require obtaining this Court's approval and would file this instant Motion.

8.    On December 20, 2021, Mr. Sobelman served me with the December 20th Subpoena.

9.    I have reviewed the results of Force 10's search and have recommended to the Trustee that these documents are responsive to the December 20th Subpoena and that they should be turned over once this Court approves this instant Motion.

10.    The SDNY USA Office informed me that the instant Motion should be filed under seal, similar to the First Emergency Motion (as defined in the Motion). However, the Court denied Trustee's motion for permission to file this Motion under seal.

11.    I was never contacted by the Federal Defenders of New York, Inc. ("Federal Defenders") but I understand that a subpoena was received by the Trustee's office on January 10, 2022, which was dated January 7, 2022 ("Avenatti Subpoena"). The Avenatti Subpoena demands documents which materially differ from the documents requested by the December 20th Subpoena. I have reviewed the proposed production in response to the Avenatti Subpoena and have advised the Trustee that the results of this second search are responsive to the Avenatti Subpoena.

12.    During a hearing before this Court held on January 12, 2022, Michael Avenatti individually addressed this Court.  During his comments, Mr. Avenatti insinuated that I or someone in my firm "shared" the Federal Defenders' subpoena directed to the Trustee with the United States Attorney's Office, Southern District of New York.  Mr. Avenatti identified no evidence to support his allegation, and his allegation is false.  Prior to the filing of this Motion, neither I nor anyone in my firm shared any subpoenas with any lawyer, investigator or other individual employed by or related to the United States Attorney's Office, Southern District of New York.


I declare under penalty of perjury that the foregoing is true and correct. Executed on January  24 , 2022.



_____
MATTHEW D. MURPHEY

EMERGENCY MOTION FOR ORDER AUTHORIZING TRUSTEE TO USE PROPERTY OF THE ESTATE
4866-1209-3962v.2-1015-131

**EXHIBIT "1"**

Court Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:    Richard Marshack, Esq., Trustee for Eagan Avenatti LLP
        c/o Matthew D. Murphey, Esq.
        Murphey & Murphey, A.P.C.
        120 Vantis Drive, Suite 300
        Aliso Viejo, California 92656
        matt@themurpheylawyers.com

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the United States District Court for the Southern District of New York, 500 Pearl Street, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:    January 24, 2022        Appearance Time:  9:00 a.m.
Appearance Place:    TBD
to testify and give evidence in the following matter:
*United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

and not to depart the Court without leave thereof, or of the United States Attorney.

### PLEASE SEE ATTACHED RIDER

N.B.:   Personal appearance may not be required if the requested documents are: (1) produced on or before the appearance date to Special Agent DeLeassa Penland, United States Attorney's Office, 1 St. Andrew's Plaza, New York, NY 10007. Tel: (212) 637-2522, email: deleassa.penland@usdoj.gov; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:   New York, New York
          December 20, 2021

*Damian Williams*
DAMIAN WILLIAMS
*United States Attorney for the*
*Southern District of New York*

*Robert B. Sobelman*
Robert B. Sobelman

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone:   212-637-2616

## RIDER

(Court Subpoena to Richard Marshack, Esq., Trustee for Eagan Avenatti LLP,
dated December 20, 2021)
Ref. No. 19 Cr. 374 (JMF)

**Materials to be Produced:**

1. Any data contained in Quickbooks or TABS databases related to Stephanie Clifford, a/k/a "Stormy Daniels."

N.B.:   Personal appearance may not be required if the requested documents are: (1) produced on or before the appearance date to Special Agent DeLeassa Penland, United States Attorney's Office, 1 St. Andrew's Plaza, New York, NY 10007. Tel: (212) 637-2522, email: deleassa.penland@usdoj.gov; and (2) accompanied by an executed copy of the attached Declaration of Custodian of Records.

<u>Declaration of Custodian of Records</u>

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____.
                 (name of declarant)

   I am a United States citizen and I am over eighteen years of age.  I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

   I am in receipt of a Court Subpoena, dated December 20, 2021, and signed by Assistant United States Attorney Robert B. Sobelman, requesting specified records of the business named below.  Pursuant to Rules 902(11) and 803(6) of the Federal Rules of Evidence, I hereby certify that the records provided herewith and in response to the Subpoena:

   (1) were made at or near the time of the occurrence of the matters set forth in the records, by, or from information transmitted by, a person with knowledge of those matters;

   (2) were kept in the course of regularly conducted business activity; and

   (3) were made by the regularly conducted business activity as a regular practice.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
            (date)

                          _____
                          (signature of declarant)

                          _____
                          (name and title of declarant)

                          _____
                          (name of business)

                          _____
                          (business address)

<u>Definitions of terms used above</u>:
As defined in Fed. R. Evid. 803(6), "record" includes a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses.  The term, "business" as used in Fed. R. Evid. 803(6) and the above declaration includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

January 7, 2022

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

Mr. Richard A. Marshack, Esq.
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620

RE: <u>**United States v. Michael Avenatti**</u>
**19 Cr. 374 (JMF)**

Dear Mr. Marshack,

Federal Defenders of New York, Inc., represents the above captioned individual in federal court in the Southern District of New York. Attached please find a trial appearance subpoena for your testimony on January 24, 2022, at 40 Foley Square in front of Judge Jesse M. Furman at 9:00 a.m. and for the duration of the trial. In addition to your trial testimony, we are requesting items be **produced in advance** of the January 24, 2022, trial date. Please see the enclosed subpoena rider with the requested items.

