

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 31, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

  The Government respectfully submits this letter to join in the motions to quash filed by Richard A. Marshack and John Drum on January 31, 2022. (Dkt. Nos. 341, 342.)

  I. **The Court Should Grant Mr. Marshack's Motion to Quash**

  Mr. Marshack has no testimony to provide that could possibly bear on any issue in this case. His involvement with Eagan Avenatti LLP, the defendant's former law firm, did not even begin until September 2019, more than six months after the events in this case (between July 2018 and February 2019). Indeed, the purpose for which the defendant intends to call Mr. Marshack is entirely opaque. The record is already clear that Eagan Avenatti LLP was in bankruptcy during the relevant time period and that the proceeding was later dismissed. (*See* Trial Tr. 614, 622.) To the extent the defendant intends to cover that same ground again, such testimony would be cumulative and a waste of time. *See* Fed. R. Evid. 403. To the extent the defendant wishes to delve into the details of those bankruptcy proceedings, such testimony would be irrelevant and would risk confusing the issues, misleading the jury, and wasting time. *See id*. Moreover, Mr. Marshack has no personal knowledge of the defendant's conduct with respect to Ms. Daniels's book advance payments, or any other fact at issue in this case. Mr. Marshack's motion to quash should be granted.

  II. **The Court Should Grant Mr. Drum's Motion to Quash**

  Mr. Drum also has no relevant and admissible testimony to provide in this case. He analyzed records relating to a different criminal case for a different prosecution team, involving different victims of the defendant and financial transactions that have no relation to this case. Mr. Drum has conducted no analysis with respect to the book advance payments at issue in this case or any other financial transactions related to the defendant's representation of Ms. Daniels. Similarly, Mr. Drum has conducted no analysis of the financial health of the defendant's entities, but instead focused his analysis only on tracking the flow of funds—that is, the specific inflows to

January 31, 2022
Page 2

the defendant's entities and outflows directly to the defendant—regarding the victims at issue in the separate prosecution of the defendant pending in the Central District of California.  To the extent that type of information might be relevant to this case, the defendant had an opportunity to cross-examine Special Agent Rosenman and can argue from the financial records already in evidence.  Moreover, the defendant has had two-and-a-half years to develop testimony on these issues that would actually address the financial transactions at issue in this case, and instead seeks to call a witness who has no familiarity with the transactions at issue.  Accordingly, any testimony Mr. Drum could provide at this trial would be irrelevant and would risk confusing the issues, misleading the jury, and wasting time.  Mr. Drum's motion to quash should be granted.

### III.   Conclusion

For the foregoing reasons, the Court should grant Mr. Marshack's and Mr. Drum's motions to quash.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:     /s/
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:   Michael Avenatti, *pro se* (by ECF via stand-by counsel)
      D. Edward Hays, Esq., Counsel for Richard A. Marshack (by email)
      Nina Marino, Esq., Counsel for John Drum (by ECF)