UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                   :

UNITED STATES OF AMERICA           :           19-CR-374 (JMF)

        - v -                                     :           <u>ORDER</u>

MICHAEL AVENATTI,                   :

                        Defendant.    :

-------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

      Attached to this Order are the motions to quash filed on behalf of John Barrale and Carlos Colorado on January 29, 2022.  Both motions were GRANTED on the record during trial earlier today.

      SO ORDERED.

Dated: January 31, 2022
       New York, New York                                  _____
                                                                     JESSE M. FURMAN
                                                            United States District Judge

**EPSTEIN SACKS PLLC**
ATTORNEYS AT LAW
100 LAFAYETTE STREET
SUITE 502
NEW YORK, N.Y. 10013

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

January 29, 2022

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Via email to Furman_NYSDChambers@nysd.uscourts.gov

Re: United States v. Avenatti
19 Cr. 374 (JMF)

Dear Judge Furman:

  We have been appointed under the Criminal Justice Act to represent John Barrale as a potential witness in the above matter. Mr. Barrale, who resides in California, was the recipient there of a subpoena from counsel for the defendant Avenatti to testify at Mr. Avenatti's present criminal trial before Your Honor.

  Please consider this letter a motion to quash the subpoena, principally pursuant to Federal Rules of Evidence 608(b), which prohibits the use of extrinsic evidence of specific instances of a witness's alleged misconduct, in this case that of the witness who went by the name of Stormy Daniels, in order to impeach such witness's credibility.

  In this case, I have reason to believe that an offer of proof by Mr. Avenatti would show that my client and Ms. Daniels had a dispute of some nature over proceeds from the sale of merchandise featuring Ms. Daniels' name and likeness from the "StormyStore.com", an online business which my client helped to establish and in which Ms. Daniels had an interest. None of this involved Mr. Avenatti either directly or indirectly.

  From our research it appears that in a potentially rare case, extrinsic evidence would be admissible to show that a witness such as Ms. Daniels had a *motive* to testify falsely against the defendant, such as a particular bias against him. *See, United States v. James,* 609 F.2d 36, 46 (2nd Cir. 1979). However, while the centrality of an issue such as the bias of a criminal witness against the defendant makes that fair game for the rare receipt of extrinsic proof and a "mini

trial", the collateral nature of the witness's activities that did not involve the defendant make the subject matter an inadmissible diversion.

In the event Mr. Barrale is deemed to have relevant testimony, the subpoena must be modified to permit the witness to testify remotely. Mr. Barrale is currently "unavailable" and should not be compelled to testify in person because ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Although he is unable to get on a plane and fly to New York. Courts have recently ruled the pandemic itself to be an "exceptional circumstance" to allow remote testimony under *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999), and have done so for both the Government and the defense. *See, United States v. Akhavan*, 523 F. Supp. 3d 443 (SDNY 2021) (COVID-19 pandemic was an "exceptional circumstance" and remote testimony by prosecution witness during pandemic would satisfy defendant's confrontation rights); *United States v. Trimarco,* 2020WL15211051 (EDNY 2020) (under pandemic conditions "the Court is willing to consider accommodations for any such [defense] witness to testify remotely by live, two-way video, following an application by Defendant. Defendant's constitutional rights would not be violated in this scenario because he 'has no constitutional right to present evidence through live, in-person testimony only'") (at p. *6; internal citations omitted).

Very truly yours,

*Bennett M. Epstein*

Bennett M. Epstein

cc. via email (including exhibit) to
Robert Sobelman, Esq.
(Attorney for the Government)
Robert Baum, Esq.
(Standby counsel for Defendant)



666 Old Country Road, Suite 501
Garden City, NY 11530

T: (212) 756-1277
jkirshner@jkirshnerlaw.com
www.jkirshnerlaw.com

January 29, 2022

**BY EMAIL:**  furman_nysdchambers@nysd.uscourts.gov
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square New York, New York 10007

      Re: *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      On behalf of my client, Carlos X. Colorado, I respectfully request permission to intervene in this matter for the limited purpose of filing an ***emergency motion*** to quash[1] a testimonial trial subpoena served on Mr. Colorado by the defendant Michael Avenatti. As set forth below, the subpoena should be quashed because the testimony Mr. Avenatti seeks is cumulative, marginally relevant or irrelevant. Additionally, the subpoena imposes an undue burden on Mr. Colorado, a resident of California, and a practicing attorney.

