January 31, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
      **19 Cr. 374 (JMF)**

Dear Judge Furman:

      I write to request that the Court reconsider its ruling and exclude Government Exhibit 804 because its admission is violative of Federal Rule of Evidence 1006, the Sixth Amendment Confrontation Clause and defendant's right to fundamental due process. Testimony of Government witness Mr. Shamel Medrano earlier today revealed that the summary chart was not prepared by him, but instead, was prepared by case agent Ms. DeLeassa Penland and then provided to Mr. Medrano in complete form, except for select edits. This procedure is violative of Rule 1006 and deprived defendant of his Sixth Amendment right to cross-examine the witnesses against him, inclusive of the author/creator of the relevant chart.

      During cross examination, the following exchange occurred at Tr. 1347:

Q. So were you given a draft chart and then you confirmed it?

A. No, I was given a draft chart. I went through it. I found
a couple of corrections to do. I then corrected them on a
printout that I had gotten and I gave it back, and they went
back and corrected it.

Q. Who gave you the draft chart?

A. I received it from Ms. Penland.

Q. Who created the draft chart?

A. I believe Ms. Penland.

Q. Just to be clear, you did not create the draft chart?

1

A. The draft chart, no.

Q. Meaning 804?

A. Correct.

Prior to Mr. Medrano taking the stand, defendant understood that Mr. Medrano had prepared the chart as required under the law concerning FRE 1006 summaries. Immediately following defendant's cross-examination of the witness and the disclosure of the above facts, defendant raised the issue with the Court and lodged his objection. Tr. 1355-56.

Federal Rule of Evidence 1006 provides, "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." The proponent must make the original or duplicates "available for examination or copying, or both, by other parties at a reasonable time and place..." Fed. R. Evid. 1006. A Rule 1006 "chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since, by its arrangement and use, it is an argument to the jury during the course of the trial... A chart which for any reason presents an unfair picture can be a potent weapon for harm, and permitting the jury to consider it is error." United States v. Conlin, 551 F.2d 534, 538-539 (2d Cir. 1977) (citations omitted).

A Rule 1006 summary "must of course be based on foundation testimony connecting it with the underlying evidence summarized, and must be based upon and fairly represent competent evidence already before the jury." Fagiola v. National Gypsum Co. AC & S., Inc., 906 F.2d 53, 57 (2d. Cir. 1990) (citations omitted). A party offering summary evidence by way of Rule 1006 must establish "that 'the summary is accurate and nonprejudicial … [and can] be properly introduced through the testimony of a witness **who supervised its preparation**." The UPS Store, Inc. v. Hagan, 2017 U.S. Dist. LEXIS 121352, at *16 (S.D.N.Y. 2017)(emphasis added); citing, United States v. Stone, 852 F.Supp. 2d. 820, 828 (E.D. Mich. 2012); see also, United States v. Jamieson, 427 F.3d 394, 409 (6th Cir. 2005) ("the summary must be properly introduced through the testimony of a witness **who supervised its preparation**.")(emphasis added); See also, John Wiley & Sons v. Book Dog Books, LLC 2018 U.S. Dist. LEXIS 229142, at *5 (S.D.N.Y 2018). The government's admission of the purported summary is violative of Rule 1006 because it was not introduced through the testimony of a witness who supervised its preparation. Instead, the Government had its lead case agent prepare the chart/timeline and then provide it in near final form to Mr. Medrano, in an an apparent effort to avoid having agent Penland testify. This is not permitted under the law and requires the exclusion of Government Exhibit 804.

Further, by failing to call the government agent who created the relevant chart, and disclose all required 3500 material associated with her, defendant was deprived of his Sixth Amendment right to confront the witnesses against him and fundamental due process. The crux of this Sixth Amendment right "is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against defendant and is available for cross examination." United States v. Jass, 569 F.3d 47, 55 (2d. Cir. 2009). In Pointer v. Texas, 380 U.S. 400 (1965), the Supreme Court held, in an unanimous decision, that it

2

"cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him." Id., at 404, citing and quoting from such cases as Kirby v. United States, 174 U.S. 47 (1899), Alford v. United States, 282 U.S. 687 (1931), Greene v. McElroy, 360 U.S. 474 (1959), In re Oliver, 333 U.S. 257 (1948), and Turner v. Louisiana, 379 U.S. 466 (1965). As the Supreme Court has observed, "[there] are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in the expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." Pointer, 380 U.S. at 405.

      The introduction of the timeline/chart, without the foundational testimony of its creator, was violative of FRE 1006 and defendant's rights. Accordingly, defendant respectfully requests that it be excluded from evidence.

                                                      Respectfully Submitted,

                                                      /s/
                                                Michael J. Avenatti
                                                Defendant