February 1, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:     **United States v. Michael Avenatti**
        **19 Cr. 374 (JMF)**

Dear Judge Furman:

In advance of the charge conference and the jury being instructed, I write to respectfully request that the following jury instructions be included in the charge to the jury in light of the testimony and evidence elicited and admitted during trial.

### Instruction Regarding The Contract (GX-3)

"You heard testimony during the trial from one witness, Ms. Daniels, who claimed that her fee agreement with Mr. Avenatti, GX-3, was later orally amended by statements allegedly made by Mr. Avenatti. You are to disregard this testimony. Under the law, Mr. Avenatti and Ms. Daniels' fee agreement was never changed."

Authority: Cal. Civ. Code § 1698(c) (requiring consideration before any oral amendment is valid), see also Carlson, Collins, Gordon & Bold v. Banducci (1967) 257 Cal.App.2d 212, 223 [64 Cal.Rptr. 915] ("A contract can, of course, be subsequently modified with the assent of the parties thereto, provided the same elements essential to the validity of the original contract are present.") internal citations omitted.

### Instruction Regarding Reasonable Fee

"Under the law and the terms of the fee agreement between Mr. Avenatti and Ms. Daniels, GX-3, Mr. Avenatti and his firms were entitled at all relevant times to a reasonable fee for all of the services they provided Ms. Daniels, including but not limited to those provided in connection with the book deal. When determining the amount of this fee, you may consider reasonable hourly rates, number of hours expended, nature of the work performed, amount of work involved, the skill required, the attention given to the matters, the success of the attorneys' efforts, the attorneys' personal skill levels, and their experience in the area of law."

Authority: GX-3; California State Bar Act, published in the California codes at California Business and Professions Code §§ 6000 et seq; California Business and Professions Code §§ 6147-6148; Leighton v. Forster, 8 Cal. App. 5th 467, 490 (1st Dist. 2017); citing, Huskinson & Brown v. Wolf, 32 Cal. 4th 453, 460 (2004) (California Supreme Court determining that §§6147-6148 "both also specify that, where an agreement is voided, the attorney remains 'entitled to collect a reasonable fee.'"); Flannery v. Prentice, 26 Cal. 4th 572, 589 (2001) (California State Supreme Court stating: "[e]ven in circumstances where the Legislature has required a written fee agreement … it has provided that, while noncompliance renders the agreement voidable, the attorney nevertheless is 'entitled to collect a reasonable fee.'"); Batcheller v. Whittier, 12 Cal.App. 262, 266-267 (1909) (In absence of an agreement and when there is "no meeting of the minds of the parties" regarding the subject's compensation, the client "must be deemed to have promised to pay the reasonable value of the services performed…"); Mardirossian & Associates, Inc. v. Ersoff, 153 Cal. App. 4th (2d Dist. 2007).

## Instruction Regarding Defense Theory of the Case

The defense contends that Michael Avenatti acted in good faith in connection with transferring the proceeds of Stormy Daniels' book deal to his attorney trust account on behalf of Ms. Daniels. He believed that Ms. Daniels closed her original bank account based on information provided to him by Ms. Daniels on July 19, 2018 via text and telephone, and that Ms. Daniels in a phone call then requested that he accept the proceeds in his Trust Account because there was no other account to accept the funds and also to ensure that the proceeds would not be withdrawn from the account she had with husband because he had just withdrawn all of their money and was divorcing her. Mr. Avenatti subsequently provided Ms. Daniels with these proceeds the day after she informed him of a new account.

Mr. Avenatti contends that there was no fraudulent statement sent to Ms. Daniels' literary agent to forward the funds to his attorney Trust Account because nothing in the statement was false. The authorization to send money to his Attorney Trust Account was based specifically on the approval he received from Ms. Daniels, signing her name to the authorization as her attorney and with her knowledge based on her wishes to prevent her husband from removing funds from this account. The authorization form noted that the original account had been closed just as Ms. Daniels had advised him.

Any subsequent payment to the Attorney Trust Account represented a reasonable percentage of the book proceeds as set forth in the fee contract which Ms. Daniels acknowledged entitled Mr. Avenatti to receive the funds as payment for his work in obtaining the book deal. Mr. Avenatti also contends that he was entitled to these monies under the law because of all of the work Mr. Avenatti and the other attorneys at his law firms did for Ms. Daniels. In addition, Mr. Avenatti contends that he was entitled to recover all of his costs and advances which he expended for Ms. Daniels' benefit, involving hundreds of thousands of dollars for security, personal expenses for Ms. Daniels, and other attorney fees including a retainer for her Ohio attorneys, among others. Ms. Daniels had agreed to pay these costs in the fee contract that she

signed. Mr. Avanatti contends that Ms. Daniels filed these charges through her attorney and lied about undocumented oral agreements to avoid paying these fees and costs.

At all times, Mr. Avenatti acted with a good faith belief that he was not doing anything illegal based on an honest belief that he was entitled to the money he received and never intended actual financial harm to Ms. Daniels.

Authority: United States v. Durham, 825 F.2d 716, 718-19, (2d Cir. 1987); United States v. Dove, 916 F.2d 41, 47 (2d Cir. 1990).

## Instruction Regarding Interest in the Outcome

You are to determine whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any you give to the testimony of each witness. In evaluating the testimony of any witness, you may consider among other things:

the witness's intelligence;
the ability and opportunity the witness had to see, hear or know the things the witness has testified about;
any interest, bias, or prejudice the witness may have;
the manner of the witness while testifying; and
the reasonableness of the witness's testimony in light of all the evidence in the case.

Authority: United States v. Gaines, 457 F.3d 238, 249 n.8 (2d Cir. 2006)

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant