UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                     :

UNITED STATES OF AMERICA          :             19-CR-374 (JMF)
                                       :

      - v -                    :            <u>ORDER</u>
                                       :

MICHAEL AVENATTI,               :
                                       :
                    Defendant.    :
                                       :
--------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

      Attached is an annotated draft of the jury charge that will be considered at the charge
conference later today.

      SO ORDERED.

Dated: February 1, 2022
      New York, New York                          JESSE M. FURMAN
                                           United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

UNITED STATES OF AMERICA,

             -v-

MICHAEL AVENATTI,

                        Defendant.

-------------------------------------------------------------------- X

      19 Cr. 374 (JMF)

**JURY CHARGE**

**February 1, 2022**

**Table of Contents**

I. GENERAL INTRODUCTORY CHARGES ........................................................................1

1    Role of the Court and the Jury...............................................................................................2

2    The Parties .............................................................................................................................2

3    The Defendant's Self-Representation .....................................................................................2

4    Conduct of Counsel and Mr. Avenatti ...................................................................................3

5    Presumption of Innocence and Burden of Proof ...................................................................4

6    Proof Beyond a Reasonable Doubt ........................................................................................4

7    Direct and Circumstantial Evidence ......................................................................................5

8    What Is and What Is Not Evidence ........................................................................................7

9    Credibility of Witnesses.........................................................................................................9

10    Law Enforcement and Government Witnesses .....................................................................10

11    Preparation and Representation of Witnesses ......................................................................11

12    Uncalled Witnesses ..............................................................................................................11

13    Number of Witnesses and Uncontradicted Testimony .........................................................12

14    Stipulations ...........................................................................................................................13

15    Limited Purpose Evidence ....................................................................................................13

16    Charts and Summaries ..........................................................................................................13

17    Particular Investigative Techniques .....................................................................................14

18    Persons Not on Trial .............................................................................................................14

19    Searches and Seizures ...........................................................................................................14

20    The Defendant's Testimony ..................................................................................................15

21

II. SUBSTANTIVE CHARGES ........................................................................................... 15

1     The Indictment ................................................................................................... 16

2     Count One: Elements ......................................................................................... 17

3     Count One — First Element: Existence of Scheme or Artifice ......................... 17

4     Count One — Second Element: Knowledge and Intent to Defraud .................. 20

5     Count One — Professional Duties .................................................................... 22

6     Count One — Attorney's Fees and Costs ......................................................... 26

7     Count One — Third Element: Use of Wires ..................................................... 28

8     Count Two: Elements ........................................................................................ 29

9     Count Two — First Element: Use of Means of Identification .......................... 29

10    Count Two — Second Element: In Relation to a Predicate Offense ................. 30

11    Count Two — Third Element: Without Lawful Authority ................................ 31

12    Willfully Causing a Crime ................................................................................ 31

13    Venue.. ............................................................................................................... 33

14    Motive.. .............................................................................................................. 34

15    Variance in Dates and Amounts ........................................................................ 35

III. CONCLUDING INSTRUCTIONS ........................................................................... 35

16    COVID-19 Protocols ......................................................................................... 35

17    Selection of the Foreperson .............................................................................. 35

18    Right to See Exhibits and Hear Testimony ...................................................... 36

19    Juror Note-Taking ............................................................................................. 37

20    Bias or Sympathy as Juror ................................................................................ 37

21    Duty to Deliberate ............................................................................................. 38

1      Return of the Verdict............................................................................................39

2      Closing Comments...............................................................................................40

1                                         I. GENERAL INTRODUCTORY CHARGES

2            Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this

3   point to instruct you as to the law.  My instructions to you will be in three parts.

4            First, I will give you general instructions — for example, about your role as the jury, what you

5   can and cannot consider in your deliberations, and the burden of proof.

6            Second, I will describe the law that you must apply to the facts as you find them to be established

7   by the evidence.

8            Finally, I will give you some instructions for your deliberations.

9            I am going to read my instructions to you.  It is not my favorite way to communicate — and not

10   the most scintillating thing to listen to — but there is a need for precision, and it is important that I get

11   the words just right, and so that is why I will be reading.

12            Because my instructions cover many points, I have given you a copy of my instructions to follow

13   along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find

14   it easier to listen and understand while you are following along with me, please do so.  If you would

15   prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions

16   with you into the jury room so you can consult it if you want to re-read any portion of the charge to

17   facilitate your deliberations.

18            For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

19   not single out any instruction as alone stating the law; rather, you should consider my instructions as a

20   whole when you retire to deliberate in the jury room.

21

1    <u>Role of the Court and the Jury</u>

2         You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3    and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4    is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5    If either party has stated a legal principle differently from any that I state to you in my instructions, it is

6    my instructions that you must follow.

7    **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

8

9    <u>The Parties</u>

10        In reaching your verdict, you must remember that all parties stand equal before a jury in the

11   courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

12   name of the United States does not entitle the Government or its witnesses to any greater consideration

13   than that accorded to any other party.  By the same token, you must give it no less deference.  The

14   Government and the defendant, Michael Avenatti, stand on equal footing before you.

15        It would be improper for you to consider, in reaching your decision as to whether the

16   Government sustained its burden of proof, any personal feelings you may have about the defendant's

17   race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

18   innocence and the Government has the same burden of proof with respect to all persons.

19   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

20

21   <u>The Defendant's Self-Representation</u>

22        As you know, although the defendant was represented by a lawyer when the trial began, he

23   decided to continue the trial representing himself.  As I advised you at that time, he has a constitutional

2

1    right under the Sixth Amendment to the United States Constitution to represent himself.  The

2    defendant's decision to exercise that right and represent himself has no bearing on whether he is guilty

3    or not guilty, and it must not affect your consideration of the case.  You are not to draw any inferences

4    from the defendant's decision to exercise his right to represent himself.

5    **Adapted from _United States v. Williams_, 09 Cr. 101 (RMB) (S.D.N.Y. 2011); Third Circuit Pattern**

6    **Criminal Jury Instructions, _Modern Federal Jury Instructions-Criminal_, 1.18; Eighth Circuit**

7    **Pattern Criminal Jury Instructions, _Modern Federal Jury Instructions-Criminal_, 2.23; Ninth**

8    **Circuit Pattern Criminal Jury Instructions, _Modern Federal Jury Instructions-Criminal_, 1.15.**

9

10   Conduct of Counsel and Mr. Avenatti

11          The personalities and the conduct of both counsel and Mr. Avenatti are not in any way at issue.

12   If you formed opinions of any kind about the personalities or conduct of any of the lawyers in the case

13   or Mr. Avenatti, favorable or unfavorable, whether you approved or disapproved of their behavior, those

14   opinions should not enter into your deliberations.

15          In addition, remember that it is the duty of each side to object when the other side offers

16   testimony or other evidence that the objector believes is not properly admissible.  Therefore, you should

17   draw no inference from the fact that there was an objection to any evidence.  Nor should you draw any

18   inference related to the weight or importance of any evidence from the fact that I sustained or overruled

19   an objection.  Simply because I have permitted certain evidence to be introduced does not mean that I

20   have decided on its importance or significance.  That is for you to decide.

