February 1, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   **United States v. Michael Avenatti**
         **19 Cr. 374 (JMF)**

Dear Judge Furman:

In advance of the charge conference and the jury being instructed tomorrow, I write to respectfully object to certain instructions as proposed by the Court. This submission is in addition to other objections to be lodged on the record during the charge conference.

**Objections to Instructions Relating to Defendant's Professional Duties**

Defendant objects to the proposed instructions beginning on page 22, line 5 through page 26, line 5 in their entirety. **These instructions misstate the law and essentially direct a verdict against the defendant.** These instructions relate to an attorney's professional duties and the California Rules of Professional Conduct. Whether defendant breached a duty of professional responsibility is not relevant to whether he devised a scheme to defraud or had intent to defraud. Further, although the Court states breach of duty is not proof of guilt, the Court never explains how the jury is supposed to apply these rules in considering the elements of wire fraud. Further, a number of the statements are not an accurate recitation of the law in California.

The California Rules of Professional Conduct and ethics rules and jury instructions about them, are not relevant in this case and should be excluded. The criminal action before the Court is not an attorney grievance proceeding where defendant is charged with violating his duties under the Rules of Professional Conduct or other ethical rules or standards. Whether defendant did or did not violate his ethical duties or ethical obligations to his clients is irrelevant as to whether he committed criminal acts under the federal criminal statutes. See People v. Stein, 94 Cal.App. 3d 235, 239 (1979)("trial court committed reversible error by instructing the jury on the California State Bar Rules of Professional Conduct").[1]  Moreover, allowing jury instructions

---

[1] In Stein, an attorney was found guilty of grand theft by means of embezzlement based upon shortages in his attorney-client trust account. During the trial, the trial court instructed jurors on the California State Rules of Professional Conduct. The Court of Appeal reversed the conviction and found that it was "improper to use the professional rules of conduct to show that a violation

concerning the Rules of Professional Conduct creates an unnecessary and prejudicial risk that the jury will convict defendant based in whole or in part on a finding that they believe he violated a Rule of Professional Conduct or a duty to his client.

Indeed, instructing the jury as the Court proposes creates a far different, lower standard for the jury to use to determine whether defendant violated the federal criminal statutes and will effectively direct a verdict against defendant for violating his ethical duties as opposed to violating any federal criminal statute. This is error. Defendant is entitled to have his conduct determined by the jury in this case under the exact same standards that would be used for any other non-attorney defendant. Interjecting the Rules of Professional Conduct and defendant's duties as a lawyer into the trial in this case, especially in the jury instructions, is fraught with problems and increases the likelihood of reversible error.

Further, the very first rule of the California Rules of Professional Conduct makes clear that "A violation of the rule does not itself give rise to a cause of action for damages caused by failure to comply with the rule. Nothing in these rules or the Comments to the rules is intended to enlarge or to restrict the law regarding the liability of lawyers to others." See Rule 1.0, titled "Purpose and Function of the Rules of Professional Conduct," at (b)(3). While this is generally applied in connection with prohibiting civil liability based on the rules in an attorney malpractice case, it is even more true as it relates to prohibiting criminal liability founded in whole <u>or in part</u> on violation of a rule. Thus, the alleged violation of any rule of professional conduct or professional standard by defendant is entirely irrelevant as to whether he is guilty of any of the charges as alleged by the government.

Accordingly, defendant hereby objects to any and all jury instructions in the Court's proposed instructions concerning the rules of professional conduct or any ethics standards as they are irrelevant to the charges in this case.

<u>In the event the Court overrules Mr. Avenatti's above objections</u>, defendant requests in the alternative that the Court provide initial jury instructions that include only <u>the exact language of the applicable Rules **then in effect**</u>. Several of the Court's proposed instructions relate to ethical duties and obligations owed from an attorney to a client that are inapplicable to this case, prejudicial and will likely confuse the jurors. See <u>United States v. Dove</u>, 916 F.2d 41, 45(2d Cir. 1990)(holding that it is the trial court's duty to give balanced jury instructions and failure to provide proper jury instructions may result in retrial); <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839 (9th Cir. 1999)("jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law and are not misleading."); <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1067 (9th Cir. 2000)(jury instructions may not be misleading or confusing, inadequately guide jury deliberations, or improperly intrude on the fact finding process). Defendant also respectfully requests that the following instruction be used:

---

of the rules, if any, would tend to prove that defendant possessed the specific intent required…" <u>Id.</u> at 239.

"You should keep in mind that proof that the defendant violated one or more of the duties he owned his legal client under California law does not mean that defendant is guilty of the charged offenses. Ultimately, you will be asked to determine whether the defendant violated the law – not whether he violated his ethical obligations."

### Objections to Instructions Relating to Attorney's Fees and Costs

Defendant objects to the instructions at page 26, line 8 through page 27, line 9 in their entirety. **These instructions misstate the law and essentially direct a verdict against the defendant.** The issue is whether defendant reasonably believed he was entitled such that he did not act in bad faith. The instructions as proposed are especially prejudicial because they do not include any statement of the law in California, which provides that in the event a fee agreement is deemed invalid, the attorney is entitled to reasonable compensation for his services.  See, e.g., California State Bar Act, published in the California codes at California Business and Professions Code §§ 6000 et seq; California Business and Professions Code §§ 6147-6148; Leighton v. Forster, 8 Cal. App. 5th 467, 490 (1st Dist. 2017); citing, Huskinson & Brown v. Wolf, 32 Cal. 4th 453, 460 (2004) (California Supreme Court determining that §§6147-6148 "both also specify that, where an agreement is voided, the attorney remains 'entitled to collect a reasonable fee.'"); Flannery v. Prentice, 26 Cal. 4th 572, 589 (2001) (California State Supreme Court stating: "[e]ven in circumstances where the Legislature has required a written fee agreement … it has provided that, while noncompliance renders the agreement voidable, the attorney nevertheless is 'entitled to collect a reasonable fee.'"); Batcheller v. Whittier, 12 Cal.App. 262, 266-267 (1909) (In absence of an agreement and when there is "no meeting of the minds of the parties" regarding the subject's compensation, the client "must be deemed to have promised to pay the reasonable value of the services performed…"); Mardirossian & Associates, Inc. v. Ersoff, 153 Cal. App. 4th (2d Dist. 2007).

Respectfully Submitted,

_____/s/_____

Michael J. Avenatti
Defendant

3