UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                       :

UNITED STATES OF AMERICA      :        19 Cr. 374 (JMF)

- v -                                    :        ORDER

MICHAEL AVENATTI,               :

                      Defendant.  :

------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

      Attached are edits to the Court's proposed jury instructions that were discussed during the jury charge conference held on the record earlier today. The Court provided copies to the parties at the outset of the jury charge conference.

      SO ORDERED.

Dated: February 1, 2022
       New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge

1   respect that I will explain to you in a few minutes, your verdict on one count should not control your

2   decision as to any other count.

3       Count One charges the defendant with wire fraud.  Specifically, it charges that, from in or about

4   July 2018 through in or about 2019, the defendant devised a scheme to obtain payments owed to Ms.

5   Stephanie Clifford (~~to whom I will refer~~also known as Stormy Daniels) under Ms. Clifford's book

6   contract by falsely representing to Ms. Clifford's literary agent, in interstate communications and

7   otherwise, that Ms. Clifford had given authority for payments to be sent by wire to an account controlled

8   by the defendant, by converting these payments to his own use, and by false representing to Ms.

9   Clifford, in interstate communications and otherwise, that the payments had not been made.

10      Count Two charges the defendant with aggravated identity theft.  Specifically, it charges that,

11  from in or about August 2018 through in or about February 2019, the defendant, without lawful

12  authority, used Ms. Clifford's name and signature on a document during and in relation to the wire fraud

13  scheme charged in Count One.

14      I will explain each count in turn.  I remind you that you must consider each count separately and

15  return a separate verdict on each count.

16  **Adapted from *United States v. Ansah*, 19 Cr. 752 (JMF) (S.D.N.Y. 2021); *United States v. Castillo*,**

17  **19 Cr. 784 (GHW) (S.D.N.Y. 2021); *United States v. Cheng Le*, 15 Cr. 38 (AJN) (S.D.N.Y. 2015);**

18  ***United States v. Balkany*, 10 Cr. 441 (DLC) (S.D.N.Y. 2010); Sand, *Model Federal Jury***

19  ***Instructions-Criminal*, Instrs. 39A.50, 44.01.**

20

21  Count One: Elements

22      In order to find the defendant guilty of Count One, the Government must prove the following

23  three elements beyond a reasonable doubt:

defraud," in the context of wire fraud, if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of causing some financial or property loss to another. That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property.

As I instructed before, the Government need not prove that any intended victim was actually harmed, only that such harm was intended by the defendant. Actual financial harm includes depriving someone of the real and immediate control over the use of assets. Thus, even if the defendant believed the money obtained by fraudulent means would one day be repaid and therefore believed that ultimately no harm would come to the owner of the funds, his intention eventually to repay is no defense.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. That is, if the defendant in good faith believed that he was entitled to the money or property that he deprived the victim of, even if that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct. The defendant has no burden to establish good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt. Thus, for example, if you conclude that the Government has failed to prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was entitled to take Ms. Cliffords's second and third book payments as compensation for his work as her attorney, then the Government has not met its burden on Count One and you must find the defendant not guilty.

Under the wire fraud statute, false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent. Thus, however misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. Additionally, it is not

1    Lawyers may not deposit or otherwise commingle funds belonging to the lawyer or their law

2    firm in the client trust account.  If the lawyer becomes entitled to funds in the client trust account, the

3    lawyer must withdraw the funds at the earliest reasonable time.  If a client disputes the lawyer or law

4    firm's right to receive a portion of the funds in the client trust account, the disputed portion of the funds

5    may not be withdrawn until the dispute is resolved.

6    **Adapted from Cal. R. Prof'l Conduct 1.15.**

7         *     *     *     *

8    Let me stress again: Proof that the defendant violated one or more of his professional duties

9    under California law does not, without more, mean that he is guilty of wire fraud.  That is, a lawyer can

10   violate his ethical duties under California law without having the intent required to commit a crime.  The

11   question you must decide with respect to the first two elements of Count One is whether the defendant

12   knowingly, willfully, and with the intent to defraud, devised or participated in a scheme or artifice to

13   defraud or to obtain money or property by materially false and fraudulent pretenses, representations or

14   promises as alleged in Count One of the Indictment — not whether he violated his ethical obligations.

15   **Adapted from *People v. Stein*, 94 Cal. App. 3d 235 (Cal. Ct. App. 1979).**

16

17   Count One — Attorney's Fees and Costs

18   In connection with the first two elements of Count One, let me also give you some brief

19   instructions with respect to lawyer's claims for attorney's fees and costs.

