UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                          :
UNITED STATES OF AMERICA                  :          19-CR-374 (JMF)
                                          :
        - v -                             :          ORDER
                                          :
MICHAEL AVENATTI,                         :
                                          :
                        Defendant.        :
                                          :
-------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

        Attached is a revised draft of the Court's proposed jury instructions (without

annotations).  It includes changes made in response to the parties' suggestions and objections

during the charge conference held earlier today, as well as a change made in response to the

Government's letter at ECF No. 353, and a new instruction on the defense theory of the case.

        The Court declines to adopt Mr. Avenatti's (late-filed) proposed change to the

instructions on the duty of loyalty.  *See* ECF No. 355.  The Court's instruction is virtually

identical to the charge given by Judge Gardephe in *United States v. Avenatti*, 19-CR-373, is an

accurate statement of the law, *see, e.g.*, Cal. R. Prof'l Conduct 1.2; *Jarvis v. Jarvis*, 244 Cal.

Rptr. 3d 722, 738 (Cal. Ct. App. 2019), and embodies the primary substance of Mr. Avenatti's

proposed instruction.  By contrast, the authorities cited by Mr. Avenatti do not support his

proposed charge.  Section 21(3) of the *Restatement of the Law (Third), The Law Governing*

*Lawyers* comes closest.  But Mr. Avenatti cites no authority for the proposition that California

has adopted that provision.  Nor is Mr. Avenatti's proposed instruction even consistent with

Section 21(3), as it provides that a lawyer's authority to make choices reasonably calculated to

advance the client's objectives is subject to the lawyer's duty under Section 20 to keep his client

reasonably informed and to consult with the client.  *See, e.g.*, *United States v. Prawl*, 168 F.3d 622, 626 (2d Cir. 1999) (noting that denial of an instruction requested by a defendant will result in reversal only if, among other things, "the requested instruction was legally correct" and "the theory is not effectively presented elsewhere in the charge").

Any objections to the revisions made since the charge conference **shall be filed by 8:00 p.m. TONIGHT.**  (To be clear: The parties need not, and may not, renew any objections they previously made to the version of the jury instructions that was reviewed at the charge conference.  Nor may they make new objections to that version.  Any new objections shall be limited to the revisions made since the charge conference.)  Any objections shall reference the page and line number(s) at issue, specify language to be used instead (if appropriate), and cite supporting authority (if applicable).  **Absent an objection by 8 p.m. TONIGHT, this will be the final version of the jury instructions that the Court will use when instructing the jury.**

The Clerk of Court is directed to terminate ECF No. 352.

SO ORDERED.

Dated: February 1, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,                 :

                                               :              19 Cr. 374 (JMF)

  -v-                                         :

                                               :

MICHAEL AVENATTI,                        :

                                             :

                            Defendant.       :

                                               :

------------------------------------------------------------------X

**JURY CHARGE**

February 2, 2022

## Table of Contents

I. GENERAL INTRODUCTORY CHARGES ................................................................ 1

    Role of the Court and the Jury ....................................................................... 1
    The Parties ...................................................................................................... 2
    The Defendant's Self-Representation ............................................................. 2
    Conduct of Counsel and Mr. Avenatti ........................................................... 3
    Presumption of Innocence and Burden of Proof ........................................... 3
    Proof Beyond a Reasonable Doubt ................................................................ 4
    Direct and Circumstantial Evidence .............................................................. 4
    What Is and What Is Not Evidence ................................................................ 6
    Credibility of Witnesses ................................................................................ 8
    Law Enforcement and Government Witnesses .............................................. 9
    Preparation and Representation of Witnesses .............................................. 10
    Uncalled Witnesses ..................................................................................... 10
    Number of Witnesses and Uncontradicted Testimony ................................ 11
    Stipulations ................................................................................................. 11
    Limited Purpose Evidence .......................................................................... 12
    Charts and Summaries ................................................................................. 12
    Particular Investigative Techniques ............................................................ 12
    Persons Not on Trial .................................................................................... 13
    Searches and Seizures ................................................................................. 13
    The Defendant's Testimony ........................................................................ 13

II. SUBSTANTIVE CHARGES ............................................................................... 14

    The Indictment ............................................................................................ 14
    Count One: Elements ................................................................................... 15
        Count One — First Element: Existence of Scheme or Artifice ............. 15
        Count One — Second Element: Knowledge and Intent to Defraud ...... 17
        Count One — Professional Duties ........................................................ 19
        Count One — Attorney's Fees and Costs ............................................. 22
        Count One — Third Element: Use of Wires ......................................... 24
    Count Two: Elements .................................................................................. 25
        Count Two — First Element: Use of Means of Identification .............. 26
        Count Two — Second Element: In Relation to a Predicate Offense ..... 26
        Count Two — Third Element: Without Lawful Authority .................... 27
    Willfully Causing a Crime ........................................................................... 27
    Defense Theory of the Case ........................................................................ 28
    Venue ........................................................................................................... 29
    Motive ......................................................................................................... 30
    Variance in Dates and Amounts .................................................................. 30

III. CONCLUDING INSTRUCTIONS ................................................................................ 31

    COVID-19 Protocols .................................................................................................. 31
    Selection of the Foreperson ....................................................................................... 31
    Right to See Exhibits and Hear Testimony ............................................................... 32
    Juror Note-Taking ..................................................................................................... 32
    Bias or Sympathy as Juror ........................................................................................ 33
    Duty to Deliberate .................................................................................................... 34
    Return of the Verdict ................................................................................................ 34
    Closing Comments .................................................................................................... 35

1                     I. GENERAL INTRODUCTORY CHARGES

2         Members of the jury, you have now heard all of the evidence in the case.  It is my duty at this

3 point to instruct you as to the law.  My instructions to you will be in three parts.

4         First, I will give you general instructions — for example, about your role as the jury, what you

5 can and cannot consider in your deliberations, and the burden of proof.

6         Second, I will describe the law that you must apply to the facts as you find them to be established

7 by the evidence.

8         Finally, I will give you some instructions for your deliberations.

9         I am going to read my instructions to you.  It is not my favorite way to communicate — and not

10 the most scintillating thing to listen to — but there is a need for precision, and it is important that I get

11 the words just right, and so that is why I will be reading.

