Case 1:19-cr-00374-JMF    Document 357    Filed 02/01/22    Page 1 of 2



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 1, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

  The Government respectfully submits this letter regarding the Court's revised jury instruction. The Government objects to lines 15-18 on page 28 and line 21 on page 28 through line 3 on page 29.

  As the Second Circuit has explained, the defense theory instruction need only "fairly apprise[] the jury of the essence of the defense theory." *United States v. Russo*, 74 F.3d 1383, 1393 (2d Cir. 1996); *see United States v. Hayes*, 811 F. App'x 30, 35 (2d Cir. 2020) ("Even if the district court might have more closely tailored its instruction to Hayes's defense theory, the instructions it gave effectively presented the jury with the law and plainly precluded a finding of possession based on 'mere presence.'"). The proposed instruction fairly states the defendant's theory that he had a good faith belief as to certain facts, but proceeds to provide to the jury, in the form of a jury instruction, the argument that is for the defendant to make in summation. The instruction goes beyond the basic defense theory to list certain supporting facts that the defendant is likely to (but may not) argue in closing. It also suggests to the jury that, if the jury agrees with a particular factual premise (e.g., that the stolen money was a reasonable fee for the defendant's work), that is sufficient to complete the defendant's theory.

  The Government proposes the following instead, which fairly appraises the jury of the essence of the defense theory and does not risk the appearance of endorsing or arguing the case for the defendant:

  The defense contends that Mr. Avenatti had a good faith belief that he was legally entitled to take **the money at issue in this case.**[1] ~~some of Ms. Clifford's book proceeds (1) as a reasonable fee for his work in obtaining the book deal; (2) as compensation for his and his law firm's work as~~

---

[1] Regardless of whether the Court adopts the Government's proposal, the Government suggests that "some of Ms. Clifford's book proceeds" be replaced by "the money at issue in this case," which is more accurate.

Honorable Jesse M. Furman
United States District Judge
February 1, 2022
Page 2

~~her attorney; and as reimbursement for costs he advanced for her or incurred for her benefit. If you agree that Mr. Avenatti had such a good faith belief, then you must find the defendant not guilty on both counts.~~

With respect to Count Two, which charges the defendant with aggravated identity theft, the defense also contends that Mr. Avenatti acted with lawful authority when he used Ms. Clifford's name and signature on the document in evidence as Government Exhibit 213. ~~More specifically, the defense contends, first, that Ms. Clifford told Mr. Avenatti that her original bank account had been closed because she was concerned about her husband withdrawing money from the account and, second, that Mr. Avenatti was authorized, as Ms. Clifford's attorney, to sign Ms. Clifford's name on the document to direct future book payments to the trust account and to send the document to Mr. Janklow. If you agree, you must find the defendant not guilty on Count Two~~

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    s/                              
Matthew D. Podolsky
Andrew A. Rohrbach
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-1947/2345/2616

cc:     Michael Avenatti (by ECF via standby counsel)