February 3, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE:   United States v. Michael Avenatti
        19 Cr. 374 (JMF)

Dear Judge Furman:

Defendant moves for a mistrial due to this instruction given by the Court yesterday to the jury, which continues to deliberate as of this filing: "The misappropriation of clients' funds is a particularly serious violation of a lawyer's ethical duty of loyalty." Tr. 1742.

This instruction constitutes improper commentary and opinion; suggests to the jury that defendant did in fact misappropriate money, which is a central issue in the case; and is highly prejudicial. It also transforms this criminal case into a determination of whether defendant violated his ethical duty of loyalty as opposed to a federal criminal statute. Accordingly, defendant moves for a mistrial.

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant

DENIED.  The Court overruled Defendant's objection to that sentence of the instructions at the charge conference (while unilaterally deleting the sentence that followed) and again at the sidebar following the Court's instructions to the jury.  *See* Tr. 1580-82, 1765.  As Defendant does not dispute, it is an accurate statement of the law - indeed, it is a near verbatim quotation from the California Supreme Court's decision in *McKnight v. State Bar*, 53 Cal. 3d 1025, 1035 (1991).  Contrary to Defendant's suggestion, it does not "suggest[] to the jury that defendant did in fact misappropriate money"; it merely ensures that the jury understands correctly the principles of law relevant to its factual determinations.  The Court's instructions are clear that it is the sole province of the jury to find the facts. *See also* Tr. 1581-82, 1717.  Nor does that one sentence "transform[] this criminal case into a determination of whether defendant violated his ethical duty of loyalty."  The Court's instructions as a whole make abundantly clear that while the jury may consider the relevant ethical rules in making its findings, an ethical violation, without more, does not mean that the defendant committed any crime.  *See* Tr. 1741-42, 1745.  In short, Defendant's motion is without merit.  *See, e.g.*, *United States v. Ford*, 435 F.3d 204, 210 (2d Cir. 2006) ("We do not review portions of jury instructions in isolation, but rather consider them in their entirety to determine whether, on the whole, they provided the jury with an intelligible and accurate portrayal of the applicable law." (internal quotation marks and alterations omitted)).
The Clerk of Court is directed to terminate ECF No. 362.  SO ORDERED.

February 3, 2022