

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 3, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to request that the Court provide a supplemental instruction, specified below, to the jury upon their arrival on February 4, 2022, regarding the good faith instructions in this case. Such a supplemental instruction would clarify the Court's earlier instruction in order to correct apparent juror confusion, and it is well within this Court's broad discretion to give the instruction under the circumstances presented here.

**I.**    **Background**

      On December 9, 2021, the Government filed its requests to charge, which proposed, in relevant part, the following instruction concerning the intent-to-defraud element of Count One:

> Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

(Dkt. No. 175 at 7.) On February 1, 2022, the Court provided to the parties its proposed jury charge, which stated in relevant part as follows:

> Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of a defendant is a complete defense to the charge of wire fraud. That is, if the defendant in good faith believed that he was entitled to the money or property that he deprived the victim of, even if that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct.

Honorable Jesse M. Furman
United States District Judge
February 3, 2022
Page 2

(Dkt. No. 351 at 20-21.) During the charge conference, the Government objected to the Court's draft language, and, in order to avoid the suggestion that it would provide a defense to wire fraud if the defendant believed he was entitled to the money or property obtained, requested that the Court add the verb "take" in the second sentence of the Court's good faith instruction, which request the Court adopted. (Tr. 1502-03.) Thus, the jury was instructed that "if the defendant in good faith believed that he was entitled to take the money or property from the victim, even if that belief was mistaken, then you must find him not guilty even if others were injured by the defendant's conduct." (Tr. 1739:19-22.)

On February 3, 2022, the jury sent a note requesting that the Court "define 'good faith' as mentioned in the Judge's instructions," reflecting evident confusion regarding the meaning and instruction regarding good faith. (Court Ex. 2.) In the ensuing colloquy, the Court proposed providing the jury with a supplemental instruction that included language derived from *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991), stating that "'[g]ood faith' means an honest belief in the truth of the representations made by a defendant, however inaccurate the statement may turn out to be." (*See* Tr. 1789-90.) The Government requested that the sentence taken from *Alkins* be included, noting that "[t]his case is about representations and the question of whether the defendant had an intent to defraud when he made them" and that "[t]he instruction that your Honor has proposed is precisely accurate." (Tr. at 1790:21-24.) Following the defendant's objection to that language, and despite the Government's request that it be included, the Court excised this language in reliance on *United States v. Rossomondo*, 144 F.3d 197 (2d Cir. 1998). (Tr. 1793-94.) The Court recognized that, in light of the jury's apparent confusion, the supplemental instruction "doesn't really give the jury much to work with because they already have that in the jury charge that they heard yesterday and a printed copy of which they have in the jury room." (Tr. 1791:25-92:3; *see also id.* at 1792:19-20 (same); *id.* at 1794:10-19 (observing the importance of further researching applicable caselaw on the issue as justifying "giving them a nonanswer . . . in the first instance.") The Court then provided to the jury a supplemental instruction that substantially reiterated to the jury the good faith language contained in the initial jury instructions, save for replacing, at the Government's request, "in good faith believed" with "held an honest belief." (Tr. 1804:13-05:6.) The Court also suggested to the jury that it could request additional clarification from the Court. (Tr. 1805:7-8.)

II.   **Applicable Law**

A.   **Supplemental Instructions**

The Second Circuit has "noted, and emphasized, the crucial importance of a completely accurate statement by the judge at that critical moment in a criminal trial when the jury interrupts its deliberations to seek further explanation of the law." *United States v. Van Putten*, 282 F. App'x 950, 952 (2d Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Lefkowitz*, 284 F.2d 310, 314 (2d Cir. 1960)). "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." *Bollenbach v. United States*, 326 U.S. 607, 612 (1946); *see also Uzoukwu v. City of New York*, 805 F.3d 409, 418 (2d Cir. 2015) ("it was incumbent on the district court to provide some useful instruction in response to the jury's cogent question regarding an issue of central importance to the case"); *United States v. Civelli*, 883 F.2d 191, 195

