February 4, 2022

**BY ECF – VIA FEDERAL DEFENDERS**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      RE: *United States v. Michael Avenatti*, 19 CR 374 (JMF)

Dear Judge Furman:

      I write in opposition to the government's letter motion requesting a modified, supplemental instruction on the issue of good faith (Dkt. 364). I object to the government's request and the issuance of any supplemental jury instruction at this time for the reasons set forth below. Absent additional requests for clarification, any jury instruction will be given undue weight, cause severe prejudice, and direct a verdict against the defendant. In addition, in the event the supplemental instruction or any similar instruction is given, I request that the Court immediately declare a mistrial.

    **I.**    **Background**

      On December 9, 2021, the government filed its "Requests to Charge" pursuant to Federal Rule of Criminal Procedure 30. (Dkt. 175). On February 1, 2022, the Court issued its annotated draft of the jury trial that would be considered. (Dkt. 351). The government issued a letter motion in response. (Dkt. 353). Later that day, the Court provided the parties with a revised version of the jury instructions. (Dkt. 354). Subsequently, the Government filed an additional letter motion in connection with the proposed instructions. (Dkt. 357). Additional charging conferences, sidebars and informal hearings were held in order to determine the accuracy and necessity of the instructions that would be provided to jurors. Critically, the Government never requested the instruction it now seeks nor did the Government raise any of the case law it incorrectly now claims is so important.

      After the jury began deliberations, two notes were sent to the Court. First, jurors alerted the Court, "We are unable to come to a consensus on Count One. What are our next steps?" Tr. 1779. Jurors were sent back to continue deliberating after the Court delivered an <u>Allen</u> charge. Hours later, jurors asked two additional questions, including, "Please define 'good faith' as mentioned in the judge's instructions." Tr. 1783. The Court then provided the parties with its proposed instruction, to which the Government replied, "We are OK with this instruction, your Honor." Tr. 1789. Later, the Government again remarked, "The instruction that your Honor has proposed is precisely accurate." Tr. 1790. The Government also made further comments on the record assenting to the instruction ultimately provided. At 3:21 p.m., jurors were brought in, and

the Court specifically addressed their question regarding good faith. Jurors were then excused and told to continue deliberations until 5:00 p.m., over 90 minutes later. The jury, armed with the Court's instruction just given, continued their deliberations until 5 p.m.

## II.     A Supplemental Instruction Is Improper

The Government has submitted many filings and has appeared before the Court on numerous occasions in connection with the jury instructions and has never raised the objections, cases, and concerns that it brings up now, nor did it request the specific instruction. The Government had ample opportunity to do so but did not. The Government failed to provide the Court with its instant request in its requests to charge, at the charging conference, during side bar discussions, and most recently on February 3, 2022, in response to the jury's question regarding good faith. As a result of the Government's failure on numerous occasions to raise these objections and request this instruction prior to the jury retiring to deliberate, these arguments have been waived. As the Court responded to defendant at sidebar two days ago when the defendant objected to an instruction given moments earlier, "it's too late." The same must hold true for the Government. The instructions provided to jurors are in compliance with the law, legally accurate and any additional instruction would be cumulative.

Pursuant to Federal Rule of Criminal Procedure 30, "a party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. Proc. 30(d);  See also, Van Putten, 282 Fed. Appx. at 952 (Applying this rule to the supplemental jury instruction); Morse v. Fusto, 804 F.3d 538 (2d. Cir. 2015) (In connection with a comparable civil rule, "[t]he failure to object to a jury instruction or a form of an interrogatory prior to the jury retiring results in a waiver of that objection."); United States v. Svoboda, 347 F.3d 471, 481 (2d Cir. 2003); citing, Lavole v. Pacific Press & Shear Co., 975 F.2d 48, 55 (2d. Cir 1992) (a failure to object to a jury instruction prior to the jury retiring "results in a waiver of that objection.").

In the Second Circuit, a refusal of a request to charge the jury that was first provided after jury deliberations begin, is deemed proper. See, e.g., Fabian v. United States, 15 F.2d 696 (2d Cir. 1926) ("We likewise again point out that a trial judge is entirely justified in refusing to consider requests to charge first tendered after the close of his colloquial instructions to the jury."). The authority relied on by the Government involves plain error review, where, unlike here, no timely objection was made.

