M248AVEF

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                        19 Cr. 374 (JMF)

 5   MICHAEL AVENATTI,

 6              Defendant.
                                          Trial
 7   ------------------------------x

 8                                        New York, N.Y.
                                          February 4, 2022
 9                                        9:00 a.m.

10   Before:

11
                     HON. JESSE M. FURMAN,
12
                                          District Judge
13                                        -and a Jury-

14                        APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  MATTHEW D. PODOLSKY
17        ROBERT B. SOBELMAN
          ANDREW A. ROHRBACH
18        Assistant United States Attorneys

19   MICHAEL AVENATTI, Defendant Pro Se

20   DAVID E. PATTON
          Federal Defenders of New York, Inc.
21        Attorney for Defendant
     BY:  ROBERT M. BAUM
22        ANDREW J. DALACK
          TAMARA L. GIWA
23        Standby Assistant Federal Defenders

24   Also Present:  Special Agent DeLeassa Penland
                    U.S. Attorney's Office
25                  Christopher de Grandpre, Paralegal Specialist
                    Juliet Vicari, Paralegal
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M248AVEF

1              (Trial resumed; jury not present)

2              THE COURT:  Good morning.  Welcome back.

3              The government is present.  Mr. Avenatti is present.

4    Standby counsel is present.

5              As you, I think, know, we have received a third jury

6    note.  I will mark it Court Exhibit 3.  It reads as follows:

7              "We have one juror who is refusing to look at evidence

8    and is acting on a feeling.  We need assistance on moving

9    forward.  She does not believe she needs to prove her side

10   using evidence and refuses to show us how she has come to her

11   conclusion.  Please -- underlined -- help us move forward.  Not

12   going on any evidence, all emotions and does not understand

13   this job of a jury."

14             Dated today, February 4, at 10:02 a.m.

15             I provided, through my deputy, a potential response

16   for your consideration.  I am certainly open to alternative

17   suggestions.  I am not wedded to this.

18             Government.

19             MR. PODOLSKY:  Yes, your Honor.

20             First I will say, and I am happy to go through it, but

21   I think there has now been an extensive record, and

22   particularly based on this last note, that there is a juror who

23   is not deliberating.  What we would suggest in lieu of an

24   instruction, particularly given the strength of this last note,

25   the similarities to what happened in *Baker*, and the underlined

M248AVEF

1    request for assistance, would be to send back a note to the

2    jury, consistent with *Baker*, ask the foreperson to identify the

3    juror, to confirm that the note that was sent was on behalf of

4    the other 11 deliberating jurors, and in the meanwhile we could

5    discuss and consider what further inquiry, if any, should be

6    made of that juror, or other jurors, what form that might take,

7    and then ultimately whether the juror should be excused for

8    refusing to deliberate, which *Baker* and other cases make clear

9    is well within Court's discretion, and, frankly, should happen

10   when a juror refuses to deliberate.

11           THE COURT:  I guess, initial reaction, and then I will

12   hear again from you and then from Mr. Avenatti.

13           I am disinclined to only do that.  One possibility is

14   giving some version of this instruction, which underscores the

15   duty to deliberate requires consideration of the evidence, and

16   the jurors should not let themselves be swayed by sympathy or

17   emotion.  That directly responds to the note and perhaps would

18   do the trick.

19           I suppose one possibility is to give some version of

20   this instruction and say, if, after continuing to deliberate,

21   you continue to have this problem, please let us know, confirm

22   this is on behalf of 11 of the 12 of you, and please identify

23   the juror in question.  I guess I am disinclined to do that

24   now.  Reading *Baker*, you are certainly correct that the court

25   handled it that way, but it did so after receiving three notes

M248AVEF

1    with respect to this issue.  Here, we have only one.  Granted,

2    we have yesterday's note indicating that they couldn't reach a

3    consensus, but we don't know if that was the same lineup and

4    same situation or not, and it was quite early in the jury's

5    deliberations.

6         So I guess I am a little bit reluctant to ask them to

7    name names immediately, on the theory that we don't know a

8    whole lot yet and that that would really sort of put the

9    screws, so to speak, on the one juror, and without knowing

10   more, whether it's a refusal to deliberate, as the note

11   suggests, versus a conscientious belief that the evidence

12   supports the conclusion that she has reached, that we should be

13   a little hesitant to do more than what I am proposing.

14        MR. PODOLSKY:  If I may, your Honor.

15        Let me analogize it to *Baker*.  In *Baker*, there was a

16   note received within a few hours of the beginning of

17   deliberations.  It is true that that note referenced that one

18   juror has a feeling and refuses to deliberate, but I think

19   there is an analogy here in a way that is quite unusual.

20   Within only a few hours of the beginning of deliberations, the

21   jurors expressed an inability to reach consensus.  Following

22   that, the jurors asked a legal question, which we have

23   discussed, and they asked for a transcript in evidence.  Within

24   an hour this morning, approximately, this note came, which I

25   think strongly indicates that that juror was refusing to look

M248AVEF

1    at the 300 pages of evidence that were provided.  And, most

2    importantly, the note that was sent this morning, as I read it,

3    is stronger than anything that was said in *Baker*, and it is

4    very clear and doesn't admit really any other interpretation

5    than that this juror is refusing to deliberate.

