UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                           :
:
      -v-                                                         :           19-CR-374 (JMF)
:
MICHAEL AVENATTI,                                                  :          MEMORANDUM OPINION
:                AND ORDER
                Defendant.                                   :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On May 10, 2022, the Defendant renewed his already-once-denied request to conduct his June 2, 2022 sentencing remotely, citing the fact that his California retrial has now been scheduled to begin on July 5, 2022. *See* ECF No. 430; *see also* ECF Nos. 426-27.

        The motion is DENIED. In the Court's view, the gravity and significance of the sentencing proceeding would be ill served by a remote proceeding. It is true that, pursuant to the CARES Act, the Court conducted countless sentencings remotely during the COVID-19 pandemic. But that was dictated by the demands of public health and the need, during an unprecedented pandemic, to keep the criminal justice system running; the Court has not conducted a remote sentencing in months — since it has become safer to proceed in person. And, in any event, the Defendant's motion is not motivated by public (or personal) health concerns, but by a desire to avoid the inconvenience of being transported across the country by the U.S. Marshal Service and by the potential conflict with his California trial. His desire to avoid being transported is not a valid reason to forego a public, in-person proceeding. And to the extent that the California trial date actually poses a conflict (conspicuously, Defendant's letter does not state that there *is* a conflict, merely that proceeding remotely would "minimize *the*

*likelihood*" of a conflict), the better approach is to adjourn sentencing, not to proceed remotely.

The Fifth Circuit put it aptly in holding that appearing by video does not satisfy the "presence" requirement of Rule 43(a) of the Federal Rules of Criminal Procedure:

> There is a gravity to the sentencing process because the defendant will be deprived . . . of his liberty.  Sentencing a defendant by video conferencing creates the risk of a disconnect that can occur because "[t]he immediacy of a living person is lost." *Stoner v. Sowders,* 997 F.2d 209, 213 (6th Cir. 1993) (considering whether video depositions are as good as live testimony).  "In the most important affairs of life, people approach each other in person, and television is no substitute for direct personal contact.  Video tape is still a picture, not a life. " *Id.*  In light of the value of face-to-face sentencing, . . . transmission cannot be justified by showing that it is inconvenient for the defendant to attend the sentencing.

*United States v. Navarro*, 169 F.3d 228, 239 (5th Cir. 1999); *see also, e.g.*, *United States v. Lawrence*, 248 F.3d 300, 304 (4th Cir. 2001) ("[V]irtual reality is rarely a substitute for actual presence and . . . , even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it.").

In short, Defendant's renewed request to conduct his sentencing remotely is DENIED. The parties should confer with one another (and, as needed, with the U.S. Marshal Service and the prosecutors in the California case) and, if proceeding on June 2, 2022, would pose a conflict with the California retrial, move for an appropriate adjournment of sentencing.

The Clerk of Court is directed to terminate ECF No. 430.

SO ORDERED.

Dated: May 11, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge