

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 22, 2022

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Michael Avenatti*, 19 Cr. 374 (JMF)

Dear Judge Furman:

    The Government respectfully requests that the Court enter the attached restitution order. (*See* Judgment at 6-7, Dkt. No. 442; Sent. Tr. at 54:18-55:11).  The Court retains power to enter this order, notwithstanding the statutory 90-day deadline to order restitution.  *See* 18 U.S.C. § 3664(d)(5).  In *Dolan v. United States*, 560 U.S. 605 (2010), the Supreme Court explained that "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Id.* at 607. In this case, the Court made clear not only that it would order restitution, but also the amount and the payment terms – that is, it made a timely "determination of the victim's losses." 18 U.S.C. § 3664(d)(5).  The proposed restitution order merely provides additional details about the scope and implementation of the Court's prior order.  *See also, e.g.*, *United States v. Gushlak*, 728 F.3d 184, 191-92 (2d Cir. 2013) (applying *Dolan*).

    The Government has sent the proposed order to defense counsel, who do not object.

Honorable Jesse M. Furman
United States District Judge
Page 2

      The Government also notes that the proposed order directs the Clerk of Court to send payments to Ms. Daniels before payments are made to NIKE, Inc., which is a victim in *United States v. Michael Avenatti*, 19 Cr. 373 (PGG). On this point, the Government has conferred with counsel for Nike. Nike's position is that individual victims of the defendant should receive restitution before the company does.

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

By:    s/_____
        Matthew D. Podolsky
        Andrew A. Rohrbach
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-1947/2345/2616

cc:    Counsel of Record (by ECF)