The requested items should be returned to Federal Defenders of New York, Inc., Attn: Ms. Anna Finkel, 52 Duane St., 10th Fl., New York, NY, 10007 or by email to anna_finkel@fd.org. You will not be required to be in court on January 24, 2022, but you will need to be available for the duration of the trial. Please contact me at (212) 417-8714 or Mr. Robert Baum, Esq. at (212) 417-8760 to discuss scheduling matters and your travel arrangements to testify at trial.

Sincerely,

*/s/*
Anna Finkel
Chief Investigator
(212) 417-8714

Enclosure

EXHIBIT "3"
PAGE 58

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Michael Avenatti | ) | Case No. 19 Cr. 374 (JMF) |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:  Richard A. Marshack, Esq.

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: 40 Foley Square, Judge Jesse M. Furman | Courtroom No.: courtroom 1105 |
|---|---|
| | Date and Time: 01/24/2022 9:00 AM and for the duration of trial |

     You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

SEE RIDER

*(SEAL)*

RUBY J. KRAJICK

*CLERK OF COURT*

Date:  01/07/2022 _____

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Michael Avenatti
_____ , who requests this subpoena, are:

Federal Defenders of New York, Inc.
Mr. Robert M. Baum, Esq.
52 Duane St., 10th Fl.
New York, NY 10007
(212) 417-8760
Robert_Baum@fd.org

EXHIBIT "3"
PAGE 59

Richard A. Marshack – Rider

Provide the following records:

**\*\* Produce in advance of trial certified copies of the following items:**

provide any and all communications between Stephanie Clifford (aka Stormy Daniels) and Michael Avenatti between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all communications between Stephanie Clifford and Judy Regnier between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all communications involving Judy Regnier relating to Ms. Clifford's book between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all communications between Judy Regnier and Michael Avenatti relating to Stephanie Clifford between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all communications involving Michael Avenatti relating to work performed for Stephanie Clifford, including on her book deal, between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all documents reflecting work performed for Stephanie Clifford, including on her book deal, between February 2018 – Present. This should include all text messages, instant messages, emails, letters, cards, voicemails, Facebook messages, WhatsApp messages, Instagram messages, and messages on similar platforms such as Signal or Telegram.

• provide any and all accounting, billing, and financial records relating to Stephanie Clifford. This should include all invoices, bills, and accounting entries reflecting monies expended for Ms. Clifford, as well as all time spent working on Ms. Clifford's behalf.

• provide any and all Quickbooks and Tabs data relating to Ms. Clifforrd.

• provide any and all communications and documents relating to the financial condition of Michael Avenatti, Eagan Avenatti, LLP, and/or Avenatti and Associates, APC during the time period January 1, 2018 to March 30, 2019. This should include all documents and communications relating to assets, debts, cash flow, income, liabilities, loans, and prospects for future income.**

**The defendant is indigent and invokes Rule 17(b) F.R.CRIM. P, and as such is not responsible for records-related fees.**

**EXHIBIT "5"**

### DECLARATION OF STEPHANIE CLIFFORD

I, Stephanie Clifford, hereby declare:

1.    I am currently represented by Brewster & De Angelis PLLC and Clark O. Brewster, Esq., whom I authorized to contact the United States Attorney's Office for the Southern District of New York on my behalf regarding certain of my communications with my former attorney, Michael J. Avenatti, Esq.

2.    I previously was represented by Michael J. Avenatti, Esq., and the law firms of Eagan Avenatti LLP and Avenatti & Associates PC (collectively, "Avenatti"), in connection with several legal matters.

3.    I understand that my communications with Avenatti may be subject to a valid claim of privilege.  I hereby waive any attorney-client or other privilege that might attach to any conversations and communications with Avenatti, including any such communications that might be contained on any electronic device belonging to, controlled by, or possessed by Avenatti.

EXHIBIT 4, PAGE 37

EXHIBIT "4"
PAGE 62

4.    I have discussed the foregoing with my current

counsel, and make this waiver knowingly and voluntarily.

_STEPHANIE CLIFFORD_     Date _4/15/19_

_Clark O. Brewster, Esq._     Date _4-15-19_
Attorney for STEPHANIE CLIFFORD

EXHIBIT 4, PAGE 38

EXHIBIT "4"
PAGE 63

# EXHIBIT "3"

### <u>DECLARATION OF GARY FRANKLIN</u>

I, Gary Franklin, hereby declare:

1.    I am currently represented by Michael J. Proctor, Esq., and Whitney R. O'Byrne, Esq., of Durie Tangri LLP, whom I authorized to contact the United States Attorney's Office for the Southern District of New York on my behalf regarding certain of my communications with my former attorney, Michael J. Avenatti, Esq.

2.    I previously was represented by Michael J. Avenatti, Esq., and/or the law firms of Eagan Avenatti LLP and Avenatti & Associates PC (collectively, "Avenatti"), in connection with certain legal matters.

3.    I understand that my communications with Avenatti may be subject to a valid claim of privilege.  I hereby waive any attorney-client or other privilege that might attach to any conversations and communications with Avenatti, including any such communications that might be contained on any electronic device belonging to, controlled by, or possessed by Avenatti.

EXHIBIT 5, PAGE 39

4.    I have discussed the foregoing with my current

counsel, and make this waiver knowingly and voluntarily.

_____          _____
GARY FRANKLIN                              Date


_____          _____
Michael J. Proctor, Esq.                   Date    May 1, 2019
Attorney for GARY FRANKLIN

EXHIBIT 5, PAGE 40

EXHIBIT "5"
PAGE 65