      We make this motion on an emergency basis because Mr. Avenatti's standby counsel, Robert Baum, Esq., informed us late in the afternoon today (January 29) that Mr. Avenatti was demanding that Mr. Colorado fly to New York tomorrow (January 30) in order to testify on Monday (January 31). This is despite initially informing Mr. Colorado on Thursday (January 27) that it was not certain Mr. Colorado would be called at all but that they would recommend to Mr. Avenatti that Mr. Colorado appear remotely. Late yesterday (January 28), Mr. Colorado was requested to fly to New York on Monday (January 31) night to testify in-person on Tuesday

---

[1] The Court has discretion to quash a subpoena for testimony served pursuant to Fed. R. Crim. P. 17(a). *See generally United States v. Khan*, No. 06-cr-255 (DLI), 2009 WL 152582 (E.D.N.Y. Jan. 20, 2009) (addressing motion to quash subpoena issued pursuant to Rule 17 of the Federal Rules of Criminal Procedure compelling testimony from government employees). When faced with a challenge to a subpoena, a court may apply the same standard to Rule 17(a) subpoenas for testimony as they apply to Rule 17(c) subpoenas for documents. *See Stern v. U.S. Dist. Ct. D. Mass.*, 214 F.3d 4, 17 (1st Cir. 2000) ("Although Rule 17(a), which governs . . . subpoenas [for testimony], does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles."). Rule 17(c) prescribes a procedure and a standard for challenging such subpoenas: "The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c). The Supreme Court elucidated the meaning of this standard in *United States v. Nixon*, 418 U.S. 683 (1974), holding that a subpoena duces tecum is not "'unreasonable or oppressive' if the proponent establishes relevancy, admissibility, and specificity." *Stern*, 214 F. 3d at 17 (citing *Nixon*, 418 U.S. at 700)).

(February 1).² Accordingly, due to the newly accelerated schedule put in place by Mr. Avenatti, ***we respectfully request the Court consider this motion immediately or, in the alternative, order that Mr. Colorado does not have to fly to New York on Sunday (January 30) so that the Court can consider the instant motion on Monday (January 31).***

**Brief Factual Background**

Mr. Colorado is an attorney who practices and resides in Southern California. Between 2012 and 2019, Mr. Colorado worked at Eagan Avenatti, LLP, the law firm headed by Mr. Avenatti in Newport Beach, California. Mr. Colorado was called to testify by the prosecution in the federal criminal trial against Mr. Avenatti in Santa Ana, California involving allegations that Defendant embezzled unauthorized fees from various clients, which resulted in a mistrial. Mr. Colorado appeared voluntarily in that proceeding after he was called by both the prosecution and defendant because Mr. Colorado had performed substantial work on the case of one of the clients who was alleged to have been defrauded.

By contrast, Mr. Colorado performed no work on the matters the firm handled for Stephanie Clifford (aka Stormy Daniels), except for one discrete matter. Specifically, Mr. Colorado spent a couple of hours preparing a draft of a complaint to be filed in Columbus, Ohio, after Ms. Daniels was arrested at a bar in that city in 2018. This draft was ultimately sent to Ms. Daniel's other counsel to finalize and file. Mr. Colorado had no further involvement with that matter.

Aside from that isolated assignment, Mr. Colorado did not perform any other work on behalf of Ms. Daniels while he was employed at Eagan Avenatti. Mr. Colorado has never met Ms. Daniels. He has no personal knowledge regarding the scope of Mr. Avenatti's agreement to represent Ms. Daniels. He has no personal knowledge of the fee arrangement between Mr. Avenatti and Ms. Daniels. He did not participate in discussions relating to any alleged outstanding fees owed to Mr. Avenatti by Ms. Daniels. Mr. Colorado also did not work on the matters involving Ms. Daniels and her conflict with Donald Trump or her book deal. In sum, his involvement and knowledge of any conceivably relevant facts is extremely limited.