21   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

22

1   <u>Presumption of Innocence and Burden of Proof</u>

2         The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

3   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

4   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

5   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

6         Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

7   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

8   entire trial, remains with him even as I speak to you now, and persists in his favor during the course of

9   your deliberations in the jury room.

10   **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

11

12   <u>Proof Beyond a Reasonable Doubt</u>

13         The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

14   doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

15   a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

16   arising out of the evidence in the case — or the lack of evidence.

17         Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

18   practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

19   by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

20   establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

21         If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

22   that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would be

1   willing to act upon in important matters in the personal affairs of his or her own life, then you have no

2   reasonable doubt, and in that circumstance it is your duty to convict.

3        On the other hand, if, after a fair and impartial consideration of all the evidence, you can

4   candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have

5   an abiding belief of the defendant's guilt — in other words, if you have such a doubt as would

6   reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs

7   — then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

8   **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

9

10  <u>Direct and Circumstantial Evidence</u>

11       There are two types of evidence that you may properly use in deciding whether the defendant is

12  guilty or not guilty of the crimes with which he is charged.

13       One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

14  when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

15  observed through the five senses.  The second type of evidence is circumstantial evidence.

16  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

17       There is a simple example of circumstantial evidence that is often used in this courthouse.

18  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

19  outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

20  further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

21  then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

1       Now, because you could not look outside the courtroom and you could not see whether it was

2  raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

3  asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

4       That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

5  and common sense from one established fact the existence or the nonexistence of some other fact.

6       The matter of drawing inferences from facts in evidence is not a matter of guesswork or

7  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

8  facts that have been proved.

9       Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

10  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

11  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

12  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

13  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

14  the case.

15  **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

16

17  <u>Inferences</u>

18       During the trial you have heard the attorneys use the term "inference," and in their arguments

19  they have asked you to infer, on the basis of your reason, experience, and common sense, from one or

20  more established facts, the existence of some other fact.

21       An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a

22  disputed fact exists on the basis of another fact that you know exists.

1    There are times when different inferences may be drawn from facts, whether proved by direct or

2    circumstantial evidence.  The Government asks you to draw one set of inferences, while the defendant

3    asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

4    The process of drawing inferences from facts in evidence is not a matter of guesswork or

5    speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not

6    required to draw-from the facts that have been established by either direct or circumstantial evidence.  In

7    drawing inferences, you should exercise your common sense.

8    So, while you are considering the evidence presented to you, you are permitted to draw, from the

9    facts that you find to be proven, such reasonable inferences as would be justified in light of your

10   experience.

11   Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the

12   logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the

13   defendant beyond a reasonable doubt before you may convict.

14   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); Sand, _Modern Federal_**

15   **_Jury Instructions-Criminal_, Instr. 6-1.**

16

17   What Is and What Is Not Evidence

18   What, then, is the evidence in the case?

19   The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

20   into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence, and you are

21   to be guided solely by the evidence in this case.  For example, the questions posed to a witness are not

22   evidence: It is the witnesses' answers that are evidence, not the questions.

1    In addition, exhibits marked for identification but not admitted by me are not evidence; nor are

2    materials brought forth only to refresh a witness's recollection.  Moreover, testimony that has been

3    stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

4    Along these lines, we have, among the exhibits received in evidence, some documents that are

5    redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

6    yourself only with the part of the document that has been admitted into evidence.  You should not

7    consider any possible reason why the other part of it has been deleted or blacked out.

8    Arguments by the advocates are also not evidence.  What you heard during the opening

9    statements and summations is merely intended to help you understand the evidence and reach your

10   verdict.  If your recollection of the facts differs from the parties' statements, you should rely on your

11   recollection.  If a party made a statement during his or her opening or summation and you find that there

12   is no evidence to support the statement, you should disregard the statement.

13   In that regard, let me remind you: Because the defendant decided to act as his own lawyer, you

14   heard him speak at various times during the trial, including in closing argument.  I want to remind you

15   that when the defendant spoke during those parts of the trial, he was acting as a lawyer in the case, not

16   as a witness, and thus his words are not evidence.  The *only* evidence in this case is the testimony of

17   witnesses under oath and exhibits admitted into evidence.

18   Finally, any statements that I may have made during the trial or during these instructions do not

19   constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

20   to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

21   questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

22   evidence and to bring out something that I thought might be unclear.  You should draw no inference or

23   conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

8

1    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

2    these instructions are no indication of my views of what your decision should be.  Nor should you infer

3    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

4    you should decide any issue that is before you.  That is entirely your role.

5    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); *United States v. Williams*,**

6    **09 Cr. 101 (RMB) (S.D.N.Y. 2011); Third Circuit Pattern Criminal Jury Instructions, *Modern***

7    ***Federal Jury Instructions-Criminal*, 1.18; Eighth Circuit Pattern Criminal Jury Instructions,**

8    ***Modern Federal Jury Instructions-Criminal*, 2.23; Ninth Circuit Pattern Criminal Jury**

9    **Instructions, *Modern Federal Jury Instructions-Criminal*, 1.15.**

10

11    <u>Credibility of Witnesses</u>

12    How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

13    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

14    same tests here that you use in your everyday life when evaluating statements made by others to you.

15    You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

16    was the witness to the questions asked on direct examination and on cross-examination?

17    If you find that a witness intentionally told a falsehood, that is always a matter of importance you

18    should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

19    untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

20    determine whether such inconsistencies are significant or inconsequential, and whether to accept or

21    reject all of the testimony of any witness, or to accept or reject only portions.

22    You are not required to accept testimony even though the testimony is uncontradicted and the

23    witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

1    or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

2    conclude that the testimony is not worthy of belief.

3           In evaluating the credibility of the witnesses, you should take into account any evidence that a

4    witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

5    a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

6    interests.  Therefore, if you find that any witness whose testimony you are considering may have an

7    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

8    of his of her testimony, and decide whether to accept it with great care.

9           Keep in mind, though, that it does not automatically follow that testimony given by an interested

10    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

11    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

12    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

13    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

14

15    <u>Law Enforcement and Government Witnesses</u>

16           You have heard testimony from law enforcement or other government witnesses.  The fact that a

17    witness may be employed as a law enforcement official or government employee does not mean that his

18    or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

19    that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

20    testimony of any law enforcement witness or government witnesses, as it is with every other type of

21    witness, and to give to that testimony the weight you find it deserves.

22    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

23

1    <u>Preparation and Representation of Witnesses</u>

2        You have heard evidence during the trial that witnesses have discussed the facts of the case and

3    their testimony with the lawyers before the witnesses appeared in court.  You have also heard evidence

4    that some of the witnesses have lawyers of their own.  Although you may consider these facts when you

5    are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying

6    so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects,

7    and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it

8    would be unusual for a lawyer to call a witness without such consultation.  Additionally, as I told you

9    during trial, it is not unusual for a witness in a criminal investigation to have a lawyer of his or her own

10    and for that lawyer to be with the witness for a pretrial interview.  As always, the weight you give to the

11    fact or the nature of these issues and what inferences you draw from them are matters completely within

12    your discretion.