20   As I noted a moment ago, California law generally requires a written fee agreement or contract

21   between a lawyer and his or her client.  Under California law, a contract is an agreement to do (or not to

22   do) a certain thing.  A contract requires, among other things, mutual consent to the essential terms of the

23   agreement.  Where an essential term of a contract is reserved for future agreement of the parties — that

1   is, where an essential term of the contract states that the parties will agree as to the specifics of that term

2   in the future — there is no mutual consent as to that term and the contract is not enforceable; it is an

3   unenforceable "agreement to agree."  The cost of services is generally an essential term in a contract.

4          In certain circumstances, a lawyer may be able to recover the reasonable value of his or her legal

5   services rendered to a client even if the fee agreement is found to be invalid or unenforceable.  The

6   lawyer can do so by bringing a claim in court or, if the contract provides, in an arbitration proceeding.

7   An arbitration is a type of dispute resolution that happens outside of court.

8          <u>In determining what constitutes a "reasonable" fee, a court or arbitrator may consider the number

9   of hours reasonably expended on the litigation and the reasonable hourly rate, as well as the nature of

10  the work performed, its difficulty, the amount of work involved, the skill required in its handling, the

11  skill employed, the attention given, the success or failure of the attorney's efforts, and the attorney's

12  skill and learning, including his age and experience in the particular type of work demanded.  If the

13  court or arbitrator finds that an attorney engaged in a serious violation of his or her ethical duties to the

14  client, however, the court or arbitrator may reduce or even eliminate the attorney's ability to recover any

15  such fee.</u>

16         An attorney's ethical obligations to a client, which I discussed with you a few moments ago, are

17  not changed if the attorney could file a claim of this sort or under a contract.  The fact that a lawyer

18  could bring such a claim does not permit an attorney to take a client's money without permission before

19  the resolution of any dispute over legal fees.  It also does not allow an attorney to take and spend any

20  client money, including money held in a client trust account, and an attorney may not take client money

21  from a client trust account unless the attorney's entitlement to that money is undisputed.

22         I want to remind you, however, that whether or not you find that the defendant was entitled,

23  under California law, to fees or costs in connection with his representation of Ms. Clifford, it is the

1   Government that bears the burden of proving all of the elements of wire fraud, including an intent to

2   defraud, beyond a reasonable doubt.  In other words, merely finding that the defendant was not entitled

3   to a fee under California law is not sufficient to meet the Government's burden on Count One.

4   **Adapted from Cal. Civ. Code §§ 1549, 1550;** ***Weddington Prods., Inc. v. Flick*****, 60 Cal. App. 4th 793,**

5   **797 (1998);** ***Ablett v. Clauson*****, 43 Cal. 2d 280, 284-85 (1954) ("[I]f an essential element is reserved**

6   **for the future agreement of both parties, the promise can give rise to no legal obligation until such**

7   **future agreement.");** ***City of Los Angeles v. Superior Ct. of Los Angeles Cty.*****, 51 Cal. 2d 423, 433**

8   **(1959);** ***Cty. of Alameda v. Superior Ct.*****, No. A121590, 2009 WL 2993813, at \*5 (Cal. Ct. App. Sept.**

9   **21, 2009);** ***Bustamante v. Intuit, Inc.*****, 141 Cal. App. 4th 199, 213 (2006) ("[A]n**

10  **'agreement to agree,' . . . is unenforceable under California law."); Cal. Bus. & Prof. Code §**

11  **6148(a) (requiring that "[a]ny basis of compensation including, but not limited to, hourly rates,**

12  **statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case" must**

13  **be included in any written attorney fee agreement covered by Section 6148); Cal. Bus. & Prof.**

14  **Code § 6148(c);** ***Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.*****, 6 Cal. 5th 59, 88**

15  **(2018);** ***Huskinson & Brown v. Wolf*****, 32 Cal. 4th 453, 460, 84 P.3d 379, 383 (2004);** ***Leighton v.***

16  ***Forster*****, 8 Cal. App. 5th 467, 490 (2017);** ***Moncharsh v. Heily & Blase*****, 3 Cal. 4th 1, 6-7 (1992);**

17  ***Hance v. Super Store Indus.*****, 44 Cal. App. 5th 676, 689-90 (Cal. Ct. App. 2020);** ***Mardirossian &***

18  ***Assocs., Inc. v. Ersoff*****, 153 Cal. App. 4th 257, 272 (Cal. Ct. App. 2007);** Cal. **R. Prof'l Conduct 1.15.**

19

20       Count One — Third Element: Use of Wires

21       The third and final element that the Government must establish beyond a reasonable doubt for

22  purposes of Count One is that interstate wires (for example, telephone calls, email communications,

23  WhatsApp messages, text messages, or bank wire transfers) were used in furtherance of the scheme to