12         Because my instructions cover many points, I have given you a copy of my instructions to follow

13 along.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find

14 it easier to listen and understand while you are following along with me, please do so.  If you would

15 prefer, you can just listen and not follow along.  Either way, you may take your copy of the instructions

16 with you into the jury room so you can consult it if you want to re-read any portion of the charge to

17 facilitate your deliberations.

18         For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

19 not single out any instruction as alone stating the law; rather, you should consider my instructions as a

20 whole when you retire to deliberate in the jury room.

21

22 Role of the Court and the Jury

23         You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

1   and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

2   is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

3   If either party has stated a legal principle differently from any that I state to you in my instructions, it is

4   my instructions that you must follow.

5

6   <u>The Parties</u>

7        In reaching your verdict, you must remember that all parties stand equal before a jury in the

8   courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

9   name of the United States does not entitle the Government or its witnesses to any greater consideration

10   than that accorded to any other party.  By the same token, you must give it no less deference.  The

11   Government and the defendant, Michael Avenatti, stand on equal footing before you.

12        It would be improper for you to consider, in reaching your decision as to whether the

13   Government sustained its burden of proof, any personal feelings you may have about the defendant's

14   race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

15   innocence and the Government has the same burden of proof with respect to all persons.

16

17   <u>The Defendant's Self-Representation</u>

18        A criminal defendant has a constitutional right under the Sixth Amendment to the United States

19   Constitution to represent himself.  The defendant's decision to exercise that right and represent himself

20   has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

21   You are not to draw any inferences from the defendant's decision to exercise his right to represent

22   himself.

23

1   Conduct of Counsel and Mr. Avenatti

2         The personalities and the conduct during trial of both counsel and Mr. Avenatti are not in any

3   way at issue.  If you formed opinions of any kind about the personalities or conduct during trial of any

4   of the lawyers in the case or Mr. Avenatti, favorable or unfavorable, whether you approved or

5   disapproved of their behavior, those opinions should not enter into your deliberations.

6         In addition, remember that it is the duty of each side to object when the other side offers

7   testimony or other evidence that the objector believes is not properly admissible.  Therefore, you should

8   draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

9   you draw any inference related to the weight or importance of any testimony or evidence from the fact

10  that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

11  evidence to be introduced does not mean that I have decided on its importance or significance.  That is

12  for you to decide.

13

14  Presumption of Innocence and Burden of Proof

15        The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

16  guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

17  shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

18  case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

19        Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

20  presumption of innocence was in his favor when the trial began, continued in his favor throughout the

21  entire trial, remains with him even as I speak to you now, and persists in his favor during the course of

22  your deliberations in the jury room, unless and until the Government proves beyond a reasonable doubt

23  that he committed one of the charged crimes.

1    Proof Beyond a Reasonable Doubt

2        The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

3    doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

4    a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

5    arising out of the evidence in the case — or the lack of evidence.

6        Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

7    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

8    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

9    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

10       If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

11   that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

12   defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

13   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

14   reasonable doubt, and in that circumstance it is your duty to acquit.

15       On the other hand, if, after a fair and impartial consideration of all the evidence, you can

16   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

17   prudent person would be willing to act upon in important matters in the personal affairs of his or her

18   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

19

20   Direct and Circumstantial Evidence

21       There are two types of evidence that you may properly use in deciding whether the defendant is

22   guilty or not guilty of the crimes with which he is charged.

4

1     One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

2  when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

3  observed through the five senses.  The second type of evidence is circumstantial evidence.

4  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

5     There is a simple example of circumstantial evidence that is often used in this courthouse.

6  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

7  outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

8  further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

9  then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

10    Now, because you could not look outside the courtroom and you could not see whether it was

11  raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

12  asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

13    That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

14  and common sense from one established fact the existence or the nonexistence of some other fact.

15    The matter of drawing inferences from facts in evidence is not a matter of guesswork or

16  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

17  facts that have been proved.

18    Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

19  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

20  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

21  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

22  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

23  the case.

1    Inferences

2          During the trial you have heard the attorneys use the term "inference," and in their arguments

3    they have asked you to infer, on the basis of your reason, experience, and common sense, from one or

4    more established facts, the existence of some other fact.

5          An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a

6    disputed fact exists on the basis of another fact that you know exists.

7          There are times when different inferences may be drawn from facts, whether proved by direct or

8    circumstantial evidence.  The Government asks you to draw one set of inferences, while the defendant

9    asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

10         The process of drawing inferences from facts in evidence is not a matter of guesswork or

11   speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not

12   required to draw-from the facts that have been established by either direct or circumstantial evidence.  In

13   drawing inferences, you should exercise your common sense.

14         So, while you are considering the evidence presented to you, you are permitted to draw, from the

15   facts that you find to be proven, such reasonable inferences as would be justified in light of your

16   experience.

17         Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the

18   logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the

19   defendant beyond a reasonable doubt before you may convict.

20

21   What Is and What Is Not Evidence

22         What, then, is the evidence in the case?

6

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence, and you are

3    to be guided solely by the evidence in this case.  For example, the questions posed to a witness are not

4    evidence: It is the witnesses' answers that are evidence, not the questions.

5    In addition, exhibits marked for identification but not admitted by me are not evidence; nor are

6    materials brought forth only to refresh a witness's recollection.  Moreover, testimony that has been

7    stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

8    Along these lines, we have, among the exhibits received in evidence, some documents that are

9    redacted.  "Redacted" means that part of the document was taken or blacked out.  You are to concern

10    yourself only with the part of the document that has been admitted into evidence.  You should not

11    consider any possible reason why the other part of it has been deleted or blacked out.

12    Arguments by the advocates are also not evidence.  What you heard during the opening

13    statements and summations is merely intended to help you understand the evidence and reach your

14    verdict.  If your recollection of the facts differs from the parties' statements, you should rely on your

15    recollection.  If a party made a statement during his or her opening or summation and you find that there

16    is no evidence to support the statement, you should disregard the statement.

17    In that regard, let me remind you: Because the defendant decided to act as his own lawyer, you

18    heard him speak at various times during the trial, including in closing argument.  I want to remind you

19    that when the defendant spoke during those parts of the trial, he was acting as a lawyer in the case, not

20    as a witness, and thus his words are not evidence.  The *only* evidence in this case is the testimony of

21    witnesses under oath and exhibits admitted into evidence.