Honorable Jesse M. Furman
United States District Judge
February 3, 2022
Page 3

(2d Cir. 1989) ("The trial court has a duty when a jury makes explicit its difficulties to clear them away with concrete accuracy."); *United States v. Parker*, 903 F.2d 91, 101 (2d Cir. 1990) ("It is the responsibility of the trial judge to provide the jury with sufficient instruction to enable it to assess the evidence within the proper legal framework and to reach a rational verdict."); *Tart v. McGann*, 697 F.2d 75, 76 (2d Cir. 1982) (observing that "trial judges in the heat of a trial are forced to respond quickly to jury requests . . . and that it is certainly far easier for an appellate court to fashion an appropriate response some months later, after much reflection," but emphasizing that courts nonetheless must exercise "special care" in responding to jury requests unambiguously); *United States v. Velez*, 652 F.2d 258, 262 (2d Cir. 1981) ("[T]he jury's note manifested its difficulties in comprehending the elements of the conspiracy offense. It was thus incumbent upon the trial court to 'clear them away with concrete accuracy.'" (quoting *Bollenbach*, 326 U.S. at 612)).

Moreover, a district court need not wait for a jury note to clarify a legal issue through a supplemental instruction. Indeed, "[i]f a supplemental charge is legally correct, the district court enjoys broad discretion in determining how, and under what circumstances, that charge will be given." *Civelli*, 883 F.2d at 195; *see also Parker*, 903 F.2d at 101 ("The trial judge is in the best position to sense whether the jury is able to proceed properly with its deliberations, and he has considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion.").

For example, in *United States v. Castelin*, after "the jury made a written inquiry about an issue of law," "the court responded to the jury's inquiry with a supplemental instruction. Then, after further examining legal authority and determining that its instruction was incomplete, the court modified its supplemental instruction to modify its prior statement, notwithstanding defense counsel's argument that such a modification was highly prejudicial," because "the court's modified supplemental instruction cured a deficiency in its supplemental instruction and accurately stated the law." No. 11 Cr. 183 (JCH), 2013 WL 3540052, at *3 (D. Conn. July 10, 2013) (denying motion for new trial). The Second Circuit affirmed the conviction and rejected the argument that the district court should not have provided a revised supplemental instruction. 597 F. App'x 22, 23 (2d Cir. 2015); *see also United States v. James*, 998 F.2d 74, 78-79 (2d Cir. 1993) (affirming on plain error review district court's decision in absence of jury note to correct prior erroneous supplemental instruction).

### B. Good Faith and Entitlement to Money or Property

It is settled law that a "claim of right to funds obtained through a false statement is not a defense negating fraudulent intent." *United States v. Blake*, 558 F. App'x 129, 130 (2d Cir. 2014); *see also United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998) (collecting cases from other circuits for the proposition that "courts have uniformly held that a claim-of-right is not a defense to mail fraud"). An "honest misstatement is insufficient to prove fraudulent intent." *Blake*, 558 F. App'x at 130. But the law prohibits obtaining money through fraud even if the perpetrator believes he is legally entitled to that money. *See id.* (evidence sufficient to support conviction of individual who believed himself entitled to his former wife's life insurance and made false statements on insurance form); *Gole*, 158 F.3d at 168 ("While Gole admits that he intentionally misrepresented

his income in order to retain pension overpayments, he argues that he lacked fraudulent intent because he believed that the NYCFD Pension Bureau improperly calculated the Safeguard Amount, and, under a proper calculation of the Safeguard Amount, he would be entitled to the overpayments"); *United States v. Lauersen*, No. 98 Cr. 1134 (WHP), 1999 WL 637237, at *2-4 (S.D.N.Y. Aug. 20, 1999) ("Where an insurance claimant submits false and misleading invoices and thereby deprives the carrier from determining for itself the merit of the claim based on truthful representations, the carrier has been defrauded.").