A jury instruction is proper so long as "the charge correctly and sufficiently covers the case to allow the jury intelligently to decide the questions presented to it." United States v. Van Putten, 282 Fed. Appx. 950, 951-952 (2d Cir 2008)(unpublished); citing, Bruneau v. South Kortright Cent. Sch. Dist., 163 F.3d 749, 761 (2d. Cir. 1998). A supplemental instruction "can be a potent influence." United States v. Kopstein, 759 F.3d 168, 172 (2d Cir. 2014). When trial judges are forced to give responses to questions from jurors, "the district court must exercise special care to see that inaccuracy or imbalance in supplemental instructions do not poison an otherwise healthy trial. This is especially true since the judge's last word is apt to be the decisive word." Tart v. McGann, 697 F.2d 75, 77 (2d Cir. 1982); citing, United States v. Carter, 491 F.2d

625, 633 (5th Cir. 1974) (finding supplemental jury instructions in criminal case prejudicial to the defendant).

**Critically, there is no pending question from the jury.** After significant discussion and the agreement of the Government, the Court answered the jury's last question at approximately 3:21 pm yesterday and invited the jury to ask for further information **if needed**. The jury continued its deliberations until 5:00 p.m. and did not make any further requests for information. It is entirely improper to further instruct the jury at this juncture.

The Government cites a single, Connecticut district court case that is not binding on this Court to support its request for a modified supplemental instruction. Even so, United States v. Castelin, 2013 U.S. Dist. LEXIS 96591 (D. Conn. 2013) is distinguishable. In Castelin, jurors asked a question about whether they were required to determine the defendant had knowledge that the narcotics in question were Oxycodone. Id. at *3. The Government argued that it was only required to establish that the defendant knew that the relevant narcotic was a controlled substance. Over the objection of the Government, the Court instructed jurors that they were required to prove that the defendant knew the specific nature of the pills. After further consideration, the Court determined that it would modify the supplemental instruction because the Government had to prove either actual knowledge or that the knowledge was merely reasonably foreseeable. The district court determined that a new trial was unnecessary and it acted correctly in modifying the instruction because the instruction was legally incomplete. Id. at 12. Here, the Government did not raise the objections and request it brings forth now prior to the charge being given to the jury in response to the question. Further, as conceded by the government during the hearing, and described herein, the good faith supplemental instruction was not incomplete and was agreed to by the parties and the Court.

Importantly, if the instruction were to be given now, after the jurors have already been instructed on this precise issue and continued deliberating, undue weight and emphasis would be given on the Government's proposed modified, supplemental charge. Defendant will be severely prejudiced on this critical issue, at this sensitive time in the jurors' deliberations, if the Court gives an unsolicited instruction that seemingly lies at the heart of the jurors' decisions on this case.

In addition, the Government has known of the defense's reliance on Rossomando since a copy of the case was first provided to the Court and the Government by the defendant on the morning of January 26, 2022. It was again referenced by the defendant and the Court during the trial. Until late yesterday, the Government never claimed Rossomando was not applicable to this case or had been overruled (which it has not).

Rossomando remains good law in the Second Circuit and was not overturned by Gole. Rossomando provides, in part, "This instruction might be understood in the following two ways: (1) to require (properly) the government to prove that Rossomando lied with the intent to deprive the Pension Fund of monies he knew he was not entitled to; or (2) to require (improperly) the government to prove only that Rossomando knowingly lied and as a result **kept monies** that he was not entitled to, even if he was not aware that he was not entitled to them or that the Pension Fund would suffer any harm from his lies." 144 F.3d at 203 (emphasis added). Gole is

inapplicable and easily distinguished from this case and Rossomando. "In contrast, Gole admitted to knowing that lying on his income report would affect the NYCFD Pension Fund's calculation of his pension. We therefore find Rossomando distinguishable, and reject Gole's argument that Rossomando requires reversal in this case." Gole, 158 F.3d at 168-69. Here, as in Rossomando, there is no admission from defendant that he lied to anyone in connection with the book payments, let alone in connection with obtaining the book payments.

Moreover, defendant had a right to know the content of the charge, especially as it relates to good faith, *before* he gave his summation to the jury. Defendant's summation made repeated references to the Court's good faith instruction and even included the exact language of the instruction on a PowerPoint slide shown to the jury at the beginning, middle and end of the summation (three times). It is highly prejudicial for the Court to now change the instruction days after the defense summation was provided to the jury. Had defendant known that the Court intended to instruct the jury as proposed by the Government now, his summation would have been vastly different. Further, instructing the jury now as to a different good faith standard will paint defendant as having lied to the jury in his summation, or at a minimum, as trying to deceive the jury. The associated prejudice cannot be overstated.

To compound matters, the instruction proposed by the Government is also an incorrect recitation of the law in the Second Circuit and highly prejudicial as worded (i.e., with references to the victim).

Finally, defendant, who is pro se, has not been given ample time to adequately consider and research the Government's request prior to the Court's imposed deadline of 7:30 a.m. this morning, which was set at 10:19 p.m. last night.

For each of the reasons, the Government's request must be denied. In the event the Court provides the supplemental instruction, defendant requests an immediate mistrial.

Respectfully Submitted,

/s/
Michael J. Avenatti
Defendant