6         So we do think following *Baker* it would be appropriate

7    to have an inquiry here.  And, in particular -- and if we end

8    up going the route of an instruction, I am happy to talk about

9    that in a moment -- my concern generally in just instructing

10   them is somewhat analogous to yesterday.  What I would fear is

11   jurors, frankly, pleading for help, with an underlined

12   "please," and then receiving simply an instruction, and then

13   feeling like there is no help, when help is available if a

14   juror is refusing to deliberate.

15        THE COURT:  I am not sure I agree with the assertion

16   that this is a stronger letter than in *Baker*.  Again, there

17   were three notes in *Baker* -- not letter -- three notes in

18   *Baker*, and they were pretty strongly worded there.  So I am not

19   sure that's accurate.

20        Mr. Avenatti, your views, please.

21        MR. AVENATTI:  Yes, your Honor.  Good morning.

22        A few points.  Number one, your Honor, I object to any

23   further instructions of the jury at this time.  It is obvious

24   that the jury is deadlocked, and I am requesting that the Court

25   declare a mistrial, and I would like to explain why.

M248AVEF

1     Your Honor, this note cannot be read in isolation.  It

2  has to be read in conjunction with the other notes that have

3  been received by the Court over the last two days.  We are in

4  the third day of jury deliberations at this point, as the Court

5  is well aware.  This note does not say that this juror has

6  refused to deliberate.  Obviously, this is the first we are

7  hearing of the complaints contained in the note.  We can infer

8  that this juror in fact did deliberate on Wednesday and

9  Thursday.  There were no complaints made relating to this juror

10  at any point in time prior to this morning.  We can also infer

11  that this juror obviously has deliberated for two days now, and

12  she has reached a conclusion.  She doesn't have to explain that

13  conclusion to anyone.  She doesn't have to justify that

14  conclusion to any other juror.  She, like the other jurors,

15  reviewed the evidence and the testimony during the trial, and

16  again, all indications are that she was cooperative and

17  deliberated for at least two days.  There is no basis to remove

18  the juror.  There is no basis to try to coerce the juror.

19  There is no basis to try to single out this juror.

20     This is nothing like the situation in *Baker*.  In

21  *Baker*, it was clear that the juror was refusing to deliberate,

22  and, in fact, had made up his or her mind before deliberations

23  even began.  There is no evidence in this situation that this

24  juror did anything like the juror in *Baker*.  This jury gave a

25  note to the Court yesterday morning stating that they could not

M248AVEF

1   reach a consensus as to Count One.  Your Honor gave a

2   significant modified *Allen* charge.  That charge included the

3   following language at lines 14 through 17:  "At the same time,

4   no juror should surrender his or her honest conviction as to

5   the weight or the effect of the evidence to his fellow or her

6   fellow jurors or for the purpose of returning a verdict; it is

7   your right to fail to agree if your honest conviction requires

8   it."

9        Your Honor, all indications are that this juror did

10  exactly what you instructed.  This juror exercised that very

11  right that you told this juror she had.  But she is unwilling

12  to change her position.  That is not grounds to attempt to

13  coerce this juror, question the juror, single out the juror.

14  It just simply is not.  And for those reasons, I am requesting

15  a mistrial.  And I would like to cite the Court to a case

16  decided by Judge McMahon, *U.S. v. Samet*, S-A-M-E-T, 207 F.Supp.

17  269.  In that decision, Judge McMahon decided that a mistrial

18  rather than a potential dismissal of a juror was required.

19       I would also like to bring to the Court's attention

20  that this juror may decline to deliberate further, although

21  there is no indication that that's actually happening, for

22  perfectly appropriate reasons, including being threatened, a

23  feeling of coercion, or any number of other reasons.  In fact,

24  there is an 11th Circuit case, *U.S. v. Brown*, that decided that

25  it's not proper to strike a juror because the juror has reached

M248AVEF

1    a decision based on religious grounds.

2              So the idea that somehow this juror, again, has to

3    justify her position to the other jurors, and that her failure

4    to do so somehow constitutes improper conduct, or misconduct,

5    or a failure to deliberate, is without merit, your Honor.  This

6    jury has been at this now for, we are on day three.  It is

7    obvious this jury is deadlocked.  Any further instruction to

8    the jury would constitute coercion and be improper.  For each

9    of those reasons, your Honor, I am requesting that the Court

10   declare a mistrial.

11             THE COURT:  Can you repeat the cite to *Samet*, please,

12   just since I would like to look at it, and I will get back to

13   you.

14             MR. AVENATTI:  207 F.Supp. 269.  I can try to get a

15   year.  Perhaps Mr. Dalack can be so kind as to give us a year.

16             THE COURT:  Assuming the citation is accurate, I don't

17   think we need the year.

18             MR. AVENATTI:  2002 case, your Honor.

19             Your Honor, one moment, please.

20             Your Honor, that's my position at this time.

21   Depending on what the Court does next, obviously I would like

22   to be heard further, but I am going to leave it there for now.