**Cumulative Testimony**

Assuming *arguendo* that Mr. Colorado's testimony is deemed relevant, his testimony would be unduly cumulative of witnesses that have already testified.

---

² On January 26, 2022, Mr. Colorado was served with the subpoena which directs that he appear in this matter "January 24, 2022 at 9:00 AM & duration of trial." As a preliminary matter, the subpoena is facially deficient as it fails to satisfy the requirement of Rule 17(a) that the subpoena "specifies" "the time and place" the witness is commanded to testify. Here, not only does the subpoena not "specify" a time, but it commands Mr. Colorado to appear at a time starting two days before the subpoena was served. Moreover, the subpoena fails to specify a discrete time, instead identifying a past date "& duration of trial."

2

On January 25, 2022, witness Regnier testified during cross-examination to the following:

Q. You worked on Ms. Daniels' matters as well, did you not?
A. Yes.
Q. As well as an attorney by the name of Carlos Colorado who worked at the firm? He too worked on her matters, did he not?
A.  I believe he did.

(Trial Tr. 478)

Witness Regnier continued:

Q. There was a lawsuit about a false arrest of Ms. Daniels in Columbus, Ohio, and that case was filed in federal district court in Columbus, Ohio. Do you recall that?
A. Yes, I recall the case, but I don't believe we did the filing.
Q. Do you recall that we had a local counsel, a lawyer locally in Ohio that did the filing after Mr. Carlos Colorado prepared the complaint? Do you recall that?
A. I -- yes. I'm not sure if Carlos prepared the complaint, but I know it was prepared in the office.
Q. So you recall that our law firm prepared the legal filings, but we had a lawyer in Columbus actually file it for us?
A.  Yes.

(Trial Tr. 526)

On January 28, 2022, Ms. Daniels testified during cross-examination to the following:

Q. Ms. Daniels, do you recall receiving any documents from my office relating to a potential lawsuit in Ohio?
A. Yes.
Q. And do you recall that one of those documents is what is called a complaint?
A. I don't know.
MR. AVENATTI: Your Honor, one moment, please?
THE COURT: Mr. Avenatti.
MR. AVENATTI: Yes, your Honor. I'm just trying to locate one document. I'm sorry. Let's go to the top of ST29, for the witness only, please.
Q. Ms. Daniels, directing your attention to the top of ST29, does that refresh your recollection that in November 2018 you were asked to review the complaint for the Columbus case that my office had prepared?
THE COURT: All right. Ms. Daniels, let me explain the nature of the question. Just look at the exhibit that's depicted on the screen. Take a moment to read it. When you have read it, I want you to look up and indicate that you have read it. OK?

3

>THE WITNESS: All right.
>THE COURT: And don't answer yet. Just look at the document.
>THE WITNESS: OK.
>THE COURT: You've read it?
>THE WITNESS: Yes.
>THE COURT: So the question is not what the document says or doesn't say or what the document is. That's not relevant. The question is looking at that document, does it refresh your recollection that you were asked in November 2018 to review the complaint for the Columbus case that Mr. Avenatti's office prepared. So sitting here today, does this refresh your recollection?
>THE WITNESS: Yeah. OK. I understand.
>THE COURT: OK. So what's the answer to that
>question?
>THE WITNESS: Yes.
>
>(Trial Tr. 1079-80)

Thus, Mr. Colorado's testimony would merely serve to confirm the marginally relevant facts that have already been firmly established by other witnesses.

**Undue Burden**

Mr. Colorado left Eagan Avenatti in March 2019 after the firm was evicted from its office and Mr. Avenatti was arrested. Today, Mr. Colorado maintains a bustling litigation practice and is responsible for several important matters with several court commitments during the week when Mr. Avenatti seeks to drag Mr. Colorado into court. Specifically, Mr. Colorado is Plaintiffs' Liaison Counsel in the *Children's Dental Group Cases*, JCCP 4917, a Coordination Proceeding currently pending in the California Superior Court for the County of Orange, in the Complex Panel of that court in Santa Ana, California, before the Hon, Glenda Sanders. The Children's Dental litigation involves 202 individual cases in coordination proceedings, set for trial in a bellwether process, with the first bellwether case set for trial starting on February 14, 2022. The cases arise from a mycobacterium infection outbreak at a children's dental clinic in the Summer of 2016. The cases, which were initially filed in 2016, have faced multiple delays and it is imperative that there be no further delays, in part, because of California's rule that cases be brought to trial within five years of initial filing (extended by six months due to Covid), and because the plaintiffs are all minors entitled to preferential treatment in trial setting under California statute.