13    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

14

15    <u>Uncalled Witnesses</u>

16        There are people whose names you have heard during the course of the trial but who did not

17    appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

18    call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

19    to what they would have testified to had they been called.  Their absence should not affect your

20    judgment in any way.

21        You should, however, remember my instruction that the law does not impose on a defendant in a

22    criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

23    remains at all times with the Government.

11

1    **Adapted from** ***United States v. Ansah***, **19 Cr. 752 (JMF) (S.D.N.Y. 2021); Sand,** ***Modern Federal***

2    ***Jury Instructions-Criminal***, **Instr. 6-7.**

3

4    <u>Number of Witnesses and Uncontradicted Testimony</u>

5           The fact that one party called more witnesses or introduced more evidence does not mean that

6    you should necessarily find the facts in favor of the side offering the most witnesses and the most

7    evidence.  By the same token, you do not have to accept the testimony of any witness who has not been

8    contradicted or impeached, if you find the witness to be not credible.  You must decide which witnesses

9    to believe and determine which facts are true.  To do this, you must look at all the evidence or lack of

10   evidence, drawing upon your own common sense and personal experience.  After examining all the

11   evidence, you may decide that the party calling the most witnesses has not persuaded you because you

12   do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

13          Again, you should also keep in mind that the burden of proof is always on the Government.  The

14   defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

15   innocent.  On the other hand, the Government is not required to prove each element of the offense by

16   any particular number of witnesses.  The testimony of a single witness may be enough to convince you

17   beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

18   the witness has truthfully and accurately related what he or she has told you.

19   **Adapted from** ***United States v. Ansah***, **19 Cr. 752 (JMF) (S.D.N.Y. 2021); Sand,** ***Modern Federal***

20   ***Jury Instructions-Criminal***, **Instr. 4-3**

21

1    <u>Stipulations</u>

2         Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

3    between parties as to what certain facts were or what the testimony would be if certain people testified

4    before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

5    should consider the weight to be given such evidence just as you would any other evidence.

6    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

7

8    <u>Limited Purpose Evidence</u>

9         If certain testimony or evidence was received for a limited purpose, you must follow the limiting

10   instructions I have given.

11   **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

12

13   <u>Charts and Summaries</u>

14        The Government has presented exhibits in the form of charts and summaries.  As you'll recall,

15   some of the charts and summaries were not admitted into evidence, but were shown to you as "aids" —

16   to make the other evidence more meaningful and to help you in considering the evidence.  Others were

17   admitted into evidence as exhibits.  I admitted these charts and summaries in place of, or in addition to,

18   the underlying documents that they represent in order to save time and avoid unnecessary

19   inconvenience.  They are no better than the testimony or the documents upon which they are

20   based.  Therefore, you are to give no greater consideration to these charts or summaries than you would

21   give to the evidence upon which they are based.  It is for you to decide whether they correctly present

22   the information contained in the testimony and in the exhibits on which they were based.

1  **Adapted from Sand,** ***Modern Federal Jury Instructions-Criminal,*** **Instrs. 5-12 and 5-13;** ***United***

2  ***States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021);** ***United States v. Ho*, 984 F.3d 191, 209-10 (2d**

3  **Cir. 2020);** ***United States v. Blackwood*, 366 F. App'x 207, 212 (2d Cir. 2010);** *see* **Fed. R. Evid.**

4  **1006.**

5

6  Particular Investigative Techniques

7       You have heard reference to certain investigative techniques that were used or not used by the

8  Government in this case.  There is no legal requirement that the Government prove its case through any

9  particular means.  While you are to carefully consider the evidence adduced by the Government, you are

10  not to speculate as to why the Government used the techniques it did, or why it did not use other

11  techniques.

12  **Adapted from** ***United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

13

14  Persons Not on Trial

15       You may not draw any inference, favorable or unfavorable, toward the Government or the

16  defendant from the fact that any person was not named as a defendant in this case, and you may not

17  speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly

18  outside your concern and have no bearing on your function as jurors in deciding the case before you.

19  **Adapted from** ***United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

20

21  Searches and Seizures

22       You have heard testimony about evidence that was seized and about various searches, including

23  searches of electronic devices.  Evidence obtained from those searches was properly admitted in this

1    case and may be properly considered by you.  Indeed, such searches are entirely appropriate law

2    enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not

3    enter into your deliberations because I instruct you that the Government's use of the evidence is lawful.

4    You must, therefore, regardless of your personal opinions, give this evidence full consideration along

5    with all the other evidence in the case in determining whether the Government has proved the

6    defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

7    if any, to give to this evidence.

8    **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

9

10   The Defendant's Testimony

11          The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

12   no obligation to testify or to present any other evidence because, as I have told you, it is the

13   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

14   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

15   required to prove that he is innocent.

16          You may not attach any significance to the fact that the defendant did not testify.  No adverse

17   inference against the defendant may be drawn by you because the defendant did not take the witness

18   stand.  You may not consider this in any way in your deliberations in the jury room.

19   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

20

21                              II. SUBSTANTIVE CHARGES

22          That concludes my introductory instructions.  Let me now turn to the charges.

1    <u>The Indictment</u>

2        The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

3    case, the Indictment is a charge or accusation.  It is not evidence.

4        The Indictment contains two charges, or "counts," against Michael Avenatti.  Each count accuses

5    the defendant of committing a different crime.  You must, as a matter of law, consider each count,

6    you must return a separate verdict for each count in which the defendant is charged.  Except in one

7    respect that I will explain to you in a few minutes, your verdict on one count should not control your

8    decision as to any other count.

9        Count One charges the defendant with wire fraud.  Specifically, it charges that, from in or about

10   July 2018 through in or about 2019, the defendant devised a scheme to obtain payments owed to Ms.

11   Stephanie Clifford (to whom I will refer as Stormy Daniels) under Ms. Clifford's book contract by

12   falsely representing to Ms. Clifford's literary agent, in interstate communications and otherwise, that

13   Ms. Clifford had given authority for payments to be sent by wire to an account controlled by the

14   defendant, by converting these payments to his own use, and by false representing to Ms. Clifford, in

15   interstate communications and otherwise, that the payments had not been made.

16       Count Two charges the defendant with aggravated identity theft.  Specifically, it charges that,

17   from in or about August 2018 through in or about February 2019, the defendant, without lawful

18   authority, used Ms. Clifford's name and signature on a document during and in relation to the wire fraud

19   scheme charged in Count One.

20       I will explain each count in turn.  I remind you that you must consider each count separately and

21   return a separate verdict on each count.