22    Finally, any statements that I may have made during the trial or during these instructions do not

23    constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

1  to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

2  questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

3  evidence and to bring out something that I thought might be unclear.  You should draw no inference or

4  conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

5  reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

6  these instructions are no indication of my views of what your decision should be.  Nor should you infer

7  that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

8  you should decide any issue that is before you.  That is entirely your role.

9

10  Credibility of Witnesses

11         How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

12  your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

13  same tests here that you use in your everyday life when evaluating statements made by others to you.

14  You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

15  was the witness to the questions asked on direct examination and on cross-examination?

16         If you find that a witness intentionally told a falsehood, that is always a matter of importance you

17  should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

18  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

19  determine whether such inconsistencies are significant or inconsequential, and whether to accept or

20  reject all of the testimony of any witness, or to accept or reject only portions.

21         You are not required to accept testimony even though the testimony is uncontradicted and the

22  witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

1   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

2   conclude that the testimony is not worthy of belief.

3        In evaluating the credibility of the witnesses, you should take into account any evidence that a

4   witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

5   a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

6   interests.  Therefore, if you find that any witness whose testimony you are considering may have an

7   interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

8   of his of her testimony, and decide whether to accept it with great care.

9        Keep in mind, though, that it does not automatically follow that testimony given by an interested

10  witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

11  the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

12  common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

13

14  <u>Law Enforcement and Government Witnesses</u>

15       You have heard testimony from law enforcement or other government witnesses.  The fact that a

16  witness may be employed as a law enforcement official or government employee does not mean that his

17  or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

18  that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

19  testimony of any law enforcement witness or government witnesses, as it is with every other type of

20  witness, and to give to that testimony the weight you find it deserves.

21

1    <u>Preparation and Representation of Witnesses</u>

2          You have heard evidence during the trial that witnesses have discussed the facts of the case and

3    their testimony with the lawyers before the witnesses appeared in court.  You have also heard evidence

4    that some of the witnesses have lawyers of their own.  Although you may consider these facts when you

5    are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying

6    so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects,

7    and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it

8    would be unusual for a lawyer to call a witness without such consultation.  Additionally, as I told you

9    during trial, it is not unusual for a witness in a criminal investigation to have a lawyer of his or her own

10   and for that lawyer to be with the witness for a pretrial interview.  As always, the weight you give to the

11   fact or the nature of these issues and what inferences you draw from them are matters completely within

12   your discretion.

13

14   <u>Uncalled Witnesses</u>

15         There are people whose names you have heard during the course of the trial but who did not

16   appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

17   call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

18   to what they would have testified to had they been called.  Their absence should not affect your

19   judgment in any way.

20         You should, however, remember my instruction that the law does not impose on a defendant in a

21   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

22   remains at all times with the Government.

23

1    <u>Number of Witnesses and Uncontradicted Testimony</u>

2         The fact that one party called more witnesses or introduced more evidence does not mean that

3    you should necessarily find the facts in favor of the side offering the most witnesses and the most

4    evidence.  By the same token, you do not have to accept the testimony of any witness who has not been

5    contradicted or impeached, if you find the witness to be not credible.  You must decide which witnesses

6    to believe and determine which facts are true.  To do this, you must look at all the evidence or lack of

7    evidence, drawing upon your own common sense and personal experience.  After examining all the

8    evidence, you may decide that the party calling the most witnesses has not persuaded you because you

9    do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

10        Again, you should also keep in mind that the burden of proof is always on the Government.  The

11   defendant is not required to call any witnesses or offer any evidence, since he is presumed to be

12   innocent.  On the other hand, the Government is not required to prove each element of the offense by

13   any particular number of witnesses.  The testimony of a single witness may be enough to convince you

14   beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that

15   the witness has truthfully and accurately related what he or she has told you.  The testimony of a single

16   witness may also be enough to convince you that reasonable doubt exists, in which case you must find

17   the defendant not guilty.

18

19   <u>Stipulations</u>

20        Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement

21   between parties as to what certain facts were or what the testimony would be if certain people testified

22   before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

23   should consider the weight to be given such evidence just as you would any other evidence.

11

1    Limited Purpose Evidence

2          If certain testimony or evidence was received for a limited purpose, you must follow the limiting

3    instructions I have given.

4

5    Charts and Summaries

6          The Government has presented exhibits in the form of charts and summaries.  As you'll recall,

7    some of the charts and summaries were not admitted into evidence, but were shown to you as "aids" —

8    to make the other evidence more meaningful and to help you in considering the evidence.  Others were

9    admitted into evidence as exhibits.  I admitted these charts and summaries in place of, or in addition to,

10   the underlying documents that they represent in order to save time and avoid unnecessary

11   inconvenience.  They are no better than the testimony or the documents upon which they are

12   based.  Therefore, you are to give no greater consideration to these charts or summaries than you would

13   give to the evidence upon which they are based.  It is for you to decide whether they correctly present

14   the information contained in the testimony and in the exhibits on which they were based.

15

16   Particular Investigative Techniques

17         You have heard reference to certain investigative techniques that were used or not used by the

18   Government in this case.  There is no legal requirement that the Government prove its case through any

19   particular means.  While you are to carefully consider the evidence adduced by the Government, you are

20   not to speculate as to why the Government used the techniques it did, or why it did not use other

21   techniques.

22

12

1    Persons Not on Trial

2        You may not draw any inference, favorable or unfavorable, toward the Government or the

3    defendant from the fact that any person was not named as a defendant in this case, and you may not

4    speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly

5    outside your concern and have no bearing on your function as jurors in deciding the case before you.

6

7    Searches and Seizures

8        You have heard testimony about evidence that was seized and about various searches, including

9    searches of electronic devices.  Evidence obtained from those searches was properly admitted in this

10   case and may be properly considered by you.  Indeed, such searches are entirely appropriate law

11   enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not

12   enter into your deliberations because I instruct you that the Government's use of the evidence is lawful.

13   You must, therefore, regardless of your personal opinions, give this evidence full consideration along

14   with all the other evidence in the case in determining whether the Government has proved the

15   defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight,

16   if any, to give to this evidence.