As the Second Circuit has explained, this rule is "command[ed]" by common sense:

> If Gole's theory of self-help were the law, anyone who believed that he was legally entitled to benefits from a pension plan, or an insurance policy, or a government program, but who was concerned that he or she might nevertheless be denied such benefits, would be given carte blanche simply to lie to obtain those benefits. Such a course of action would often be much easier than pursuing legal remedies through civil actions in court, and would guarantee success as long as the misrepresentation remained undiscovered. We will not encourage people to lie to obtain benefits rather than pursue their rights in civil actions. Such controversies may be resolved by civil suit or settlement, but cannot be won by using lies and deception.

*Gole*, 158 F.3d at 168. *See Blake*, 558 F. App'x at 130 ("Blake chose intentionally to deceive Prudential by submitting knowingly false information to obtain insurance proceeds rather than employing legal channels to challenge the anticipated denial."); *United States v. Catapano*, No. 05 CR 229 (SJ) (SMG), 2008 WL 3992303, at *8 (E.D.N.Y. Aug. 28, 2008) ("Defendants cannot prevail by engaging in 'self-help.' If Defendants believed that the program had expired and that further enforcement would therefore be unconstitutional, they had the option of going through the appropriate legal channels to challenge the legality of the City's actions.").

### III. Discussion

The distinction between a defendant's good faith belief that he was "entitled to the money" and that he was "entitled *to take* the money" is subtle but significant. As the Second Circuit has made clear, a defendant who believes he is entitled to money does *not* have a valid good faith defense if he proceeds to take it by deceit. *Gole*, 158 F.3d at 168. Thus, while the Court's instructions given to date are not inaccurate, they do not explicitly draw this distinction and thus create a risk of juror confusion.

The jury's note makes plain that it is confused regarding the good faith instruction. Given that the jury has "manifested its difficulties in comprehending" an important instruction, it is "incumbent upon" this Court to "clear them away with concrete accuracy." *Velez*, 652 F.2d at 262. The Court's supplemental instruction, which largely repeated its initial instruction, did not sufficiently draw the distinction established in *Gole* and other cases.

Honorable Jesse M. Furman
United States District Judge
February 3, 2022
Page 5

Accordingly, the Government requests that the Court provide the following instruction to the jury, prior to resumption of its deliberation, orally and in writing, in order to clarify a legal instruction on which the jury is confused:[1]

> I wish to clarify for you, in response to your prior note, the meaning of good faith. A defendant's honest belief that he was entitled to take the victim's money and in the truth of the statements, representations, or promises or means made to obtain that money is a complete defense.
>
> However, a defendant's belief, even if truly held, that he was entitled to the victim's money is not a defense if he used false statements, representations, or promises or fraudulent means in order to obtain that money.
>
> Please remember that you should consider this instruction along with the entirety of my instructions in reaching a verdict in this case.

*See* 2 *Modern Federal Jury Instructions-Criminal* ¶ 44.01 (2021) ("[I]t is no defense that the defendant may have been legally entitled to the money or property if he or she used fraudulent means to insure its receipt."). The proposed instruction accurately states the law and addresses jury confusion regarding a central issue "with concrete accuracy." *Bollenbach*, 326 U.S. at 612; *Civelli*, 883 F.2d at 195. And because this charge is legally correct, this court "enjoys broad discretion in determining how, and under what circumstances, that charge will be given." *Civelli*, 883 F.2d at 195.

---

[1] The defendant has informed the Government that he opposed the giving of this instruction at any time, and will address the instruction as necessary.

Honorable Jesse M. Furman
United States District Judge
February 3, 2022
Page 6

  In sum, the Court should not risk leaving the jury with a misunderstanding of the law on an issue of importance in this case. It should exercise its discretion to give the proposed clarifying instruction.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

          By:  /s/
              Matthew D. Podolsky
              Andrew A. Rohrbach
              Robert B. Sobelman
              Assistant United States Attorneys
              (212) 637-1947/2345/2616

cc:  Michael Avenatti (by ECF via standby counsel)