23             THE COURT:  I would like to just look at *Samet* before

24   I respond.  So I am trying to get it, but bear with me.

25             (Pause)

M248AVEF

1        THE COURT:  That application is denied.  I don't think
2   we are anywhere near having to declare a mistrial.  I do read
3   this note to suggest that there is a juror who is refusing to
4   deliberate.  It doesn't suggest in any way, shape or form to me
5   that this juror holds a conscientious belief based on the
6   evidence.  To the contrary, it states explicitly that the juror
7   is refusing to look at the evidence and acting on a feeling,
8   that it's all emotions and so forth.  So it seems to me that
9   this implicates squarely the circumstances in *Baker*, *Thomas*,
10  and the like.  For the reasons I stated earlier, I am not
11  inclined at this point to go the *Baker* route of asking the jury
12  to identify who the juror is, but I think a more deliberate and
13  incremental approach is more appropriate.  We may get there,
14  and if we get there, we may learn that this juror's views are
15  rooted in evidence and it's simply a different way of looking
16  at it, in which case we might be in mistrial territory, but I
17  don't think we are there yet.

18       So let's turn to my proposal and your suggestions for
19  amending or changing or substituting something else.

20       Mr. Podolsky.

21       MR. PODOLSKY:  We have no objection to the content of
22  the instruction, but we do think it would be appropriate, given
23  the content of the letter, to add at the end something to the
24  effect of, if a juror continues to refuse to deliberate in a
25  manner that I have described, you may provide me with a further

M248AVEF

1   note.  We could either tell them to identify the juror or not

2   at this point, but I think it should be clear to the jury that

3   they are able to have further discussion with the Court on this

4   matter, if necessary, rather than walk away with the impression

5   that there is nothing to do other than read the instruction

6   back to them.

7         THE COURT:  OK.  Hang on one second.

8         All right.  I am inclined to think that makes sense,

9   but obviously I will give Mr. Avenatti an opportunity to be

10  heard.

11        I also had a few other minor tweaks to what I would

12  propose.  So what I am going to do is actually ask Ms. Smallman

13  to print a redline that shows the edits that I have made for

14  both sides, and then we can use that as the basis for our

15  discussion.

16        MR. AVENATTI:  Could I be heard because my request is

17  different than your proposed instruction?

18        THE COURT:  Sure.  While we are waiting for the

19  printing, sure, go ahead.

20        MR. AVENATTI:  Thank you, your Honor.

21        In light of your Honor's denial, the request that I

22  would make in the alternative is that the Court simply bring

23  the jurors up and reread to the jurors lines 6 through 18 of

24  the original charge under duty to deliberate.  Nothing

25  more -- well, actually, with one addition, which is a

M248AVEF

1    reiteration of the burden of proof and reasonable doubt.  And

2    the reason for that is, your Honor, because this note seems to

3    suggest that the jury may be operating under a misunderstanding

4    relating to the fact of what my burden is in this case, which

5    is zero.  So that is my first request in the alternative.

6           The second request, or my second alternative request,

7    if the Court is not willing to do that --

8           THE COURT:  Let me ask you, do you think there is

9    anything in my instructions that is an inaccurate statement?

10   95 percent of them are drawn from my original charge, and I

11   think the other 5 percent are almost verbatim out of *Baker*.  So

12   is there anything that you think is legally wrong or inaccurate

13   or prejudicial about this?

14          MR. AVENATTI:  Yes.

15          Lines 11 through 13, your Honor, are highly

16   prejudicial, and appears to be an effort to convince

17   potentially a hold-out juror for acquittal that she should

18   change her vote to convict.

19          THE COURT:  Is it your position that the juror should

20   let sympathy or emotion interfere with clear thinking?  Because

21   I don't think that's the law, and indeed, it's inconsistent

22   with the instructions that I have already given to the jury,

23   which state almost verbatim exactly that.

24          MR. AVENATTI:  Then why is it necessary to emphasize

25   this again, your Honor?  It's not necessary at all.  There are

M248AVEF

1   a number of things in the original charge that I would like the

2   Court to reemphasize, especially at this sensitive time.  I

3   doubt the Court will entertain that.  So again, putting this

4   language in this charge at this --

5            THE COURT:  Mr. Avenatti, the reason is it is directly

6   responsive to a note.  And you seem to be operating on the

7   assumption that the one hold-out is holding out for acquittal.

8   I don't know that to be the case.  For all I know, 11 jurors

9   are in favor of acquittal and the one who is allegedly being

10  swayed by emotion is in favor of conviction.  So I don't think

11  that the premise of your objection is even accurate.  I think

12  it is accurate to tell the jury, and directly responsive to

13  their note, to say that the duty to deliberate requires you to

14  consider the evidence; it requires you not to be swayed by

15  emotion, it requires you not to be swayed by sympathy.  That is

16  both a repetition of what I have already instructed them.  It's

17  also an accurate statement of the law.

18           MR. AVENATTI:  Your Honor, then I would ask that the

19  Court reread the "bias or sympathy as a juror" instruction in

20  its entirety, together with the "duty to deliberate"

21  instruction.  So pages 33 and 34, your Honor.

22           THE COURT:  But that's not responsive to the note.  My

23  question again, is there anything legally inaccurate or

24  prejudicial about the draft instruction that I have given you?

25           Ms. Smallman, did you print the redline version?

M248AVEF

1              MR. AVENATTI:  Can I have a moment to confer with my

2     advisory counsel, please?