In addition, Mr. Colorado has several litigation commitments this coming week:

- On Monday, January 31, Mr. Colorado has to defend the deposition of the plaintiff's partner and a key witness in a large case. This deposition has been continued from earlier dates and has been rescheduled after complicated negotiations with defendants in the case.

4

      This is an all-day deposition, involving complex damages issues and disputed liability questions.

- On Wednesday, February 2nd, Mr. Colorado has to defend the depositions of the lead plaintiff, and her husband, a key witness, in another significant case. The couple are homeowners whose property was doused by jet fuel during the incident at issue in the case. The back-to-back depositions are key for plaintiffs' class certification motion, which was originally due on February 14, 2022 but was continued to March 14, 2022 by the court, in part, to accommodate the taking of this discovery.

- On Thursday, February 3rd, Mr. Colorado has a pretrial conference in a another litigation. This hearing is the final pretrial hearing before the February 14 scheduled start of the first bellwether trial in the case. During this hearing, the Court will decide, among other things, 29 motions *in limine* filed by the parties. As Plaintiffs' Liaison Counsel, Mr. Colorado is responsible for these motions and is the only attorney prepared to argue most of them.

- On Friday, February 4th, Mr. Colorado has to defend additional depositions of Spanish speaking witnesses in a case. Mr. Colorado is the only attorney on the team who speaks Spanish.

      The foregoing are pressing demands that cannot be postponed or deferred without prejudice to the particular clients and inconvenience to the corresponding courts and proceedings.[3] Accordingly, forcing Mr. Colorado to fly back and forth across the Country merely to offer cumulative and barely relevant or irrelevant testimony constitutes an undue burden and warrants the request relief.

**Argument**

      The Court should quash the subpoena directed to Mr. Colorado. Mr. Colorado's testimony in this matter would be cumulative of other evidence and would either be only marginally relevant or irrelevant altogether and would therefore be inadmissible under FRE 403. Mr. Avenatti has already established that the matter Mr. Colorado would testify he worked on for Ms. Daniels happened. Ms. Daniels does not dispute that Mr. Avenatti's firm performed the work. Any additional detail that Mr. Colorado would add is irrelevant, and Mr. Colorado would corroborate Ms. Daniels' characterization that the work product he generated was not final, and was further revised by Ms. Daniels' other lawyers, who also proceeded to finalize and file the complaint Mr. Colorado merely drafted. Notably, Mr. Colorado was never assigned to work on matters for Ms. Daniels outside of the discrete assignment discussed above.

---

[3] In addition, Mr. Colorado is currently overseeing a major remodel project at his house with demolition taking place on January 18, and multiple contractors currently working in his home. Mr. Colorado is supervising the project, which is already underway.

5

Moreover, hauling Mr. Colorado into court over these limited matters would impose great hardship upon Mr. Colorado personally and professionally. More importantly, forcing Mr. Colorado to fly to New York and be absent from his pending litigation duties would work prejudice on Mr. Colorado's civil litigation clients, whose rights Mr. Avenatti seeks to override and subordinate to his comparatively minimal interests.

**Conclusion**

For all of the foregoing reasons, we respectfully submit that the balance of equities, given the burden upon Mr. Colorado and his practice and the cumulative and negligible materiality of the testimony sought, support his request that the Court promptly quash the subpoena served on Mr. Colorado. In the alternative, we request that the Court order that Mr. Colorado does not have to fly to New York on Sunday (January 30) so that the Court can consider this motion on Monday (January 31).

Respectfully submitted,

/s/
Joshua D. Kirshner

cc:   Robert Baum, Esq. (via email)
      AUSA Robert Sobelman (via email)