22   **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); *United States v. Castillo*,**

23   **19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Cheng Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015);**

1    **_United States v. Balkany_, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); Sand, _Model Federal Jury_**

2    **_Instructions-Criminal_, Instrs. 39A.50, 44.01.**

3

4    <u>Count One: Elements</u>

5          In order to find the defendant guilty of Count One, the Government must prove the following

6    three elements beyond a reasonable doubt:

7          *First*, that there was a scheme or artifice to defraud or to obtain money or property by materially

8    false and fraudulent pretenses, representations or promises, as alleged in Count One of the Indictment;

9          *Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or

10    participated in the scheme or artifice; and

11          *Third*, that an interstate or international wire communication was used in furtherance of the

12    scheme or artifice.

13    **<u>Adapted from</u> _United States v. Lavidas_, 19 Cr. 716 (DLC) (S.D.N.Y. 2020); _United States v. Hoey_, 15**

14    **Cr. 229 (PAE) (S.D.N.Y. 2016); _United States v. Balkany_, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); Sand,**

15    **_Model Federal Jury Instructions-Criminal_, Instrs. 44-3; _see United States v. Calderon_, 944 F.3d 72,**

16    **85 (2d Cir. 2019); _United States v. Weaver_, 860 F.3d 90, 94 (2d. Cir. 2017).**

17

18          <u>Count One — First Element: Existence of Scheme or Artifice</u>

19          The first element that the Government must prove beyond a reasonable doubt for purpose of

20    Count One is that there was a scheme or artifice to defraud a victim of money or property by means of

21    false or fraudulent pretenses, representations, or promises.

1    A "scheme or artifice" is merely a plan to accomplish an object.  A "scheme or artifice to

2    defraud" is any plan, device, or course of action to obtain money or property by means of false or

3    fraudulent pretenses, representations, or promises.

4    A pretense, representation, or promise is false if it is untrue when made and was then known to

5    be untrue by the person making it.  A pretense, representation, or promise is fraudulent if it was falsely

6    made with the intent to deceive.

7    Deceitful statements of half truths, the concealment of material facts, and the expression of an

8    opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

9    The deception need not be premised upon spoken or written words alone.  The arrangement of the

10   words, or the circumstances in which they are used may convey the false and deceptive appearance.  If

11   there is deception, the manner in which it is accomplished is immaterial.

12   The false or fraudulent pretense, representation, or promise must relate to a material fact or

13   matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and

14   prudent person in relying upon the pretense, representation, or promise in making a decision.  This

15   means that if you find a particular statement of fact to have been false, you must also determine whether

16   that statement was one that a reasonable person would have considered important in making his

17   decision.  The Government is not required to prove that the scheme or artifice actually succeeded — that

18   is, that an intended victim relied upon any false statement or suffered any loss or that a defendant

19   realized any gain.

20   The failure to disclose information may also constitute a fraudulent representation if the

21   defendant was under a legal, professional, or contractual duty to make such a disclosure; the defendant

22   actually knew such disclosure was required to be made; and the defendant failed to make such disclosure

18

1    with the intent to defraud.  In a few moments, I will explain certain professional duties that the

2    defendant had as a licensed attorney.

3           In addition to proving that a statement was false or fraudulent and related to a material fact, in

4    order to establish a scheme to defraud, the Government must prove that the alleged scheme

5    contemplated wrongly depriving another of money or property.  The Government is not, however,

6    required to prove that the defendant personally originated the scheme to defraud.  Furthermore, it is not

7    necessary that the Government prove that the defendant actually realized any gain from the scheme or

8    that the intended victim actually suffered any loss.

9           It is enough that a false statement, or a statement omitting material facts that made what was said

10   deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be

11   relied on.  You must concentrate on whether there was such a scheme, not on the consequences of the

12   scheme.  Of course, proof concerning the accomplishment of the goals of the scheme may be the most

13   persuasive evidence of the existence of the scheme itself.

14          A scheme to defraud need not be shown by direct evidence, but may be established by all of the

15   circumstances and facts in the case.

16          If you find that the Government has sustained its burden of proof that a scheme to defraud, as

17   charged, did exist, you next should consider the second element.

18   **Adapted from *United States v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); *United States v. Hoey*,**

19   **15 Cr. 229 (PAE) (S.D.N.Y. 2016); Sand, *Model Federal Jury Instructions-Criminal*, Instrs. 44-4.**

20

1          <u>Count One — Second Element: Knowledge and Intent to Defraud</u>

2          The second element that the Government must establish beyond a reasonable doubt for purposes

3  of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully,

4  and with specific intent to defraud.

5          To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

6  means to associate oneself with it, with the intent to making it succeed.

7          As I have already instructed you, "knowingly" means to act voluntarily and deliberately, rather

8  than mistakenly or inadvertently.

9          "Willfully" means to act voluntarily and with a wrongful purpose.

10         "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the

11  purpose of causing some financial or property loss to another.  Thus, the defendant acted with "intent to

12  defraud," in the context of wire fraud, if he engaged or participated in the fraudulent scheme with

13  awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to

14  defraud and to help it succeed, and with a purpose of causing some financial or property loss to another.

15  That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some

16  actual harm or injury to a victim with respect to the victim's money or property.

17         As I instructed before, the Government need not prove that any intended victim was actually

18  harmed, only that such harm was intended by the defendant.  Actual financial harm includes depriving

19  someone of the real and immediate control over the use of assets.  Thus, even if the defendant believed

20  the money obtained by fraudulent means would one day be repaid and therefore believed that ultimately

21  no harm would come to the owner of the funds, his intention eventually to repay is no defense.

22         Because an essential element of wire fraud is the intent to defraud, it follows that good faith on

23  the part of a defendant is a complete defense to the charge of wire fraud.  That is, if the defendant in

1   good faith believed that he was entitled to the money or property that he deprived the victim of, even if

2   that belief was mistaken, then you must find him not guilty even if others were injured by the

3   defendant's conduct.  The defendant has no burden to establish good faith.  The burden is on the

4   Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

5          Under the wire fraud statute, false representations or statements, or omissions of material facts,

6   do not amount to a fraud unless done with fraudulent intent.  Thus, however misleading or deceptive a

7   plan may be, it is not fraudulent if it was devised or carried out in good faith.  Additionally, it is not

8   enough for the Government to prove that the defendant made false representations or statements or that

9   he omitted material facts; it must prove beyond a reasonable doubt that he did so with the intent to

10  deprive someone of money or property to which he knew he was not entitled.

11         Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare

12  case where it could be shown that a person wrote or stated that as of a given time in the past he

13  committed an act with fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts of

14  knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based

15  upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the

16  evidence and the rational or logical inferences that may be drawn from them.

17         To conclude on this element, if you find that the defendant was not a knowing or willful

18  participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant

19  not guilty.  On the other hand, if you find that the Government has established beyond a reasonable

20  doubt not only the first element, namely the existence of the scheme to defraud, but also this second

21  element, you next should consider the third and final element of wire fraud.