17

18   The Defendant's Testimony

19       The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

20   no obligation to testify or to present any other evidence because, as I have told you, it is the

21   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

22   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

23   required to prove that he is innocent.

13

1       You may not attach any significance to the fact that the defendant did not testify.  No adverse

2  inference against the defendant may be drawn by you because the defendant did not take the witness

3  stand.  You may not consider this in any way in your deliberations in the jury room.

4

5                              II. SUBSTANTIVE CHARGES

6     That concludes my introductory instructions.  Let me now turn to the charges.

7  The Indictment

8       The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

9  case, the Indictment is a charge or accusation.  It is not evidence.

10       The Indictment contains two charges, or "counts," against Michael Avenatti.  Each count accuses

11  the defendant of committing a different crime.  You must, as a matter of law, consider each count, and

12  you must return a separate verdict for each count in which the defendant is charged.  Except in one

13  respect that I will explain to you in a few minutes, your verdict on one count should not control your

14  decision as to any other count.

15       Count One charges the defendant with wire fraud.  Specifically, it charges that, from in or about

16  July 2018 through in or about 2019, the defendant devised a scheme to obtain payments owed to Ms.

17  Stephanie Clifford (also known as Stormy Daniels) under Ms. Clifford's book contract by falsely

18  representing to Ms. Clifford's literary agent, in interstate communications and otherwise, that Ms.

19  Clifford had given authority for payments to be sent by wire to an account controlled by the defendant,

20  by converting these payments to his own use, and by false representing to Ms. Clifford, in interstate

21  communications and otherwise, that the payments had not been made.

22       Count Two charges the defendant with aggravated identity theft.  Specifically, it charges that,

23  from in or about August 2018 through in or about February 2019, the defendant, without lawful

14

1    authority, used Ms. Clifford's name and signature on a document during and in relation to the wire fraud

2    scheme charged in Count One.

3         I will explain each count in turn.  I remind you that you must consider each count separately and

4    return a separate verdict on each count.

5

6    Count One: Elements

7         In order to find the defendant guilty of Count One, the Government must prove the following

8    three elements beyond a reasonable doubt:

9         *First*, that there was a scheme or artifice to defraud or to obtain money or property by materially

10   false and fraudulent pretenses, representations or promises, as alleged in Count One of the Indictment;

11        *Second*, that the defendant knowingly, willfully, and with the intent to defraud, devised or

12   participated in the scheme or artifice; and

13        *Third*, that an interstate or international wire communication was used in furtherance of the

14   scheme or artifice.

15

16        Count One — First Element: Existence of Scheme or Artifice

17        The first element that the Government must prove beyond a reasonable doubt for purpose of

18   Count One is that there was a scheme or artifice to defraud a victim of money or property by means of

19   false or fraudulent pretenses, representations, or promises.

20        A "scheme or artifice" is merely a plan to accomplish an object.  A "scheme or artifice to

21   defraud" is any plan, device, or course of action to obtain money or property by means of false or

22   fraudulent pretenses, representations, or promises.

15

1       A pretense, representation, or promise is false if it is untrue when made and was then known to

2   be untrue by the person making it.  A pretense, representation, or promise is fraudulent if it was falsely

3   made with the intent to deceive.

4       Deceitful statements of half truths, the concealment of material facts, and the expression of an

5   opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

6   The deception need not be premised upon spoken or written words alone.  The arrangement of the

7   words, or the circumstances in which they are used may convey the false and deceptive appearance.  If

8   there is deception, the manner in which it is accomplished is immaterial.

9       The false or fraudulent pretense, representation, or promise must relate to a material fact or

10  matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and

11  prudent person in relying upon the pretense, representation, or promise in making a decision.  This

12  means that if you find a particular statement of fact to have been false, you must also determine whether

13  that statement was one that a reasonable person would have considered important in making his

14  decision.  The Government is not required to prove that the scheme or artifice actually succeeded — that

15  is, that an intended victim relied upon any false statement or suffered any loss or that a defendant

16  realized any gain.

17      The failure to disclose information may also constitute a fraudulent representation if the

18  defendant was under a legal, professional, or contractual duty to make such a disclosure; the defendant

19  actually knew such disclosure was required to be made; and the defendant failed to make such disclosure

20  with the intent to defraud.  In a few moments, I will explain certain professional duties that the

21  defendant had as a licensed attorney.

22      In addition to proving that a statement was false or fraudulent and related to a material fact, in

23  order to establish a scheme to defraud, the Government must prove that the alleged scheme

16

1    contemplated wrongly depriving another of money or property.  The Government is not, however,

2    required to prove that the defendant personally originated the scheme to defraud.  Furthermore, it is not

3    necessary that the Government prove that the defendant actually realized any gain from the scheme or

4    that the intended victim actually suffered any loss.

5           It is enough that a false statement, or a statement omitting material facts that made what was said

6    deliberately misleading, was made as part of a fraudulent scheme in the expectation that it would be

7    relied on.  You must concentrate on whether there was such a scheme, not on the consequences of the

8    scheme.  Of course, proof concerning the accomplishment of the goals of the scheme may be the most

9    persuasive evidence of the existence of the scheme itself.

10          A scheme to defraud need not be shown by direct evidence, but may be established by all of the

11   circumstances and facts in the case.

12          If you find that the Government has sustained its burden of proof that a scheme to defraud, as

13   charged, did exist, you next should consider the second element.

14

15          Count One — Second Element: Knowledge and Intent to Defraud

16          The second element that the Government must establish beyond a reasonable doubt for purposes

17   of Count One is that the defendant devised or participated in the fraudulent scheme knowingly, willfully,

18   and with specific intent to defraud.

19          To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud

20   means to associate oneself with it, with the intent to making it succeed.

21          As I have already instructed you, "knowingly" means to act voluntarily and deliberately, rather

22   than mistakenly or inadvertently.

23          "Willfully" means to act voluntarily and with a wrongful purpose.

17

1    "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the

2    purpose of causing some financial or property loss to another.  Thus, the defendant acted with "intent to

3    defraud," in the context of wire fraud, if he engaged or participated in the fraudulent scheme with

4    awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to

5    defraud and to help it succeed, and with a purpose of causing some financial or property loss to another.