3              THE COURT:  You may.

4              (Defense counsel confer)

5              THE COURT:  All right.  Can we proceed?  It's been an

6     hour and a half since the jury sent this note.  I recognize

7     that much of that time was spent with me trying to consider the

8     right approach in drafting something, but I also do want to

9     respond to the note and respond to it before the jury takes its

10    lunch.

11             Let me say two things, just by way of making more of a

12    record on the mistrial application.

13             First of all, *Samet* is F.Supp.2d, just for the record.

14    I wanted to clarify that.

15             Second, Mr. Avenatti referenced that this is the third

16    day of jury deliberations.  That's technically correct, but in

17    actual fact, the jury I don't think has deliberated much more

18    than a day and a half at most.  Yesterday was a full day of

19    deliberations, but the jury deliberated for two hours and ten

20    minutes on Wednesday when they got the case, and had

21    deliberated for only an hour when we received this note.  So it

22    really amounts to about a day and a half.  Moreover, they don't

23    deliberate when they have lunch because their social distancing

24    doesn't permit them to do so.  So in that regard, to suggest

25    that we are three days into deliberations is not an accurate

M248AVEF

1    statement of where we are.

2              With that, let's turn to my proposal, and I am happy

3    to take suggestions.  To the extent that you think it is an

4    inaccurate statement of the law, first of all, that would

5    surprise me since it comes, again, almost verbatim from my

6    original instructions.  You can certainly make a record on

7    that, and if you think it's prejudicial in some way, you can

8    make a record on that.

9              Government.

10             MR. PODOLSKY:  No, your Honor.  We think this is

11   accurate.  The only thing we might suggest, if the Court thinks

12   it's helpful, is to provide them with a written version to

13   accompany the written instructions they have.

14             THE COURT:  Mr. Avenatti.

15             MR. AVENATTI:  Your Honor, I have the following

16   objections to the proposed draft response.

17             First of all, within the paragraph that begins at line

18   8 through 14, sympathy and emotion are referenced twice.  I

19   think that's undue emphasis on that particular point.

20             In place of this paragraph 8 through 14, I would ask

21   that the Court use the original charge paragraph at lines 7

22   through 10 on page 33.  For the record, that language reads as

23   follows:  "Indeed, under your oath as jurors, you are not be

24   swayed by bias --"

25             THE COURT:  Mr. Avenatti, it's in the record.  You

M248AVEF

1    don't need to read it.  So keep going.

2              MR. AVENATTI:  Including the last sentence, "Has the

3    government proved each element beyond a reasonable doubt?"

4              I am also requesting that after that language, the

5    following language be included:  "But I must remind you that

6    Mr. Avenatti has no burden to come forward with any evidence.

7    The burden in this case lies entirely with the government."

8              THE COURT:  This is after what language?  What line

9    are we in now?

10             MR. AVENATTI:  After 14, your Honor, but my request is

11   that 7 through 10 from the original charge be put in place of 8

12   through 14, and then the language that I just proposed be

13   added.  If the Court is unwilling to replace the paragraph, I

14   am asking that this language be added.

15             THE COURT:  OK.

16             MR. AVENATTI:  Furthermore, your Honor, I object to

17   the inclusion of the language in the redline, at lines 24

18   through 27, because it is coercive and threatening.  I don't

19   believe it's appropriate at this stage of the proceedings for

20   the Court to include this language because it can be taken as

21   no other way other than a threat and coercive.  This jury has

22   already demonstrated an ability to send notes when there are

23   problems.  There is nothing to suggest that that would not be

24   done again.  There is no need to suggest to them that if

25   someone is refusing to deliberate, that they can come running

M248AVEF

1    to the Court and complain to the Court about it.  They sent

2    this note this morning and I am confident that if there's any

3    further problems, they will inform all of us at that time.

4           Then, lastly, I would object to this instruction going

5    to the jury, just as I did on the other instructions, since

6    they began their deliberations and for the same reasons.  There

7    is no need to bring yet -- yet bring further attention to this

8    particular instruction and make it any more important than all

9    the other instructions in the case.

10          If I could just have one moment, please.

11          Thank you, your Honor.

12          THE COURT:  Give me a moment, please.

13          MR. AVENATTI:  I had one other request.  I'm sorry.

14          THE COURT:  Go ahead.

15          MR. AVENATTI:  In the event the Court is not willing

16   to replace the paragraph as I have requested, I would

17   respectfully ask your Honor to include language similar to that

18   at lines 9 and 10 of the original charge relating to the

19   government's burden to prove each element beyond a reasonable

20   doubt.

21          THE COURT:  All right.  I think there are a bunch of

22   things out there.  Let me see if I can respond to all of them.

23          I am not going to materially change my proposal.  I

24   think it's accurate.  I think it's consistent with my earlier

25   instructions.  I don't really understand Mr. Avenatti's

M248AVEF

1    objection to the use of the word "sympathy."  First of all, it

2    is an accurate statement of the law.  Second of all, it's

3    consistent with my prior instructions.  Third of all, the bias

4    or sympathy charge that he requested that I add here uses the

5    word "sympathy" I think three times, by my count.  So in that

6    regard, his requests are internally inconsistent.