22  **Adapted from** *United States v. Lavidas*, 19 Cr. 716 (DLC) (S.D.N.Y. 2020); *United States v. Hoey*, 15

23  **Cr. 229 (PAE) (S.D.N.Y. 2016);** *United States v. Balkany*, **10 Cr. 441 (DLC) (S.D.N.Y. 2010);** *United*

1 ___*States v. Males*___, 459 F.3d 154, 159 (2d Cir. 2006); *United States v. Rossomando*, 144 F.3d 197, 203

2 (2d Cir. 1998); *United States v. Middendorf*, 18 Cr. 36 (JPO), 2019 WL 4254025, at &7 (S.D.N.Y.

3 Sept. 9, 2019); Sand, *Model Federal Jury Instructions-Criminal*, Instrs. 44-5.

4

5        Count One — Professional Duties

6        Before we turn to the third and final element of wire fraud, I want to explain certain

7 professional duties of lawyers that you may consider in connection with the first two elements of

8 Count One.

9        As you know, during most of the events relevant to this case, Mr. Avenatti served as Ms.

10 Clifford's lawyer.  During that time, the defendant was a member of the California Bar and therefore,

11 under California law, owed certain duties to Ms. Clifford as his client.  In considering the first two

12 elements element of Count One, you may consider whether the defendant breached any of these

13 professional obligations to Ms. Clifford.

14        You should keep in mind that proof that the defendant violated one or more of his professional

15 duties under California law does not, without more, mean that he committed wire fraud.

16 Nevertheless, such proof may be considered by you in determining whether the defendant engaged in

17 a scheme to defraud and whether he did so with knowledge and an intent to defraud.

18        Duty of Loyalty and Scope of Authority

19        Lawyers owe a duty of loyalty to their clients.  This means that, when acting on behalf of a

20 client, a lawyer must put his client's interests first.

21        The misappropriation of client funds has long been viewed as a particularly serious ethical

22 violation for a lawyer.  It breaches the high duty of loyalty owed to the client, violates basic notions of

23 honesty, and endangers public confidence in the legal profession.

22

1    Under California law, it is the client who defines the objectives of the representation and not the

2   lawyer.  A lawyer cannot act without the client's authorization, and a lawyer may not take over decision-

3   making for a client, unless the client has authorized the lawyer to do so.  A lawyer must abide by a

4   client's decisions concerning the objectives of the representation and shall reasonably consult with the

5   client as to the means by which the objectives are to be pursued.

6    Subject to requirements of client confidentiality, a lawyer may take such action on behalf of the

7   client as is impliedly authorized to carry out the representation.  The client has the ultimate authority to

8   determine the purposes to be served by the legal representation, however, within the limits imposed by

9   law and the lawyer's professional obligations.

10    A lawyer retained to represent a client is authorized to act independently on behalf of the client

11   in making routine or tactical decisions.  By contrast, a lawyer is not authorized merely by virtue of the

12   lawyer's retention to impair the client's substantial rights (such as the right to settle a case or to stipulate

13   to something that would eliminate a claim or defense) or impair the claim itself.

14   **Adapted from *United States v. Avenatti*, 19 Cr. 373 (PGG) (S.D.N.Y. 2020); Cal. R. Prof'l Conduct**

15   **1.2(a); *McKnight v. State Bar*, 53 Cal. 3d 1025, 1035 (1991) ("Misappropriation of client funds has**

16   **long been viewed as a particularly serious ethical violation. . . .  It breaches the high duty of loyalty**

17   **owed to the client, violates basic notions of honesty, and endangers public confidence in the legal**

18   **profession."); *Jarvis v. Jarvis*, 244 Cal. Rptr. 3d 722, 738 (Cal. Ct. App. 2019) (same); *Nehad v.***

19   ***Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) ("It is well settled that only the client has the authority**

20   **to define the objectives of the representation." (citing *Davis v. State Bar*, 33 Cal. 3d 231, 188**

21   **(1983)); *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396, 405 (1985) (describing scope of lawyer's**

22   **implied authority to act on client's behalf and scope of client's "substantial rights"); *Knabe v.***

1   ***Brister*, 154 Cal. App. 4th 1316, 1323 (Cal. App. Ct. 2007) (same); *Callahan v. PeopleConnect, Inc.*,**

2   **No. 20-CV-09203 (EMC), 2021 WL 1979161, at \*5 (N.D. Cal. May 18, 2021) (same).**

3   Duty of Reasonable Communication

4   Lawyers are required to keep clients reasonably informed of significant developments in

5   matters with regard to which the attorney has agreed to provide legal services, and to respond

6   promptly to reasonable status inquiries of clients.  A lawyer must also reasonably consult with the

7   client about the means by which the lawyer will try to achieve the client's goals and objectives; keep

8   the client reasonably informed about significant developments relating to the representation, including

9   promptly complying with reasonable requests for information and for copies of significant documents

10  when necessary to keep the client so informed; and explain a matter to a client to the extent

11  reasonably necessary to permit the client to make informed decisions during the representation.

12  "Reasonably" refers to the conduct of a reasonably prudent and competent lawyer.  A lawyer owes his

13  client a duty of full and frank disclosure of all relevant information relating to the subject matter of

14  the representation.

15  **Adapted from *United States v. Avenatti*, 19 Cr. 373 (PGG) (S.D.N.Y. 2020); Cal. Bus. & Prof.**

16  **Code § 6068(m); Cal. R. Prof'l Conduct 1.4 (describing lawyer's duty to communicate with**

17  **clients); id. 1.0.1(h) (defining "reasonably"); *Matter of Yagman*, No. 91-O-03890, 1997 WL**

18  **817721, at \*5 (Cal. Bar Ct. Dec. 31, 1997).**

19  Written Fee Agreements

20  Under California law, a lawyer is generally required to put fee agreements with clients in

21  writing.  In particular, whenever it is reasonably foreseeable that the total expense to a client,

22  including an attorney's fees, will exceed $1,000, the contract for the attorney's services must be in

1    writing and must contain the basis for the fees to be charged by the attorney, such as hourly rates, flat

2    fees, or other arrangements.

3          Additionally, all bills for services rendered by an attorney must include the amount of fees and

4    the method by which the fees are calculated, and must clearly identify costs and expenses incurred on

5    behalf of a client and the amount of the costs and expenses.

6    **Adapted from Cal. Bus. & Prof. Code § 6148(a) ("In any case not coming within [the section**

7    **governing contingency fees] in which it is reasonably foreseeable that total expense to a client,**

8    **including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in**

9    **the case shall be in writing."); *see also Fletcher v. Davis*, 33 Cal. 4th 61, 71 (2004) ("[A]ttorneys**

10    **are required, with limited exceptions, to put most fee agreements in writing and explain fully**

11    **the terms of the agreement." (citing Cal. Bus. & Prof. Code §§ 6147, 6148)); *Leighton v. Forster*,**

12    **8 Cal. App. 5th 467, 483-84 (Cal. Ct. App. 2017) (same); Cal. Bus. & Prof. Code § 6148(b)**

13    **(establishing requirements for "[a]ll bills rendered by an attorny to a client").**

14    <u>Money Received on Behalf of a Client</u>

15          Lawyers in California are also required to adhere to rules regarding the safekeeping of their

16    clients' funds.  When a lawyer receives any money on behalf of a client, the lawyer must deposit the

17    money into a bank account labeled as a client trust bank account and must promptly notify the client of

18    the receipt of the funds.  Furthermore, when a client asks for money that a lawyer holds for the client in

19    a trust account, the lawyer must promptly provide all undisputed funds that the client is entitled to

20    receive.  Similarly, when a client asks for information regarding how much money the lawyer is

21    holding for the client or what the lawyer has done with money held for the client, the lawyer must

22    promptly provide the information.