6    That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some

7    actual harm or injury to a victim with respect to the victim's money or property.

8        As I instructed before, the Government need not prove that any intended victim was actually

9    harmed, only that such harm was intended by the defendant.  Actual financial harm includes depriving

10   someone of the real and immediate control over the use of assets.  Thus, even if the defendant believed

11   the money obtained by fraudulent means would one day be repaid and therefore believed that ultimately

12   no harm would come to the owner of the funds, his intention eventually to repay is no defense.

13       Because an essential element of wire fraud is the intent to defraud, it follows that good faith on

14   the part of a defendant is a complete defense to the charge of wire fraud.  That is, if the defendant in

15   good faith believed that he was entitled to take the money or property from the victim, even if that belief

16   was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct.

17   The defendant has no burden to establish good faith.  The burden is on the Government to prove

18   fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

19       Under the wire fraud statute, false representations or statements, or omissions of material facts,

20   do not amount to a fraud unless done with fraudulent intent.  Thus, however misleading or deceptive a

21   plan may be, it is not fraudulent if it was devised or carried out in good faith.  Additionally, it is not

22   enough for the Government to prove that the defendant made false representations or statements or that

18

1    he omitted material facts; it must prove beyond a reasonable doubt that he did so with the intent to

2    deprive someone of money or property to which he knew he was not entitled.

3        Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare

4    case where it could be shown that a person wrote or stated that as of a given time in the past he

5    committed an act with fraudulent intent.  Such direct proof is not required.  Instead, the ultimate facts

6    knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based

7    upon a person's words, his conduct, his acts, and all the surrounding circumstances disclosed by the

8    evidence and the rational or logical inferences that may be drawn from them.

9        To conclude on this element, if you find that the defendant was not a knowing or willful

10    participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant

11    not guilty.  On the other hand, if you find that the Government has established beyond a reasonable

12    doubt not only the first element, namely the existence of the scheme to defraud, but also this second

13    element, you next should consider the third and final element of wire fraud.

14

15       <u>Count One — Professional Duties</u>

16        Before we turn to the third and final element of wire fraud, I want to explain certain

17    professional duties of lawyers that you may consider in connection with the first two elements of

18    Count One.

19        As you know, during most of the events relevant to this case, Mr. Avenatti served as Ms.

20    Clifford's lawyer.  During that time, the defendant was a member of the California Bar and therefore,

21    under California law, owed certain duties to Ms. Clifford as his client.  In considering the first two

22    elements element of Count One, you may consider whether the defendant breached any of these

23    professional obligations to Ms. Clifford.

1        You should keep in mind that proof that the defendant violated one or more of his professional

2    duties under California law does not, without more, mean that he committed wire fraud.

3    Nevertheless, such proof may be considered by you in determining whether the defendant engaged in

4    a scheme to defraud and whether he did so with knowledge and an intent to defraud.

5        Duty of Loyalty and Scope of Authority

6        Lawyers owe a duty of loyalty to their clients.  This means that, when acting on behalf of a

7    client, a lawyer must put his client's interests first.  The misappropriation of client funds is a

8    particularly serious violation of a lawyer's ethical duty of loyalty.

9        Under California law, it is the client who defines the objectives of the representation and not the

10   lawyer.  A lawyer cannot act without the client's authorization, and a lawyer may not take over decision-

11   making for a client, unless the client has authorized the lawyer to do so.  A lawyer must abide by a

12   client's decisions concerning the objectives of the representation and shall reasonably consult with the

13   client as to the means by which the objectives are to be pursued.

14       Subject to requirements of client confidentiality, a lawyer may take such action on behalf of the

15   client as is impliedly authorized to carry out the representation.  The client has the ultimate authority to

16   determine the purposes to be served by the legal representation, however, within the limits imposed by

17   law and the lawyer's professional obligations.

18       A lawyer retained to represent a client is authorized to act independently on behalf of the client

19   in making routine or tactical decisions.  By contrast, a lawyer is not authorized merely by virtue of the

20   lawyer's retention to impair the client's substantial rights (such as the right to settle a case or to stipulate

21   to something that would eliminate a claim or defense) or impair the claim itself.

1          Duty of Reasonable Communication

2          Lawyers are required to keep clients reasonably informed of significant developments in

3     matters with regard to which the attorney has agreed to provide legal services, and to respond

4     promptly to reasonable status inquiries of clients.  A lawyer must also reasonably consult with the

5     client about the means by which the lawyer will try to achieve the client's goals and objectives; keep

6     the client reasonably informed about significant developments relating to the representation, including

7     promptly complying with reasonable requests for information and for copies of significant documents

8     when necessary to keep the client so informed; and explain a matter to a client to the extent

9     reasonably necessary to permit the client to make informed decisions during the representation.

10    "Reasonably" refers to the conduct of a reasonably prudent and competent lawyer.

11         Written Fee Agreements

12         Under California law, a lawyer is generally required to put fee agreements with clients in

13    writing.  In particular, whenever it is reasonably foreseeable that the total expense to a client,

14    including an attorney's fees, will exceed $1,000, the contract for the attorney's services must be in

15    writing and must contain the basis for the fees to be charged by the attorney, such as hourly rates, flat

16    fees, or other arrangements.

17         Additionally, all bills for services rendered by an attorney must include the amount of fees and

18    the method by which the fees are calculated, and must clearly identify costs and expenses incurred on

19    behalf of a client and the amount of the costs and expenses.

20         Money Received on Behalf of a Client

21         Lawyers in California are also required to adhere to rules regarding the safekeeping of their

22    clients' funds.  When a lawyer receives any money on behalf of a client, the lawyer must deposit the

23    money into a bank account labeled as a client trust bank account and must promptly notify the client of

21

1   the receipt of the funds.  Furthermore, when a client asks for money that a lawyer holds for the client in

2   a trust account, the lawyer must promptly provide all undisputed funds that the client is entitled to

3   receive.  Similarly, when a client asks for information regarding how much money the lawyer is

4   holding for the client or what the lawyer has done with money held for the client, the lawyer must

5   promptly provide the information.