7            I don't think that anything in this charge is coercive

8    or -- I don't think it's coercive.  I think it merely reminds

9    them what the duty to deliberate entails and tells them to keep

10   at it.  So I think it's perfectly proper.

11           I am going to make a couple of changes, and I am going

12   to accept the government's suggestion of providing a copy of

13   this instruction, as well as the good faith instruction from

14   yesterday, to the jury, in no small part because I want to

15   underscore to them that they should consider all of my

16   instructions together.  So I think that that makes sense so as

17   not to give undue weight to any of my instructions.  I am happy

18   to include the modified *Allen* charge as well, but I am open to

19   your suggestions on that.

20           Here are the changes that I propose to make to the

21   most recent version that you have there.

22           First, I would propose to start a new paragraph with

23   "your verdict must be based on the evidence introduced at trial

24   or the lack of evidence," and then add the following sentence

25   in response to one of Mr. Avenatti's requests:  "But I remind

M248AVEF

1    you:  The defendant has no burden to present any evidence.  As

2    I have told you many times, the burden of proof lies solely

3    with the government."

4            And then at the end, where I say, "With that, I will

5    ask you to return to the jury room to continue your

6    deliberations," I propose adding, "I am going to give you

7    copies of the instruction that I just read to you, as well as

8    the instruction I read to you yesterday in response to your

9    second note.  You should consider both instructions along with

10   all of my other instructions in reaching a verdict in this

11   case."

12           Any objection from the government?

13           MR. PODOLSKY:  Certainly no objection to the

14   correctness of anything.  I would just note, on the inclusion

15   of another reference to the burden of proof, it has been not

16   only multiple times in the initial instructions, it's in the

17   *Allen* charge, I believe it was in the good faith instruction as

18   well, and the jury expressed no confusion on this.  I am not

19   sure why we are injecting it into a charge which is explaining

20   to the jury their responsibilities to deliberate.

21           THE COURT:  I certainly understand that, but given

22   that we are in sensitive territory, as *Thomas* and *Baker* make

23   clear, and it's necessary to distinguish between somebody

24   holding out because of a different view of the evidence, I

25   think it does make sense to remind them.  It certainly doesn't

M248AVEF

1   do any harm and is an accurate statement of the law.

2             Mr. Avenatti, any comments on those proposed changes?

3             MR. AVENATTI:  Well, obviously, your Honor, I want the

4   record to be clear I am not waiving any objections I have

5   previously made, and I am reaffirming those now.

6             With that understanding, I am requesting that after

7   the words "entirely with the government," that the instruction

8   read, "that burden requires the government to prove each

9   element beyond a reasonable doubt."  That is an accurate

10  statement of the law and it goes hand in hand with the burden.

11            THE COURT:  I don't think that's necessary.

12            Any other objection?

13            MR. AVENATTI:  Further, your Honor, in light of the

14  fact that the Court has overruled my objection to providing

15  this charge to the jury in hard copy, I would ask that all of

16  the instructions given to the jury be provided in hard copy at

17  the same time.  So that would be this charge, the *Allen* charge,

18  and the good faith charge.

19            THE COURT:  As I said, I am certainly open to that.

20            Mr. Podolsky.

21            MR. PODOLSKY:  We have no objection to that.

22            THE COURT:  All right.  So I will modify the sentence

23  that I read as well to read:  "As well as the instructions I

24  read to you yesterday in response to your first two notes.  You

25  should consider all of these instructions along with all of my

M248AVEF

1    other instructions in reaching a verdict."

2           All right.  Why don't we get the jury, and in the

3    meantime I will try to get all these things printed.

4           (Jury present; time noted:  11:55 a.m.)

5           THE COURT:  You may be seated.

6           Welcome, ladies and gentlemen.  Good morning to you

7    and thank you for being here on time to begin your

8    deliberations this morning.

9           We have received your note, which reads as follows:

10   "We have one juror who is refusing to look at evidence and is

11   acting on a feeling.  We need assistance on moving forward.

12   She does not believe she needs to prove her side using evidence

13   and refuses to show us how she has come to her conclusion.

14   Please help us move forward.  Not going on any evidence, all

15   emotions and does not understand this job of a jury."

16          At the beginning of this case, you each took an oath

17   to well and truly try this issue and a true verdict give

18   according to the law and the evidence.

19          Pursuant to that oath, each of you has a duty to

20   deliberate.  That entails a duty to consult with one another,

21   to consider each other's views with an open mind, and to

22   discuss the evidence with the objective of reaching a just

23   verdict if you can do so.

24          Under your oath as jurors, you are not to be swayed by

25   sympathy or emotion.  You should be guided solely by the

M248AVEF

1    evidence presented during the trial and the law as I gave it to

2    you, without regard to the consequences of your decision.  You

3    have been chosen to try the issues of fact and reach a verdict

4    on the basis of the evidence or lack of evidence.  If you let

5    sympathy or emotion interfere with your clear thinking, there

6    is a risk that you will not arrive at a just verdict.  You must

7    make a fair and impartial decision so that you will arrive at a

8    just verdict.

9            Your verdict must be based on the evidence introduced

10   at trial or the lack of evidence.  But I remind you the

11   defendant has no burden to present any evidence.  As I have

12   told you many times, the burden of proof lies solely with the

13   government.