1    Lawyers may not deposit or otherwise commingle funds belonging to the lawyer or their law

2    firm in the client trust account.  If the lawyer becomes entitled to funds in the client trust account, the

3    lawyer must withdraw the funds at the earliest reasonable time.  If a client disputes the lawyer or law

4    firm's right to receive a portion of the funds in the client trust account, the disputed portion of the funds

5    may not be withdrawn until the dispute is resolved.

6    **Adapted from Cal. R. Prof'l Conduct 1.15.**

7

8    Count One — Attorney's Fees and Costs

9    In connection with the first two elements of Count One, let me also give you some brief

10   instructions with respect to lawyer's claims for attorney's fees and costs.

11   As I noted a moment ago, California law generally requires a written fee agreement or contract

12   between a lawyer and his or her client.  Under California law, a contract is an agreement to do (or not to

13   do) a certain thing.  A contract requires, among other things, mutual consent to the essential terms of the

14   agreement.  Where an essential term of a contract is reserved for future agreement of the parties — that

15   is, where an essential term of the contract states that the parties will agree as to the specifics of that term

16   in the future — there is no mutual consent as to that term and the contract is not enforceable; it is an

17   unenforceable "agreement to agree."  The cost of services is generally an essential term in a contract.

18   In certain circumstances, a lawyer may be able to recover the reasonable value of his or her legal

19   services rendered to a client even if the fee agreement is found to be invalid or unenforceable.  The

20   lawyer can do so by bringing a claim in court or, if the contract provides, in an arbitration proceeding.

21   An arbitration is a type of dispute resolution that happens outside of court.

22   An attorney's ethical obligations to a client, which I discussed with you a few moments ago, are

23   not changed if the attorney could file a claim of this sort or under a contract.  The fact that a lawyer

26

1    could bring such a claim does not permit an attorney to take a client's money without permission before

2    the resolution of any dispute over legal fees.  It also does not allow an attorney to take and spend any

3    client money, including money held in a client trust account, and an attorney may not take client money

4    from a client trust account unless the attorney's entitlement to that money is undisputed.

5          I want to remind you, however, that whether or not you find that the defendant was entitled,

6    under California law, to fees or costs in connection with his representation of Ms. Clifford, it is the

7    Government that bears the burden of proving all of the elements of wire fraud, including an intent to

8    defraud, beyond a reasonable doubt.  In other words, merely finding that the defendant was not entitled

9    to a fee under California law is not sufficient to meet the Government's burden on Count One.

10   **Adapted from Cal. Civ. Code §§ 1549, 1550;** *Weddington Prods., Inc. v. Flick*, **60 Cal. App. 4th 793,**

11   **797 (1998);** *Ablett v. Clauson*, **43 Cal. 2d 280, 284-85 (1954) ("[I]f an essential element is reserved**

12   **for the future agreement of both parties, the promise can give rise to no legal obligation until such**

13   **future agreement.");** *City of Los Angeles v. Superior Ct. of Los Angeles Cty.*, **51 Cal. 2d 423, 433**

14   **(1959);** *Cty. of Alameda v. Superior Ct.*, **No. A121590, 2009 WL 2993813, at \*5 (Cal. Ct. App. Sept.**

15   **21, 2009);** *Bustamante v. Intuit, Inc.*, **141 Cal. App. 4th 199, 213 (2006) ("[A]n**

16   **'agreement to agree,' . . . is unenforceable under California law."); Cal. Bus. & Prof. Code §**

17   **6148(a) (requiring that "[a]ny basis of compensation including, but not limited to, hourly rates,**

18   **statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case" must**

19   **be included in any written attorney fee agreement covered by Section 6148); Cal. Bus. & Prof.**

20   **Code § 6148(c);** *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*, **6 Cal. 5th 59, 88**

21   **(2018);** *Huskinson & Brown v. Wolf*, **32 Cal. 4th 453, 460, 84 P.3d 379, 383 (2004);** *Leighton v.*

1    *Forster*, 8 Cal. App. 5th 467, 490 (2017); *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 6-7(1992); Cal.

2    R. Prof'l Conduct 1.15.

3

4    <u>Count One — Third Element: Use of Wires</u>

5    The third and final element that the Government must establish beyond a reasonable doubt for

6    purposes of Count One is that interstate wires (for example, telephone calls, email communications,

7    WhatsApp messages, text messages, or bank wire transfers) were used in furtherance of the scheme to

8    defraud.  The wired communication need not itself be fraudulent.  Indeed, it may be completely innocent

9    as long as it was made in furtherance of the fraudulent scheme.

10    To be in furtherance of the scheme, the wire communication must be incident to an essential part

11    of the scheme to defraud and must have been caused, directly or indirectly, by the defendant.  The wire

12    communication requirement can be satisfied, however, even if the wire communication was done by the

13    person being defrauded or some other innocent party.  When a person does an act with knowledge that

14    the use of the wires will follow in the ordinary course or where such use can reasonably be foreseen by

15    that person, even though he does not actually intend such use, then he nonetheless causes the wires to be

16    used.  Thus, there is no requirement that the defendant specifically authorize others to make a

17    communication by wire.

18    The Government must prove beyond a reasonable doubt that the wire communication occurred

19    within the period of the scheme listed in Count One.  The Government must prove beyond a reasonable

20    doubt that the wire communication was interstate or international.  To do so, the Government may prove

21    that a wire communication whose origin and destination were within one state was routed through

22    another state, or that the wire communication passed between two or more states or between the United

1   States and a foreign country.  The Government is not required to prove that a defendant knew or could

2   foresee the interstate or international nature of the wire communication.

3   **Adapted from *United States v. Lavidas*, 19 Cr. 716 (DLC) (S.D.N.Y. 2020); *United States v. Balkany*,**

4   **10 Cr. 441 (DLC) (S.D.N.Y. 2010); *see United States v. Halloran*, 821 F.3d 321, 342 (2d Cir. 2016).**

5

6   Count Two: Elements

7     Let me turn, then, to Count Two, which charges the defendant with aggravated identity theft.

8     In order to find the defendant guilty of aggravated identity theft, the Government must prove the

9   following three elements beyond a reasonable doubt:

10     *First*, that the defendant knowingly used, transferred, or possessed a "means of identification" of

11   another person;

12     *Second*, that the defendant used the means of identification during and in relation to the offense

13   charged in Count One of this Indictment; and

14     *Third*, that the defendant acted without lawful authority.