6        Lawyers may not deposit or otherwise commingle funds belonging to the lawyer or their law

7   firm in the client trust account.  If the lawyer becomes entitled to funds in the client trust account, the

8   lawyer must withdraw the funds at the earliest reasonable time.  If a client disputes the lawyer or law

9   firm's right to receive a portion of the funds in the client trust account, the disputed portion of the funds

10  may not be withdrawn until the dispute is resolved.

11              *                    *                    *                    *

12       Let me stress again: Proof that the defendant violated one or more of his professional duties

13  under California law does not, without more, mean that he is guilty of any crime.  That is, a lawyer can

14  violate his ethical duties under California law without having the intent required to commit a crime.  The

15  question you must decide with respect to the first two elements of Count One is whether the defendant

16  knowingly, willfully, and with the intent to defraud, devised or participated in a scheme or artifice to

17  defraud or to obtain money or property by materially false and fraudulent pretenses, representations or

18  promises as alleged in Count One of the Indictment — not whether he violated his ethical obligations.

19

20       Count One — Attorney's Fees and Costs

21       In connection with the first two elements of Count One, let me also give you some brief

22  instructions with respect to lawyer's claims for attorney's fees and costs.

22

1            As I noted a moment ago, California law generally requires a written fee agreement or contract

2     between a lawyer and his or her client.  Under California law, a contract is an agreement to do (or not to

3     do) a certain thing.  A contract requires, among other things, mutual consent to the essential terms of the

4     agreement.  Where an essential term of a contract is reserved for future agreement of the parties — that

5     is, where an essential term of the contract states that the parties will agree as to the specifics of that term

6     in the future — there is no mutual consent as to that term and the contract is not enforceable; it is an

7     unenforceable "agreement to agree."  The cost of services is generally an essential term in a contract.

8            In certain circumstances, a lawyer may be able to recover the reasonable value of his or her legal

9     services rendered to a client in the absence of a fee agreement or if a fee agreement is found to be

10    invalid or unenforceable.  The lawyer can do so by bringing a claim in court or, if the contract provides,

11    in an arbitration proceeding.  An arbitration is a type of dispute resolution that happens outside of court.

12           In determining what constitutes a "reasonable" fee, a court or arbitrator may consider the number

13    of hours reasonably expended on the litigation and the reasonable hourly rate, as well as the nature of

14    the work performed, its difficulty, the amount of work involved, the skill required in its handling, the

15    skill employed, the attention given, the success or failure of the attorney's efforts, and the attorney's

16    skill and learning, including his age and experience in the particular type of work demanded.  If the

17    court or arbitrator finds that an attorney engaged in a serious violation of his or her ethical duties to the

18    client, however, the court or arbitrator may reduce or even eliminate the attorney's ability to recover any

19    such fee.  Of course, your task here is not to decide what, if any, fees might have been reasonable for

20    any work the defendant did on behalf of Ms. Clifford.  I merely provide these instructions to help you

21    understand how a lawyer's fee might be determined if the lawyer were to bring a claim for fees in court

22    or arbitration.

1    An attorney's ethical obligations to a client, which I discussed with you a few moments ago, are

2    not changed if the attorney could file a claim of this sort or under a contract.  The fact that a lawyer

3    could bring such a claim does not permit an attorney to take a client's money without permission before

4    the resolution of any dispute over legal fees.  It also does not allow an attorney to take and spend any

5    client money, including money held in a client trust account, and an attorney may not take client money

6    from a client trust account unless the attorney's entitlement to that money is undisputed.

7    I want to remind you, however, that whether or not you find that the defendant was entitled,

8    under California law, to fees or costs in connection with his representation of Ms. Clifford, it is the

9    Government that bears the burden of proving all of the elements of wire fraud, including an intent to

10    defraud, beyond a reasonable doubt.  In other words, merely finding that the defendant was not entitled

11    to a fee under California law is not sufficient to meet the Government's burden on Count One.

12

13    Count One — Third Element: Use of Wires

14    The third and final element that the Government must establish beyond a reasonable doubt for

15    purposes of Count One is that interstate wires (for example, telephone calls, email communications,

16    WhatsApp messages, text messages, or bank wire transfers) were used in furtherance of the scheme to

17    defraud.  The wired communication need not itself be fraudulent.  Indeed, it may be completely innocent

18    as long as it was made in furtherance of the fraudulent scheme.

19    To be in furtherance of the scheme, the wire communication must be incident to an essential part

20    of the scheme to defraud and must have been caused, directly or indirectly, by the defendant.  The wire

21    communication requirement can be satisfied, however, even if the wire communication was done by the

22    person being defrauded or some other innocent party.  When a person does an act with knowledge that

23    the use of the wires will follow in the ordinary course or where such use can reasonably be foreseen by

1   that person, even though he does not actually intend such use, then he nonetheless causes the wires to be

2   used.  Thus, there is no requirement that the defendant specifically authorize others to make a

3   communication by wire.

4        The Government must prove beyond a reasonable doubt that the wire communication occurred

5   within the period of the scheme listed in Count One.  The Government must prove beyond a reasonable

6   doubt that the wire communication was interstate or international.  To do so, the Government may prove

7   that a wire communication whose origin and destination were within one state was routed through

8   another state, or that the wire communication passed between two or more states or between the United

9   States and a foreign country.  The Government is not required to prove that a defendant knew or could

10  foresee the interstate or international nature of the wire communication.

11

12  Count Two: Elements

13       Let me turn, then, to Count Two, which charges the defendant with aggravated identity theft.

14       In order to find the defendant guilty of aggravated identity theft, the Government must prove the

15  following three elements beyond a reasonable doubt:

16       *First*, that the defendant knowingly used, transferred, or possessed a "means of identification" of

17  another person;

18       *Second*, that the defendant used the means of identification during and in relation to the offense

19  charged in Count One of this Indictment; and

20       *Third*, that the defendant acted without lawful authority.

21       Now let me elaborate on each of these three elements.

22

1    <u>Count Two — First Element: Use of Means of Identification</u>

2        The first element that the Government must prove beyond a reasonable doubt is that the

3    defendant used, transferred, or possessed a means of identification of another person.

4        The terms "use," "transfer," and "possess," have their common sense meaning.  The Government

5    need only prove one of these.

6        The term "means of identification" means any name or number that may be used, alone or in

7    conjunction with any other information, to identify a specific individual, including any name, signature,

8    social security number, date of birth, official state or government issued driver's license or identification

9    number, alien registration number, government passport number, or employer or taxpayer identification

10   number.