14           As you deliberate, you should examine the questions

15   put to you with candor and with a proper regard and deference

16   to the opinions of each other.  If, after listening to your

17   fellow jurors, and if, after stating your own view, you become

18   convinced that your view is wrong, do not hesitate because of

19   stubbornness or pride to change your view.  On the other hand,

20   if you have honest convictions and beliefs based on the

21   evidence presented at trial, you should not surrender those

22   convictions and beliefs solely because of the opinions of your

23   fellow jurors or because you are outnumbered.

24           I remind you that your verdict must be unanimous.

25   Further, you are reminded that, if at any time you are not in

M248AVEF

1   agreement, you are not to reveal the positions of the jurors,

2   including a split of the vote, to anyone, including me, at any

3   time during your deliberations.

4        With that, I will ask you to return to the jury room

5   to continue your deliberations.  I am going to give you copies

6   of the instructions that I just read to you, as well as the

7   instructions I read to you yesterday in response to your first

8   two notes.  You should consider all of these instructions along

9   with all of my other instructions in reaching a verdict in this

10  case.  If, at any point in your deliberations, anyone on the

11  jury is refusing to deliberate in accordance with my

12  instructions, you are free to send us another note.  And, of

13  course, if you have any additional questions or concerns, you

14  can always send us another note as well.

15       With that, I will have my deputy hand to Juror No. 1

16  the printed versions of the three instructions that I have

17  given you, and you may retire and continue your deliberations.

18  Thank you.

19            (Jury resumes deliberations)

20            THE COURT:  You may be seated.

21            All right.  Two other things while I have you.

22            First, while I declined the government's invitation to

23  give a supplemental charge on good faith, as I think I made

24  clear in my order, it may well be that an occasion arises where

25  clarity or further clarity is appropriate.  So I would

M248AVEF

1      encourage you to think about that and keep an eye out for it.

2      I acknowledged that yesterday, but indicated my view that,

3      absent another note, it was likely somewhere between too late

4      and premature.  I adhered to that position this morning in

5      ruling on the government's motion, but I am persuaded that

6      there may be some confusion on that issue; and so, if the

7      opening arises, based on further communications from the jury,

8      I think that that may well be warranted.  So be prepared to

9      address that if or when it is appropriate.

10             Second, just one note on the defendant's other

11     application for a mistrial this morning with respect to Ms.

12     Daniels' interview.  As I said, the application was frivolous.

13     There is no suggestion that any juror is aware of it.  I

14     previously instructed them to disregard, avoid any news about

15     the case, so on and so forth, and no reason to think they

16     disregarded that.  Moreover, there is no order in this case

17     preventing witnesses from saying anything, and would draw your

18     attention to local criminal rule 23.1 that addresses some of

19     these issues.

20             Having said that, I would urge the government, I don't

21     think you control Ms. Daniels per se, but she was a witness

22     that you called, and to the extent that you have any capacity

23     to influence her or speak to her counsel and urge her to be

24     aware of the sensitivities involved in a deliberating jury, I

25     think it would be behoove you to do so.  Certainly, if she does

M248AVEF

1    go on an interview tour, it raises the prospects of a juror

2    learning about it, and that would certainly complicate things,

3    and I think all of us, including Ms. Daniels, have an interest

4    in avoiding a mistrial where we need to do this again.  So

5    that's my thought.

6            MR. PODOLSKY:  We have made those efforts, your Honor,

7    anticipating that issue.  Certainly it's not something that we

8    want to arise.  I will note the defendant makes comments on

9    this case almost every day to the press as he leaves the

10   courtroom, and I don't think those are any better.  So I think

11   we should all be using our discretion in the way that we

12   respond to press inquiries.

13           THE COURT:  I would urge both sides to read local

14   criminal rule 23.1, which does speak to these things and does

15   apply to lawyers and parties involved in the case.  So no one

16   has made any application under that rule to me, no one has made

17   a motion to enter an order that would restrict witnesses from

18   making comments, so we are where we are, but you certainly

19   should be aware of those rules and the obligations that they

20   impose on both sides.

21           Yes, Mr. Avenatti.

22           MR. AVENATTI:  Yes, your Honor.  For the record, I

23   have complied at all times with 23.1 and any suggestion to the

24   contrary by the government is completely false.  I have not

25   commented on the evidence in this case, and I most certainly

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M248AVEF

1   have not commented on the jury deliberations.  The interview

2   that was given this morning was outrageous, frankly, in

3   duration, accusations, and I understand the Court's ruling, I

4   respect it, but no one that I have consulted in connection with

5   this has ever seen anything like it, in a criminal case, to

6   have the complainant go on national television and say what she

7   said.  I understand the Court's ruling.

8           I will also add that the government's complaints about

9   what I have said, I have maintained my innocence in this case

10  and I have repeatedly said that, and the last time I checked,

11  the First Amendment allows me to do just so.  As a criminal

12  defendant, I am allowed to claim that I am innocent, which I

13  have done and which I continue to plan on doing in connection

14  with this case, your Honor.