15     Now let me elaborate on each of these three elements.

16   **Adapted from *United States v. Castillo*, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Cheng***

17   ***Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015); Sand, *Model Federal Jury Instructions-Criminal*, Instrs.**

18   **39A.51.**

19

20     Count Two — First Element: Use of Means of Identification

21     The first element that the Government must prove beyond a reasonable doubt is that the

22   defendant used, transferred, or possessed a means of identification of another person.

1    The terms "use," "transfer," and "possess," have their common sense meaning.  The Government

2    need only prove one of these.

3    The term "means of identification" means any name or number that may be used, alone or in

4    conjunction with any other information, to identify a specific individual, including any name, signature,

5    social security number, date of birth, official state or government issued driver's license or identification

6    number, alien registration number, government passport number, or employer or taxpayer identification

7    number.

8    In addition, the Government must prove both that the means of identification was that of an

9    actual person and that the defendant knew that the means of identification was that of an actual person.

10   To act knowingly means to act voluntarily and intentionally and not by mistake or accident.

11   **Adapted from _United States v. Castillo_, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); _United States v. Cheng_**

12   **_Le_, 15 Cr. 38 (AJN) (S.D.N.Y. 2015); Sand, _Model Federal Jury Instructions-Criminal_, Instrs.**

13   **39A.52.**

14

15   Count Two — Second Element: In Relation to a Predicate Offense

16   The second element the Government must prove beyond a reasonable doubt is that the defendant

17   used, transferred, or possessed, the means of identification of another person during and in relation to

18   the offense charged in Count One of the Indictment, namely, wire fraud.

19   A person uses, transfer, or possesses a means of identification "in relation to" a crime if the

20   means of identification had a purpose, role or effect with respect to the crime.

21   If you find the defendant not guilty on Count One, it means that the Government has not proved

22   this second element of Count Two and you must also find him not guilty on Count Two.  In other words,

23   if you find that the Government did not prove beyond a reasonable doubt that the defendant committed

1  wire fraud, as charged in Count One, you must also find him not guilty on Count Two.

2  **Adapted from _United States v. Castillo_, 19 Cr. 784 (GHW) (S.D.N.Y. 2021); _United States v. Cheng_**

3  **_Le_, 15 Cr. 38 (AJN) (S.D.N.Y. 2015); Sand, _Model Federal Jury Instructions-Criminal_, Instrs.**

4  **39A.53.**

5

6          Count Two — Third Element: Without Lawful Authority

7          The third element which the Government must prove beyond a reasonable doubt is that the

8  defendant acted without lawful authority.  The term "without lawful authority" prohibits the use of

9  another person's means of identification absent the right or permission to act on that person's behalf in a

10  way that is not contrary to law.

11          To prove this element, the Government need not prove that the means of identification were

12  stolen — although proof that means of identification were stolen would satisfy the "without lawful

13  authority" element.  "Without lawful authority" includes situations in which a defendant comes into

14  lawful possession of identifying information and had the lawful authority to use that information for a

15  lawful purpose, but then used the information for an unlawful purpose.

16  **Adapted from _United States v. Cheng Le_, 15 Cr. 38 (AJN) (S.D.N.Y. 2015); Sand, _Model Federal_**

17  **_Jury Instructions-Criminal_, Instrs. 39A.54.**

18

19  Willfully Causing a Crime

20          In addition to charging the defendant with wire fraud and aggravated identity theft, Counts One

21  and Two also charge that the defendant "willfully caused" another person to commit each of those

22  crimes.

1    Title 18, United States Code, Section 2 provides that: "Whoever willfully causes an act to be

2    done which, if directly performed by him, would be an offense against the United States, is punishable

3    as a principal."

4    What does the term "willfully caused" mean?  It does not mean that the defendant himself must

5    have physically committed the crime or supervised or participated in the actual criminal conduct charged

6    in the indictment.

7    The meaning of the term "willfully caused" can be found in the answers to the following

8    questions:

9    Did the defendant have the mental state necessary to commit the offenses in Counts One and

10   Two?

11   Did the defendant intentionally cause another person or persons to engage in the conduct

12   constituting the crime?

13   If you are persuaded beyond a reasonable doubt that the answer to both of these questions is

14   "yes," then the defendant is guilty of the crime charged just as if he himself had actually committed it.

15   To prove the defendant guilty in this way, the Government need not prove that he acted through

16   a guilty person.  Instead, the defendant can be found guilty even if he acted through someone who has

17   no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

18   **Adapted from *United States v. Hoey*, 15 Cr. 229 (PAE) (S.D.N.Y. 2016); *United States v. Lavidas*, 19**

19   **Cr. 716 (DLC) (S.D.N.Y. 2020); *United States v. Sampson*, 898 F.3d 287, 304 (2d. Cir 2018); *United***

20   ***States v. Ferguson*, 676 F.3d 260, 275-77 (2d Cir. 2011); Sand, *Modern Federal Jury Instructions-***

21   ***Criminal*, Instr. 11-3; *see United States v. Sampson*, 898 F.3d 287, 304 (2d. Cir 2018); *United States***

22   ***v. Ferguson*, 676 F.3d 260, 275-77 (2d Cir. 2011).**

23

1   Venue

2          In addition to all of the elements that I have described for you, in order to convict the defendant

3   of each count in the Indictment, you must also decide whether any act in furtherance of the count

4   occurred within the Southern District of New York.  I instruct you that the Southern District of New

5   York includes all of Manhattan (also known as New York County).

6          The Government need not prove that the entirety of the charged crime was committed in the

7   Southern District of New York or that the defendant was present here.  It is sufficient to satisfy the

8   venue requirement if any act in furtherance of the crime charged occurred within the Southern District of

9   New York, and it was reasonably foreseeable to the defendant that the act would take place in the

10  Southern District of New York.

11         In the case of Count One, the Government satisfies its burden on this issue if it proves that any of

12  the wire communications — such as a telephone call, email, or text message — you find to satisfy the

13  third element of the offense was transmitted from or to the Southern District of New York, so long as the

14  defendant reasonably anticipated that the communication would be transmitted from or to the Southern

15  District of New York.

16         If you find that the venue has been satisfied for Count One, then venue for Count Two is

17  automatically satisfied.  To be clear, for venue with respect to Count Two, it does not matter whether the

18  means of identification was transferred, possessed, or used in the Southern District of New York.  If you

19  find that venue in the Southern District of New York is proper for Count One, and you find that the

20  aggravated identity theft charged in Count Two was committed in furtherance of the wire fraud scheme

21  charged in Count One, then venue is satisfied for Count Two even if the means of identification was

22  transferred, possessed, or used outside of the Southern District of New York.

1    I should note that on this issue — and this issue alone — the Government need not prove venue

2    beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

3    has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

4    in furtherance of the crime charged in that count occurred in the Southern District of New York and that

5    it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

6    New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

7    the evidence with regard to any count, then you must acquit the defendant of that count.

8    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); *see United States v.***

9    ***Magassouba*, 619 F.3d 202, 204 (2d Cir. 2010).**

10

11   Motive

12   Proof of motive is not a necessary element of the crimes with which the defendant is charged.

13   Proof of motive does not establish guilt.  Nor does the lack of proof of motive establish that a defendant

14   is not guilty.