11       In addition, the Government must prove both that the means of identification was that of an

12   actual person and that the defendant knew that the means of identification was that of an actual person.

13       To act knowingly means to act voluntarily and intentionally and not by mistake or accident.

14

15   <u>Count Two — Second Element: In Relation to a Predicate Offense</u>

16       The second element the Government must prove beyond a reasonable doubt is that the defendant

17   used, transferred, or possessed, the means of identification of another person during and in relation to

18   the offense charged in Count One of the Indictment, namely, wire fraud.

19       A person uses, transfer, or possesses a means of identification "in relation to" a crime if the

20   means of identification had a purpose, role or effect with respect to the crime.

21       If you find the defendant not guilty on Count One, it means that the Government has not proved

22   this second element of Count Two and you must also find him not guilty on Count Two.  In other words,

23   if you find that the Government did not prove beyond a reasonable doubt that the defendant committed

1    wire fraud, as charged in Count One, you must also find him not guilty on Count Two.

2

3          <u>Count Two — Third Element: Without Lawful Authority</u>

4          The third element which the Government must prove beyond a reasonable doubt is that the

5    defendant acted without lawful authority.  The term "without lawful authority" prohibits the use of

6    another person's means of identification absent the right or permission to act on that person's behalf in a

7    way that is not contrary to law.

8          To prove this element, the Government need not prove that the means of identification were

9    stolen — although proof that means of identification were stolen would satisfy the "without lawful

10    authority" element.  "Without lawful authority" includes situations in which a defendant comes into

11    lawful possession of identifying information and had the lawful authority to use that information for a

12    lawful purpose, but then used the information for an unlawful purpose.

13

14    <u>Willfully Causing a Crime</u>

15          In addition to charging the defendant with wire fraud and aggravated identity theft, Counts One

16    and Two also charge that the defendant "willfully caused" another person to commit each of those

17    crimes.

18          Title 18, United States Code, Section 2 provides that: "Whoever willfully causes an act to be

19    done which, if directly performed by him, would be an offense against the United States, is punishable

20    as a principal."

21          What does the term "willfully caused" mean?  It does not mean that the defendant himself must

22    have physically committed the crime or supervised or participated in the actual criminal conduct charged

23    in the indictment.

1    The meaning of the term "willfully caused" can be found in the answers to the following

2    questions:

3    Did the defendant have the mental state necessary to commit the offenses in Counts One and

4    Two?

5    Did the defendant intentionally cause another person or persons to engage in the conduct

6    constituting the crime?

7    If you are persuaded beyond a reasonable doubt that the answer to both of these questions is

8    "yes," then the defendant is guilty of the crime charged just as if he himself had actually committed it.

9    To prove the defendant guilty in this way, the Government need not prove that he acted through a

10   guilty person.  Instead, the defendant can be found guilty even if he acted through someone who has no

11   knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

12

13   Defense Theory of the Case

14   The defense contends that Mr. Avenatti had a good faith belief that he was legally entitled to take

15   some of Ms. Clifford's book proceeds (1) as a reasonable fee for his work in obtaining the book deal;

16   (2) as compensation for his and his law firm's work as her attorney; and (3) as reimbursement for costs

17   he advanced for her or incurred for her benefit.  If you agree that Mr. Avenatti had such a good faith

18   belief, then you must find the defendant not guilty on both counts.

19   With respect to Count Two, which charges the defendant with aggravated identity theft, the

20   defense also contends that Mr. Avenatti acted with lawful authority when he used Ms. Clifford's name

21   and signature on the document in evidence as Government Exhibit 213.  More specifically, the defense

22   contends, first, that Ms. Clifford told Mr. Avenatti that her original bank account had been closed

23   because she was concerned about her husband withdrawing money from the account and, second, that

1    Mr. Avenatti was authorized, as Ms. Clifford's attorney, to sign Ms. Clifford's name on the document to

2    direct future book payments to the trust account and to send the document to Mr. Janklow.  If you agree,

3    you must find the defendant not guilty on Count Two.

4

5    Venue

6           In addition to all of the elements that I have described for you, in order to convict the defendant

7    of each count in the Indictment, you must also decide whether any act in furtherance of the count

8    occurred within the Southern District of New York.  I instruct you that the Southern District of New

9    York includes all of Manhattan (also known as New York County).

10          The Government need not prove that the entirety of the charged crime was committed in the

11   Southern District of New York or that the defendant was present here.  It is sufficient to satisfy the

12   venue requirement if any act in furtherance of the crime charged occurred within the Southern District of

13   New York, and it was reasonably foreseeable to the defendant that the act would take place in the

14   Southern District of New York.

15          In the case of Count One, the Government satisfies its burden on this issue if it proves that any of

16   the wire communications — such as a telephone call, email, or text message — you find to satisfy the

17   third element of the offense was transmitted from or to the Southern District of New York, so long as the

18   defendant reasonably anticipated that the communication would be transmitted from or to the Southern

19   District of New York.

20          If you find that the venue has been satisfied for Count One, then venue for Count Two is

21   automatically satisfied.  To be clear, for venue with respect to Count Two, it does not matter whether the

22   means of identification was transferred, possessed, or used in the Southern District of New York.  If you

23   find that venue in the Southern District of New York is proper for Count One, and you find that the

29

1    aggravated identity theft charged in Count Two was committed in furtherance of the wire fraud scheme

2    charged in Count One, then venue is satisfied for Count Two even if the means of identification was

3    transferred, possessed, or used outside of the Southern District of New York.

4            I should note that on this issue — and this issue alone — the Government need not prove venue

5    beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

6    has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

7    in furtherance of the crime charged in that count occurred in the Southern District of New York and that

8    it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

9    New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

10   the evidence with regard to any count, then you must acquit the defendant of that count.

11

12   <u>Motive</u>

13           Proof of motive is not a necessary element of the crimes with which the defendant is charged.

14   Proof of motive does not establish guilt.  Nor does the lack of proof of motive establish that a defendant

15   is not guilty.

16           If the Government has proved the defendant's guilt beyond a reasonable doubt, it is immaterial

17   what the motive for the crime or crimes may be, or whether any motive has been shown at all.  The

18   presence or absence of motive is, however, a circumstance that you may consider as bearing on the

19   defendant's intent.