15          THE COURT:  Well, the government didn't make any

16  application under rule 23.1.  I am simply admonishing both

17  sides to be mindful of the rule.  I, for one, have not watched

18  any interviews -- I did watch Ms. Daniels' interview after it

19  was brought to my attention this morning.  I have not watched

20  any of Mr. Avenatti's interviews, or whatever they may have

21  been.  So if there is an application, I will take it up, but I

22  am really just urging you to make sure you're in compliance

23  with the rule.

24          Anything at this time?

25          MR. PODOLSKY:  No, your Honor.

M248AVEF

1          THE COURT:  Mr. Avenatti.

2          MR. AVENATTI:  No, your Honor.

3          THE COURT:  All right.  If we get another note, I will

4    see you earlier.  Otherwise, just a reminder that I will bring

5    them to the courtroom before I excuse them today, and that will

6    be at 4.  So in that regard, you should certainly be here, if

7    we are not here earlier, by no later than 3:45, let's say, and

8    ready to bring them up and excuse them for the day.

9          Thank you and I will see you when I see you.

10          (Recess pending verdict)

11          THE COURT:  You may be seated.

12          All right.  Government is here.  Mr. Avenatti is here.

13    Standby counsel is here.

14          I think you have been advised of this, but I have a

15    note here, signed by the foreperson, dated today, at 2:33 p.m.,

16    stating, "We have a verdict."

17          We will get the jury up and have them return the

18    verdict.  I don't expect anything otherwise here, but obviously

19    just to underscore that I expect everybody to maintain decorum

20    and act professionally regardless of what the verdict is, and

21    then we will take it from there.

22          Anything that the government needs to raise?

23          MR. PODOLSKY:  No, your Honor.

24          THE COURT:  Mr. Avenatti.

25          MR. AVENATTI:  No, your Honor.

M248AVEF

1            THE COURT:  Thank you.

2            (Jury present)

3            THE COURT:  You may be seated.

4            Welcome, ladies and gentlemen.  I understand from your

5    most recent note that you have reached a verdict.

6            Let me ask the foreperson, is that correct?

7            FOREPERSON:  That is correct.

8            THE COURT:  Can you please hand the verdict form to

9    Ms. Smallman to hand to me.

10           All right.  Members of the jury, I am about to read

11   your verdict, and after I do so, I intend to ask each of you,

12   is this your verdict?

13           In the matter of *United States v. Michael Avenatti*, 19

14   Cr. 374.

15           With respect to Count One, charging the defendant with

16   wire fraud, the jury finds the defendant guilty.

17           With respect to Count Two, charging the defendant with

18   aggravated identity theft, the jury finds the defendant guilty.

19           Signed by all 12 jurors, dated today, 2:32 p.m.

20           I will note for the record that it looks to me and I

21   gather that initially the other box was checked, but all of you

22   have initialed indicating that your verdict is guilty on each

23   count.

24           Let me confirm with each of you that that is correct

25   and that is your verdict.

M248AVEF

1        Juror No. 1, is that your verdict?

2        JUROR:  Yes, it is.

3        THE COURT:  Juror No. 2, is that your verdict?

4        JUROR:  Yes, sir.

5        THE COURT:  Juror No. 3, is that your verdict?

6        JUROR:  Yes.

7        THE COURT:  Juror No. 4, is that your verdict?

8        JUROR:  Yes.

9        THE COURT:  Juror No. 5, is that your verdict?

10       JUROR:  Yes.

11       THE COURT:  Juror No. 6, is that your verdict?

12       JUROR:  Yes.

13       THE COURT:  Juror No. 7, is that your verdict?

14       JUROR:  Yes.

15       THE COURT:  Juror No. 8, is that your verdict?

16       JUROR:  Yes.

17       THE COURT:  Juror No. 9, is that your verdict?

18       JUROR:  Yes.

19       THE COURT:  Juror No. 10, is that your verdict?

20       JUROR:  Yes.

21       THE COURT:  Juror No. 11, is that your verdict?

22       JUROR:  Yes.

23       THE COURT:  Juror No. 12, is that your verdict?

24       JUROR:  Yes.

25       THE COURT:  Jury is unanimous.

M248AVEF

1          Counsel and Mr. Avenatti, is there any reason I cannot

2    dismiss the jury at this time?

3          MR. PODOLSKY:  No, your Honor.

4          MR. AVENATTI:  No, your Honor.

5          THE COURT:  All right.

6          Ladies and gentlemen, this is the moment where I will

7    dismiss you and excuse you from jury service.  I am not going

8    to repeat my remarks from the other day since you heard them

9    when I excused or let the alternates go, but let me reiterate

10   my thanks to you.  As I said the other day, all of us, the

11   court and the system generally, thank you for your service, for

12   your commitment, for taking time out of your busy lives and

13   schedules to ensure that the system is fair and give a fair

14   trial to both sides, and we all deeply appreciate that.

15         With your excusal from jury service, you are excused

16   from complying with the rules that I have mentioned to you

17   throughout this trial.  Which is to say you are free to

18   research the case, to Google the case, to read anything you

19   want about the case.  You are also free to talk to anyone you

20   want about the case.  I want to mention a couple of things in

21   that regard.