15   If the Government has proved the defendant's guilt beyond a reasonable doubt, it is immaterial

16   what the motive for the crime or crimes may be, or whether any motive has been shown at all.  The

17   presence or absence of motive is, however, a circumstance that you may consider as bearing on the

18   defendant's intent.

19   **Adapted from *United States v. Kaufman*, 13 Cr. 411 (JMF) (S.D.N.Y. 2013); Sand, *Modern Federal***

20   ***Jury Instructions-Criminal*, Instr. 6-18.**

21

1    Variance in Dates and Amounts

2        It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

3    different date or that the amount of money involved was different.  The law requires only a substantial

4    similarity between the dates alleged in the Indictment and the dates established by the evidence or the

5    amounts alleged in the Indictment and the amounts established by the evidence.

6    **Adapted from Sand,** ***Modern Federal Jury Instructions-Criminal,*** **Instr. 3-12 and 3-13;** ***United***

7    ***States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

8

9                                III. CONCLUDING INSTRUCTIONS

10    COVID-19 Protocols

11        In a few minutes, you are going to go into the jury room and begin your deliberations.  During

12    your deliberations, please continue to adhere to the safety protocols that we have used throughout the

13    trial, including social distancing and masking.  We have taken those precautions, on the advice of our

14    medical experts, to ensure that everyone remains safe and healthy during trials.  In addition, people have

15    different levels of anxiety and risk tolerance when it comes to COVID-19.  By adhering to the protocols,

16    you not only ensure that everyone remains safe and healthy, but also respect the fact that your fellow

17    jurors may or may not have the same level of comfort with the current situation that you have.

18    **Adapted from** ***United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

19

20    Selection of the Foreperson

21        After you retire to begin your deliberations, your first task will be to select a foreperson.  The

22    foreperson has no greater voice or authority than any other juror but is the person who will communicate

23    with me when questions arise and when you have reached a verdict and who will be asked in open court

1    to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should

2    include the date and time they were sent.  They should also be as clear and precise as possible.  Any

3    notes from the jury will become part of the record in this case.  So please be as clear and specific as you

4    can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until

5    after a unanimous verdict is reached.

6    **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

7

8    <u>Right to See Exhibits and Hear Testimony</u>

9         All of the exhibits will be given to you near the start of deliberations.  Most of it will be provided

10   to you on a laptop.  When you retire to deliberate, the Court staff with provide you with information on

11   how to use the laptop to display evidence in the jury room.

12        If you prefer to view any evidence here in the courtroom or if you want any of the testimony read

13   back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court

14   reporter must search through his or her notes, the parties must agree on what portions of testimony may

15   be called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming

16   process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if

17   you do.

18        Again, your requests for testimony — in fact, any communication with the Court — should be

19   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

20   Security Officers.

21   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

22

36

1    <u>Juror Note-Taking</u>

2           If any one of you took notes during the course of the trial, you should not show your notes to, or

3    discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

4    used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

5    greater weight than those of any other juror.  Finally, your notes are not to substitute for your

6    recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

7    the testimony, you may — as I just told you — request that the official trial transcript that has been

8    made of these proceedings be read back to you.

9    **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

10

11   <u>Bias or Sympathy as Juror</u>

12          All of us, no matter how hard we try, tend to look at others and weigh what they have to say

13   through the lens of our own experience and background.  We each have a tendency to stereotype others

14   and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

15   that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

16   all litigants and witnesses are entitled to a level playing field.

17          Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy.  You are to be

18   guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that

19   you must ask yourselves for each count is:  Has the Government proved each element beyond a

20   reasonable doubt?

21          It is for you and you alone to decide whether the Government has proved that the defendant is

22   guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

23   instructed you.

1    It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

2    there is a risk that you will not arrive at a true and just verdict.

3    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

4    you must render a verdict of acquittal on that particular count.  On the other hand, if you should find that

5    the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with

6    respect to a particular count, then you should not hesitate because of sympathy or any other reason to

7    render a verdict of guilty on that count.

8    I also caution you that, under your oath as jurors, you cannot allow to enter into your

9    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

10   convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

11   and the issue of punishment may not affect your deliberations as to whether the Government has proved

12   the defendant's guilt beyond a reasonable doubt.

13   **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); Judith Olans Brown et**

14   **al., _Some Thoughts About Social Perception & Employment Discrimination Law: A Modest Proposal_**

15   **_for Reopening the Judicial Dialogue_, 46 Emory L.J. 1487, 1531 (1997); _see also_ Anna Roberts,**

16   **_(Re)forming the Jury: Detection and Disinfection of Implicit Juror Bias_, 44 Conn. L. Rev. 827, 859-**

17   **60 & n.254 (2012).**

18

19   Duty to Deliberate

20   The most important part of this case, members of the jury, is the part that you as jurors are now

21   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

22   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

23   would well and truly try the issues joined in this case and a true verdict render.

1    As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

2  to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

3  the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

4  fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

5  hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

6  honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

7  outnumbered.

8    Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

9  you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

10  any time during your deliberations.

11  **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

12

13  Return of the Verdict

14    We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

15  attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

16  will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

17  foreperson has been selected.

18    You should draw no inference from the questions on the Verdict Form as to what your verdict

19  should be.  The questions are not to be taken as any indication that I have any opinion as to how they

20  should be answered.

21    After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

22  and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

23  Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

1    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

2    Verdict Form and hand it to me in open court when I ask for it.

3          I will stress again that each of you must be in agreement with the verdict that is announced in

4    court.  Once your verdict is announced by your foreperson in open court and officially recorded, it

5    cannot ordinarily be revoked.

6    **Adapted from _United States v. Ansah_, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

7

8    Closing Comments

9          Finally, I say this, not because I think it is necessary, but because it is the custom in this

10   courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

11         All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

12   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

13   to see that justice is done.

14         Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely

15   by the evidence presented during the trial and the law as I gave it to you, without regard to the

16   consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the

17   basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is

18   a risk that you will not arrive at a just verdict.  You must make a fair and impartial decision so that you

19   will arrive at the just verdict.

20         Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

21   spend a few moments with the parties and the court reporter at the side bar.  I will ask you to remain

22   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

23   the case to you.  Thank you.

1   **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021).**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                :

UNITED STATES OF AMERICA,        :

                                :         19 Cr. 374 (JMF)

       -v-                        :

                                :

MICHAEL AVENATTI,            :         <u>VERDICT FORM</u>

                                :

               Defendant.     :

                                :
---------------------------------------------------------------- X

***All Answers Must Be Unanimous***

<u>**Count One**</u> **– Wire Fraud**

       Guilty _____            Not Guilty _____

***REMINDER: If you find the defendant Not Guilty on Count One,
you must find him Not Guilty on Count Two as well.***

<u>**Count Two**</u> **– Aggravated Identity Theft**

       Guilty _____            Not Guilty _____

***Please Turn to the Next Page***

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


Date and Time:                _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.*