20

21   <u>Variance in Dates and Amounts</u>

22           It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

23   different date or that the amount of money involved was different.  The law requires only a substantial

1    similarity between the dates alleged in the Indictment and the dates established by the evidence or the

2    amounts alleged in the Indictment and the amounts established by the evidence.

3

4                                    III. CONCLUDING INSTRUCTIONS

5    COVID-19 Protocols

6            In a few minutes, you are going to go into the jury room and begin your deliberations.  During

7    your deliberations, please continue to adhere to the safety protocols that we have used throughout the

8    trial, including social distancing and masking.  We have taken those precautions, on the advice of our

9    medical experts, to ensure that everyone remains safe and healthy during trials.  In addition, people have

10   different levels of anxiety and risk tolerance when it comes to COVID-19.  By adhering to the protocols,

11   you not only ensure that everyone remains safe and healthy, but also respect the fact that your fellow

12   jurors may or may not have the same level of comfort with the current situation that you have.

13

14   Selection of the Foreperson

15           After you retire to begin your deliberations, your first task will be to select a foreperson.  The

16   foreperson has no greater voice or authority than any other juror but is the person who will communicate

17   with me when questions arise and when you have reached a verdict and who will be asked in open court

18   to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should

19   include the date and time they were sent.  They should also be as clear and precise as possible.  Any

20   notes from the jury will become part of the record in this case.  So please be as clear and specific as you

21   can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until

22   after a unanimous verdict is reached.

23

                                                    31

1    Right to See Exhibits and Hear Testimony

2           All of the exhibits will be given to you near the start of deliberations.  Most of it will be provided

3    to you on a laptop.  When you retire to deliberate, the Court staff with provide you with information on

4    how to use the laptop to display evidence in the jury room.

5           If you prefer to view any evidence here in the courtroom or if you want any of the testimony read

6    back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court

7    reporter must search through his or her notes, the parties must agree on what portions of testimony may

8    be called for, and if they disagree I must resolve those disagreements.  That can be a time-consuming

9    process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if

10   you do.

11          Again, your requests for testimony — in fact, any communication with the Court — should be

12   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

13   Security Officers.

14

15   Juror Note-Taking

16          If any one of you took notes during the course of the trial, you should not show your notes to, or

17   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

18   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

19   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

20   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

21   the testimony, you may — as I just told you — request that the official trial transcript that has been

22   made of these proceedings be read back to you.

23

1  <u>Bias or Sympathy as Juror</u>

2          All of us, no matter how hard we try, tend to look at others and weigh what they have to say

3  through the lens of our own experience and background.  We each have a tendency to stereotype others

4  and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

5  that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

6  all litigants and witnesses are entitled to a level playing field.

7          Indeed, under your oath as jurors, you are not to be swayed by bias or sympathy.  You are to be

8  guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that

9  you must ask yourselves for each count is:  Has the Government proved each element beyond a

10  reasonable doubt?

11          It is for you and you alone to decide whether the Government has proved that the defendant is

12  guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have

13  instructed you.

14          It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

15  there is a risk that you will not arrive at a true and just verdict.

16          If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

17  you must render a verdict of acquittal on that particular count.  On the other hand, if you should find that

18  the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt with

19  respect to a particular count, then you should not hesitate because of sympathy or any other reason to

20  render a verdict of guilty on that count.

21          I also caution you that, under your oath as jurors, you cannot allow to enter into your

22  deliberations any consideration of the punishment that may be imposed upon the defendant if he is

23  convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

33

1  and the issue of punishment may not affect your deliberations as to whether the Government has proved

2  the defendant's guilt beyond a reasonable doubt.

3

4  <u>Duty to Deliberate</u>

5           The most important part of this case, members of the jury, is the part that you as jurors are now

6  about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

7  presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

8  would well and truly try the issues joined in this case and a true verdict render.

9           As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

10  to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

11  the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

12  fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

13  hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

14  honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are

15  outnumbered.

16           Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

17  you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

18  any time during your deliberations.

19

20  <u>Return of the Verdict</u>

21           We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

22  attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

1   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

2   foreperson has been selected.

3         You should draw no inference from the questions on the Verdict Form as to what your verdict

4   should be.  The questions are not to be taken as any indication that I have any opinion as to how they

5   should be answered.

6         After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

7   and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **not** the

8   Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

9   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

10   Verdict Form and hand it to me in open court when I ask for it.

11         I will stress again that each of you must be in agreement with the verdict that is announced in

12   court.  Once your verdict is announced by your foreperson in open court and officially recorded, it

13   cannot ordinarily be revoked.

14

15   <u>Closing Comments</u>

16         Finally, I say this, not because I think it is necessary, but because it is the custom in this

17   courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

18         All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

19   litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

20   to see that justice is done.

21         Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely

22   by the evidence presented during the trial and the law as I gave it to you, without regard to the

23   consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the

1  basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is

2  a risk that you will not arrive at a just verdict.  You must make a fair and impartial decision so that you

3  will arrive at the just verdict.

4       Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

5  spend a few moments with the parties and the court reporter at the side bar.  I will ask you to remain

6  patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

7  the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                      :

UNITED STATES OF AMERICA,           :

                                        :             19 Cr. 374 (JMF)

    -v-                              :

                                        :

MICHAEL AVENATTI,               :           <u>VERDICT FORM</u>

                                        :

                     Defendant.         :

                                        :
------------------------------------------------------------------X

***All Answers Must Be Unanimous***

## Count One – Wire Fraud

Guilty   _____      Not Guilty  _____

***REMINDER: If you find the defendant Not Guilty on Count One,***
***you must find him Not Guilty on Count Two as well.***

## Count Two – Aggravated Identity Theft

Guilty   _____      Not Guilty  _____

***Please Turn to the Next Page***

*After completing the Verdict Form, please sign your names in the spaces provided below, fill in the date and time, and inform the Court Security Officer that you have reached a verdict.*

_____       _____
Foreperson


_____       _____


_____       _____


_____       _____


_____       _____


_____       _____


Date and Time:   _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself — to the Court Security Officer stating that you have reached a verdict.*

2