22         First, given the nature of this case, it's fair to say

23   that there is some press interest.  It is up to you if you want

24   to speak to the press, but I would strongly encourage you and

25   urge you to think hard about whether you want to do that.  If

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M248AVEF

1    you do that, I would strongly and firmly request that you

2    respect the privacy of the jury's deliberations, that you talk

3    about what happened in the courtroom, but you not talk about

4    what happened in the jury room.  In my view, that is between

5    the 12 of you, and it should be kept private, you should

6    respect the privacy of your fellow jurors and you shouldn't

7    share that with anyone.  So I would urge you to abide by that

8    guidance.

9          I would also urge you not to necessarily speak to the

10   parties -- I am going to speak to them about that as well --

11   should they wish to speak with you, again, for the same

12   reasons.  Your verdict is your verdict.  What happened in the

13   jury room happened among the 12 of you, and you should respect

14   the privacy of that process.  The jury system has served this

15   country pretty amazingly well for over 230 years and there is a

16   lot to be said for it.  So I think a lot of respect for it is

17   owed by you, by the press, and by the parties here.

18         With that, I thank you.  I wish you a safe travel

19   home.  I wish you safe and wonderful weekends.  You are excused

20   from your jury service.  And thank you very much.  Stay safe

21   and healthy.

22         (Jury excused)

23         THE COURT:  You may be seated.

24         All right.  First, with respect to the issue of

25   contact with jurors, let me say that neither side is to contact

M248AVEF

1   any juror without providing notice to the other side and

2   getting permission from me.  So you are not to do it, unless

3   you have my permission and you have given notice to the other

4   side.

5             I need to await Ms. Smallman to give a sentencing

6   date.

7             What is the government's position on bail?

8             MR. PODOLSKY:  Your Honor, we have discussed the

9   matter with the defense and would jointly propose that the

10  defendant surrender himself this coming Monday by 5 p.m. to the

11  marshals in the Central District of California.  We think based

12  on the assurances that we have been provided by the defense and

13  that agreement, we are comfortable with him staying out until

14  that time, but no later.

15            THE COURT:  All right.

16            Mr. Avenatti.

17            MR. AVENATTI:  Agreed, your Honor.

18            THE COURT:  All right.  So I will order that Mr.

19  Avenatti surrender to the marshals in the Central District of

20  California no later than 5 p.m. California time on Monday,

21  February 7.

22            As I said, I am awaiting Ms. Smallman, but since she

23  seems to be occupied, let me give you a sentencing date myself.

24            I would put it down for Tuesday, May 24, at 3:45 p.m.

25            Government.

M248AVEF

1    MR. PODOLSKY:  We are available, your Honor, and we

2    think that date makes sense.

3         I do want to flag that based on what the defense has

4    told us, there is a currently scheduled trial date in the

5    Central District of California for May 10.  They may be able to

6    speak better to this.  My understanding, however, is that there

7    is a pending appeal out there and it's a little bit of anyone's

8    guess as to whether that date will hold.  So we would propose

9    to stick with this date for now, although maybe the defense has

10   a different view.  But that would be our proposal.

11        THE COURT:  Mr. Avenatti.

12        MR. AVENATTI:  Your Honor, I am not opposed to that

13   date at this time.  The trial that is set in early May, it's

14   unclear as to whether that's a firm date or not in light of the

15   pending Ninth Circuit appeal, so I am certainly not opposed to

16   the May 24th date.

17        THE COURT:  For now I will put it down for May 24th at

18   4 p.m., subject to change, obviously, if that doesn't work for

19   some reason.  I am not going to interfere with a trial date in

20   California.  The parties should just advise me and we will

21   adjust it accordingly.

22        I would assume that the government will be in touch

23   with Ms. Clifford in the event that she wishes to submit

24   something either in writing or to be heard.  In accordance with

25   her rights, you should certainly let her know, and let me know,

M248AVEF

1    particularly if it may have a bearing on how long the

2    proceeding may be.  All right?

3            MR. PODOLSKY:  We will, your Honor.  We think that it

4    is likely that she will wish to speak, and I am sure submit

5    something, but we will be in touch and confirm with the Court

6    so that you can be prepared.

7            THE COURT:  All right.  Anything else from the

8    government?

9            MR. PODOLSKY:  Not at this time, your Honor.

10           THE COURT:  Anything else from Mr. Avenatti?

11           MR. AVENATTI:  Yes, your Honor.  I would like to

12   reserve my Rule 29 motion and also have some additional time,

13   30 days, please.

14           THE COURT:  I will give you 30 days to make any

15   post-trial motions.

16           Any objection from the government?

17           MR. PODOLSKY:  No, your Honor.

18           THE COURT:  That's fine.  30 days.

19           Question.  Do you want to take a look at the jury

20   verdict?  I will be docketing it, but I will redact the jurors'

21   signatures and also the initials that appear on page 1.  I

22   could also provide it to the parties by e-mail so that you have

23   it, with the understanding that it's not for public release.

24   The public version will have the redactions.

25           MR. PODOLSKY:  That will be fine, your Honor.

M248AVEF

1              THE COURT:  Mr. Avenatti.

2              MR. AVENATTI:  Yes, your Honor.  That's fine.

3              THE COURT:  Thank you very much.  I wish everybody a

4     pleasant weekend.  Stay safe and healthy.

5              The matter is adjourned.  Thank you.

6              (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25